UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| DAVID BROWN CAUDLE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 3:19-cv-00407 |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) ) | Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |
| AAC HOLDINGS, INC., et al., | ) ) ) | LEAD PLAINTIFF'S RESPONSE TO AAC HOLDINGS, INC.'S SUGGESTION OF BANKRUPTCY |
| Defendants. | ) ) ) | |

Cases\4821-6273-6321.v1-6/30/20

On June 26, 2020, Defendant AAC Holdings, Inc. ("AAC") filed a Suggestion of Bankruptcy in this action, reporting that it and its affiliates filed Chapter 11 bankruptcy cases on June 20, 2020. ECF No. 60. Lead Plaintiff Indiana Public Retirement System does not disagree that, at least until the United States Bankruptcy Court for the District of Delaware lifts the automatic stay as to AAC or the automatic stay is no longer in effect, proceedings against AAC are automatically stayed. Plaintiff responds briefly, however, to clarify the scope of the automatic stay given what may be an ambiguity in the Suggestion of Bankruptcy. The stay applies only to AAC and therefore has limited implications here.

"In the absence of unusual circumstances, the automatic stay does not halt proceedings against solvent codefendants." *In re Delta Air Lines*, 310 F.3d 953, 956 (6th Cir. 2002).[1] Moreover, the determination of whether unusual circumstances exist is for the Bankruptcy Court presiding over AAC's Chapter 11 cases. *See, e.g.*, *Zwick Partners, LP v. Quorum Health Corp.*, 2020 WL 1982870, at *1 (M.D. Tenn. Apr. 27, 2020) ("the district court cannot 'extend' the statutory terms of a §362(a) stay"); *In re Johnson*, 548 B.R. 770, 788 (Bankr. S.D. Ohio 2016) ("[T]he presence of unusual circumstances allows an extension of the stay only through an injunction [by the bankruptcy court].").

---

[1] The Third Circuit, where AAC's bankruptcy is pending, has similarly explained that "the clear language of section 362(a) stays actions only against a 'debtor'" and accordingly has "extended the automatic stay to nonbankrupt codefendants [only] in 'unusual circumstances.'" *McCartney v. Integra Nat. Bank N.*, 106 F.3d 506, 509-10 (3d Cir. 1997); *In re Irish Bank Resolution Corp. Ltd.*, 2019 WL 4740249, at *5 (D. Del. Sept. 27, 2019) ("Although the automatic stay can be extended to situations involving nondebtors, courts are careful to reserve such power to the most extreme and 'unusual circumstances.'").

- 1 -

In this action, AAC is only one of four Defendants.[2] The three Individual Defendants are not debtors in any bankruptcy case. No adversary proceeding has been commenced in the Bankruptcy Court seeking the extraordinary relief of extending the automatic stay to the Individual Defendants. As a result, they are not subject to the automatic stay.

This Court addressed a nearly identical situation just two months ago in *Quorum*, 2020 WL 1982870, at *1. *Quorum*, like this case, involved a claim on behalf of a putative class of investors[3] for violation of Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder[4] against several defendants, one of whom filed a voluntary petition for Chapter 11 bankruptcy. *Quorum*, 2020 WL 1982870, at *1. In *Quorum*, Chief Judge Crenshaw explained that the non-debtor defendants had not carried their burden of "showing 'unusual circumstances'" to stay the action as to themselves, and held that "until such a time as the bankruptcy court suggests otherwise, this case will proceed as to all Defendants, except [the debtor]." *Id.* at *2; *see also NHI REIT of TX-IL, LLC v. The LaSalle Grp., Inc.*, 387 F. Supp. 3d 850, 852 (M.D. Tenn. 2019) (similar).

As the Court is aware, Plaintiff filed its Consolidated Complaint in this action on November 4, 2019, and supplemented the Complaint on January 13, 2020 and February 5, 2020. ECF Nos. 45, 48, 51. Briefing on defendants' motion to dismiss was completed on May 12, 2020. ECF No. 59. That motion is ripe for decision, and AAC's bankruptcy provides no reason to delay the

---

[2] "Individual Defendants" refers to Michael T. Cartwright, Kirk R. Manz, and Andrew W. McWilliams.

[3] *See Zwick Partners, LP v. Quorum Health Corp.*, 2019 WL 1450546 (M.D. Tenn. Mar. 29, 2019) (granting motion to certify class).

[4] *See generally Zwick Partners, LP v. Quorum Health Corp.*, 2018 WL 2933406, at *1 (M.D. Tenn. Apr. 19, 2018) (denying motions to dismiss).

Cases\4821-6273-6321.v1-6/30/20

Court's decision as to the Individual Defendants. *See, e.g.*, *Fifth Third Bank v. Dial Props., LLC*, 477 F. App'x 298, 299 (6th Cir. 2012) (where one defendant was subject to automatic stay, "proceed[ing] on the merits against the remaining, solvent codefendants" on appeal from summary judgment against defendants).[5]

DATED: June 30, 2020

ROBBINS GELLER RUDMAN
& DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
DARREN J. ROBBINS
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com

Lead Counsel for Indiana Public Retirement
System

---

[5] *See also In re Trans-Serv. Logistics, Inc.*, 304 B.R. 805, 808 (Bankr. S.D. Ohio 2004) (in declining to extend automatic stay to debtor's CEO and general manager, observing that "the Court is concerned that with any continued delay in the litigation, the Plaintiff's and Defendants' abilities to present evidence will be irreparably harmed by the passage of time and an erosion in the quality of the evidence").

- 3 -

BARRETT JOHNSTON MARTIN
   & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com

Local Counsel

Cases\4821-6273-6321.v1-6/30/20

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on June 30, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)

E-mail: cwood@rgrdlaw.com

# Mailing Information for a Case 3:19-cv-00407 Caudle v. AAC Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Lisa R. Bugni**
  lbugni@kslaw.com

- **Jessica Perry Corley**
  jpcorley@kslaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Michael T. Harmon**
  michael.harmon@wallerlaw.com,TAPDocketingClerk-Nash@wallerlaw.com,shelli.dimarco@wallerlaw.com

- **Logan R. Hobson**
  lhobson@kslaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Jonathan Lindenfeld**
  jlindenfeld@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,crosini@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,eseaborn@barrettjohnston.com,nchanin@barrettjohnston.com,jmartin@rgrdlaw.com,ggilbert@barrettjohnston.com

- **W. Travis Parham**
  travis.parham@wallerlaw.com,TAPDocketingClerk-Nash@wallerlaw.com,shelli.dimarco@wallerlaw.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,cbarrett@rgrdlaw.com,CWood@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)