UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| DAVID BROWN CAUDLE, Individually and on Behalf of All Others Similarly Situated, ) ) ) Plaintiff, ) ) vs. ) ) AAC HOLDINGS, INC., et al., ) ) Defendants. ) ) ) | Civil Action No. 3:19-cv-00407 CLASS ACTION Judge Eli J. Richardson Magistrate Judge Alistair E. Newbern LEAD PLAINTIFF'S UNOPPOSED MOTION FOR DISMISSAL OF DEFENDANT AAC HOLDINGS, INC. WITHOUT PREJUDICE |

Pursuant to Rule 21 of the Federal Rules of Civil Procedure, Lead Plaintiff Indiana Public Retirement System ("Plaintiff") respectfully submits this Unopposed Motion for Dismissal of Defendant AAC Holdings, Inc. Without Prejudice.

In the Sixth Circuit, dismissal of individual parties is governed by Rule 21 of the Federal Rules of Civil Procedure, which provides: "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." *See Harcrow v. Harcrow*, No. 18-cv-00828, 2021 WL 817902, at *4 (M.D. Tenn. Feb. 16, 2021), *report and recommendation adopted*, No. 18-cv-00828, 2021 WL 809733 (M.D. Tenn. Mar. 3, 2021). "Rule 21 does not provide a particular standard for making such a determination, except to say that the court may add or drop a party at any time 'on just terms.' The

- 1 -

decision to dismiss a party is within the discretion of the court." *Cunningham v. Rapid Cap. Funding, LLC/RCF*, No. 16-cv-2629, 2019 WL 5783670, at *1 (M.D. Tenn. Nov. 6, 2019).

Here, the Court should exercise its discretion to dismiss AAC Holdings, Inc. ("AAC") without prejudice. In June 2020, AAC and 48 of its affiliates ("Debtors") filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). ECF No. 60. On October 20, 2020, the Bankruptcy Court entered an order, *In re AAC Holdings Inc.*, No. 20-BK-11648 (JTD) (ECF No. 695) (the "Confirmation Order") confirming the Debtors' second amended Chapter 11 plan of reorganization (the "Plan"), which was attached thereto as Exhibit A (ECF No. 695-1).

Plaintiff negotiated a number of significant concessions in the Plan and Confirmation Order to protect and preserve its rights and the rights of all members of the proposed class in connection with this action. Among other things, the negotiated provisions include:

- Language in the Confirmation Order conclusively deeming Plaintiff and each member of the proposed class to have opted out of the "third-party release" contained in the Plan, which otherwise could have released their claims against Defendants Michael T. Cartwright, Kirk R. Manz and Andrew W. McWilliams (the "Individual Defendants"). *See* Confirmation Order, ¶129.

- Language in the Confirmation Order expressly providing that Plaintiff and each member of the proposed class is not a releasing party under the Plan and that the claims asserted or to be asserted in this case are not impacted by the third-party release in the Plan. *See* Confirmation Order, ¶130.

- A provision of the Plan affirmatively requiring AAC to preserve documents relevant to this case until the conclusion thereof. *See* Plan, §IV.C.12.

Although the claims of Plaintiff and the proposed class against AAC itself in this action ("AAC Claims") are not entitled to any distribution from AAC's assets pursuant to the Plan because all senior classes of creditors were not paid in full, Plaintiff also successfully negotiated to preserve the AAC Claims to the extent AAC has any insurance coverage remaining under Side C (entity coverage) of the relevant directors' and officers' liability insurance policies (the "D&O Policies") in

- 2 -

the future after all claims against any individual insureds, including the claims against the Individual Defendants in this action under Side A and Side B of the D&O Policies have been paid in full or otherwise resolved and are no longer pending.  *See* Confirmation Order, ¶131.

In order to facilitate the negotiated treatment of the AAC Claims, which requires the claims against the Individual Defendants and certain other insured claims be fully adjudicated or settled before Plaintiff and the proposed class can seek any recovery on account of the AAC Claims from any remaining Side C coverage under the D&O Policies, the Confirmation Order requires Plaintiff to "dismiss, without prejudice, all [relevant] Claims against [AAC, which] shall not be reinstated against the Debtors or the Reorganized Debtors unless and until the Side A and B Claims and Insured SEC Claims have been paid by the carriers and/or are no longer pending against the D&O Policies." *Id.*  Accordingly, dismissal of AAC without prejudice is appropriate.  The Confirmation Order tolls all limitations periods applicable to the AAC Claims to the extent necessary to permit reinstatement of such claims in the future to the extent any Side C proceeds remain available under the D&O Policies after all claims covered by Side A and Side B of the D&O Policies have been fully resolved.

Plaintiff therefore respectfully submits that under these circumstances, and consistent with the Confirmation Order, the Court should dismiss AAC from this action without prejudice so that this action may proceed against the Individual Defendants.  Counsel for Plaintiff have met and conferred with counsel for defendants, who do not oppose dismissal of AAC without prejudice.

- 3 -

In addition, and consistent with the caption on the Court's April 8, 2021 Memorandum Opinion (ECF No. 62) and Order (ECF No. 63), Plaintiff respectfully requests that the caption in this action be amended to: (a) remove AAC as a defendant; and (b) insert Lead Plaintiff Indiana Public Retirement System as Plaintiff, as reflected in the enclosed [Proposed] Order.

DATED: April 21, 2021

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

        s/ Christopher M. Wood
       CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com

Lead Counsel for Indiana Public Retirement System

- 4 -

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com

Local Counsel

4810-6312-8805.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on April 21, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)

E-mail: cwood@rgrdlaw.com

# Mailing Information for a Case 3:19-cv-00407 Caudle v. AAC Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Lisa R. Bugni**
  lbugni@kslaw.com

- **Jessica Perry Corley**
  jpcorley@kslaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Michael T. Harmon**
  michael.harmon@wallerlaw.com,TAPDocketingClerk-Nash@wallerlaw.com,shelli.dimarco@wallerlaw.com

- **Logan R. Hobson**
  lhobson@kslaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Jonathan Lindenfeld**
  jlindenfeld@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,e_file_sd@rgrdlaw.com,clyons@ecf.courtdrive.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,adonovan@barrettjohnston.com,eseaborn@barrettjohnston.com,jmartin@rgrdlaw.com

- **W. Travis Parham**
  travis.parham@wallerlaw.com,TAPDocketingClerk-Nash@wallerlaw.com,shelli.dimarco@wallerlaw.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,CWood@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

Case 3:19-cv-00407    Document 68    Filed 04/21/21    Page 7 of 7 PageID #: 1270