# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

INDIANA PUBLIC RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

MICHAEL T. CARTWRIGHT, KIRK R. MANZ and ANDREW W. McWILLIAMS,

Defendants.

Civil Action No. 3:19-cv-00407

CLASS ACTION

Judge Eli J. Richardson
Magistrate Judge Alistair E. Newbern

## DEFENDANTS' ANSWER AND DEFENSES TO THE AMENDED COMPLAINT

Defendants Michael T. Cartwright, Kirk R. Manz, and Andrew McWilliams ("Defendants"), by and through their undersigned counsel, hereby submit this answer to Plaintiff's Consolidated Complaint (ECF 45) and the supplements thereto (ECF 48, 51) (collectively, the "Amended Complaint"). Defendants respond to the enumerated paragraphs of the Amended Complaint as follows:

1. Defendants admit that Plaintiff purports to bring an action under the Securities Exchange Act of 1934 ("Exchange Act") on behalf of a putative class as defined in Paragraph 1, but Defendants maintain that Plaintiff has failed to state any claim for relief. Defendants deny the remaining allegations in Paragraph 1.

2. A complete description of AAC Holdings, Inc.'s ("AAC" or the "Company") business appears in its filings with the Securities and Exchange Commission ("SEC"), which are

matters of public record that speak for themselves. Defendants deny the allegations in Paragraph 2 that are inconsistent therewith.

3. Defendants deny the allegations in Paragraph 3, except Defendants admit that AAC provided addiction treatment services during the putative Class Period.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

6. To the extent that the allegations in Paragraph 6 refer to, quote from, or purport to summarize portions of AAC's SEC filings, press releases, or earnings call transcripts, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 6 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 6, except Defendants admit that Messrs. Cartwright, Manz, and McWilliams received reports in their capacities as executive officers and/or members of the Board of Directors of AAC. Defendants also admit that AAC received a subpoena from the SEC in March 2018, but deny any obligation to disclose the subpoena and deny that the subpoena related to the same issues as those involved in the restatement.

7. Defendants deny the allegations in Paragraph 7, except, to the extent that the allegations in Paragraph 7 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves and Defendants deny the allegations in Paragraph 7 that are inconsistent therewith.

8. Defendants deny the allegations in Paragraph 8, except, to the extent that the allegations in Paragraph 8 refer to, quote from, or purport to summarize portions of AAC's SEC filings, press release, or the written transcript of AAC's April 16, 2019 earnings call, such documents are matters of public record that speak for themselves and Defendants deny the

2

allegations in Paragraph 8 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 8.

9. The daily trading price of AAC's stock is a matter of public record that speaks for itself, and Defendants deny any allegations in Paragraph 9 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 9.

10. The allegations in Paragraph 10 contains legal conclusions as to which no response is required. To the extent that a response is required, Defendants admit this Court has jurisdiction over this action pursuant to the Exchange Act, but otherwise deny the allegations in Paragraph 10.

11. The allegations in Paragraph 11 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this Court and that Defendants are subject to personal jurisdiction in this District, but otherwise deny the allegations in Paragraph 11.

12. The allegations in Paragraph 12 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants admit that AAC's common stock was listed on the New York Stock Exchange ("NYSE") during the putative Class Period. Defendants deny the remaining allegations in Paragraph 12.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore deny them.

14. Defendants respectfully refer the Court to AAC's public filings with the SEC, which are matters of public record that contain a true and accurate description of AAC's business and which speak for themselves. Defendants deny any allegations in Paragraph 14 that are inconsistent with AAC's public filings. Defendants deny the remaining allegations in Paragraph

14, except Defendants admit that AAC's stock was listed and traded on the NYSE under the ticker symbol "AAC" during the putative Class Period.

15. Defendant Cartwright's employment history and stock holdings are set forth in AAC's SEC filings, which are matters of public record that speak for themselves. Defendants deny any allegations in Paragraph 15 that are inconsistent therewith.

16. Defendant Manz's employment history is set forth in AAC's SEC filings, which are matters of public record that speak for themselves. Defendants deny any allegations in Paragraph 16 that are inconsistent therewith.

