UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM,) Individually and on Behalf of All Others ) Similarly Situated, ) <br><br> Plaintiff, ) <br><br> vs. ) <br><br> MICHAEL T. CARTWRIGHT, KIRK R. ) MANZ and ANDREW W. McWILLIAMS, ) <br><br> Defendants. ) <br> ) | Civil Action No. 3:19-cv-00407 <br><br> <u>CLASS ACTION</u> <br><br> Judge Eli J. Richardson <br> Magistrate Judge Alistair E. Newbern <br><br> [PROPOSED] STIPULATED PROTECTIVE ORDER |

Lead Plaintiff Indiana Public Retirement System ("Plaintiff") and defendants Michael T.

Cartwright, Kirk R. Manz, and Andrew McWilliams ("Defendants") (collectively, the "Parties")

acknowledge the need to enter a protective order, pursuant to Rule 26(c) of the Federal Rules of

Civil Procedure and Rule 502 of the Federal Rules of Evidence, that establishes procedures for the

designation and protection of confidential and proprietary information produced during this litigation

and the procedures for challenging any such designation. In light of the Parties' agreement, as

evidenced by the signatures of counsel below, and for good cause shown,

IT IS HEREBY STIPULATED AND AGREED:

## I.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential

information, proprietary information, trade secret information, individual personal information that is

protected from disclosure under state or federal law (including identifying personal financial

information) or private information, all of which may warrant special protection from public

- 1 -

disclosure and from use for any purpose other than prosecuting and defending this litigation. Accordingly, the Parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order (hereafter, "Order" or "Stipulated Protective Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under this Order.

## II.     DEFINITIONS

1.     "Action" means this litigation captioned *Indiana Pub. Ret. Sys. v. Cartwright, et al.*, No. 3:19-cv-00407 (M.D. Tenn.).

2.     "CONFIDENTIAL Information" means information that is not commonly known by or available to the public and derives value, actual or potential, from not being generally known, and not being readily ascertainable by proper means or any other material that is confidential pursuant to applicable law, including, but not limited to, trade secrets, research and development, competitive financial information and personnel files. It also means information that could cause significant injury or harm to an individual or company if disclosed to an unauthorized person, including, but not limited to, PII, PHI and other personal information over which the Producing Party has a duty or obligation to maintain confidentiality, including, but not limited to, by operation of contract or of federal, state or foreign data protection laws, such as, without limitation, the Gramm-Leach-Bliley Act, 15 U.S.C. §6801, *et seq.* (financial information); the Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder; 45 C.F.R. Part 160 and Subparts A and E of Part 164 (medical information); 42 C.F.R. Part 2; Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data.

- 2 -

3. "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and encompasses communications. A draft, non-identical copy or printed copy with notes is a separate document within the meaning of this term.

4. "Outside Counsel" means attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party.

5. "Personally Identifiable Information" or "PII," for purposes of this Order, includes payment card numbers, financial account numbers, Social Security numbers, addresses, phone numbers, e-mail addresses, driver license numbers or other state identification numbers, employer identification numbers, tax identification numbers, passport numbers or a foreign government equivalent of any of these numbers or identifiers. The Parties recognize that other personal data (*e.g.*, name, citizenship, birthdate, spousal and familial information), particularly in combination with other information, may reveal sensitive PII. For purposes of this Order, PII also includes such data when in combination with other information.

6. "Privileged Material" means any document or information that is, or that the Producing Party asserts is, protected from disclosure by a privilege or other immunity from discovery, including, but not limited to, the attorney-client privilege, the work product doctrine, or the joint defense or common interest privilege.

7. "Producing Party" means the party or third party that produced the Protected Material.

8. "Protected Health Information" or "PHI," for purposes of this Order, includes all individually identifiable health information, including demographic data, medical histories, test

- 3 -

results, insurance information and other information used to identify a patient or provide healthcare services or healthcare coverage.

9. "Protected Material" means any document or information that has been designated as CONFIDENTIAL pursuant to this Stipulated Protective Order. Documents that quote, summarize or contain CONFIDENTIAL Information (*e.g.*, discovery responses, transcripts and court filings) may be accorded status as Protected Material but, to the extent reasonably feasible, shall be prepared in such a manner that the CONFIDENTIAL Information is provided separately from that not entitled to protection.

10. "Receiving Party" means any party or third party that received the Protected Material.

