| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM,) Individually and on Behalf of All Others Similarly Situated, ) ) ) Plaintiff, ) ) vs. ) ) MICHAEL T. CARTWRIGHT, KIRK R. ) MANZ and ANDREW W. McWILLIAMS, ) ) Defendants. ) ) ) | Civil Action No. 3:19-cv-00407 CLASS ACTION HEARING REQUESTED Judge Eli J. Richardson Magistrate Judge Alistair E. Newbern |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR EVIDENTIARY HEARING ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Defendants Michael T. Cartwright, Kirk R. Manz, and Andrew McWilliams (collectively, "Defendants") respectfully request the Court to conduct a short evidentiary hearing to allow Defendants' expert, Paul Zurek, Ph.D, to explain his opinions and the underlying evidence, which conclusively demonstrate that (a) the alleged misrepresentations associated with Plaintiff's[1] Restatement Claim did not impact AAC Holdings, Inc.'s ("AAC") stock price during the putative class period of March 8, 2017 to November 5, 2018 and (b) Plaintiff's putative expert fails to proffer an actual methodology to demonstrate that damages on both the Marketing Claim and the Restatement Claim may be proven on a class-wide basis. Defendants' opposition to Plaintiff's motion for class certification is based on the evidence proving lack of price impact and lack of a class-wide damages methodology. ECF 83.

---

[1] "Plaintiff" refers to lead plaintiff Indiana Public Retirement System.

1

As demonstrated by Defendants' opposition brief and Dr. Zurek's expert report, price impact and damages issues are technical and complex. They are also critically important—in the last ten years, the Supreme Court has granted certiorari on the fraud-on-the-market doctrine and related price impact issue[2] three times and issued a key decision on proof of class-wide damages at the class certification stage.[3] The Sixth Circuit has also accepted a Rule 23(f) interlocutory appeal on price impact.[4]

Given the importance and technical nature of the price impact-related analysis, the damages analysis, and expert evidence, courts routinely hold evidentiary hearings to evaluate the evidence and assess the credibility of the expert witnesses' opinions. Indeed, the Sixth Circuit has indicated that such evidentiary hearings may be necessary where, as here, the parties submit competing evidence on class certification issues. *See, e.g.*, *In re BancorpSouth, Inc.*, No. 16-0505, 2016 WL 5714755, at *1 (6th Cir. Sept. 6, 2016). Defendants believe that a short evidentiary hearing is the best way for the parties to assist the Court in conducting the rigorous analysis required for class certification. Defendants would offer Dr. Zurek as their sole witness and make him available for questions from the parties and the Court to complete the record.

## ARGUMENT

Rule 23 "does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Rather, "a party seeking to maintain a class action 'must affirmatively demonstrate his compliance' with Rule 23" through "evidentiary proof." *Comcast*, 569 U.S. at 33

---

[2] *Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.*, 141 S. Ct. 1951 (2021); *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258 (2014) ("*Halliburton II*"); *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804 (2011).
[3] *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013).
[4] *Willis v. Big Lots, Inc.*, 242 F. Supp. 3d 634 (S.D. Ohio 2017); U.S. Court of Appeals for the Sixth Circuit, Case No. 17-3871. The appeal was fully briefed. Before the Sixth Circuit panel ruled on the appeal, however, the parties settled the case.

(quoting *Wal-Mart*, 564 U.S. at 350-51). "Ordinarily, this means that the class determination should be predicated on evidence presented by the parties concerning the maintainability of the class action." *Glazer v. Whirlpool Corp. (In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.)*, 722 F.3d 838, 851 (6th Cir. 2013). "[I]t may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," and "certification is proper only if the trial court is satisfied, after a rigorous analysis," that the prerequisites of Rule 23 have been met. *Comcast*, 569 U.S. at 33 (internal citations omitted).

Specifically as to price impact, the Supreme Court in *Halliburton II*, 573 U.S. at 282, held that a defendant must be allowed the opportunity to rebut the fraud-on-the-market presumption of reliance at the class certification stage by introducing "*evidence showing that the alleged misrepresentation did not actually affect the stock's market price*." (emphasis added). And in June 2021, the Supreme Court re-affirmed that "a court cannot conclude that Rule 23's requirements are satisfied without considering *all* evidence relevant to price impact." *Goldman Sachs Grp.*, 141 S. Ct. at 1961.

> As to damages at the class certification stage, the Supreme Court has explained:
>
> [A] model purporting to serve as evidence of damages in this class action must measure only those damages attributable to [plaintiff's] theory. If the model does not even attempt to do that, it cannot possibly establish that damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3). Calculations need not be exact, but at the class-certification stage (as at trial), any model supporting a "plaintiff's damages case must be consistent with its liability case . . . ." And for purposes of Rule 23, courts must conduct a "'rigorous analysis'" to determine whether that is so.

*Comcast*, 569 U.S. at 35 (internal citations omitted).

In light of these Rule 23 standards, courts typically "will conduct a hearing and allow the parties to present evidence on any factual issues that must be resolved so that the court can determine whether the prerequisites for class certification under Rule 23 have been met." 5

Moore's Federal Practice - Civil § 23.82 (2018) (citing *Miles v. Merrill Lynch & Co. (In re Initial Pub. Offering Sec. Litig.)*, 471 F.3d 24, 41 (2d Cir. 2006); *Monroe v. City of Charlottesville*, 579 F.3d 380, 384 (4th Cir. 2009); *Merrill v. Southern Methodist Univ.*, 806 F.2d 600, 608 (5th Cir. 1986); *Shepard v. Beaird-Poulan, Inc.*, 617 F.2d 87, 89 (5th Cir. 1980); *Glazer*, 722 F.3d 838 at 851)). Indeed, "[t]he district court *should* hold an evidentiary hearing if there is any doubt regarding the issue of class certification." 5 Moore's Federal Practice - Civil § 23.82 (emphasis in original) (citing *Merrill*, 806 F.2d at 608; *Morrison v. Booth*, 730 F.2d 642, 643-44 (11th Cir. 1984) (reversing district court's denial of class certification without evidentiary hearing)).

