| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM,) Individually and on Behalf of All Others Similarly Situated, ) ) ) Plaintiff, ) ) vs. ) ) MICHAEL T. CARTWRIGHT, KIRK R. MANZ and ANDREW W. McWILLIAMS, ) ) ) Defendants. ) ) ) | Civil Action No. 3:19-cv-00407 CLASS ACTION Judge Eli J. Richardson Magistrate Judge Alistair E. Newbern |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Local Rule 5.03, Defendants Michael T. Cartwright, Kirk R. Manz, and Andrew McWilliams (collectively, "Defendants") submit this response to Plaintiff's motion for leave to file under seal Exhibit C to Plaintiff's Reply Brief in Support of Class Certification ("Reply Brief"), as well as the unredacted version of the Reply Brief, which quotes from Exhibit C. Dkt. No. 97. Exhibit C reflects private instant messages sent between two non-party former employees of AAC Holdings, Inc. ("AAC"). *See* Dkt. No. 101. Such communications contain personal and highly sensitive information which implicate the privacy interests of innocent non-parties, including persons other than the actual chat participants. *See id.* They also contain competitive information concerning AAC's business practices. *See id.*

The interests in maintaining the confidentiality of Exhibit C outweigh any presumption of public access to the records. *See In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). The instant messages in Exhibit C predate the putative class period and feature topics, such as AAC's treatment of short-pay accounts, which have no bearing whatsoever on the issue of

1

class certification. This is, of course, why Plaintiff's discussion of Exhibit C is relegated to a single footnote within its Reply Brief. *See* Dkt. 100 at 13 n.11. Because the sealing and redactions at issue here are so minor, and because the rest of the parties' class certification briefing is completely available to the public, the continued sealing of Exhibit C and the unredacted Reply Brief will not obscure the public's ability to evaluate any relevant judicial decision. As such, the Court should grant Defendants' sealing request.

**ARGUMENT**

This Court has broad discretion to place documents containing private or sensitive information under seal. Fed. R. Civ. P. 26(c); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978) ("[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."). To show good cause for sealing, a party generally must demonstrate that (1) a compelling interest warrants sealing the records; (2) the interest in sealing outweighs the public's interest in accessing the records; and (3) the request is narrowly tailored. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). Defendants satisfy all three requirements.

**A. There Are Compelling Reasons for Sealing Exhibit C.**

"The risk of harm to innocent third parties stemming from intrusion upon their privacy rights constitutes a compelling reason for sealing." *Chelsey Nelson Photography LLC v. Louisville/Jefferson Cnty. Metro Gov't*, 2022 WL 1814260, at *4 (W.D. Ky. June 2, 2022); *see also Davis v. Alcoa, Inc.*, No. 17-13658, 2019 WL 3346075, at *2 (E.D. Mich. June 10, 2019) (granting motion to seal after "weigh[ing] the interests of . . . innocent third parties"); *Shane Group*, 825 F.3d at 308 ("[P]rivacy interests of innocent third parties should weigh heavily in a court's

2

balancing equation."); *Kentucky v. Marathon Petroleum Co. LP*, No. 3:15-CV-354-DJH, 2018 WL 3130945, at *6 (W.D. Ky. June 26, 2018) (granting motion to seal and stating, in part, "The fact that third parties . . . would also have confidential information revealed in the event of disclosure also weighs heavily into the Court's decision" given that those third parties "could suffer the very same harm without even having notice that their information is available to the public"). Here, the unsealing of Exhibit C raises multiple non-party privacy concerns.

First, the communications in Exhibit C contain the personally identifying information of at least ten innocent non-parties. *See* Dkt. No. 101. This includes the full names of the two chat participants and the first names and/or initials of eight other non-parties, many of whom are no longer employed at AAC. *See id.* Courts in this circuit routinely seal the personal identifying information of innocent non-parties. *See Hardesty v. Kroger Co.*, No. 1:16-CV-298, 2020 WL 3545676, at *1 (S.D. Ohio June 30, 2020) (sealing entire document containing, among other things, the names of non-party former employees); *Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2021 WL 4841064, at *2 (S.D. Ohio Oct. 18, 2021) (granting seal of "private information," including the names of innocent non-parties); *Abraham, Inc. v. United States*, 2:18-cv-1306, 2020 WL 3173036, at *1 (S.D. Ohio, June 15, 2020) (granting seal of personal identifying information). Considering the sheer amount of such information in Exhibit C, this Court should do the same.

