| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM,) Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 3:19-cv-00407 |
| Plaintiff, | CLASS ACTION |
| | Judge Eli J. Richardson |
| vs. | Magistrate Judge Alistair E. Newbern |
| MICHAEL T. CARTWRIGHT, KIRK R. MANZ and ANDREW W. McWILLIAMS, | LEAD PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL |
| Defendants. | |

Lead Plaintiff Indiana Public Retirement System respectfully submits this reply to Defendants' Response to Lead Plaintiff's Motion for Leave to File Under Seal (ECF 104) (the "Sealing Memo").

The Court is well aware of the applicable standard of review. The party seeking to seal documents must establish: "(1) 'a compelling interest in sealing the records'; (2) 'that the interest in sealing outweighs the public's interest in accessing the records'; and (3) 'that the request is narrowly tailored.'" *Gomez v. City of Memphis, Tenn.*, 2020 WL 1918243, at \*2 (W.D. Tenn. Apr. 20, 2020).[1]

Plaintiffs do not dispute that employee personally identifying information and potentially irrelevant materials such as discussions regarding employee terminations, salaries, or personal hygiene habits can be redacted. Therefore, Plaintiffs do not dispute that the following portions of

---

[1]     Capitalized terms not otherwise defined herein have the same meaning as set forth in ECF 77. Unless otherwise noted, emphasis is added and citations are omitted throughout, and all "¶_" and "¶¶_" references are to the Complaint.

4894-4674-7687.v1

Exhibit C to the Declaration of Christopher M. Wood in Support of Lead Plaintiff's Reply in Support of Motion for Class Certification (ECF 99) ("Exhibit C") can remain under seal: (1) Names of AAC former employees; and (2) the following portions of Exhibit C:

| Bates Number | Time Stamped Messages |
| --- | --- |
| AAC00132587 | 11:24 AM; 2:30 PM |
| AAC00132588 | 2:30 PM; 2:31 PM; 2:32 PM |
| AAC00132595 | 2:56 PM |
| AAC00132596 | 8:38 AM |
| AAC00132597 | 8:39 AM; 8:40 AM; 8:45 AM; 8:50 AM; 8:51 AM; 8:52 AM |
| AAC00132598 | 10:42 AM; 10:43 AM; 11:10 AM; 11:13 AM |
| AAC00132600 | 3:39 PM; 3:40 PM; 3:41 PM |
| AAC00132601 | 3:42 PM; 3:43 PM: 3:44 PM |
| AAC00132602 | 3:44 PM; 3:45 PM; 3:48 PM |
| AAC00146542 | 10:26 AM; 11:30 AM |
| AAC00146544 | 2:29 PM; 2:30 PM; 2:32 PM; 2:37 PM: 2:42 PM: 2:43 PM |
| AAC00146545 | 2:46 PM; 3:38 PM |
| AAC00146547 | 9:30 AM; 9:31 AM; 10:10 AM; 10:11 AM |
| AAC00146548 | 10:11 AM; 10:12 AM |
| AAC00150592 | 9:09 AM; 9:15 AM; 9:16 AM; 9:20 AM; 9:22 AM; 9:24 AM |
| AAC00150593 | 9:33 AM; 10:47 AM |

Regarding the remaining portions of Exhibit C, Defendants have not and cannot meet their burden for the continued sealing of the materials at issue.

*First*, Defendants fail to submit a sworn declaration or offer any evidence **whatsoever** that Exhibit C contains trade secrets that will cause clearly delineated harm. *See In re Envision Healthcare Corp. Sec. Litig.*, 2021 WL 1110669, at *1 (M.D. Tenn. Mar. 23, 2021) ("'the fact that a document will reveal "competitively-sensitive financial and negotiating information" is not an

- 2 -

adequate justification for sealing'"). The conclusory statements in Defendants' Sealing Memo are no substitute.

Notwithstanding Defendants' failure to provide evidentiary support, Exhibit C contains no trade secrets. Exhibit C consists of instant messaging conversations between two AAC employees from three days in December 2016 and February 2017. *See* Exhibit C. The contents of these documents are now more than five years old and do not reveal any competitive information, let alone information that would cause AAC any competitive harm. Defendants' contention that Exhibit C reveals "the intricacies of the Company's revenue accounting methods" is pure hyperbole that drastically misrepresents the information contained in Exhibit C. Sealing Memo at 4. Indeed, these so-called "intricacies," were already disclosed by the Company in its public filings. *E.g.*, ¶¶58, 95, 112, 120, 125. Further, even if Exhibit C reveals information regarding AAC's financial reporting processes (which it does not), such information could not possibly result in competitive harm to AAC because it filed for bankruptcy protection in 2020.

