# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>MICHAEL T. CARTWRIGHT, KIRK R. MANZ and ANDREW W. McWILLIAMS,<br><br>     Defendants. | Civil Action No. 3:19-cv-00407<br><br><u>CLASS ACTION</u><br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## DEFENDANTS' [PROPOSED] SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Dated: July 11, 2022

**KING & SPALDING LLP**

Jessica P. Corley (*pro hac vice*)
Lohr A. Beck (*pro hac vice*)
Logan R. Hobson (*pro hac vice*)
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA  30309
Tel: (404) 572-4717
Fax: (404) 572-5100
jpcorley@kslaw.com
lohr.beck@kslaw.com
lhobson@kslaw.com

Lisa R. Bugni (*pro hac vice*)
50 California Street, Suite 3300
San Francisco, CA  94111
Tel: (415) 318-1234
Fax: (415)318-1300
lbugni@kslaw.com

**WALLER, LANSDEN, DORTCH & DAVIS, LLP**

W. Travis Parham (TN #16846)
511 Union Street, Suite 2700
Nashville, TN  37219
Tel: (615) 244-6380
Fax: (615) 244-6804
travis.parham@wallerlaw.com

*Counsel for Defendants*

## INTRODUCTION

The event study performed by Dr. Paul Zurek conclusively demonstrates that there is no price impact for Plaintiff's Restatement Claim. ECF 84-1 ("Zurek Rpt") ¶ 9. Stuck with this hard truth, Plaintiff offers three arguments on reply. First, contrary to Sixth Circuit authority requiring that class certification be addressed on a claim-by-claim basis, Plaintiff insists that Defendants' decision not to challenge price impact for Plaintiff's Marketing Claim automatically "dooms" its price impact arguments with respect to the Restatement Claim. ECF 98 at 2. Second, despite the Supreme Court's clear holding in *Halliburton II*, Plaintiff argues that Defendants must present both front-end and back-end evidence to show lack of price impact. *Id.* at 3-4. And third, even though Plaintiff's own expert testified that the stock price should begin reacting on day one after an announcement, Plaintiff points to AAC Holdings, Inc.'s ("AAC") stock price movement on April 16—the day after the announcement—as evidence of price impact. Each argument fails as explained below.[1] *Id.* at 5-7.

## ARGUMENT

*Plaintiff's Claims Must Be Analyzed Separately*. As this Court has previously recognized, Plaintiff alleges two entirely distinct claims in this case. ECF 62 at 2-3. The Marketing Claim alleges that Defendants engaged in a fraudulent and deceptive sales scheme, the truth of which was purportedly revealed on November 6, 2018. The Restatement Claim, on the other hand, alleges that Defendant made misleading statements concerning AAC's accounts receivable, with the alleged corrective disclosures occurring on April 15-16, 2019.[2] *See id.* Indeed, the operative

---

[1] In support of their Sur-Reply, Defendants have also attached the Sur-Rebuttal Report of Dr. Paul Zurek. *See* Ex. 1 ("Zurek Sur-Rebuttal Rpt.").

[2] Plaintiff's claims also differ in that the Marketing Claim involves allegedly withheld information about AAC's ability to generate *future* revenue, whereas the Restatement Claim concerns claims that revenues recognized based on services to *current* or *past* clients (*i.e.*, *not future* clients) were ultimately misreported. Zurek Sur-Rebuttal Rpt. ¶ 12.

complaint has two distinct sections for each. ECF 45 (Sections IV(A) and V(A) for the Marketing Claim; Sections IV(B) and V(B) for the Restatement Claim). *See* ECF 45.

Despite these clear differences in Plaintiff's own complaint, Plaintiff argues that its two claims should be treated as one for purposes of evaluating class certification. ECF 98 at 2-3. Specifically, Plaintiff argues that even if there is no price impact for the Restatement Claim, a class alleging that claim should still be certified because Defendants do not challenge price impact for the Marketing Claim. *See id.* But Plaintiff cannot steal from one claim what it lacks in another. And to allow Plaintiff to do so would violate the well-established principle that "class certification must be addressed on a claim-by-claim basis." *Rosen v. Tenn. Comm'r of Fin. & Admin*, 288 F.3d 918, 928 (6th Cir. 2002); *see also Patterson v. Mobil Oil Corp.*, 241 F.3d 417, 419 (5th Cir. 2001) ("[C]onsideration of class certification should proceed on a claim by claim basis, with reference to the statutory elements and remedies for each claim."); *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 861 (6th Cir. 2013) (affirming order denying certification on one claim and certifying a liability class on other claims); *Agostino v. Quest Diagnostics Inc.*, 2010 WL 5392688, *21 (D.N.J. Dec. 22, 2010) ("claim-by-claim class certification analysis"). Plaintiff's Reply quotes Judge Crenshaw's recent opinion in *Strougo v. Tivity Health, Inc.*, 2022 WL 2037966, at *7 (M.D. Tenn. June 7, 2022). That opinion, however, is directly contradicted by the above-cited Sixth Circuit authority, and defendants in that case have filed a Rule 23(f) petition seeking permission to appeal the decision. *See In re Tivity Health, Inc.*, Case No. 22-502 (6th Cir.).

