UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM,) Individually and on Behalf of All Others ) Similarly Situated, ) <br><br> Plaintiff, ) <br><br> vs. ) <br><br> MICHAEL T. CARTWRIGHT, KIRK R. ) MANZ and ANDREW W. McWILLIAMS, ) <br><br> Defendants. ) <br> ) <br> ) | Civil Action No. 3:19-cv-00407 <br><br> <u>CLASS ACTION</u> <br><br> Judge Eli J. Richardson <br> Magistrate Judge Alistair E. Newbern <br><br> LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF ORDER GRANTING LEAVE TO FILE SUR-REPLY |

Lead Plaintiff Indiana Public Retirement System ("Plaintiff") respectfully submits this Memorandum of Law in Support of its Motion for Reconsideration of the Court's July 20, 2022 Order (ECF 108) (the "Order") granting Defendants' Motion for Leave to File a Sur-Reply (ECF 106) (the "Motion").[1] Plaintiff respectfully submits that the Motion failed to demonstrate any need to file a sur-reply in further opposition to Plaintiff's Motion for Class Certification (ECF 76) ("Motion to Certify"). Nonetheless, before the opposition to the Motion was due, the Court granted the Motion, finding that Defendants "presented a colorable argument" that new issues and evidence were presented for the first time in Plaintiff's Reply in Support of Motion for Class Certification (ECF 98) ("Reply"). ECF 108 at 1. For reasons set forth herein, the Court should reconsider the Order, or in the alternative, allow Plaintiff to submit a response to Defendants' Sur-Reply.

---

[1] Capitalized terms not otherwise defined herein have the same meanings as set forth in ECF 77. Unless otherwise noted, emphasis is added and citations are omitted.

- 1 -

"It is within the sole discretion of the court to determine if a prior ruling should be reconsidered, and the Sixth Circuit has declined to impose any conditions or limitations upon a court's power to review a prior ruling." *Grant v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 2017 WL 1153927, at \*2 (M.D. Tenn. Mar. 27, 2017). "Courts traditionally will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct clear error or prevent manifest injustice." *Grae v. Corr. Corp. of Am.*, 330 F.R.D. 481, 490 (M.D. Tenn. 2019) (citing *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)). Here, reconsideration of the Order is needed to correct clear error as Plaintiff respectfully submits that its Reply did not improperly present new issues or evidence, and Defendants' contentions were not colorable.

First, to the extent Plaintiff's Reply introduces what Defendants characterize as "new evidence" (Motion at 1), it was solely and appropriately introduced to rebut the evidence put forth for the first time by Defendants in their opposition. In moving for class certification, Plaintiff's burden is to demonstrate that common issues predominate, including with respect to reliance. ECF 77. Plaintiff did so in its Motion to Certify by, amongst other things, providing an expert report demonstrating that AAC stock traded in an efficient market during the Class Period, which is sufficient to invoke the presumption of reliance under *Basic Inc. v. Levinson*, 485 U.S. 224 (1988). ECF 77 at 12-17. Defendants conceded that Plaintiff had adequately invoked the *Basic* presumption, but attempted to rebut the presumption by showing an absence of price impact with respect to the so-called restatement claim. ECF 83 at 1, 7-12. Realizing they failed to do so, Defendants are attempting to close the gap with their sur-reply.

Notably, Plaintiff was not required to present any evidence of price impact in its Motion to Certify. *Burges v. BancorpSouth, Inc.*, 2017 WL 2772122, at *9 (M.D. Tenn. June 26, 2017) ("Plaintiffs are not required to present direct evidence to prove price impact in order to rely on the fraud-on-the-market presumption."). Rather, it was Defendants who had the burden of proving the lack of price impact, which they attempted to do in their opposition by presenting extensive legal analysis and argument, including an expert report purporting to demonstrate that when the truth was revealed, it did not impact AAC stock price. ECF 77 at 9.

On Reply, Plaintiff demonstrated the inadequacy of Defendants' showing, including by providing evidence and an expert report to rebut Defendants' arguments. ECF 98 at 2-7; ECF 99-2. There was nothing improper in doing so, nor does Plaintiff's rebuttal provide grounds for a sur-reply, much less an attempt to submit new briefing, including another expert report.

