# EXHIBIT 1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM,) Individually and on Behalf of All Others Similarly Situated, ) ) ) <br><br> Plaintiff, ) ) vs. ) ) MICHAEL T. CARTWRIGHT, KIRK R. ) MANZ and ANDREW W. McWILLIAMS, ) ) Defendants. ) ) ) | Civil Action No. 3:19-cv-00407 <br><br> <u>CLASS ACTION</u> <br><br> Judge Eli J. Richardson <br> Magistrate Judge Alistair E. Newbern <br><br> LEAD PLAINTIFF'S [PROPOSED] SUR-REPLY IN FURTHER SUPPORT OF LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION |

## I.     INTRODUCTION

Defendants' sur-reply provides no basis whatsoever for denying class certification, and the paucity of their contentions, if anything, merely reinforces the fact that Plaintiff has overwhelmingly met its burden under Rule 23 of the Federal Rules of Civil Procedure.

First, the Complaint alleges one claim for securities fraud against Defendants. What Defendants contend is a required "claim-by-claim" analysis is actually an impermissible attempt to have the Court resolve merits questions at class certification and should be rejected.

Second, examining back-end price impact alone is insufficient as a matter of law and economics to prove a complete absence of price impact. Defendants' contentions to the contrary brazenly ignore Sixth Circuit precedent and are inapt.

Finally, Dr. Zurek's incomplete and unreliable analysis fails to prove a lack of back-end price impact and is even inconsistent with the very precedent he cites elsewhere in his report.

- 1 -

Because Defendants have utterly failed to so much as attempt to prove a lack of price impact, and Plaintiff has otherwise met its burden under Rule 23, the Class should be certified.

## II.  ARGUMENT

### A.  The Complaint Alleges a Single Securities Fraud Claim

Contrary to Defendants' contentions, the Complaint does not allege "two entirely distinct claims."  *See* ECF 106-1 at 1.[1]  Rather, the Complaint alleges a single securities fraud claim, including that Defendants engaged in a scheme to defraud and made false and misleading statements and omissions concerning "over 100 deceptive websites that were designed to appear to provide unbiased and reliable addiction advice and directories of treatment facilities but were, in fact, thinly veiled lead-generation mechanisms" and that, "[a]s a part of defendants' scheme and wrongful course of business, AAC also fraudulently inflated its accounts receivable, overstating its reported net income and/or understating the net losses it reported to investors during the Class Period." ¶¶4-5.[2]

The fact that Defendants' scheme, misstatements, and omissions relate to both fraudulent marketing and revenue recognition practices does not mean that such conduct constitutes separate "claims" for purposes of evaluating class certification.  As Defendants' own authority makes clear, a "claim-by-claim" analysis is required when certification is sought of classes with separate and distinct causes of actions (each having differing elements) or where separate types of relief are sought for different class members or subclasses.  *E.g.*, *Patterson v. Mobil Oil Corp.*, 241 F.3d 417,

---

[1]  Capitalized terms not otherwise defined herein have the same meaning as set forth in ECF 77. Unless otherwise noted, emphasis is added and citations are omitted throughout, and all "¶_" and"¶¶_" references are to the Complaint.

[2]  Plaintiffs' §20(a) control person claims are derivative of their §10(b) claims.  *See* ECF 53 at 25; ECF 56 at 3 n.2; ECF 62 at 36-37.  Defendants have never suggested there is any separate basis to deny certification as to such claims.

- 2 -

419 (5th Cir. 2001) ("class certification should proceed on a claim by claim basis, with reference *to the statutory elements of and remedies for each claim*") (citing *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 976 (5th Cir. 2000) ("[W]here claims for injunctive relief intermingle with claims for damages, certification of a (b)(2) class without individual treatment of the claims may deny unnamed class members the notice and opt-out protections of Rule 23(b)(3). On the other hand, denying certification or certifying under (b)(3) when (b)(2) certification is appropriate for part of the class eliminates the efficiencies in adjudication that Rule 23, and specifically (b)(2), create."); *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 849-50 (differentiating between certified claims for, *inter alia*, tortious breach of warranty and negligent design, and an uncertified "*separate claim*" under Ohio's Consumer Sales Practice Act); *Agostino v. Quest Diagnostics Inc.*, 2010 WL 5392688, at *1-*2 (D.N.J. Dec. 22, 2010) (conducting a "claim-by-claim" analysis where certification was sought for four sub-classes variously asserting claims under "the consumer fraud statutes of all fifty states and the District of Columbia, under the federal RICO statute and under a common law theory of unjust enrichment," as well as "breach of contract," and for violations of "the federal Fair Debt Collection Practices Act"). Here, by contrast, the Complaint alleges a single cause of action for primary and control person violations of the federal securities laws, and no such "claim-by-claim" analysis is at issue.

