IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID BROWN CAUDLE, et al.,           )
                                      )
        Plaintiffs,                   )           NO. 3:19-cv-00407
                                      )
v.                                    )           JUDGE RICHARDSON
                                      )
MICHAEL T. CARTWRIGHT, et al.,        )
                                      )
        Defendants.                   )

## ORDER

Pending before the Court is Plaintiffs' "Motion for Reconsideration," (Doc. No. 110, "Motion") and an accompanying memorandum in support (Doc. No. 111). Via the Motion, Plaintiffs request that the Court reconsider its order (Doc. No. 108, "Sur-Reply Order") granting Defendants' "Motion for Leave to File a Sur-Reply" (Doc. No. 106, "Sur-Reply Motion"). Plaintiffs argue that the Court's Sur-Reply Order was in "clear error" as Defendants "failed to demonstrate any need to file a sur-reply." (Doc. No. 111 at 1).

District courts "have discretion to permit sur-replies in 'appropriate circumstances.'" *Maatuk v. Emerson Elec., Inc.*, No. 1:16-CV-03023, 2019 WL 582461, at *1 (N.D. Ohio Feb. 13, 2019) (quoting *Key v. Shelby County*, 551 F. App'x 262, 264–65 (6th Cir. 2014)); *Mirando v. U.S. Dep't of Treasury*, 766 F.3d 540, 549 (6th Cir. 2014) ("[W]e review a district court's denial of a surreply under the deferential abuse-of-discretion standard."). Appropriate circumstances include when the reply brief contains new arguments or evidence to which a sur-reply would be responsive. *See N. Harris Computer Corp. v. DSI Invs., LLC*, No. 119CV00142GNSHBB, 2022 WL 2195208, at *11 (W.D. Ky. June 17, 2022) ("[G]ranting leave to file a sur-reply may be appropriate in the district court's discretion when 'a valid reason for such additional briefing exists, such as where

the movant raises new arguments in its reply brief.'") (quoting *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008))). Here, the Court determined in its Sur-Reply Order that appropriate circumstances existed to support granting the Sur-Reply Motion.

In the Motion, Plaintiffs fail to acknowledge the discretion that district courts have in determining whether to grant leave to file a sur-reply. Nonetheless, in contending that such a grant in this case was "clear error," Plaintiffs do invoke a basis for finding an abuse of discretion. *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.4 (9th Cir. 1999) (noting that that "only a failure to correct *clear* error constitutes abuse of discretion" in denying a motion for reconsideration); *Hughey-Bey v. Johnson*, No. 89-1125, 1989 Westlaw 113864, *1 (6th Cir. Oct. 2, 1989) (stating, in the context of an appeal of a denial of a motion under Rule 60(b), that "[a]buse of discretion will only be found where clear error has been committed.").[1] However, in the present case, there is no "clear error" or "abuse of discretion." Plaintiff's reply brief includes arguments that Defendants had no meaningful opportunity to address in their response, including: (1) that Defendants' "concession" as to price impact for their marketing claim "dooms Defendants' price impact contentions entirely"; and (2) that there was "front-end" price impact, which means "Defendants [] failed to rebut the presumption of reliance." (Doc. No. 98 at 8, 10). As Plaintiffs' reply contained new arguments, it was therefore appropriate for the Court to grant the Sur-Reply

---

[1] The Sixth Circuit has been inconsistent in articulating, in various contexts, whether "clear error" should be viewed as a *form* of abuse of discretion or as something *conceptually distinct from* abuse of discretion. *Compare, e.g., United States v. Samuels*, 319 F. App'x 389, 391 (6th Cir. 2009) ("When reviewing a district court's disposition of a motion to dismiss an indictment based on findings of fact, we have generally applied either an abuse of discretion standard or a clear error standard."), *overruled on other grounds*, *United States v. Cain,* 583 F.3d 408 (6th Cir. 2009) *with Degussa Admixtures, Inc. v. Burnett*, 277 F. App'x 530, 536 (6th Cir. 2008) ("On this record, we see no clear error or other abuse of discretion in the district court's decision to award attorney's fees . . . ."). Without belaboring the point, the Court will note that both *Hughey-Bey* and *Degussa Admixtures* actually are phrased in one place as if clear error is conceptually distinct from abuse of discretion and in another place as if clear error is a form of abuse of discretion. In any event, the Court is more than satisfied that if Plaintiffs had shown clear error, they would have shown the requisite "abuse of discretion." The problem for Plaintiffs, though, is that they have shown no such thing.

Motion. *See Cochran v. Jefferson Cnty. Pub. Sch. Bd. of Educ.*, No. 3:15-CV-751-GNS-CHL, 2016 WL 3460443, at *2 (W.D. Ky. June 21, 2016) ("While the Court finds that defendants are not necessarily entitled to a sur-reply, it has read the sur-reply and has found it helpful and to the point – it addresses arguments that defendants did not previously have the occasion to respond.").

Accordingly, the Motion is **DENIED**. However, the Court observes that it will not consider arguments or evidence in the Defendants' sur-reply (or accompanying expert report) that are related to what day (or days) should be considered in making a determination on price movement and its relation to market efficiency, as the Court does not believe a sur-reply was necessary on that issue.[2]

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] It strikes the Court that a motion to reconsider something so very non-dispositive like the granting of authority to file a sur-reply is a fairly aggressive (not to say improper) litigation tactic. The Court could speculate that such a motion was filed here in part to serve as a venue for getting in the last word on the issues addressed in the reply brief and sur-reply. But the Court declines to so speculate, and likewise declines to consider the Motion for any substantive points on such issues it conceivably could be taken to have made.