UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM,) Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>MICHAEL T. CARTWRIGHT, KIRK R. MANZ and ANDREW W. McWILLIAMS,<br><br>                Defendants. | Civil Action No. 3:19-cv-00407<br><br><u>CLASS ACTION</u><br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern<br><br>NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION |

Plaintiff respectfully submits this Notice of Supplemental Authority to apprise the Court of the recent decision in *St. Clair County Emps.' Ret. Sys. v. Acadia Healthcare Co., Inc.*, 2022 WL 4598044 (M.D. Tenn. Sept. 30, 2022) (Campbell, J.) ("*Acadia*"), which provides further support for Plaintiff's pending motion for class certification (ECF 76).[1] In *Acadia*, attached hereto as Exhibit A, the Court certified a class of shareholders asserting securities fraud claims under §10(b) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5, and rejected arguments nearly identical to those that have been advanced by Defendants in opposition to class certification here.

---

[1] Capitalized terms not otherwise defined herein have the same meaning as set forth in ECF 77. Unless otherwise noted, emphasis added and citations are omitted throughout.

- 1 -

## I. *ACADIA* CONFIRMS THAT DEFENDANTS' CONCESSION OF PRICE IMPACT AS TO THE SO-CALLED MARKETING CLAIM ENDS THE PRICE IMPACT INQUIRY ENTIRELY

Defendants have conceded price impact as to the so-called Marketing Claim. Accordingly, Plaintiff noted that this concession defeats all of Defendants' price impact contentions as they "necessarily cannot meet their burden to show a ***complete*** lack of price impact." Lead Plaintiff's Reply in Support of Motion for Class Certification (ECF 98) ("Class Cert. Reply"), §II.A.1. Correctly applying this standard, Judge Campbell held that the defendants' concession of price impact for a single corrective disclosure ended the price impact inquiry entirely:

> Thus, Defendants concede the October 2017 corrective disclosure had an impact on Acadia's stock price. In doing so, Defendants concede they cannot rule out price impact during the Class Period completely. "This concession dooms Defendants' attempt to rebut the presumption of reliance because the inquiry is whether Defendants have proven a complete lack of price impact during the Class Period, not whether the stock price decline following individual corrective disclosures was caused by the alleged misrepresentations, which is a loss causation analysis not appropriate at this stage."

*Acadia*, 2022 WL 4598044, at *5 (citing cases). As in *Acadia*, the Court should reject Defendants' attempt to rebut the *Basic* presumption of reliance because they have failed to even attempt to prove a complete lack of price impact.

## II. *ACADIA* CONFIRMS THAT DEFENDANTS FAILED TO ESTABLISH A LACK OF BACK-END PRICE IMPACT FOR THE SO-CALLED RESTATEMENT CLAIM

In opposing class certification, Defendants incorrectly argue that the Restatement Claim had no price impact, in part, because the Company's disclosures on April 15, 2019 purportedly did not impact AAC's stock price and that the "use of a two-day event window is contrary to Plaintiff's conclusion of market efficiency." ECF 83 at 11. However, as Plaintiff explained, multi-day windows are not only wholly appropriate, they are "routinely used in securities fraud cases." Class Cert. Reply at 6. Indeed, rejecting the exact argument Defendants make here, the Court in *Acadia*

4883-8849-5164.v1

declined to find a lack of price impact based upon price movements that occurred over a two-day period:

> [T]he Supreme Court has specifically not adopted "any particular theory of how quickly and completely publicly available information is reflected in market price." Accordingly, the Court is not persuaded that the decline in Acadia stock price on October 12 was not in reaction to the *Aurelius Value* report published on October 11.

*Acadia*, 2022 WL 4598044, at *6 (citing cases). Accordingly, Defendants' attempt to defeat class certification on this basis should also be rejected.

## III. *ACADIA* CONFIRMS THAT PLAINTIFF IS ALSO ENTITLED TO THE *AFFILIATED UTE* PRESUMPTION OF RELIANCE

Like the plaintiffs in *Acadia*, Plaintiff is also entitled to the presumption of reliance under *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972). ECF 77, §III.B.1.b; Class Cert. Reply, §II.B. Misconstruing the Complaint's allegations, Defendants wrongly argue that Plaintiff is not entitled to the *Affiliated Ute* presumption because Plaintiff's claims supposedly "center[] on allegations of affirmative misrepresentations." ECF 83 at 12. However, as Plaintiff explained on Reply, "this case is 'primarily focused' on . . . concealed facts" and the mere existence of affirmative misstatements does not "preclude [Plaintiff] from relying on the *Affiliated Ute* presumption." Class Cert. Reply at 8. Moreover, because Plaintiff's scheme claims primarily concern "Defendants' concealed deceptive conduct," the *Affiliated Ute* presumption also applies. *Id.* at 9. The Court in *Acadia* rejected a similar challenge by defendants:

> Defendants . . . argue the *Affiliated Ute* presumption does not apply because Plaintiffs also challenge affirmative misrepresentations. . . . Courts have acknowledged the applicability of the *Affiliated Ute* presumption where, as here, plaintiffs' claims are based on a combination of omissions and misstatements. . . . Further, Plaintiffs allege situations where Defendants' failure to disclose certain information is what makes the alleged misrepresentations misleading or false. The Court finds that, for purposes of class certification, Plaintiffs are entitled to the *Affiliated Ute* presumption as to their claims failure to disclose claims, including their scheme claims.

- 3 -

*Acadia*, 2022 WL 4598044, at *8 (citing cases). Plaintiff is similarly entitled to invoke the *Affiliated Ute* presumption here, as its claims are based on a combination of both affirmative misrepresentations **and** omissions, including its scheme claim.

## IV.     CONCLUSION

In light of the *Acadia* class certification opinion, and for all the reasons set forth in Plaintiff's papers in support of class certification (ECF 76, 98) Plaintiff respectfully submits that Plaintiff's motion for class certification should be granted.

DATED:  October 28, 2022

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

s/ CHRISTOPHER M. WOOD
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
CHRISTOPHER D. STEWART
FRANCISCO J. MEJIA
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
cstewart@rgrdlaw.com
fmejia@rgrdlaw.com

Lead Counsel for Indiana Public Retirement System

- 4 -

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com

Local Counsel

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on October 28, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ CHRISTOPHER M. WOOD
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
  & DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)

Email: cwood@rgrdlaw.com

# Mailing Information for a Case 3:19-cv-00407 Caudle v. AAC Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lohr Alexandria Beck**
  lohr.beck@kslaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Lisa R. Bugni**
  lbugni@kslaw.com

- **Jessica Perry Corley**
  jpcorley@kslaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Logan R. Hobson**
  lhobson@kslaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Brandon R. Keel**
  bkeel@kslaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Jonathan Lindenfeld**
  jlindenfeld@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,e_file_sd@rgrdlaw.com,clyons@ecf.courtdrive.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,jkarsten@barrettjohnston.com,elusnak@barrettjohnston.com,jmartin@rgrdlaw.com

- **Francisco J. Mejia**
  fmejia@rgrdlaw.com

- **W. Travis Parham**
  travis.parham@wallerlaw.com,TAPDocketingClerk-Nash@wallerlaw.com,shelli.dimarco@wallerlaw.com

- **Ronni D. Solomon**
  rsolomon@kslaw.com

- **Christopher Stewart**
  cstewart@rgrdlaw.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,agonzales@ecf.courtdrive.com,CWood@ecf.courtdrive.com,agonzales@rgrdlaw.coom,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

Case 3:19-cv-00407     Document 121     Filed 10/28/22     Page 7 of 7 PageID #: 2451