**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM,)<br>Individually and on Behalf of All Others )<br>Similarly Situated, )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>MICHAEL T. CARTWRIGHT, KIRK R. )<br>MANZ and ANDREW W. McWILLIAMS, )<br> )<br>Defendants. )<br> )<br> ) | Civil Action No. 3:19-cv-00407<br><br><u>CLASS ACTION</u><br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Michael T. Cartwright, Kirk R. Manz, and Andrew W. McWilliams (collectively, "Defendants") respectfully submit this response to Plaintiff's Notice of Supplemental Authority, ECF 121. As discussed below, Plaintiff's "notice," which contains several pages of argument, is an unauthorized brief and should be stricken by the Court for that reason alone. Moreover, even if the Court looked past that deficiency, the referenced *Acadia* order does not command class certification here, despite Plaintiff's contentions to the contrary. The *Acadia* order is not binding on this Court and was, in any event, wrongly decided for the reasons explained in the *Acadia* defendants' Rule 23(f) petition that is now pending before the Sixth Circuit. This Court should avoid following the same missteps as in *Acadia* and should deny Plaintiff's motion for class certification.

As to the impropriety of Plaintiff's submission, courts in this District routinely hold that a notice of supplemental authority cannot include additional argument absent leave of the presiding judge. *See, e.g.*, *In re Caterpillar Inc.*, No. 3:19-MC-0031, 2020 WL 1923227, at *6 (M.D. Tenn.

Apr. 21, 2020) (holding that although litigants can provide a "simple" notice "appris[ing]" the court "of any relevant developments," "such notifications cannot be tantamount to supplemental briefs of law containing additional arguments that grant the filing party an unfair advantage"). Here, Plaintiff did not seek the Court's permission under Local Rule 7.01 to submit supplemental briefing on its motion for class certification. Instead, Plaintiff sidestepped that rule under the guise of a "notice" that improperly contains four pages of argument and even cites to Plaintiff's previous submissions. *See, e.g.*, ECF 121 at 2 ("[T]he Court should reject Defendants' attempt to rebut the *Basic* assumption of reliance because they have failed to even attempt to prove a complete lack of price impact."); *id.* at 3 ("[A]s Plaintiff explained on Reply, this case is primarily focused on . . . concealed facts and the mere existence of affirmative misstatements does not preclude Plaintiff from relying on the *Affiliated Ute* presumption.") (internal quotations omitted).

And, as the Court may recall, this is not the first time Plaintiff has improperly submitted additional argument for one of its pending motions without leave to do so.[1] Because Plaintiff's notice goes well beyond the permissible scope of a notice of supplemental authority, it should be disregarded. *See, e.g.*, *In re Caterpillar Inc.*, 2020 WL 1923227, at *6 (holding that "[a]nything more [than a brief summary of the relevant document] . . . amounts to a surreply requiring leave of court" and disregarding a "notice of supplemental authority" that included "five pages of discussion"); *see also Vanderbilt Univ. v. Pesak*, No. CIV. 3:08-1132, 2010 WL 1406622, at *3 (M.D. Tenn. Apr. 6, 2010) (reprimanding party for raising "additional arguments" in a "document referred to . . . as 'Supplemental Authority'"); *cf. Scalia v. E. L. Thompson Assocs., LLC*, No. 3:18-

---

[1] On July 25, 2022, Plaintiff filed a motion to reconsider the Court's order granting Defendants leave to file a sur-reply in opposition to class certification. *See* ECF 110. The Court denied Plaintiff's motion and noted that the filing was "a fairly aggressive (not to say improper) litigation tactic" likely filed "to serve as a venue for getting in the last word on the issues addressed in the reply brief and sur-reply." ECF 116 at 3, fn. 2.

2

CV-00023, 2020 WL 4926605, at *1 (M.D. Tenn. Aug. 21, 2020) (granting defendants' motion for leave to file supplemental authority).