17. Defendant McWilliams's employment history is set forth in AAC's SEC filings, which are matters of public record that speak for themselves. Defendants deny any allegations in Paragraph 17 that are inconsistent therewith.

18. Defendants admit that Plaintiff collectively refers to Messrs. Cartwright, Manz, and McWilliams as the "Individual Defendants" throughout the Amended Complaint. Defendants deny the remaining allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19, except Defendants admit that during their respective service as executive officers and/or members of the Board of Directors, they had access to certain information about AAC.

20. The allegations in Paragraph 20 contain legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 20.

21. The allegations in Paragraph 21 contain legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 21.

22. The allegations in Paragraph 22 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants refer to the federal securities laws

4

for their true contents and any obligations Defendants owed thereunder but otherwise deny the allegations in Paragraph 22, including denying that Defendants made any misrepresentations or omissions in violation of the federal securities laws.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants respectfully refer the Court to AAC's public filings with the SEC, which are matters of public record that contain a true and accurate description of AAC's business and which speak for themselves, and Defendants deny any allegations in Paragraph 24 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 24.

25. To the extent that the allegations in Paragraph 25 refer to, quote from, or purport to summarize portions of AAC's SEC filings, press releases, or earnings call transcripts, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 25 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 25.

26. To the extent that the allegations in Paragraph 26 refer to, quote from, or purport to summarize portions of AAC's SEC filings, press releases, or earnings call transcripts, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 26 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 26.

27. To the extent that the allegations in Paragraph 27 refer to, quote from, or purport to summarize portions of AAC's SEC filings, press releases, or earnings call transcripts, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 27 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 27.

5

28. To the extent that the allegations in Paragraph 28 refer to, quote from, or purport to summarize portions of AAC's SEC filings, press releases, or earnings call transcripts, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 28 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 28.

29. To the extent that the allegations in Paragraph 29 refer to, quote from, or purport to summarize portions of AAC's SEC filings, press releases, or earnings call transcripts, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 29 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 29.

30. Defendants admit that Sober Media Group, LLC ("SMG"), an indirect subsidiary of AAC, acquired the membership interests of Referral Solutions Group, LLC ("RSG") on July 2, 2015. To the extent that the allegations in Paragraph 30 refer to, quote from, or purport to summarize portions of AAC's SEC filings, press releases, or earnings call transcripts, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 30 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 30.

31. Defendants admit that SMG acquired the membership interests of RSG. Defendants deny the remaining allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. *The Verge* article referenced in Paragraph 33 is a matter of public record that speaks for itself. Defendants deny the remaining allegations in Paragraph 33.

WORKAMER\38537941.v3

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore deny them. Defendants deny the remaining allegations in Paragraph 34.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore deny them. Defendants deny the remaining allegations in Paragraph 35.

36.     The written transcript of the December 12, 2017 congressional hearing referenced in Paragraph 36 is a matter of public record that speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36, and therefore deny them. Defendants deny the remaining allegations in Paragraph 36.

37.     The written transcript of the December 12, 2017 congressional hearing referenced in Paragraph 37 is a matter of public record that speaks for itself. Defendants deny the remaining allegations in Paragraph 37.

38.     The written transcript of the December 12, 2017 congressional hearing referenced in Paragraph 38 is a matter of public record that speaks for itself. Defendants deny the remaining allegations in Paragraph 38.

39.     The pre-hearing memorandum from the July 25, 2018 congressional hearing referenced in Paragraph 39 is a matter of public record that speaks for itself. Defendants deny the remaining allegations in Paragraph 39.

40.     The written transcript of the July 25, 2018 congressional hearing referenced in Paragraph 40 is a matter of public record that speaks for itself. Defendants deny the remaining allegations in Paragraph 40.

7

41. The written transcript of the July 25, 2018 congressional hearing referenced in Paragraph 41 is a matter of public record that speaks for itself. Defendants deny the allegations in Paragraph 41 to the extent that they mischaracterize, misquote, or are contradicted by Mr. Cartwright's testimony. Defendants deny the remaining allegations in Paragraph 41.

42. Defendants admit that AAC used Google Ads. Defendants lack knowledge or information sufficient to form a belief as to Google's actions, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 42.