## III. DESIGNATING PROTECTED MATERIAL

1. The Parties shall make CONFIDENTIAL designations in good faith. Protected Material should be designated by the Producing Party in one of the following ways: (a) information set forth in an answer to an interrogatory or response to a request for admission may be so designated by including the word "CONFIDENTIAL" in the answer or response; or (b) information contained in any document or part thereof may be so designated by marking the word "CONFIDENTIAL" on the document or any copy of it delivered to the Receiving Party or by giving written notice to the Receiving Party describing the document or part thereof to be designated CONFIDENTIAL.

2. The Producing Party should designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Producing Party's attention that Protected Material does not qualify for protection or does not qualify for the level of protection initially asserted, that Producing Party must promptly notify all other Parties that it is withdrawing

- 4 -

the mistaken designation. Any designation of Protected Material may be withdrawn by the Producing Party.

3. Third parties producing documents in this Action may also designate documents as CONFIDENTIAL subject to the same protections, obligations and constraints as the Parties to the Action.

## IV. SCOPE

1. The protections conferred by this Stipulated Protective Order cover not only Protected Material but also: (a) any information copied or extracted from Protected Material; (b) all copies, derivations, abstracts, excerpts, summaries or compilations of Protected Material; and (c) any testimony, conversations or presentations by Parties or their counsel that might reveal Protected Material.

2. The protections conferred by this Stipulated Protective Order do not cover the following information: (a) material that on its face shows or that, through other evidence, the Receiving Party can show has been published to the general public; (b) information that the Receiving Party can show was lawfully in the Receiving Party's possession prior to being designated as Protected Material in this Action and that the Receiving Party is not otherwise obligated to treat as confidential; (c) information that the Receiving Party can show was obtained (without any benefit or use of Protected Material) from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; (d) information that, after its disclosure to a Receiving Party, is published to the general public by a party having the right to publish such information; (e) information that the Receiving Party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's Protected Material; or (f) information that was submitted to a governmental entity without request for confidential treatment.

- 5 -

3.      Any use of Protected Material at trial shall be governed by a separate agreement or order.

## V.      NON-DISCLOSURE OF PROTECTED MATERIAL

1.      Except with the prior written consent of the Producing Party, as provided in this Order, or as may be subsequently ordered by the Court, Protected Material may not be disclosed by a Receiving Party to any person except as described below.

2.      Protected Material designated as CONFIDENTIAL may be disclosed by a Receiving Party only to:

(a)      The Parties, their officers, directors, employees and in-house counsel only to the extent reasonably necessary to provide assistance with the litigation, and Outside Counsel for the Parties in this Action, and the partners, associates, contract attorneys, secretaries, paralegal assistants and employees who are working at the direction of such counsel but only to the extent reasonably necessary to render professional services in the Action and for use exclusively in this Action (and for no other purpose);

(b)      Judges, the jury, court reporters, court personnel and videographers present at trial, hearings, arguments, depositions and any other judicial proceedings held in this Action;

(c)      Persons shown on the face of the document, or through other documentary or testimonial evidence, to have authored or received it;

(d)      Other persons who may be designated by written consent of the Producing Party or pursuant to Court order but only for purposes of this Action and for no other purpose;

(e)      Witnesses during depositions and trial;

(f)      Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary to prepare such persons to testify;

- 6 -

(g)     Consultants or experts retained for the purpose of assisting Outside Counsel in this litigation who are not current employees of a competitor of a party and have not, at the time of retention, agreed to become an employee of a competitor of a party, subject to the other requirements in this paragraph.  Prior to being given access to Protected Material of the Producing Party, the consultant or expert must execute the Acknowledgment of Confidentiality Designations and Agreement to Be Bound by Terms of Court Order attached as Exhibit A to this Order (the "Acknowledgment"); and

(h)     Third-party providers of document reproduction, electronic discovery or other litigation support services retained specifically for this Action and who have previously executed the Acknowledgment.