The utility and importance of an evidentiary hearing is apparent given that the Court is tasked with rigorously evaluating and analyzing the evidence to conclude whether the prerequisites of Rule 23 are in fact satisfied. That importance is magnified further when the evidence is very technical, which is inherently the case with price impact and damages arguments. For instance, Dr. Zurek and Plaintiff's expert, Scott Dalrymple, both performed event studies to test the reaction of AAC's stock price to particular information, including the information that Plaintiff claims revealed the truth of the challenged statements. Event studies use a statistical analysis called a regression to estimate the relationship between the company's daily stock price returns and the daily returns of market and/or industry indexes. This allows the statistical significance of an abnormal stock price movement to be tested.

Defendants submit that an in-person evidentiary hearing is the most effective and efficient way for the Court to consider and probe the technical evidence submitted by the parties. Live testimony provides a forum for Dr. Zurek and Mr. Dalrymple to explain their analyses and opinions and field questions from the parties and the Court. The opportunity for cross-examination of the opinions also assists the Court in assessing credibility. For these reasons, courts have recognized

4

the value of evidentiary hearings in connection with class certification of securities cases like this one and routinely conduct such hearings. *See, e.g., Ark. Teachers Ret. Sys. v. Goldman Sachs Grp., Inc.*, 879 F.3d 474, 486 (2nd Cir. 2018) ("encourag[ing]" the district court to hold an evidentiary hearing on class certification involving price impact arguments); *George v. China Auto. Sys., Inc., No. 11 CIV. 7533 KBF*, 2013 WL 3357170, at \*9 (S.D.N.Y. July 3, 2013) (denying class certification and observing that an evidentiary hearing at which the parties examined and cross-examined the proffered experts was "particularly useful in this matter to assist the Court in understanding the parties' analyses and to assess the credibility of the analytical work performed"); *Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, No. 4:08CV0160, 2018 WL 3861840, at \*1 (N.D. Ohio Aug. 14, 2018) (noting that, in connection with class certification, the court held an evidentiary hearing at which it heard expert testimony).

## CONCLUSION

"Given the enormous ramifications of certifying a class—turning potential losses from relatively small amounts into potentially massive exposure—careful analysis of the factors under Rule 23 is required." *George*, 2013 WL 3357170, at \*1. And price impact—"an essential precondition for any Rule 10b-5 class action" is a crucial part of that analysis as recognized by the Supreme Court in *Halliburton II*, 573 U.S. at 282, and *Goldman Sachs Grp.*, 141 S. Ct. at 1961. As is the requirement that Plaintiff provide a damages model consistent with its theory of liability. *Comcast*, 569 U.S. at 35. In light of the importance of the price impact and damages issues, and the Court's role in determining class certification, Defendants respectfully ask the Court to set an evidentiary hearing on class certification at a time and date convenient to the Court and the parties.

Pursuant to Local Rule 7.01(a)(1), counsel for the parties conferred, and Plaintiff's counsel informed Defendants' counsel that Plaintiff takes no position.

Dated: September 7, 2021

Respectfully submitted by:

/s/ W. Travis Parham
W. Travis Parham (TN BPR #16846)
Michael T. Harmon (TN BPR # 27279)
**Waller Lansden Dortch & Davis LLP**
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN 37219
Tel: (615) 244-6380
travis.parham@wallerlaw.com
michael.harmon@wallerlaw.com

Jessica P. Corley (*pro hac vice*)
Lisa R. Bugni (*pro hac vice*)
Logan R. Hobson (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel: (404) 572-4600
jpcorley@kslaw.com
lbugni@kslaw.com
lhobson@kslaw.com

*Counsel for Defendants*

6

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 7th day of September, 2021, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing and make available the same to the following attorneys of record:

Christopher M. Wood
Christopher H. Lyons
ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Tel: (615) 244-2203
cwood@rgrdlaw.com
lyons@rgrdlaw.com

Francisco J. Mejia
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
fmejia@rgrdlaw.com

Jerry E. Martin
Bank of America Plaza
BARRETT JOHNSTON MARTIN
& GARRISON, LLC
414 Union Street, Suite 900
Nashville, TN 37219
Tel: (615) 244-2202
jmartin@barrettjohnston.com

J. Alexander Hood, II
Jeremy A. Lieberman
Jonathan Lindenfeld
Pomerantz LLP
600 Third Avenue
20th Floor
New York, NY 10016
Tel: (212) 661-1100
ahood@pomlaw.com
jalieberman@pomlaw.com
jlindenfeld@pomlaw.com

Patrick V. Dahlstrom
Pomerantz LLP
10 S LaSalle Street
Suite 3505
Chicago, IL 60603
Tel: (312) 377-1181
pdahlstrom@pomlaw.com

Paul Kent Bramlett
Robert P. Bramlett
Bramlett Law Offices
40 Burton Hills Blvd.
Suite 200
Nashville, TN 37215
Tel: (615) 248-2828
pknashlaw@aol.com
robert@bramlettlawoffices.com

/s/ *W. Travis Parham*