Second, Exhibit C features personal and highly sensitive discussions that have nothing to do with class certification. *See* Dkt. No. 101. For example, the two chat participants frequently discuss aspects of their personal lives—such as medical conditions, visits to the doctor's office, and food diets—that were not meant to be shared with the public at large. *See id.* Further, the messages contain unflattering remarks about other non-party AAC employees. *See id.* Specifically,

3

there are multiple discussions in Exhibit C about employee terminations, salaries, unsatisfactory job performances, personal hygiene habits, and other topics best described as office gossip. *See id.* If revealed, such conversations could be highly embarrassing to several innocent non-parties. The communications also have the potential to cause significant reputational harm within the Nashville business community. In short, the airing of this dirty laundry will have a far-reaching negative impact.

The non-party privacy interests discussed above are sufficient to satisfy the first prong of the sealing analysis. It is also worth noting, however, that Exhibit C contains highly confidential information regarding AAC's business practices. This competitive information includes, but is not limited to, AAC's financial reporting processes, information requests from lenders, bonus schedules, and the intricacies of the Company's revenue accounting methods. *See id.*

The Sixth Circuit has repeatedly recognized that "protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-CV-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017); *see also London Computer Sys., Inc. v. Zillow, Inc.*, No. 1:18-CV-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) (finding compelling reason for non-disclosure where documents at issue contained "highly confidential business information, such as marketing strategies, revenue/sales data, and financial calculations"); *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-CV-185, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017) (granting motion to seal documents containing "market share data, sales trends and analysis, customer preferences, confidential agreements, pricing strategy, and marketing strategy"). Because the sensitive information in Exhibit C could benefit AAC's competitors, it should not be made public here. *See Ethicon*, 2017 WL 4168290, at *2.

**B. The Compelling Interest in Maintaining Exhibit C Under Seal Outweighs the Public Interest in Access to this Information.**

As explained above, the unsealing of Exhibit C could cause significant harm to innocent non-parties and to AAC. On the other hand, there is no countervailing harm to the public interest if Exhibit C and the unredacted Reply Brief remain under seal. The portions of Exhibit C that are cited in the Reply Brief concern AAC's treatment of short-pay accounts in late 2016 and early 2017. But AAC's treatment of short-pay accounts—especially prior to the putative class period— is wholly irrelevant to the issue of class certification. This fact is all but conceded by Plaintiff, who mentions Exhibit C only once in a single footnote of its Reply Brief. *See* Dkt. No. 100 at 13 n.11.

Moreover, Plaintiff's Motion for Class Certification and Defendants' Opposition Brief, as well as the exhibits filed in support of those filings, are entirely available to the public. Dkt. Nos. 76-78, 83-86. And other than a small portion of a single footnote, Plaintiff's Reply Brief is also publicly available. *See* Dkt. No. 98. Therefore, any interested parties already have access to the arguments the parties have raised in connection with class certification. In other words, the information Defendants seek to maintain under seal is not "necessary for the public to evaluate any judicial decision or to understand the result of th[e] litigation" or to "view the conduct which gave rise to th[e] dispute." *Proctor & Gamble Co.*, 2017 WL 3537195, at *3. Defendants have therefore satisfied the second prong of the sealing analysis.

**C. Defendants Have Narrowly Tailored Their Sealing Request.**

Lastly, Defendants' request is narrowly tailored to serve the compelling interests identified in this brief. Defendants do not seek to restrict unnecessarily public access to information. Instead, Defendants request only that the Court maintain sealing for one exhibit, and few redactions in a single footnote, for which there is a compelling interest for sealing that outweighs any public interest to access these materials. *See Marathon Petroleum Co.*, 2018 WL 3130945, at *6 (finding

5

"the scope of the seal [to be] appropriately narrow" where "[r]ather than requesting that their entire briefs and all exhibits be sealed, the parties have limited the scope of the seal to only the exhibits in question and the portion of their briefs that discuss them"); *Hardesty v. Kroger*, 2020 WL 3545676, at *2 ("[B]ecause Plaintiffs only seek to file this single document under seal, which contains only the aforementioned personal information, their request is narrowly tailored to serve the interest . . . .").