*Second*, Defendants' request that Exhibit C should remain under seal in its entirety is unjustified and is contrary to settled Sixth Circuit authority. *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) ("The proponent of sealing must provide compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons – specifically, by 'analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations'") (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). Specifically, Defendants argue that the "sensitive" information is so prevalent that redactions would leave nothing of substance. Sealing Memo at 6. However, the personally identifying information that Defendants contend should remain under seal is limited to names and represents only a fraction of the information contained in Exhibit C. The authorities on

- 3 -

which Defendants rely are thus inapposite. *Price v. Hartford Life & Accident Ins. Co.*, 2022 WL 656613, at \*1 (S.D. Ohio Mar. 4, 2022) (granting unopposed motion to seal medical records where redactions would result in "'almost completely blacked-out documents'"); *London Comput. Sys., Inc. v. Zillow, Inc.*, 2020 WL 4431478, at \*3 (S.D. Ohio July 31, 2020) (information concerning confidential business strategies was "too pervasive to permit the use of other, narrower, means of protecting sensitive information (*e.g.*, partial redaction)"). Defendants' additional contention that Exhibit C should nonetheless remain under seal because parties "might" be able to ascertain the identities of the participants is based on pure speculation and is insufficient to meet their "heavy" burden of overcoming the public's presumptive right of access. *Shane Grp., Inc.*, 825 F.3d at 305.

*Third*, AAC's accounting of partial payments is squarely relevant to Plaintiff's Motion for Class Certification. In particular, Defendants opposed class certification, in part, by arguing that the *Basic* presumption of reliance is unavailable to Plaintiff's scheme allegations. ECF 83 at 15-17. On reply, Plaintiff responded directly to this argument by explaining that the Complaint alleged that Defendants engaged in fraudulent scheme by, *inter alia*, improperly recording revenues associated with services for which it had received partial payments. ECF 98 at 11-12. Relying expressly upon the information at issue in the Sealing Memo, Plaintiff further explained it could invoke the *Basic* presumption for its scheme claim because the evidence that Defendants' accounting of partial payments impacted the price of AAC's stock is overwhelming. *Id.* at 13 n.11. As such, Defendants' contention is baseless, and Defendants do not meaningfully contest the relevance of AAC's accounting of partial payments to class certification.

- 4 -

For the reasons set forth above, Lead Plaintiff respectfully requests the Court order the public filing of information in Exhibit C that concerns AAC's accounting of revenues associated with its receipt of partial payments, as identified *supra* at 1-2.

DATED: July 5, 2022

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

s/ CHRISTOPHER M. WOOD
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
FRANCISCO J. MEJIA
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
fmejia@rgrdlaw.com

Lead Counsel for Indiana Public Retirement System

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com

Local Counsel

- 5 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on July 5, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ CHRISTOPHER M. WOOD
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)

Email:  cwood@rgrdlaw.com

# Mailing Information for a Case 3:19-cv-00407 Caudle v. AAC Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lohr Alexandria Beck**
  lohr.beck@kslaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Lisa R. Bugni**
  lbugni@kslaw.com

- **Jessica Perry Corley**
  jpcorley@kslaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Logan R. Hobson**
  lhobson@kslaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Jonathan Lindenfeld**
  jlindenfeld@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,e_file_sd@rgrdlaw.com,clyons@ecf.courtdrive.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,jkarsten@barrettjohnston.com,ealexander@barrettjohnston.com,elusnak@barrettjohnston.com,jmartin@rgrdlaw.com

- **Francisco J. Mejia**
  fmejia@rgrdlaw.com

- **W. Travis Parham**
  travis.parham@wallerlaw.com,TAPDocketingClerk-Nash@wallerlaw.com,shelli.dimarco@wallerlaw.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,agonzales@ecf.courtdrive.com,CWood@ecf.courtdrive.com,agonzales@rgrdlaw.coom,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)