Not only does the law support treating the Marketing Claim and the Restatement Claim separately for class certification purposes, but as explained in Dr. Zurek's Sur-Rebuttal Report, the claims should be treated separately as a matter of economics. Zurek Sur-Rebuttal Rpt. ¶¶ 10-

2

14. Defendants' decision not to challenge price impact for the Marketing Claim has no bearing whatsoever on the lack of price impact for the Restatement Claim.

***Back-End Evidence Alone Is Sufficient to Rebut the Basic Presumption.*** Plaintiff's Reply argues that to defeat *Basic*'s presumption of reliance, plaintiffs must show both a lack of "front-end" and "back-end" price impact. ECF 98 at 3-4. And because Dr. Zurek did not evaluate AAC's stock price at the time of the alleged misstatements, so the argument goes, Defendants cannot rebut the *Basic* presumption of reliance for the Restatement Claim. *Id.*

Plaintiff's interpretation is directly at odds with Supreme Court precedent. In *Halliburton II*, the Supreme Court explicitly held that defendants can rebut the presumption of reliance at class certification with "evidence that the misrepresentation (***or its correction***) did not affect the market price." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 280, (2014) (emphasis added). If the Supreme Court had intended to rule as Plaintiff suggests, then it would have used "and" instead of "or." The fact it did not is telling.

Several courts have followed the framework set forth in *Halliburton II*. For example, in *Best Buy*, the Eighth Circuit reversed certification of the proposed class on front-end evidence alone, even though there was evidence of back-end price impact. *IBEW Loc. 98 Pension Fund v. Best Buy Co.*, 818 F.3d 775, 783 (8th Cir. 2016); *see also In re Finisar Corp. Sec. Litig.*, 2017 WL 6026244, at *7-9 (N.D. Cal. Dec. 5, 2017) (front-end evidence rebutted *Basic* presumption); *Erica P. John Fund v. Halliburton Co.*, 309 F.R.D. 251, 257 (N.D. Tex. 2015) (on remand, noting that "Halliburton now has the opportunity to rebut the [*Basic*] presumption "with evidence that the asserted misrepresentation (***or its correction***) did not affect the market price") (emphasis added)[3].

---

[3] As noted in Dr. Zurek's Sur-Rebuttal Report, the district court in *Halliburton II* also stated the following in its remand decision: "Fraud on the market securities litigation ***typically focuses on a price change at the time of a corrective disclosure***. If a particular disclosure causes the stock price to decline at the time of disclosure, then the misrepresentation must have made the price higher than it would

Here, Dr. Zurek chose to focus on the alleged corrective disclosures after finding that "the best evidence of price impact as an economic matter is the reaction of AAC's stock price, or lack thereof, to the release of the totality of information disclosed about the Restatement Claim across all dates that I analyzed." Zurek Sur-Rebuttal Rpt. ¶ 6. That is all the law requires.

***Back-End Evidence Demonstrates a Lack of Price Impact***. Plaintiff simply does not like the law because the back-end analysis conclusively demonstrates a lack of price impact. On April 15, 2019, prior to market open, AAC announced the final impact of its previously disclosed restatement. For the Proposed Class Period, the restatement increased net income for every quarter except Q3 2018, and for Q3 2018, the earnings were not reported by AAC until the very last day of the Proposed Class Period. Zurek Sur-Rebuttal Rpt. ¶ 24. Thus, it is not surprising that "AAC's residual return on April 15, 2019, was positive 1.3% and not statistically significant at the 5% level of significance." Zurek Rpt. ¶ 50. Based on this evidence, Dr. Zurek concludes "there was no price impact associated with the Restatement Claim."[4] *Id.* at ¶ 11.

Neither Plaintiff nor its expert challenges this conclusion. Instead, Plaintiff's Reply refers to AAC's stock price on April 16, arguing that AAC's earnings call that day revealed additional information to the market. ECF 98 at 5-7. Plaintiff is wrong for the following three reasons.

*First*, the entirety of information about the Restatement Claim was made public before the

---

have otherwise been without the misrepresentation. Measuring price change at the time of the corrective disclosure, ***rather than at the time of the corresponding misrepresentation***, allows for the fact that many alleged misrepresentations conceal a truth. Thus, the misrepresentation will not have changed the share price at the time it was made." Zurek Sur-Rebuttal Rpt. ¶ 19 (citing *Halliburton Co.*, 309 F.R.D. at 262) (internal citations omitted) (emphasis added). This quote is further evidence that Defendants do not need to demonstrate a lack of front-end price impact to defeat the *Basic* presumption.