Reply briefs are intended to reply to arguments made in the opposing party's response brief. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). Evidence included in a reply brief that is used to rebut statements made in a response brief is "not 'new evidence or arguments' and [does not warrant] a sur-reply brief." *Benison v. Ross*, 2013 U.S. Dist. LEXIS 136268, at *2 (E.D. Mich. Sept. 24, 2013); *see also Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 476 (6th Cir. 2002) ("reply affidavits that respond only to the opposing party's brief are properly filed with the reply brief").

Defendants' cited cases do not counsel against a different conclusion and are utterly inapposite. Both *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010), and *First Tech. Cap., Inc. v. BancTec. Inc.*, 2017 WL 2734716, at *1-*2 (E.D. Ky. June 26, 2017), involved summary judgment briefing under Federal Rule of Civil Procedure 56(c). Moreover, in *First Tech.*, the non-movant did not oppose the filing of the sur-reply and did not dispute that it had

- 3 -

"'offer[ed] a completely new argument'" in its reply brief. 2017 WL 2734716, at *1-*2. Similarly inapplicable is *United States v. Florence*, 2020 WL 5797987, at *1 (M.D. Tenn. Sept. 29, 2020), which involved the *United States* motion for leave to file a sur-reply in response to a motion to compel. And in *In re Sadia S.A Sec. Litig.*, the sur-reply was allowed to respond to an opinion that was present in the initial motion for class certification, but where new evidence had been provided in the reply brief to support that same opinion. 269 F.R.D. 298, 318-19 (S.D.N.Y. July 20, 2010). No such circumstances exist here.

Plaintiff's Reply briefing was appropriately devoted to rebutting Defendants' assertion that "Defendants [had] demonstrated a lack of price impact." ECF 83 at 1. Plaintiff did so by showing that: (1) Defendants conceded price impact by not disputing price impact for the so-called marketing claim; and (2) Defendants failed to meet their burden to of showing "a complete lack of price impact" for the so-called restatement claim. ECF 98 at 2-7.

Further, while the Motion fleetingly refers to "new arguments and new evidence" (Motion at 1), Defendants do not identify what these new items actually are, nor do they even try to argue that Plaintiff's Reply was devoted to anything other than rebutting Defendants' own assertions that they had demonstrated a lack of price impact. Plaintiff was not required to provide evidence of price impact in their Motion and could not have responded to Defendants' price impact arguments or their expert report before Defendants filed them. Accordingly, Plaintiff's Reply was appropriately limited to rebutting Defendants' price impact contentions, and a sur-reply is not warranted. *Benison*, 2013 U.S. Dist. LEXIS 136268, at *2.

Defendants' assertions to the contrary – that they should be "given the final word" – is thus a red herring. Motion at 3. And the cases on which Defendants rely are easily distinguished. *See Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*, 2019 WL 1040539, at *1 (D. Del.

4892-5442-6923.v1

Mar. 5, 2019) (where accused infringer in an "'ensnarement inquiry'" had the same burden to prove in both its opening and reply brief); *United States v. Sorensen*, 801 F.3d 1217, 1240-41 (10th Cir. 2015) (holding that though the government generally should proceed first and last in a tax evasion case, the "court left open the possibility" for the defendant to have the final word "if it became necessary"); *Sandata Techs., Inc. v. Infocrossing, Inc.*, 2007 WL 4157163, at *8 (S.D.N.Y. Nov. 16, 2007) (noting that the party with the burden of proof should have the last word, but also taking into account the "substantial prejudice" to the non-movant if the supplemental and second supplemental reports were relied upon as reply reports were not contemplated by the court in its expert schedule).