What Defendants are really demanding is not the "claim-by-claim" analysis envisioned by the authority they (mis)cite, but rather that they be allowed to transform the very limited opportunity they have to attempt to prove a "complete lack of price impact" into a mini-trial on the merits of various allegations within the Complaint's singular claim. However, *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258 (2014), provides no authority whatsoever for such an exercise. To the contrary, as Justice held in her concurrence, allowing a defendant an opportunity to attempt to rebut

- 3 -

the presumption of reliance at the class certification stage "should impose no heavy toll on securities-fraud plaintiffs with tenable claims." *Id.* at 284. Defendants' contentions are also contradicted by clear authority that Rule 23 grants courts no license to "'engage in free-ranging merits inquiries'" at the certification stage. *Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc*., 332 F.R.D. 556, 562-63 (M.D. Tenn. 2019), *order clarified*, 334 F.R.D. 118 (M.D. Tenn. 2019) (quoting *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455 (2013)). "'Merits questions may be considered to the extent – but only to the extent – that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.'" *In re Quorum Health Corp*., 2019 WL 3949704, at *1 (6th Cir. July 31, 2019) (quoting *Amgen*, 568 U.S. at 466). Because Defendants have not so much as attempted to prove a complete lack of price impact, their contentions should be rejected as a matter of law. *Strougo v. Tivity Health, Inc.*, 2022 WL 2037966, at *9 (M.D. Tenn. June 7, 2022) ("The fundamental problem with this argument is that Tivity fails to accept that it is required to show a complete lack of price impact").

**B.      Back-End Evidence Alone Cannot Demonstrate a Complete Lack of Price Impact**

It is hard to understand how Defendants can suggest in good faith that *Halliburton* holds that a defendant can rebut the presumption of reliance by demonstrating a lack of price impact, *either* at the time of a misstatement *or* at the time of its correction, when the Sixth Circuit has held the opposite. This *same assertion* was made by the appellants in *In re BancorpSouth, Inc.*, 2017 WL 4125647 (6th Cir. Sept. 18, 2017) ("'*BancorpSouth I*). As defendants in *BancorpSouth* contended:

> *Halliburton II* makes clear that the *Basic* presumption "could be rebutted by appropriate evidence," including evidence that *the asserted misrepresentation (or its correction)* did not affect the market price of the defendant's stock.

- 4 -

*In re BancorpSouth, Inc.*, No. 17-508, ECF 2-2 (6th Cir. July 11, 2017) (emphasis added). ***Evidence of no price impact either on the misstatement dates or the disclosure dates will suffice to rebut the presumption***. *Id.* at 15 (emphasis added).

The Sixth Circuit expressly rejected this contention, citing *Halliburton* and holding that "price impact may be demonstrated either at the time that the alleged misrepresentations were made, or at the time of their correction." *BancorpSouth I*, 2017 WL 4125647, at *1;[3] *see also Dougherty v. Esperion Therapeutics, Inc.*, 2020 WL 6793326, at *5 (E.D. Mich. Nov. 19, 2020) ("Defendants entirely skip over this precedent [*BancorpSouth I*] in their briefing, despite the fact that the vast majority of local courts have consistently followed this approach.") (collecting cases); *Cosby v. KPMG, LLP*, 2021 WL 2668803, at *3 (E.D. Tenn. June 29, 2021) ("[I]n *In re BancorpSouth, Inc.*, the Sixth Circuit stated that price impact may be demonstrated at the time of the misrepresentations or at the time of their correction, and the court denied a petition for permission to appeal class certification.").

As other courts have noted, the two out-of-circuit cases cited by Defendants in their sur-reply – *IBEW Loc. 98 Pension Fund v. Best Buy Co., Inc.*, 818 F.3d 775 (8th Cir. 2016), and *In re Finisar Corp. Sec. Litig.*, 2017 WL 6026244 (N.D. Cal. Dec. 5, 2017) – are wrong or readily distinguishable. *See, e.g.*, *Willis v. Big Lots, Inc.*, 242 F. Supp. 3d 634, 657 (S.D. Ohio 2017) (holding that the *Best Buy* "analysis flips the burden onto plaintiffs to prove price impact under their advanced theory when the burden should rest on a defendant to prove lack of price impact in order to rebut *Basic*'s presumption at this stage"); *Baker v. SeaWorld Ent., Inc.*, 2017 WL 5885542, at *11 (S.D. Cal. Nov. 29, 2017) (declining to follow *Best Buy* and distinguishing it as a case decided on the unusual fact that the "'allegedly "inflated price" was established by [a] non-fraudulent' disclosure'");

---

[3] The *BancorpSouth I* defendants' petition for *en banc* rehearing was also denied. *Id.*, ECF 18.

- 5 -

4857-5250-0778.v1

Case 3:19-cv-00407    Document 112-1    Filed 07/25/22    Page 6 of 12 PageID #: 2343

*Monroe Cnty. Emps.' Ret. Sys. v. S. Co.*, 332 F.R.D. 370, 395 n.32 (N.D. Ga. 2019) (distinguishing *Finisar* because that case "did not analyze the question of whether a non-significant decline proves an absence of price impact").[4]

In any case, as Mr. Dalrymple explains, it is simply not the case that "'the best evidence of price impact as an economic matter'" is from solely testing the back end. *See* Reply Report of W. Scott Dalrymple, CFA ("Reply Rpt."), attached to the Declaration of Christopher M. Wood in Further Support of Lead Plaintiff's Motion for Class Certification as Exhibit 2, ¶¶15-28. And by failing to even examine the stock price reactions associated with Defendants' misstatements and omissions, Defendants have failed to meet their burden of proving "no price impact whatsoever" as a matter of law. *City of Cape Coral Mun. Firefighters' Ret. Plan v. Emergent Biosolutions, Inc., HQ*, 322 F. Supp. 3d 676, 687 (D. Md. 2018); *Cosby v. KPMG, LLP*, 2021 WL 1828114, at \*5 (E.D. Tenn. May 7, 2021).