Even if Plaintiff's notice were appropriate (it is not), the order granting class certification in *Acadia* does not support the same result here. Plaintiff insists that *Acadia* "confirms" three of its class certification positions: (1) that Defendants' failure to challenge class certification as to one of Plaintiff's two theories of liability (*i.e.*, the "Marketing Claim"), means the Court must certify the class for both of Plaintiff's theories (*i.e.*, the "Marketing Claim" and the "Restatement Claim"), even though those theories are entirely distinct and based on separate challenged statements and separate alleged corrective disclosures; (2) that the lack of a statistically significant price reaction on the day of an alleged corrective disclosure does not demonstrate a lack of price impact rebutting the *Basic* presumption, despite case law and the principles of market efficiency saying otherwise; and (3) that the *Affiliated Ute* presumption applies in cases in which plaintiffs challenge affirmative misstatements, despite every federal appellate court to have considered the issue ruling to the contrary. ECF 121. Plaintiff's contentions, and the *Acadia* court's analysis on these three points, are incorrect and contrary to existing Supreme Court and Sixth Circuit precedent.

Accordingly, following the class certification order, the *Acadia* defendants filed a Rule 23(f) petition with the Sixth Circuit seeking permission to appeal the district court's ruling. As outlined in the petition, which is attached hereto as Exhibit A, the *Acadia* court's ruling was wrongly decided, including as to the three specific issues raised in Plaintiff's notice, and should be overturned. *See* Ex. A; *see also* Ex. B, *Acadia* Defs.' Motion for Leave to file Reply and Reply Brief. For the same reasons, this Court should not look to *Acadia* for guidance when ruling on the

class certification question currently before it. Rather, Plaintiff's motion should be denied for the

reasons explained in Defendants' opposition.

Dated: November 4, 2022

**WALLER, LANSDEN, DORTCH
  & DAVIS, LLP**
W. TRAVIS PARHAM (TN #16846)


/s/ *W. Travis Parham*
W. TRAVIS PARHAM

511 Union Street, Suite 2700
Nashville, TN  37219
Telephone:  615/244-6380
615/244-6804 (fax)
travis.parham@wallerlaw.com

**KING & SPALDING LLP**
JESSICA P. CORLEY (admitted *pro hac vice*)
RONNI SOLOMON (admitted *pro hac vice*)
BRANDON R. KEEL (admitted *pro hac vice*)
LOHR A. BECK (admitted *pro hac vice*)
LOGAN R. HOBSON (admitted *pro hac vice*)
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA  30309
Telephone:  404/572-4717
404/572-5100 (fax)
jpcorley@kslaw.com
rsolomon@kslaw.com
bkeel@kslaw.com
lohr.beck@kslaw.com
lhobson@kslaw.com

**KING & SPALDING LLP**
LISA R. BUGNI (admitted *pro hac vice)*
50 California Street, Suite 3300
San Francisco, CA  94111
Telephone:  415/318-1234
415/318-1300 (fax)
lbugni@kslaw.com

*Attorneys for Defendants*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2022, a copy of the foregoing was filed electronically

via the Court's Electronic Case Filing (ECF) system, which will serve notice of such filing on the

following counsel of record:

Christopher M. Wood
Christopher H. Lyons
ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Tel: (615) 244-2203
cwood@rgrdlaw.com
lyons@rgrdlaw.com

Christopher Stewart
Francisco J. Mejia
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
cstewart@rgrdlaw.com
fmejia@rgrdlaw.com

Jerry E. Martin
Bank of America Plaza
BARRETT JOHNSTON MARTIN
& GARRISON, LLC
414 Union Street, Suite 900
Nashville, TN 37219
Tel: (615) 244-2202
jmartin@barrettjohnston.com

J. Alexander Hood, II
Jeremy A. Lieberman
Jonathan Lindenfeld
Pomerantz LLP
600 Third Avenue
20th Floor
New York, NY 10016
Tel: (212) 661-1100
ahood@pomlaw.com
jalieberman@pomlaw.com
jlindenfeld@pomlaw.com

Patrick V. Dahlstrom
Pomerantz LLP
10 S LaSalle Street
Suite 3505
Chicago, IL 60603
Tel: (312) 377-1181
pdahlstrom@pomlaw.com

Paul Kent Bramlett
Robert P. Bramlett
Bramlett Law Offices
40 Burton Hills Blvd.
Suite 200
Nashville, TN 37215
Tel: (615) 248-2828
pknashlaw@aol.com
robert@bramlettlawoffices.com

/s/ *W. Travis Parham*

5