43. The Google announcements referenced in Paragraph 43 are matters of public record that speak for themselves. Defendants deny the remaining allegations in Paragraph 43.

44. The written transcript of the July 25, 2018 congressional hearing referenced in Paragraph 44 is a matter of public record that speaks for itself. Defendants deny the allegations in Paragraph 44 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript of Mr. Cartwright's testimony. Defendants deny the remaining allegations in Paragraph 44.

45. LegitScript's April 16, 2018 press release is a matter of public record that speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to LegitScript's and Google's actions, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. The Google announcements referred to in Paragraph 47 are matters of public record that speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to Google's actions, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 47.

8

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50, except, to the extent that the allegations refer to, quote from, or purport to summarize portions of AAC's 4Q 2018 earnings press release or the transcript of the related earnings call, such documents are matters of public record that speak for themselves and Defendants deny the allegations in Paragraph 50 that are inconsistent therewith.

51. Defendants deny the allegations in Paragraph 51, except, to the extent that the allegations in Paragraph 51 refer to or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves and Defendants deny the allegations in Paragraph 51 that are inconsistent therewith.

52. Defendants respectfully refer the Court to AAC's public filings with the SEC, which are matters of public record that contain a true and accurate description of AAC's business and accounting practices and which speak for themselves. Defendants deny any allegations in Paragraph 52 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 52.

53. To the extent that the allegations in Paragraph 53 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 53 that are inconsistent therewith. Defendants further refer to the Accounting Standards Codification (the "ASC") 450-20-25-2 and GAAP for their contents and deny the allegations in Paragraph 53 that are inconsistent therewith.

54. To the extent that the allegations in Paragraph 54 refer to, quote from, or purport to

summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 54 that are inconsistent therewith.

55. To the extent that the allegations in Paragraph 55 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 55 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 55.

56. To the extent that the allegations in Paragraph 56 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 56 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 56.

57. To the extent that the allegations in Paragraph 57 refer to, quote from, or purport to summarize portions of AAC's SEC filings or the written transcript of an April 2017 investor conference, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 57 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 57.

58. To the extent that the allegations in Paragraph 58 refer to, quote from, or purport to summarize portions of AAC's SEC filings or press releases, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 58 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 58.

59. To the extent that the allegations in Paragraph 59 refer to, quote from, or purport to

WORKAMER\38537941.v3

summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 59 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 59.

60. To the extent that the allegations in Paragraph 60 refer to, quote from, or purport to summarize portions of AAC's SEC filings or the written transcript of the April 16, 2019 earnings call, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 60 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 60.

61. The allegations in Paragraph 61 attempt to state legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 61, except Defendants refer to GAAP and FASB for their true contents.

62. Defendants deny the allegations in Paragraph 62.

63. To the extent that the allegations in Paragraph 63 refer to, quote from, or purport to summarize portions of AAC's SEC filings or other public statements, such documents and statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 63 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 63.

64. To the extent that the allegations in Paragraph 64 refer to, quote from, or purport to summarize portions of the written transcript of the UBS Global Healthcare conference, such document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 64 that are inconsistent therewith.

65. Defendants deny the allegations in Paragraph 65.

11

66. To the extent that the allegations in Paragraph 66 refer to, quote from, or purport to summarize portions of AAC's SEC filings or the written transcript of the February 22, 2018 earnings call, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 66 that are inconsistent therewith.

67. To the extent that the allegations in Paragraph 67 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 67 that are inconsistent therewith.

68. To the extent that the allegations in Paragraph 68 refer to, quote from, or purport to summarize portions of AAC's September 5, 2018 press release, such document is a matter of public record and speaks for itself. Defendants deny the allegations in Paragraph 68 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. To the extent that the allegations in Paragraph 70 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 70 that are inconsistent therewith.

71. Defendants deny the allegations in Paragraph 71.

72. To the extent that the allegations in Paragraph 72 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 72 that are inconsistent therewith.

73. Defendants deny the allegations in Paragraph 73.

WORKAMER\38537941.v3

74. To the extent that the allegations in Paragraph 74 refer to, quote from, or purport to summarize portions of the written transcript of AAC's May 3, 2018 earnings call, such document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 74 that are inconsistent therewith.