3.     Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures access is limited to the persons authorized under this Order. Receiving Parties shall exercise at least the same degree of care in the storage, custody or use of Protected Material as they would apply to their own material of the same or comparable confidentiality and sensitivity but in no event less than a reasonable degree of care.  Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration and destruction, including, but not limited to:

(a)     Protected Material in electronic form shall be maintained in a secure litigation support site that applies standard industry practices regarding data security, including, but not limited to, application of access control rights to those persons entitled to access Protected Material under this Order, including two-factor authentication;

(b)     A list of current and former authorized users of the Receiving Party's litigation support site, as well as an audit trail, shall be maintained while this litigation, including any

- 7 -

appeal, is pending (audit trails should reflect all access and activities by either users or administrators);

(c)     Protected Material downloaded from the litigation support site in electronic format shall be stored or shipped only on devices or media (*e.g.*, tablet, smartphone, USB drive) that are encrypted with access limited to persons entitled to access Protected Material under this Order, except that Protected Material stored on laptops or desktops can be password protected;

(d)     Protected Material in paper format shall be maintained in the Receiving Party's counsel's law offices or a comparably secure location, with access limited to persons entitled to access Protected Material under this Protective Order;

(e)     Electronic delivery of Protected Material shall be by encrypted Secure File Transfer Protocol or encrypted email addressed only to persons entitled to access Protected Material under this Order;

(f)     Electronic data hosted on the litigation support site shall be encrypted at rest and during transit at all times, subject to decryption only by authorized users;

(g)     Physical shipments of Protected Material shall be by courier and securely sealed and addressed only to persons entitled to access Protected Material under this Order;

(h)     If a data breach occurs, which includes improper access, not just exfiltration, that includes Protected Material, or a Receiving Party reasonably believes such a breach may have occurred, the Receiving Party shall immediately report such incident to the Producing Party, describe the Protected Material accessed and use best efforts to return to the Producing Party the Protected Material accessed.  The Receiving Party shall also immediately take such actions as the Producing Party requests in good faith to remediate the breach, preclude further breaches and take such actions

- 8 -

as are required by applicable laws, including privacy laws. In no event is a Producing Party ceding notification or remedial rights in the event of a breach; and

(i) If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as is practicable: (i) notify in writing the Producing Party of the unauthorized disclosure; (ii) use its best efforts to retrieve all copies of the Protected Material; and (iii) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all the terms of this Order and have the person or persons execute the Acknowledgment.

4. Any copies, excerpts or compilations of Protected Material, whether in oral or written form, shall be subject to this Order to the same extent as the Protected Material itself and, if in written form, must be labeled the same as the Protected Material. A recipient shall not duplicate any CONFIDENTIAL Information except for use as working copies and for filing in court.

## VI. DE-DESIGNATION AND CHALLENGING OF PROTECTED MATERIAL

1. Any party may request a change in the designation of Protected Material. Any Protected Material shall be treated as designated until the change is completed.

2. Any party may challenge a designation of confidentiality at any time. A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

3. The party challenging a confidentiality designation shall identify in writing each challenged document by Bates number and set forth the specific reasons why it does not believe the confidentiality designation is appropriate.

4. Within 14 days of a challenge to a designation, the party challenging confidentiality must move the Court for relief unless the Parties agree otherwise or the matter has been resolved by

- 9 -

the Parties.  Counsel for each party shall meet and confer within seven days of a challenge to limit the scope of any issues requiring resolution by the Court.  To that end, if the matter is not resolved by the Parties, the Parties shall identify exemplar documents for the Court's review, a ruling on which will allow the Parties to resolve their disputes concerning any similar documents for which a confidentiality designation has been challenged.

## VII.   PROTECTED MATERIAL IN DEPOSITIONS

1.     If a party, the current employee of a party or anyone represented by counsel for a party is noticed for deposition, that party's counsel is responsible for providing a copy of this Order to the witness and obtaining the witness' signature on the Acknowledgment prior to the deposition.  If a non-party is subpoenaed for deposition, the counsel issuing the subpoena is responsible for providing a copy of this Order to the witness and attempting to obtain a signed Acknowledgment.

2.     For testimony given in deposition, the Designating Party must identify on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition is concluded) a right to have up to 45 days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted by designating in writing the portions of the pages that are confidential.  (Documents marked as deposition exhibits that have been previously designated for protection under this Order do not need to be re-designated to maintain their designation.)  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.  Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterward if that period is properly invoked, that the entire transcript shall be treated as CONFIDENTIAL.  The Parties and the court

- 10 -

reporter shall thereafter mark such pages in all copies of the transcript with the legend "CONFIDENTIAL" and will note on the cover page of any such deposition the following legend: "Certain Designated Pages of this Deposition Are Confidential and Subject to a Protective Order." Until expiration of the 30-day period, if invoked, the entire deposition transcript will be treated as CONFIDENTIAL Information pursuant to this Stipulated Protective Order unless designated otherwise at the time of the deposition.