In a perfect world, Defendants could simply redact the sensitive information at issue in Exhibit C. But that is not a viable option here. The sensitive information discussed is so prevalent that the redactions would leave nothing of substance for the public view. *See Price v. Hartford Life & Accident Ins. Co.*, No. 1:21-CV-656, 2022 WL 656613, at *1 (S.D. Ohio Mar. 4, 2022) (noting that the sensitive material is "so intertwined and pervasive that selective redactions would leave little of value to the public's interest"); *see* also *London Computer Sys., Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2020 WL 4431478, at *3 (S.D. Ohio July 31, 2020) ("[T]he Court concludes that the confidential information in the Exhibits is too pervasive to permit the use of other, narrower, means of protecting sensitive information (e.g., partial redaction)."). In addition, even if the names of the innocent non-parties were redacted from the Exhibit C, the public might still be able to ascertain their identities based on the timing and context of the relevant communications. The proposed sealing of Exhibit C is no broader than necessary to protect Defendants' confidential information.

Defendants' narrow request is also distinguishable from the cases cited by Plaintiff. In *Shane Group*, the Sixth Circuit found that the district court abused its discretion in sealing the amended complaint, the entirety of the class certification briefing, and *194* exhibits related to that briefing. *Shane Group*, 825 F.3d at 306-09. Similarly, in *In re Envision*, "[t]he motions to seal

6

request[ed] the complete seal or narrowed redaction of approximately 37 documents, including the memoranda briefing the motion to certify [the] class." 2021 WL 4391622 at *1. Here, Defendants are requesting that the Court keep one exhibit and redactions in a single footnote under seal. Granting Defendants' request for sealing to protect the privacy of non-parties and competitive business information of AAC will not unduly impinge on the public's access to the Court's records. Nor will it prohibit the public from understanding the parties' arguments relating to class certification.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court maintain under seal Exhibits C to Plaintiff's Reply brief, as well as the unredacted version of the Reply Brief.

DATED:  June 27, 2022                    WALLER LANSDEN DORTCH & DAVIS, LLP

s/ *W. Travis Parham*

W. TRAVIS PARHAM (TN #16846)
511 Union Street, Suite 2700
Nashville, TN  37219
Telephone:  615/244-6380
travis.parham@wallerlaw.com

KING & SPALDING LLP
JESSICA P. CORLEY (admitted *pro hac vice*)
LOHR A. BECK (admitted *pro hac vice*)
LOGAN R. HOBSON (admitted *pro hac vice*)
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA  30309
Telephone:  404/572-4717
404/572-5100 (fax)
jpcorley@kslaw.com
lohr.beck@kslaw.com
lhobson@kslaw.com

KING & SPALDING LLP
LISA BUGNI (admitted *pro hac vice)*
50 California Street, Suite 3300
San Francisco, CA  94111
Telephone:  415/318-1234
415/318-1300 (fax)
lbugni@kslaw.com

*Attorneys for Defendants*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2022, a copy of the foregoing was filed electronically via the Court's Electronic Case Filing (ECF) system, which will serve notice of such filing on the following counsel of record:

Christopher M. Wood
Christopher H. Lyons
ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Tel: (615) 244-2203
cwood@rgrdlaw.com
lyons@rgrdlaw.com

Francisco J. Mejia
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
fmejia@rgrdlaw.com

Jerry E. Martin
Bank of America Plaza
BARRETT JOHNSTON MARTIN
& GARRISON, LLC
414 Union Street, Suite 900
Nashville, TN 37219
Tel: (615) 244-2202
jmartin@barrettjohnston.com

J. Alexander Hood, II
Jeremy A. Lieberman
Jonathan Lindenfeld
Pomerantz LLP
600 Third Avenue
20th Floor
New York, NY 10016
Tel: (212) 661-1100
ahood@pomlaw.com
jalieberman@pomlaw.com
jlindenfeld@pomlaw.com

Patrick V. Dahlstrom
Pomerantz LLP
10 S LaSalle Street
Suite 3505
Chicago, IL 60603
Tel: (312) 377-1181
pdahlstrom@pomlaw.com

Paul Kent Bramlett
Robert P. Bramlett
Bramlett Law Offices
40 Burton Hills Blvd.
Suite 200
Nashville, TN 37215
Tel: (615) 248-2828
pknashlaw@aol.com
robert@bramlettlawoffices.com

*s/ W. Travis Parham*

9