[4] Plaintiff and Mr. Dalrymple misleadingly suggest that Dr. Zurek focused solely on AAC' stock price movement on March 29, 2019 when conducting his price impact analysis. *See* ECF 98 at 6-7; ECF 99-2 ¶¶ 40-49. But as made clear in the Sur-Rebuttal Report, Dr. Zurek did in fact analyze all the dates on which relevant information was disclosed, including March 13, March 20, March 29, and April 15, 2019. Zurek Sur-Rebuttal Rpt. ¶¶ 29-30. After doing so, Dr. Zurek determined that there was no price impact for the Restatement Claim. *Id.* at ¶ 31.

4

market opened on April 15, 2019 when AAC filed its Form 10-K at 6:10 a.m. Zurek Sur-Rebuttal Rpt. ¶ 33. As Mr. Dalrymple himself testified, the stock price should at least begin reacting on the first day after the announcement. *Id.* ¶ 36. AAC's stock price, however, did not begin reacting on April 15, 2019. Zurek Rpt. ¶ 50. Thus, price impact on the Restatement Claim is lacking.

*Second*, AAC's release on April 16 did not, as Plaintiff contends, "further detail[] AAC's restatement." ECF 98 at 5-7. Although there was some discussion of the restatement during AAC's earnings call on April 16, 2019, "none of it contained new, value-relevant information." Zurek Sur-Rebuttal Rpt. ¶ 38. As such, AAC's stock price movement on April 16, 2019 cannot be evidence of a reaction to new information about the restatement. *See id.*

*Third*, given that the full restatement was announced before market open on April 15, 2019 with no reaction and no additional information was made available about the restatement on April 16, 2019, Mr. Dalrymple's argument that one has to look to the reaction on April 16 to find any price movement means that the market for AAC's stock was not efficient. *Id.* ¶ 34. A market that is not efficient, of course, means that the class cannot be certified. *See, e.g., Bell v. Ascendant Solutions, Inc.*, 422 F.3d 307 (5th Cir. 2005).

So either price impact is lacking in an efficient market and the Restatement Claim cannot be certified, or, the market for AAC was not efficient because it did not react until the day after the announcement and the Restatement Claim cannot be certified.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion for class certification or, in the alternative, certify only the Marketing Claim.

5

Dated:  July 11, 2022

**WALLER LANSDEN DORTCH & DAVIS, LLP**

/s/ *W. Travis Parham*

W. Travis Parham (TN #16846)
511 Union Street, Suite 2700
Nashville, TN  37219
Tel: (615) 244-6380
Fax: (615) 244-6804
travis.parham@wallerlaw.com

**KING & SPALDING LLP**
Jessica P. Corley (*pro hac vice*)
Lohr A. Beck (*pro hac vice*)
Logan R. Hobson (*pro hac vice*)
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA  30309
Tel: (404) 572-4717
Fax: (404) 572-5100
jpcorley@kslaw.com
lohr.beck@kslaw.com
lhobson@kslaw.com

Lisa R. Bugni (*pro hac vice*)
50 California Street, Suite 3300
San Francisco, CA  94111
Tel: (415) 318-1234
Fax: (415) 318-1300
lbugni@kslaw.com

*Counsel for Defendants*

6

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 11, 2022, a copy of the foregoing was filed electronically via the Court's Electronic Case Filing (ECF) system, which will serve notice of such filing on the following counsel of record:

Christopher M. Wood
Christopher H. Lyons
**ROBBINS GELLER RUDMAN
& DOWD LLP**
414 Union Street, Suite 900
Nashville, TN 37219
Tel: (615) 244-2203
cwood@rgrdlaw.com
lyons@rgrdlaw.com

Francisco J. Mejia
**ROBBINS GELLER RUDMAN
& DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
fmejia@rgrdlaw.com

Jerry E. Martin
Bank of America Plaza
**BARRETT JOHNSTON MARTIN
& GARRISON, LLC**
414 Union Street, Suite 900
Nashville, TN 37219
Tel: (615) 244-2202
jmartin@barrettjohnston.com

J. Alexander Hood, II
Jeremy A. Lieberman
Jonathan Lindenfeld
**Pomerantz LLP**
600 Third Avenue
20th Floor
New York, NY 10016
Tel: (212) 661-1100
ahood@pomlaw.com
jalieberman@pomlaw.com
jlindenfeld@pomlaw.com

Patrick V. Dahlstrom
**Pomerantz LLP**
10 S LaSalle Street
Suite 3505
Chicago, IL 60603
Tel: (312) 377-1181
pdahlstrom@pomlaw.com

Paul Kent Bramlett
Robert P. Bramlett
**Bramlett Law Offices**
40 Burton Hills Blvd.
Suite 200
Nashville, TN 37215
Tel: (615) 248-2828
pknashlaw@aol.com
robert@bramlettlawoffices.com

/s/ *W. Travis Parham*

7