Further, Defendants' citation to authorities in the "specific context of securities cases" is also misplaced. Motion at 3. To the extent that Defendants argue that the presumption of reliance was successfully rebutted where courts permitted the filing of a sur-reply, they are wrong. Indeed, the presumption of reliance was not rebutted in any of the cases Defendants cited from this District. *Grae v. Corr. Corp. of Am., et al.*, No. 3:16-CV-02267, ECF 165 (M.D. Tenn. Mar. 2, 2019) (finding of price impact and granting class certification); *Kasper v. AAC Holdings, Inc.*, 2017 WL 3008510, at *14 (M.D. Tenn. July 14, 2017) (same); *Strougo v. Tivity Health, Inc.*, 2022 WL 2037966, at *9 (M.D. Tenn. June 7, 2022) (same).

Plaintiff's motion for reconsideration should be granted. Alternatively, Plaintiff respectfully requests that it be granted leave to respond to Defendants' sur-reply and expert report. Plaintiff has attached its proposed response to Defendants' sur-reply and its expert's response to Defendants' expert rebuttal report as Exhibits 1 and 2 to the Declaration of Christopher M. Wood, filed

4892-5442-6923.v1

concurrently herewith. Both respond only to the new points made by Defendants and their expert in their sur-reply submission.[2]

DATED: July 25, 2022

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853


s/ CHRISTOPHER M. WOOD
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

---

[2] Granting Plaintiff leave to file a sur-sur reply is supported by the securities cases Defendants cite. *See* Order, *In re Mattel, Inc. Sec. Litig.*, No. 2:19-CV-10860-MCS (PLAx), ECF 133 (C.D. Cal. Sept. 9, 2021) (granting the defendants' ex parte application for leave to file sur-reply to address evidence regarding price impact and granting plaintiffs leave to file a response to the sur-reply). The remainder of the cases, where the courts' order provided a detailed analysis of the parties' positions, are factually distinct. *See, e.g.*, Order at 3, *Grae v. Corr. Corp. of Am., et al.*, No. 3:16-cv-02267, ECF 122, 132 (M.D. Tenn. Nov. 6, 2018) (holding that the plaintiffs' "submission of a lengthy new [70-page] report in support of its Reply [was] an appropriate basis" for allowing the defendants leave to file a sur-reply); Order at 1, *In re Barrick Gold Sec. Litig.*, No. 1:13-cv-03851-RMB, ECF 122 (S.D.N.Y. Jan. 19, 2016) (granting the defendants leave to file a sur-reply where the plaintiffs made "the strategic decision not to articulate a damages theory," but where plaintiffs stated for the first time in their reply brief that they were seeking "'out-of-pocket'" damages); Order, *Kasper v. AAC Holdings, Inc., et al.*, No. 3:15-cv-00923-JPM, ECF 117 (M.D. Tenn. Apr. 4, 2017) (where the court ordered supplemental briefing from both parties on two discrete issues and held that replies or sur-replies could only be made with leave of court); Minute Entry 3/9/22, *Strougo v. Tivity Health, Inc., et al.*, No. 3:20-cv-00165 (M.D. Tenn. Mar. 9, 2022) (where the court ordered post-hearing briefs).

- 6 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
FRANCISCO J. MEJIA
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
fmejia@rgrdlaw.com

Lead Counsel for Indiana Public Retirement
System

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com

Local Counsel

- 7 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on July 25, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ CHRISTOPHER M. WOOD
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
&amp; DOWD LLP
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)

Email:  cwood@rgrdlaw.com

# Mailing Information for a Case 3:19-cv-00407 Caudle v. AAC Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lohr Alexandria Beck**
  lohr.beck@kslaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Lisa R. Bugni**
  lbugni@kslaw.com

- **Jessica Perry Corley**
  jpcorley@kslaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Logan R. Hobson**
  lhobson@kslaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Jonathan Lindenfeld**
  jlindenfeld@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,e_file_sd@rgrdlaw.com,clyons@ecf.courtdrive.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,jkarsten@barrettjohnston.com,elusnak@barrettjohnston.com,jmartin@rgrdlaw.com

- **Francisco J. Mejia**
  fmejia@rgrdlaw.com

- **W. Travis Parham**
  travis.parham@wallerlaw.com,TAPDocketingClerk-Nash@wallerlaw.com,shelli.dimarco@wallerlaw.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,agonzales@ecf.courtdrive.com,CWood@ecf.courtdrive.com,agonzales@rgrdlaw.coom,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis(

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)