### C. Defendants Have Failed to Demonstrate a Lack of Back-End Price Impact

Even if demonstrating a lack of back-end price impact were sufficient to prove a complete lack of price impact, which it is not, Defendants have utterly failed to prove a lack of band-end price impact as well.

---

[4] As noted in Mr. Dalrymple's July 25, 2022 Reply Report, Dr. Zurek's discussion of price changes at the time of a corrective disclosure (ECF 106-1 at n.3) is inapt. Reply Rpt., ¶¶36-37. Moreover, this "quote" is not "further evidence that Defendants do not need to demonstrate a lack of front-end price impact to defeat the *Basic* presumption," as Defendants contend. ECF 106-1 at n.3. Rather, it is evidence that Dr. Zurek has failed to apply basic principles of economics in his "opinions" (Reply Rpt., ¶¶20-28) and that he is either unwilling or unable (perhaps both) to conform his opinions to controlling case law, rendering his opinions unreliable. Indeed, expert opinions that are "contrary to the law" or based "on an incorrect understanding of the law" are inadmissible. *Lamar Advert. Co. v. Zurich Am. Ins. Co.*, 533 F. Supp. 3d 332, 344 (M.D. La. 2021) (such opinions "'cannot be said to be scientific, to be reliable, or to be helpful to the trier of fact.'"); *In re Novatel Wireless Sec. Litig.*, 846 F. Supp. 2d 1104, 1108 (S.D. Cal. 2012) (where "erroneous legal conclusions form[ed] the basis" of the expert's opinion, it was excluded as "incompatible" with the correct legal standard).

- 6 -

First, contrary to Defendants' contentions, the price reaction on April 16, 2019 does not indicate that the market for AAC's stock was not efficient. Reply Rpt., ¶¶36-37. As the Supreme Court recognized in *Halliburton*: "'[t]o recognize the presumption of reliance, the [*Basic*] Court explained, was not 'conclusively to adopt any particular theory of how quickly and completely publicly available information is reflected in market price.'" 573 U.S. at 271-72. Even if it did, Defendants' throwaway contention that "[a] market that is not efficient . . . cannot be certified" is misguided and false. *See* ECF 106-1 at 5. April 16, 2019, is over five months after the end of the proposed Class Period, and Defendants have not challenged market efficiency in this case *at all*, let alone explained how any potential lack of efficiency months after the end of the Class Period could suggest a lack of efficiency *during* the Class Period. The irony of this argument is only further compounded by the fact that Dr. Zurek's price impact opinion is ***necessarily predicated*** on the notion that the market for AAC's stock was efficient in April 2019, when neither Mr. Dalrymple nor Dr. Zurek has rendered such an opinion, making clear Dr. Zurek's opinion lacks any foundation whatsoever.

Finally, Dr. Zurek is simply incorrect that there was no "new value-relevant information" disclosed on April 16, 2019 and that the "entirety of information about the Restatement Claim was made public before the market opened on April 15, 2019." *See* ECF 106-1 at 4-5. As Mr. Dalrymple explains, there is no basis whatsoever for Zurek to end his analysis on April 15. Reply Rpt., ¶¶32-27.

- 7 -

## III.  CONCLUSION

The Class should be certified.

DATED:  July 25, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853


<u>        s/ Christopher M. Wood       </u>
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
FRANCISCO J. MEJIA
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
fmejia@rgrdlaw.com

Lead Counsel for Indiana Public Retirement
System

- 8 -

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com

Local Counsel

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on July 25, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)


Email: cwood@rgrdlaw.com

# Mailing Information for a Case 3:19-cv-00407 Caudle v. AAC Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lohr Alexandria Beck**
  lohr.beck@kslaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Lisa R. Bugni**
  lbugni@kslaw.com

- **Jessica Perry Corley**
  jpcorley@kslaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Logan R. Hobson**
  lhobson@kslaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Jonathan Lindenfeld**
  jlindenfeld@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,e_file_sd@rgrdlaw.com,clyons@ecf.courtdrive.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,jkarsten@barrettjohnston.com,elusnak@barrettjohnston.com,jmartin@rgrdlaw.com

- **Francisco J. Mejia**
  fmejia@rgrdlaw.com

- **W. Travis Parham**
  travis.parham@wallerlaw.com,TAPDocketingClerk-Nash@wallerlaw.com,shelli.dimarco@wallerlaw.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,agonzales@ecf.courtdrive.com,CWood@ecf.courtdrive.com,agonzales@rgrdlaw.coom,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis(

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)