75. To the extent that the allegations in Paragraph 75 refer to, quote from, or purport to summarize portions of the written transcript of AAC's May 3, 2018 earnings call, such document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 75 that are inconsistent therewith.

76. To the extent that the allegations in Paragraph 76 refer to, quote from, or purport to summarize portions of AAC's August 1, 2018 press release, such document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 76 that are inconsistent therewith.

77. To the extent that the allegations in Paragraph 77 refer to, quote from, or purport to summarize portions of the written transcript of AAC's August 2, 2018 earnings call, such document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 77 that are inconsistent therewith.

78. Defendants deny the allegations in Paragraph 78.

79. To the extent that the allegations in Paragraph 79 refer to, quote from, or purport to summarize portions of AAC's November 6, 2018 press release, such document is a matter public record that speaks for itself, and Defendants deny the allegations in Paragraph 79 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 79.

80. To the extent that the allegations in Paragraph 80 refer to, quote from, or purport to summarize portions of the written transcript of AAC's November 6, 2018 earnings call, such

document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 80 that are inconsistent therewith.

81. To the extent that the allegations in Paragraph 81 refer to, quote from, or purport to summarize portions of the written transcript of AAC's November 6, 2018 earnings call, such document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 81 that are inconsistent therewith.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83.

84. To the extent that the allegations in Paragraph 84 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 84 that are inconsistent therewith.

85. To the extent that the allegations in Paragraph 85 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 85 that are inconsistent therewith.

86. To the extent that the allegations in Paragraph 86 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 86 that are inconsistent therewith.

87. To the extent that the allegations in Paragraph 87 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak

14

WORKAMER\38537941.v3

for themselves, and Defendants deny the allegations in Paragraph 87 that are inconsistent therewith.

88. Defendants deny the allegations in Paragraph 88.

89. To the extent that the allegations in Paragraph 89 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 89 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 89.

90. To the extent that the allegations in Paragraph 90 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 90 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91.

92. To the extent that the allegations in Paragraph 92 refer to, quote from, or purport to summarize portions of the written transcript of the Needham Healthcare Conference, such document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 92 that are inconsistent therewith.

93. Defendants deny the allegations in Paragraph 93.

94. To the extent that the allegations in Paragraph 94 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 94 that are inconsistent therewith.

95. To the extent that the allegations in Paragraph 95 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak

15

for themselves, and Defendants deny the allegations in Paragraph 95 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 95.

96. To the extent that the allegations in Paragraph 96 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 96 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 96.

97. To the extent that the allegations in Paragraph 97 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 97 that are inconsistent therewith.

98. To the extent that the allegations in Paragraph 98 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 98 that are inconsistent therewith.

99. To the extent that the allegations in Paragraph 99 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 99 that are inconsistent therewith.

100. Defendants deny the allegations in Paragraph 100.

101. To the extent that the allegations in Paragraph 101 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 101 that are inconsistent therewith.

16

102. To the extent that the allegations in Paragraph 102 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 102 that are inconsistent therewith.

103. To the extent that the allegations in Paragraph 103 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 103 that are inconsistent therewith.

104. Defendants deny the allegations in Paragraph 104.

105. To the extent that the allegations in Paragraph 105 refer to, quote from, or purport to summarize portions of the written transcript of AAC's August 3, 2017 earnings call, such document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 105 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

107. To the extent that the allegations in Paragraph 107 refer to, quote from, or purport to summarize portions of AAC's February 21, 2018 press release, such document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 107 that are inconsistent therewith.

108. To the extent that the allegations in Paragraph 108 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 108 that are inconsistent therewith.

109. Defendants deny the allegations in Paragraph 109.

110. To the extent that the allegations in Paragraph 110 refer to, quote from, or purport to summarize portions of AAC's May 2, 2018 press release, such document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 110 that are inconsistent therewith.

111. To the extent that the allegations in Paragraph 111 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 111 that are inconsistent therewith.

112. To the extent that the allegations in Paragraph 112 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 112 that are inconsistent therewith.

113. Defendants deny the allegations in Paragraph 113.

114. To the extent that the allegations in Paragraph 114 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 114 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 114.

115. To the extent that the allegations in Paragraph 115 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 115 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 115.