## VIII. SUBPOENAS OR LEGAL PROCESS CALLING FOR DISCLOSURE OF PROTECTED MATERIAL

If a party receives a subpoena or other legal process that calls for disclosure of any material designated as CONFIDENTIAL by another party, the party from whom disclosure is sought shall, by the third business day after receipt thereof or the earliest practicable date thereafter: (a) give written notice by hand delivery or e-mail of such process or discovery request, together with a copy thereof, to counsel for the Producing Party; (b) cooperate to the extent necessary to permit the Producing Party to seek to quash such process or discovery request; and (c) not make production or disclosure of such Protected Material until the Producing Party consents in writing to production or the Receiving Party is ordered by a court of competent jurisdiction to produce or disclose such information, so long as the order is not stayed prior to the date set for production or disclosure.

## IX. FILING AND USE OF PROTECTED MATERIAL FOR PRETRIAL PURPOSES

Nothing in this Order shall prevent any party from using Confidential Information at hearings, at trial or in court filings. If a party seeks to file any documents that have been designated as CONFIDENTIAL Information, then the party must first file a motion seeking to file the CONFIDENTIAL Information under seal pursuant to both the local and federal rules, including Local Rule 5.03 and §5.07 of Administrative Order No. 167-1. If a party includes any information that has been designated as CONFIDENTIAL Information in any filing, then the party will make

- 11 -

redactions or take whatever reasonable steps are necessary to prevent publicly disclosing that information in accordance with the local and federal rules. If a party's request to file CONFIDENTIAL Information under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## X. PROPER USE OF PROTECTED MATERIAL

Persons obtaining access to Protected Material pursuant to this Protective Order shall use the information in connection with this Action only, including appeals and retrials, and shall not use such information for any other purpose, including business, governmental, commercial, administrative proceedings or judicial proceedings, unless otherwise required by applicable law.

## XI. PERMITTED REDACTIONS

1. Any Producing Party may redact from Protected Material information that the Producing Party claims is Privileged Material or PII. Producing Parties may also redact identifying information related to health information so that health information cannot be identified to an individual. The Producing Party shall mark each redaction with a legend stating "REDACTED" and specify the basis for the redaction as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked.

2. The Parties agree that certain productions may require additional safeguards pursuant to state, federal or foreign statutes, regulations or privacy obligations and will meet and confer in good faith to implement such safeguards as needed.

## XII. NON-TERMINATION

The provisions of this Protective Order shall not terminate at the conclusion of this Action. Upon written request, within 90 days after final disposition of this Action, a Receiving Party shall take commercially reasonable efforts to see that all Protected Material and all copies of the same

- 12 -

(other than exhibits of record) shall either be returned to the Producing Party or destroyed. Final disposition, for purposes of this Order, is the later of: (a) dismissal of all claims and defenses in this Action with prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, rehearing, remands, trials or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Notwithstanding the foregoing, counsel for all Parties may keep one copy of any transcripts, pleadings and exhibits and shall maintain them in confidence in accordance with the terms of this Order. Upon written request, all counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than 60 days after final termination of this Action.

## XIII. NON-WAIVER OF PRIVILEGES

1. This Protective Order is entered pursuant to and invokes the protections of Rule 502(d) of the Federal Rules of Evidence. Accordingly, the provisions in Rule 502(b) will not apply to the disclosure of documents or information in this Action. To allow for expeditious production of documents, a Producing Party may, at its sole option, produce such materials without detailed, or any, review to determine whether the production includes Privileged Material.

2. In accordance with Rule 502(d) of the Federal Rules of Evidence and other applicable rules, any such production or disclosure of Privileged Material shall not be deemed to waive, in this Action or in any other federal or state proceeding, any applicable privilege or immunity (including, but not limited to, the attorney-client privilege, the work product doctrine and the joint defense or common interest privilege) that would otherwise attach to the disclosed materials or their subject matter. The Parties shall not argue, in this forum or any other, that any privilege or protection was waived as a result of disclosure in this Action, regardless of the procedures used to identify Privileged Material prior to production.

- 13 -

3.   If a party identifies discovery material that appears on its face to be Privileged Material belonging to another party or non-party, the identifying party is under a good faith obligation to notify that other party or non-party.  Such notification shall not waive the identifying party's ability to subsequently contest any assertion of privilege or protection with respect to the identified discovery material.  If the party or non-party to which the disclosed Privileged Material belongs wishes to assert a claim of privilege or protection, that party or non-party shall notify the Receiving Party of its assertion of privilege within seven calendar days of receiving the identifying party's notification of potentially Privileged Material.  Nothing in this Stipulated Protective Order limits or otherwise modifies an attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be Privileged Material and to inform the Producing Party that such Privileged Material has been produced.