116. Defendants deny the allegations in Paragraph 116.

WORKAMER\38537941.v3

117.     To the extent that the allegations in Paragraph 117 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 117 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 117.

118.     To the extent that the allegations in Paragraph 118 refer to, quote from, or purport to summarize portions of AAC's August 1, 2018 press release, such document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 118 that are inconsistent therewith.

119.     To the extent that the allegations in Paragraph 119 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 119 that are inconsistent therewith.

120.     To the extent that the allegations in Paragraph 120 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 120 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 120.

121.     Defendants deny the allegations in Paragraph 121.

122.     To the extent that the allegations in Paragraph 122 refer to, quote from, or purport to summarize portions of AAC's November 6, 2018 press release, such document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 122 that are inconsistent therewith.

123.     To the extent that the allegations in Paragraph 123 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that

WORKAMER\38537941.v3

speak for themselves, and Defendants deny the allegations in Paragraph 123 that are inconsistent therewith.

124. Defendants deny the allegations in Paragraph 124.

125. To the extent that the allegations in Paragraph 125 refer to, quote from, or purport to summarize portions of AAC's SEC filings or the November 6, 2018 press release, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 125 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 125.

126. Defendants deny the allegations in Paragraph 126.

127. Defendants deny the allegations in Paragraph 127.

128. Defendants deny the allegations in Paragraph 128.

129. To the extent that the allegations in Paragraph 129 refer to, quote from, or purport to summarize portions of AAC's November 6, 2018 press release, such document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 129 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 129.

130. To the extent that the allegations in Paragraph 130 refer to, quote from, or purport to summarize portions of the written transcript of AAC's November 6, 2018 earnings call, such document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 130 that are inconsistent therewith.

131. The daily trading price of AAC's stock on the public market is a matter of public record that speaks for itself, and Defendants deny any allegations in Paragraph 131 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 131.

20

132. To the extent that the allegations in Paragraph 132 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 132 that are inconsistent therewith.

133. To the extent that the allegations in Paragraph 133 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 133 that are inconsistent therewith.

134. To the extent that the allegations in Paragraph 134 refer to, quote from, or purport to summarize portions of AAC's April 16, 2019 press release, such document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 134 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 134.

135. To the extent that the allegations in Paragraph 135 refer to, quote from, or purport to summarize portions of AAC's April 16, 2019 press release, such document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 135 that are inconsistent therewith.

136. To the extent that the allegations in Paragraph 136 refer to, quote from, or purport to summarize portions of the written transcript of AAC's April 16, 2019 earnings call, such document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 136 that are inconsistent therewith.

137. The daily trading price of AAC's stock on the public market is a matter of public record that speaks for itself, and Defendants deny any allegations in Paragraph 137 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 137.

138. Defendants deny the allegations in Paragraph 138.

139. To the extent that the allegations in Paragraph 139 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 139 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 139.

140. To the extent that the allegations in Paragraph 140 refer to, quote from, or purport to summarize portions of AAC's presentations or earnings call transcripts, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 140 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 140.

141. Defendants deny the allegations in Paragraph 141.

142. To the extent that the allegations in Paragraph 142 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 142 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 142.

143. The contents of AAC's earnings calls are matters of public record that speak for themselves, and Defendants deny any allegations in Paragraph 143 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 143.

144. Defendants admit that AAC received a subpoena from the SEC in March 2018 related to partial payment accounts, but deny the remaining allegations in Paragraph 144.

145. To the extent the allegations in Paragraph 145 rely on communications between AAC and the SEC, such documents are now publicly available and speak for themselves. Defendants deny any allegations in Paragraph 145 that are inconsistent with any of AAC's

statements in the referenced communications. Defendants deny the remaining allegations in Paragraph 145.

146. To the extent that the allegations in Paragraph 146 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 146 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 146.

147. To the extent that the allegations in Paragraph 147 refer to, quote from, or purport to summarize portions of AAC's SEC filings, such documents are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 147 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 147.

148. Defendants admit that certain executives and/or members of the Board of Directors left AAC during and after the putative Class Period, but Defendants deny the remaining allegations in Paragraph 148.