4.   This Stipulated Protective Order does not preclude a party from intentionally waiving any claims of privilege or protection.

5.   The provisions of Rule 502(a) of the Federal Rules of Evidence apply, *inter alia*, when a party uses Privileged Material to support a claim or defense, when a party uses Privileged Material during a deposition without the assertion of a contemporaneous or subsequent objection not overruled by the Court or by counsel's agreement or when a party intentionally discloses Privileged Material to a third party, including the Court (*e.g.*, in connection with or support of a filing, but not if submitted to the Court to resolve a dispute as to a claim of Privileged Material).

6.   The Parties may stipulate without the need for Court approval to narrow or extend the time periods specified in this Stipulated Protective Order.

- 14 -

## XIV. CLAWBACK OF DISCLOSURE

1. A Producing Party that determines it made a disclosure of Protected Material without proper designation, or a disclosure of Privileged Material in this litigation, shall promptly notify the Receiving Party following discovery of the production. The Receiving Party shall:

(a) in the case of Privileged Material: (i) immediately cease the review and use of the disclosed document or information, except to the extent necessary to determine and/or contest the privilege or protection; (ii) if the Receiving Party does not intend to challenge the assertion, return or destroy the disclosed document or information forthwith, as well as any and all copies thereof; and (iii) if the Receiving Party does not intend to challenge the assertion, destroy any references to the erroneously or inadvertently disclosed document or its contents, to the extent such references exist in other materials prepared by the Receiving Party; or

(b) in the case of Protected Material, mark it and all copies "CONFIDENTIAL" as applicable and treat the document as Protected Material under the terms of this Order.

A party may sequester documents if challenging a clawback request.[1]

2. Upon request of the Producing Party, the Receiving Party must provide to the Producing Party a certification of counsel that the disclosed discovery has been returned, sequestered or destroyed subject to the terms of this Stipulated Protective Order. The Receiving Party must sequester any discovery item claimed to be Privileged Material if the Receiving Party intends to challenge the designation or move the Court for a ruling that the document was never privileged or protected unless and until the Court determines the document is privileged or protected.

---

[1] Copies of Protected Material or Privileged Material that have been stored on electronic media that are not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored. If such data is restored, the Receiving Party must take steps to return, destroy or re-sequester the restored Protected Material or Privileged Material.

4829-1190-9615.v1

3.      If any produced Privileged Material or Protected Material has been provided to a non-party by a Receiving Party, the Receiving Party will use all reasonable efforts to secure the return of the Privileged Material (and the destruction of any references thereto) and proper designation of the Protected Material, including reminding the non-party of its obligation to adhere to the terms of this Protective Order that the non-party agreed to by executing the Acknowledgment attached as Exhibit A.

4.      Notice of disclosure shall apply to all copies of the document disclosed.

5.      If a Receiving Party disputes the Producing Party's privilege claim over clawed-back material, the Receiving Party shall notify the Producing Party of the dispute and the basis therefor in writing within 21 business days of receipt of the notification of produced Privileged Material.  The Producing Party and Receiving Party thereafter shall meet and confer in good faith regarding the disputed claim within seven business days.  In the event that the Producing Party and Receiving Party do not resolve their dispute, the party claiming privilege must move the Court for a determination of whether a privilege applies within ten days of the determination that no resolution will be achieved.  If such a motion is made, the moving party shall submit to the Court for *in camera* review a copy of the produced Privileged Material in connection with its moving papers.

6.      A party is not precluded by this Stipulated Protective Order from arguing that a privilege or protection has been waived for reasons other than the production of a document or information subsequently clawed back in accordance with the terms of this Stipulated Protective Order.

## XV.    MODIFICATION PERMITTED

Any party for good cause shown may apply to the Court for modification of this Protective Order.  This Protective Order shall remain in full force and effect, and each person subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in

- 16 -

perpetuity; and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Order by the occurrence of conclusion of this Action or by the filing of a notice of appeal or other pleading that would have the effect of divesting this Court of jurisdiction of this Action generally.

IT IS SO STIPULATED.