149. To the extent that the allegations in Paragraph 149 refer to, quote from, or purport to summarize portions of the written transcript of the Needham Healthcare Conference, such document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 149 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 149.

150. The contents of AAC's earnings calls are matters of public record that speak for themselves, and Defendants deny any allegations in Paragraph 150 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 150.

151. Defendants deny the allegations in Paragraph 151.

152. Defendants deny the allegations in Paragraph 152.

153. The allegations in Paragraph 153 attempt to state legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 153.

154. The allegations in Paragraph 154 attempt to state legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 154.

155. The allegations in Paragraph 155 attempt to state legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 155.

156. The allegations in Paragraph 156 attempt to state legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 156.

157. The allegations in Paragraph 157 attempt to state legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 157.

158. The allegations in Paragraph 158 attempt to state legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 158.

159. Defendants admit that Plaintiff purports to bring its claims on behalf of a putative class as defined in Paragraph 159, but Defendants deny that Plaintiff has asserted any viable claim or that any class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

160. The allegations in Paragraph 160 contain legal conclusions for which no response

24

is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 160 and deny that any class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

161. The allegations in Paragraph 161 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 161 and deny that any class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

162. The allegations in Paragraph 162 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 162 and deny that any class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

163. The allegations in Paragraph 163 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 163 and deny that any class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

164. The allegations in Paragraph 164 contain legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 164 and deny that any class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

165. Defendants incorporate their answers to ¶¶ 1-164 as though fully set forth herein.

166. Defendants deny the allegations in Paragraph 166.

167. Defendants deny the allegations in Paragraph 167.

168. Defendants deny the allegations in Paragraph 168.

WORKAMER\38537941.v3

169. Defendants deny the allegations in Paragraph 169.

170. Defendants deny the allegations in Paragraph 170.

171. Defendants deny the allegations in Paragraph 171.

172. Defendants deny the allegations in Paragraph 172.

173. Defendants deny the allegations in Paragraph 173.

174. Defendants incorporate their answers to ¶¶ 1-173 as though fully set forth herein.

175. Defendants deny the allegations in Paragraph 175.

176. Defendants deny the allegations in Paragraph 176.

177. Defendants deny the allegations in Paragraph 177.

178. Defendants deny the allegations in Paragraph 178.

To the extent that a response is required to Plaintiff's prayer for relief, Defendants deny each and every allegation contained therein and deny that Plaintiff or any member of the putative class is entitled to relief on the asserted claims.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Pursuant to Federal Rule of Civil Procedure 8(b)(3), unless expressly admitted above, all contents of the Amended Complaint, including the allegations in the numbered paragraphs, headings, titles, and Prayer for Relief, are expressly denied.

### THIRD DEFENSE

This action, in whole or in part, is not maintainable as a class action under Fed. R. Civ. P. 23.

**FOURTH DEFENSE**

Plaintiff cannot meet its burden of proving the essential elements of a claim under Section 10(b) of the Exchange Act: (1) a material misstatement or omission, (2) by the defendant, (3) made in connection with the purchase or sale of a security, (4) and with scienter, (5) on which the investor reasonably relied, (6) that resulted in economic loss, and that was (7) proximately caused by the alleged misstatement or omission (i.e., loss causation).

**FIFTH DEFENSE**

Plaintiff cannot meet its burden of proving the essential elements of a claim under Section 20(a) of the Exchange Act: (1) a primary violation under Section 10(b), (2) power by the defendant to control the specific transaction or activity upon which the primary violation is predicated, and (3) actual participation by the defendant (i.e., exercise of control) in the operations of the primary violator in general.

**SIXTH DEFENSE**

Plaintiff's purported claims and those of the putative class for control person liability are barred because the Defendants at all times "acted in good faith and did not directly or indirectly induce" or control any acts constituting a violation of the securities laws. 15 U.S.C. § 78t(a).

**SEVENTH DEFENSE**

Plaintiff's purported claims and those of the putative class are barred due to the failure of the Amended Complaint to allege facts demonstrating any false or misleading statements and why those statements were false or misleading as required by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B) as well as Plaintiff's inability to prove any such facts.

27

## EIGHTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred based on the truth and sufficiency of all statements upon which their alleged claims are based.

## NINTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred because Defendants had no duty of disclosure with respect to the alleged misrepresentations or omissions.

## TENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred because the allegedly false and misleading statements identified by Plaintiff were immaterial.

## ELEVENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred to the extent that they are based on statements that are not attributable to Defendants.

## TWELFTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred because Defendants did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred in that they have failed to plead their claims, or any strong inference of scienter or actual knowledge, with particularity, as required by the PSLRA, Fed. R. Civ. P. 9(b), or otherwise.

28

## FOURTEENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred due to Plaintiff's inability to prove facts demonstrating a strong inference of scienter, with regard to each Defendant and as to each alleged misstatement.

## FIFTEENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred because it cannot prove reliance on any alleged statements or actions of the Defendants, and it is not entitled to the fraud on the market presumption of reliance.

## SIXTEENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred because it cannot meet the burden of proving that there was an "efficient market" with respect to AAC's stock.

## SEVENTEENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred because the Defendants' actions or alleged omissions were not the direct or proximate cause of Plaintiff's averred damages and the requisite "loss causation" is lacking. *See* 15 U.S.C. § 78u-4(b)(4).

## EIGHTEENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred in whole or in part because the damages allegedly suffered (which Defendants contend there are none) are the proximate result of affirmative and/or independent actions of one or more third persons or parties over whom Defendants had no control and for whom Defendants are not liable.

## NINETEENTH DEFENSE

Any decline in the value of Plaintiff's AAC shares was caused by intervening and superseding causes or causes unrelated to the allegations in the Amended Complaint.

WORKAMER\38537941.v3

**TWENTIETH DEFENSE**

Plaintiff's purported claims and those of the putative class are barred to the extent that they are founded on an aiding and abetting theory.

**TWENTY-FIRST DEFENSE**

Plaintiff's purported claims and those of the putative class are barred by the "Bespeaks Caution Doctrine" and the "Safe Harbor Provision" of the PSLRA.

**TWENTY-SECOND DEFENSE**

Plaintiff's purported claims and those of the putative class are barred because the Defendants did not employ any device, scheme, or artifice to defraud and did not engage in any act, practice, or course of conduct that operates or would operate as a fraud or deceit in connection with the purchase or sale of securities.

**TWENTY-THIRD DEFENSE**

To the extent Defendants were in possession of any of the information Plaintiff claims they failed to disclose, which Defendants contend they were not, Defendants did not assimilate and comprehend the significance of that information.

**TWENTY-FOURTH DEFENSE**

To the extent Defendants failed to disclose material information, which Defendants deny, the "truth-on-the-market" doctrine precludes Plaintiff's claims because the information at issue was credibly made available to the market by other sources.

**TWENTY-FIFTH DEFENSE**

Defendants maintain that the Amended Complaint fails to state a claim against Defendants based upon "fraud-on-the-market" principles because the alleged misrepresentations and omissions would not have induced a reasonable investor to misjudge the value of AAC stock.

30

## TWENTY-SIXTH DEFENSE

Defendants maintain that the Amended Complaint fails to state a claim against Defendants based upon "fraud-on-the-market" principles for any putative class members who did not trade shares between the time the misrepresentations were made and the time the alleged "truth" was revealed.

## TWENTY-SEVENTH DEFENSE

Plaintiff's purported claims and those of the putative class are inactionable under the *Santa Fe* doctrine.

## TWENTY-EIGHTH DEFENSE

The purported claims of some or all of the putative class are barred due to their failure to mitigate their damages as required by law and/or to the extent any alleged damages are not attributable to alleged violations of law.

## TWENTY-NINTH DEFENSE

Plaintiff lacks standing to prosecute this action.

## THIRTIETH DEFENSE

Plaintiff's purported claims and those of the putative class are barred based on the doctrine of assumption of risk.

## THIRTY-FIRST DEFENSE

Plaintiff's purported claims and those of the putative class are barred by the doctrines of estoppel, laches, waiver, acquiescence, ratification, and/or the applicable statute of limitations.

## THIRTY-SECOND DEFENSE

Plaintiff's purported claims and those of the putative class are barred because they have "unclean hands."