DATED: July 8, 2021

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
FRANCISCO J. MEJIA
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
fmejia@rgrdlaw.com

Lead Counsel for Indiana Public Retirement System

- 17 -

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com

Local Counsel

DATED:  July 8, 2021

KING & SPALDING LLP
LISA BUGNI (admitted *pro hac vice)*

_____
s/ Lisa Bugni
LISA BUGNI

50 California Street, Suite 3300
San Francisco, CA  94111
Telephone:  415/318-1234
415/318-1300 (fax)
lbugni@kslaw.com

KING & SPALDING LLP
JESSICA PERRY CORLEY
  (admitted *pro hac vice*)
LOGAN HOBSON
  (admitted *pro hac vice*)
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA  30309
Telephone:  404/572-4717
404/572-5100 (fax)
jpcorley@kslaw.com
lhobson@kslaw.com

- 18 -

WALLER, LANSDEN, DORTCH
  & DAVIS, LLP
W. TRAVIS PARHAM (TN #16846)
511 Union Street, Suite 2700
Nashville, TN  37219
Telephone:  615/244-6380
615/244-6804 (fax)
travis.parham@wallerlaw.com

Attorneys for Defendants

\*     \*     \*

**O R D E R**

IT IS SO ORDERED.

DATED: _____July 8, 2021_____    _____

THE HONORABLE ALISTAIR E. NEWBERN
UNITED STATES MAGISTRATE JUDGE

4829-1190-9615.v1

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF TENNESSEE

## NASHVILLE DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM,) Individually and on Behalf of All Others ) Similarly Situated, ) <br><br> Plaintiff, ) <br><br> vs. ) <br><br> MICHAEL T. CARTWRIGHT, KIRK R. ) MANZ and ANDREW W. McWILLIAMS, ) <br><br> Defendants. ) <br> _____ ) | Civil Action No. 3:19-cv-00407 <br><br> <u>CLASS ACTION</u> <br><br> Judge Eli J. Richardson <br> Magistrate Judge Alistair E. Newbern <br><br> ACKNOWLEDGMENT OF CONFIDENTIALITY DESIGNATIONS AND AGREEMENT TO BE BOUND BY TERMS OF COURT ORDER |

I, _____, declare:

I reside at _____

in the City of _____, County of _____, State of

_____.  My telephone number is (_____) _____-_____.  I am

currently employed at _____,

located at _____,

and my current job title is _____.

I have read and understand the terms of the Stipulated Protective Order filed in *Indiana Pub. Ret. Sys. v. Cartwright, et al.*, No. 3:19-cv-00407, currently pending in the United States District Court for the Middle District of Tennessee.  I agree to comply with and be bound by the provisions of the Stipulated Protective Order.  I understand that any violation of the Protective Order may subject me to sanctions by the Court.

- 20 -

I shall not divulge any documents or copies of documents designated "CONFIDENTIAL" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Stipulated Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Stipulated Protective Order.

As soon as practical, but no later than 30 days after final termination of this Action, I shall return to the attorney from whom I have received any documents in my possession designated "CONFIDENTIAL" and all copies, excerpts, summaries, notes, digests, abstracts and indices that contain "CONFIDENTIAL" Information.

I submit myself to the jurisdiction of the United States District Court for the Middle District of Tennessee for the purpose of enforcing or otherwise providing relief relating to the Stipulated Protective Order.

Dated this _____ day of _____, 20__.

_____
Signature

_____
Printed Name

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on July 8, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)


E-mail: cwood@rgrdlaw.com

# Mailing Information for a Case 3:19-cv-00407 Caudle v. AAC Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Lisa R. Bugni**
  lbugni@kslaw.com

- **Jessica Perry Corley**
  jpcorley@kslaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Michael T. Harmon**
  michael.harmon@wallerlaw.com,TAPDocketingClerk-Nash@wallerlaw.com,shelli.dimarco@wallerlaw.com

- **Logan R. Hobson**
  lhobson@kslaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Jonathan Lindenfeld**
  jlindenfeld@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,e_file_sd@rgrdlaw.com,clyons@ecf.courtdrive.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,adonovan@barrettjohnston.com,eseaborn@barrettjohnston.com,jmartin@rgrdlaw.com

- **Francisco J. Mejia**
  fmejia@rgrdlaw.com

- **W. Travis Parham**
  travis.parham@wallerlaw.com,TAPDocketingClerk-Nash@wallerlaw.com,shelli.dimarco@wallerlaw.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,CWood@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

https://ecf.tnmd.uscourts.gov/cgi-bin/MailList.pl?301368032521367-L_1_0-1                                    1/1