31

## THIRTY-THIRD DEFENSE

Plaintiff's purported claims and those of the putative class are not actionable because Defendants acted within their reasonable business judgment.

## THIRTY-FOURTH DEFENSE

Any recovery by Plaintiff and the putative class against Defendants would constitute unjust enrichment.

## THIRTY-FIFTH DEFENSE

Plaintiffs is not entitled to recovery of attorneys' fees, expenses, and other costs in this action.

## THIRTY-SIXTH DEFENSE

Plaintiff is not entitled to an award of punitive damages, pre-judgment interest, or post-judgment interest.

## THIRTY-SEVENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred, in whole or in part, by Plaintiff's own actions, omissions, and/or negligence.

## THIRTY-EIGHTH DEFENSE

Any potential recovery by Plaintiff or the putative class members is subject to offset in the amount of any benefit received by Plaintiff or the putative class members through their investments.

## THIRTY-NINTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred because the alleged omissions relate to forward looking statements, which are immaterial as a matter of law.

WORKAMER\38537941.v3

## FORTIETH DEFENSE

Plaintiff's purported claims and those of the putative class are barred because corrective statements made during the putative class period effectively counterbalanced any misleading impression purportedly created by Defendants' alleged misstatements or omissions.

## FORTY-FIRST DEFENSE

Any potential recovery against Defendants is barred, in whole or in part, by virtue of the proportionate liability of, contribution by, and/or comparative fault of Plaintiff, putative class members and/or other persons or entities pursuant to the relevant provisions of the PSLRA, and/or principles of equitable allocation, recoupment, setoff, proportionate responsibility, comparative fault, any settlement credit and/or any other applicable law or doctrine. Defendants are entitled to have the trier of fact apportion the percentage of fault (if any) among such persons or entities that the trier of fact finds responsible for any alleged violations of the federal securities laws.

## FORTY-SECOND DEFENSE

Plaintiff's purported claims and those of the putative class are barred, in whole or in part, because the alleged depreciation in the market price of AAC's securities resulted from factors other than the misstatements or omissions alleged in the Amended Complaint.

## FORTY-THIRD DEFENSE

Defendants hereby incorporate by reference any and all other defenses asserted in the Motion to Dismiss (ECF 53).

### Reservation of Rights to Assert Additional Defenses

Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

33

WHEREFORE, Defendants having fully answered Plaintiff's Amended Complaint, pray:

(a)     that the Amended Complaint be dismissed with prejudice;

(b)     that judgment be entered in Defendants' favor;

(c)     that all costs of this action be taxed against Plaintiff; and

(d)     for such other and further relief as the Court deems proper.


Dated: May 6, 2021                          Respectfully submitted by:

                                            s/ *W. Travis Parham*
                                            W. Travis Parham (TN BPR #16846)
                                            Michael T. Harmon (TN BPR # 27279)
                                            Waller Lansden Dortch & Davis LLP
                                            511 Union Street, Suite 2700
                                            Nashville, TN 37219
                                            Tel: (615) 244-6380
                                            travis.parham@wallerlaw.com
                                            michael.harmon@wallerlaw.com

                                            Jessica P. Corley (*pro hac vice*)
                                            Lisa R. Bugni (*pro hac vice*)
                                            Logan R. Hobson (*pro hac vice*)
                                            KING & SPALDING LLP
                                            1180 Peachtree Street, N.E.
                                            Atlanta, GA 30309
                                            Tel: (404) 572-4600
                                            jpcorley@kslaw.com
                                            lbugni@kslaw.com
                                            lhobson@kslaw.com

                                            *Counsel for Defendants*

34

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 6th day of May, 2021, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing and make available the same to the following attorneys of record:

Christopher M. Wood
Christopher H. Lyons
ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Tel: (615) 244-2203
cwood@rgrdlaw.com
lyons@rgrdlaw.com

Darren J. Robbins
Francisco J. Mejia
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
darrenr@rgrdlaw.com
fmejia@rgrdlaw.com

Jerry E. Martin
Bank of America Plaza
BARRETT JOHNSTON MARTIN
& GARRISON, LLC
414 Union Street, Suite 900
Nashville, TN 37219
Tel: (615) 244-2202
jmartin@barrettjohnston.com

s/ W. Travis Parham