# Exhibit B

No. 22-0506

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

———————————

IN RE: ACADIA HEALTHCARE COMPANY, INC.; JOEY A. JACOBS; BRENT TURNER; and DAVID DUCKWORTH,

*Petitioners.*

———————————

On Petition for Permission to Appeal from the
United States District Court for the Middle District of Tennessee,
No. 3:18-cv-00988, Hon. William L. Campbell, Jr.

———————————

## PETITIONERS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF THEIR PETITION FOR PERMISSION TO APPEAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(f)

———————————

Jessica P. Corley
Brandon R. Keel
Ronni D. Solomon
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, GA 30309
(404) 572-4600

Anne M. Voigts
Lisa R. Bugni
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
(415) 318-1200
avoigts@kslaw.com

Joshua N. Mitchell
David P. Mattern
Paige Tenkhoff*
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
(202) 737-0500

Steven A. Riley
Milton S. McGee, III
Elizabeth O. Gonser
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700

*Counsel for Petitioners*

October 31, 2022

*Admitted only in the state of Tennessee;
practice directly supervised by principals of the firm.

Pursuant to Federal Rule of Appellate Procedure 27, Defendants-Petitioners Acadia Healthcare Company, Inc., Joey A. Jacobs, Brent Turner; and David Duckworth (collectively "Petitioners") move for leave to file a reply brief in support of their Rule 23(f) petition for permission to appeal the District Court's order granting class certification.

Although the Federal Rules of Appellate Procedure do not address the filing of a reply in support of a petition for permission to appeal, the Rules do provide that a party seeking relief typically has an opportunity to reply to any opposition to the relief sought. *See* Fed. R. App. P. 27(a)(4); Fed. R. App. P. 28(c). Accordingly, this Court has previously considered replies in support of Rule 23(f) petitions like the one here. *See, e.g.*, Order, *In re Geico Cas. Co.*, No. 21-309 (6th Cir. May 18, 2022); Order, *In re Quorum Health Corp.*, No. 19-505 (6th Cir. Apr. 30, 2019); Order, *In re VHS of Mich., Inc.*, No. 13-113 (6th Cir. Jan. 6, 2014). Petitioners respectfully submit that their reply will help the Court address the novel legal questions before it. Those questions include: (1) whether a court can conclude that the presumption established in *Basic Inc. v. Levinson,* 485 U.S. 224 (1988), has not been rebutted because Petitioners did not contest price impact from *one* category of challenged statements, even

where it definitively showed no price impact for other, unrelated challenged statements made at a different time; (2) whether the absence of a statistically significant price impact rebuts the *Basic Inc. v. Levinson,* 485 U.S. 224 (1988), presumption; (3) whether the *Affiliated Ute Citizens v. United States*, 406 U.S. 128 (1972), presumption may be applied to affirmative misrepresentations in addition to omissions, even though every other federal appellate court has concluded that it cannot.

Accordingly, Petitioners respectfully request that this Court grant leave to file a reply.

2

Respectfully submitted,

*/s/ Anne M. Voigts*

Jessica P. Corley | Anne M. Voigts
Brandon R. Keel | Lisa R. Bugni
Ronni D. Solomon | KING & SPALDING LLP
KING & SPALDING LLP | 50 California Street, Suite 3300
1180 Peachtree Street NE | San Francisco, CA 94111
Atlanta, GA 30309 | (415) 318-1200
(404) 572-4600 | avoigts@kslaw.com

Joshua N. Mitchell | Steven A. Riley
David P. Mattern | Milton S. McGee, III
Paige Tenkhoff* | Elizabeth O. Gonser
KING & SPALDING LLP | RILEY & JACOBSON, PLC
1700 Pennsylvania Avenue NW | 1906 West End Avenue
Washington, DC 20006 | Nashville, TN 37203
(202) 737-0500 | (615) 320-3700

*Counsel for Petitioners*

*\*Admitted only in the state of Tennessee;
practice directly supervised by principals of the firm.*

October 31, 2022

3

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 309 words.

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 MSO in Century Schoolbook 14-point font.

Date: October 31, 2022

/s/ Anne M. Voigts
Anne M. Voigts

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2022, the foregoing was filed with the Clerk of the United States Court of Appeals for the Sixth Circuit using the CM/ECF system, which will cause a notice of electronic filing to be served on all registered counsel of record.

/s/ Anne M. Voigts
Anne M. Voigts

**No. 22-0506**

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

————————

IN RE: ACADIA HEALTHCARE COMPANY, INC.; JOEY A. JACOBS; BRENT TURNER; and DAVID DUCKWORTH,

*Petitioners.*

————————

On Petition for Permission to Appeal from the
United States District Court for the Middle District of Tennessee,
No. 3:18-cv-00988, Hon. William L. Campbell, Jr.

————————

## PETITIONERS' PROPOSED REPLY
## IN SUPPORT OF THEIR RULE 23(f) PETITION

————————

Jessica P. Corley
Brandon R. Keel
Ronni D. Solomon
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, GA 30309
(404) 572-4600

Anne M. Voigts
Lisa R. Bugni
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
(415) 318-1200
avoigts@kslaw.com

Joshua N. Mitchell
David P. Mattern
Paige Tenkhoff*
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
(202) 737-0500

Steven A. Riley
Milton S. McGee, III
Elizabeth O. Gonser
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700

*Counsel for Petitioners*

October 31, 2022

*Admitted only in the state of Tennessee;
practice directly supervised by principals of the firm.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................ii

INTRODUCTION ....................................................................1

ARGUMENT ...........................................................................3

I.    This Court Should Reverse The District Court's Ruling Improperly Conflating Plaintiffs' Liability Theories......................3

II.   This Court Should Grant Review To Decide Whether The Lack Of Statistical Significance Rebuts Price Impact....................7

III.  This Court Should Clarify *Affiliated Ute*'s Application.................11

CONCLUSION .......................................................................14

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**

*Affiliated Ute Citizens v. United States,*
    406 U.S. 128 (1972) ..................................................................... 1, 12

*Basic Inc. v. Levinson,*
    485 U.S. 224 (1988) ..................................................................... 1, 13

*Com. Standard Ins. Co. v. Gordon's Transps., Inc.,*
    154 F.2d 390 (6th Cir. 1946) ................................................................ 8

*Comcast Corp. v. Behrend,*
    569 U.S. 27 (2013) ..................................................................... 5, 6

*Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.,*
    141 S. Ct. 1951 (2021) ...................................................................... 9

*In re BancorpSouth, Inc.,*
    2017 WL 4125647 (6th Cir. Sept. 18, 2017) ......................................... 12

*In re Delta Airlines,*
    310 F.3d 953 (6th Cir. 2002) ................................................................ 3

*Monroe Cnty. Emps.' Ret. Sys. v. S. Co.,*
    332 F.R.D. 370 (N.D. Ga. 2019) .......................................................... 2

*Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.,*
    2018 WL 3861840 (N.D. Ohio, Aug. 14, 2018) ..................................... 10

*Rikos v. Procter & Gamble Co.,*
    799 F.3d 497 (6th Cir. 2015) ................................................................ 3

**Rules**

6th Cir. R. 32.1(b) ................................................................................. 12

**Other Authorities**

David H. Kaye & David A. Freedman,
    Fed. Jud. Ctr., Reference Guide on Statistics
    *in* Reference Manual on Scientific Evidence 211
    (3d ed. 2011), https://bit.ly/2IoeMfy ....................................................8

## INTRODUCTION

Petitioners squarely presented three decisive issues, two of which are unsettled in this Circuit, and all three of which warrant review. Pet. 1-3. This Court should grant review because the district court erred in (1) granting class certification for all of the U.S. Statements class period based on Defendants not contesting the price impact of the unrelated U.K. Statements over a much narrower time period; (2) concluding that Defendants could not rebut the presumption of reliance recognized in *Basic Inc. v. Levinson*, 485 U.S. 224 (1988), despite an event study showing a lack of statistically significant price impact from the challenged statements; and (3) applying the *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 153 (1972), presumption eliminating the requirement of "positive proof of reliance" in omission cases even though Plaintiffs' claims rest on affirmative misrepresentations—a result rejected by every federal appellate court to consider the issue.

In response, Plaintiffs contend Petitioners' dispute is with the facts, not the law, but the near-total absence of citation to binding law in Plaintiffs' opposition belies that contention. Despite Plaintiffs' efforts to

downplay the stakes (Opp. 22-23), the district court's decision opens the floodgates to overbroad classes based on fatally thin evidence, and converts a procedural device intended to be a limited exception into the inevitable rule. Moreover, unless this Court considers these questions now, the risk of ruinous liability, which Plaintiffs tally at more than a billion dollars, may well drive Defendants into an unfavorable settlement despite meritorious defenses. That would leave Defendants with no meaningful opportunity to challenge—and this Court no chance to correct—the district court's erroneous rulings.

Contrary to Plaintiffs' characterization, the district court did *not* rely on "well-established precedent" in its class-certification ruling. Aside from Supreme Court authority concerning the general contours of the *Basic* and *Affiliated Ute* presumptions, the district court cited *not one binding case* in all of its Rule 23(b) analysis. Order, R.177, PageID#5293-5301. Instead—just as Plaintiffs do in their opposition (at 8, 9, 14, 17, 20, 21)—the court relied heavily on *Monroe County Employees' Retirement System v. Southern Company*, 332 F.R.D. 370 (N.D. Ga. 2019). That single outlying decision by a Georgia district court is not even precedential in its own jurisdiction, much less "well-established

2

precedent" that would or should bind this Court.  Nor is its reasoning persuasive on its own terms.

Alternatively, Plaintiffs contend that review is unwarranted because the district court may at some subsequent point see the error of its ways and correct them by decertifying the class.  Opp. 4 (citing *Rikos v. Procter & Gamble Co.,* 799 F.3d 497, 520 (6th Cir. 2015)).  That unlikely prospect is cold comfort because the consequences of the district court's erroneous certification are felt now, and postponing review is likely to mean precluding it, given the extreme "costs of continuing litigation." *In re Delta Airlines*, 310 F.3d 953, 960 (6th Cir. 2002) (per curiam).  Delaying review makes no sense here, given the "weakness" of the underlying order: the district court answered two "novel [and] unsettled question[s]" incorrectly, and committed a third error.  Because delaying review may effectively mean denying it and insulating those errors from review, this Court should grant review now.

## ARGUMENT

### I.    This Court Should Reverse The District Court's Ruling Improperly Conflating Plaintiffs' Liability Theories.

**A.**    Plaintiffs alleged two separate theories of liability based on unrelated conduct in different countries.  But the district court concluded

3

that because Defendants did not contest price impact from one category of challenged statements about Acadia's U.K. operations, class certification was appropriate for *all* the challenged statements—even though the other statements were unrelated to the U.K. allegations and allegedly corrected through entirely separate disclosures. In response, Plaintiffs contend that this two-(or more)-for-the-price-of-one approach is not an issue because they "alleged [only] *one* § 10(b) claim arising from a unified fraud." Opp. 15.

Not so. The amended complaint expressly divides the alleged frauds into two sets—one related to the U.S. Statements and another the U.K. Statements.[1] Am. Compl., R.39, PageID##759, 786. Citing nothing, Plaintiffs contend that the "staffing and safety issues … plagued both U.S. and U.K. facilities." Opp. 15.

Plaintiffs cannot rewrite their complaint on appeal to retroactively aggregate their separate allegations about the U.K. Statements and the U.S. Statements. The allegations about the U.S. Statements are that Acadia had too many patients and not enough staff at U.S. facilities, resulting in adverse patient events. *E.g.*, Am. Compl., R.39,

---

[1] This reply uses the same defined terms as the petition.

PageID##759, 767.  The allegations about the U.K. Statements, by contrast, are that Acadia had *too few* patients to support Acadia's financial predictions—specifically, that "the Company's *weakened patient admissions … in its U.K. operations* did not support its publicly touted financial guidance." *Id.*, PageID#786.  Those allegations do not establish a "unified fraud," but rather two separate courses of conduct involving different statements made at different times, driven by different economic pressures.  It is no surprise, then, that Plaintiffs allege entirely separate corrections for these different alleged misstatements, occurring nearly a year apart.  Pet. 4-5.  The October 24, 2017 earnings release that Plaintiffs allege revealed the truth of the challenged U.K. Statements said nothing about the alleged conduct underlying the challenged U.S. Statements—and Plaintiffs do not allege that the truth of those challenged U.S. Statements was revealed until late 2018.  *Id.*

**B.**  It is error to commingle separate theories of injury at class certification.  *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013).  The imaginary counter-rule—adopted by the district court as an expansion of an out-of-circuit district court's flawed analysis in *Monroe County*, Order, R.177, PageID##5293-5294—admits no limiting principle.  Under its

5

logic, conflating *any number* of separate misstatements over *any period* of time in the same count of the complaint would allow a court to certify a class that is not limited to misstatements as to which Plaintiffs can satisfy Rule 23.  If, the argument goes, the defendant declines to contest the price impact of *any single one* of those misstatements—no matter how brief and *de minimis* that impact or how unrelated the other statements—the defendant has supposedly conceded that the *Basic* presumption entitles plaintiffs to certification of a class for *all* of the alleged misstatements for the *entire period* during which they took place. Adopting such a rule would all but eliminate the requirement that courts engage in a "rigorous analysis" to determine whether plaintiffs have met their burden of satisfying Rule 23, *Comcast*, 569 U.S. at 35 (cleaned up), and allow plaintiffs to seek to certify the broadest possible class based on the slimmest of reeds.

As Petitioners explained (Pet. 12-13), this Court routinely—and correctly—considers separate theories of liability separately, even where pleaded as a single undifferentiated count.  And it does so in contexts closely related to the one presented here.  But even if Plaintiffs were correct (at 16) that those cases do not govern the precise procedural and

6

legal situation presented here—class certification of a securities fraud case—that argument only further demonstrates that the question is unsettled in this Circuit.  That makes review more appropriate, not less.

## II.    This Court Should Grant Review To Decide Whether The Lack Of Statistical Significance Rebuts Price Impact.

**A.**    The district court here gave Plaintiffs the benefit of *Basic*'s presumption of reliance even though Defendants showed there was no statistically significant price impact from the challenged statements about Acadia's U.S. operations.  Deciding the quantum of evidence necessary to rebut that presumption is an important and unsettled legal question in this Circuit that district courts are divided in answering. Pet. 15-22.

For present purposes, the "null hypothesis" is the hypothesis that there is *no relation* between a stock-price change and the event purported to have caused that change.  The lack of statistical significance of a stock price change means that "[t]he sample data are of the type that often would be seen if the null hypothesis is true"—i.e., if there is no relationship between the event and the price change.  David H. Kaye & David A. Freedman, Fed. Jud. Ctr., Reference Guide on Statistics *in*

7

Reference Manual on Scientific Evidence 211, 251-52 (3d ed. 2011), https://bit.ly/2IoeMfy.

Plaintiffs' argument (at 20-21) hinges on a distinction between *not rejecting* the null hypothesis and *accepting* it, but the legal context in which the question arises when considering the *Basic* presumption makes that purported distinction meaningless.

The requirement of statistical significance at the 95% confidence level is akin to the evidentiary burdens familiar to courts. Where, for example, a plaintiff has a preponderance burden and fails to meet it, the court may be left with two competing and inconsistent inferences, neither of which has been established by the preponderance of the evidence. In those circumstances, courts should reject plaintiffs' claims as unproven—the legal equivalent of failing to reject the null hypothesis. *E.g.*, *Com. Standard Ins. Co. v. Gordon's Transps., Inc.*, 154 F.2d 390, 394 (6th Cir. 1946) ("where proven facts give equal support to each of two inconsistent inferences, in which event, neither of them being established, judgment, as a matter of law, must go against the party upon whom rests the necessity of sustaining one of these inferences as against the other, before he is entitled to recover" (cleaned up)). And a defendant can demonstrate

that the plaintiff lacks preponderant evidence either by presenting its own evidence that outweighs the plaintiff's or explaining that the plaintiff's proffer does not prove its claims.

Defendants achieve a similar effect by demonstrating a lack of statistically significant price impact at the rebuttal step following plaintiffs' invocation of the *Basic* presumption. Plaintiffs here contended that the alleged corrective disclosures demonstrated sufficient price impact for the court to infer classwide reliance on the alleged underlying misrepresentations. Defendants sought to rebut that contention using an event study showing that those stock-price changes fell within the range of price moves one would expect when there was *no* price impact— when, in other words, stock prices fluctuated within the typical range expected during normal trading and in response to news other than the statements at issue. Doing so plainly makes it "more likely than not that the alleged misrepresentations had [no] price impact." *Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*, 141 S. Ct. 1951, 1963 (2021). Requiring more converts a supposedly rebuttable presumption into an irrebuttable one—especially where, as here, the district court disregards other evidence tending to prove a lack of price impact. Pet. 21 & n.5.

9

At a minimum, Plaintiffs and Defendants disagree about whether statistical significance should be the standard—and this Court has not spoken on the question. Plaintiffs cite *no* Sixth Circuit law in their statistical significance argument. Opp. 19-21. Instead, they again rely on nonbinding cases from other jurisdictions, but calling them "relevant precedent" does not transmute them into binding law. *Id.* The absence of binding law on this question is a reason to grant review, and the need for appellate review is only compounded by the fact that district courts in this Circuit have split on the issue. *Compare* Order, R.177, PageID#5296, *with Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 2018 WL 3861840, at *13, *18 (N.D. Ohio, Aug. 14, 2018).

**B.** Plaintiffs contend (at 17-19) that Defendants have somehow waived the issue that they demonstrated a lack of price impact, arguing that the district court's decision is simply dicta in light of its assessment of the evidence. Nonsense. Defendants expressly preserved the argument that the district court "err[ed] in concluding that Defendants' evidence showing no statistically significant impact on Acadia's stock prices following the alleged corrective disclosures for the U.S. Statements was insufficient to rebut the *Basic* presumption." Pet. 8-9. And

10

Defendants argued at length that their showing sufficed to rebut the *Basic* presumption and that their evidence showed no statistically significant price moves associated with the corrective disclosures. Pet. 7-8, 15-22. That suffices. The question at the Rule 23(f) stage is *whether the court should grant review of the issue.* The parties are not required—and, given the tight word limits imposed on the parties' petition and response, *should not be* required—to present every merits argument they might raise in full briefing. In any event, the issues the petition raised broadly encompass the Court's finding that Defendants failed to rebut the *Basic* presumption of reliance. Defendants have not waived anything in regard to that finding.

## III. This Court Should Clarify *Affiliated Ute*'s Application.

The district court also erred by giving Plaintiffs the benefit of *Affiliated Ute*'s rarely applied presumption of classwide reliance even though Plaintiffs' claims rest on alleged affirmative misrepresentations, not omissions. In response, Plaintiffs contend this Court need not grant review to settle questions about *Affiliated Ute*'s application. In so doing, however, Plaintiffs (at 22) rely on an order expressly recognizing that the defendant "*raise[d] questions that are unsettled in class-securities fraud*

11

actions."[2]  *In re BancorpSouth, Inc.*, 2017 WL 4125647, at \*2 (6th Cir. Sept. 18, 2017) (emphasis added).  Even if this Court were to ignore that language, or the reasons why it supports review, an unpublished order denying discretionary review in one case is not binding precedent and so cannot settle this Circuit's law.  6th Cir. R. 32.1(b) (only "[p]ublished panel opinions are binding on later panels").

In any event, *BancorpSouth* denied review because the "certification decision at issue d[id] not turn on" the answers to the "unsettled" questions.  2017 WL 4125647, at \*2.  The opposite is true here:  the three different, mutually reinforcing errors Petitioners identified are the foundation of the district court's order.  Pet. 8-9.  The fact that there is more than one critical error makes the case for review more compelling, not less.

*Affiliated Ute* held that where plaintiffs' claims "involv[ed] *primarily* a failure to disclose, positive proof of reliance is not a prerequisite to recovery."  406 U.S. at 153 (emphasis added).  The district

---

[2] Plaintiffs also contend (at 22) that Defendants "[c]ompletely ignor[e] plaintiffs' scheme allegations."  But the district court expressly *declined* to reach Defendants' arguments related to Plaintiffs' scheme claims. Order, R.177, PageID#5301 n.2.  Without deciding those arguments, the court left Defendants nothing to challenge.

12

court here improperly expanded the application of that presumption because Plaintiffs "allege[d] situations where Defendants' failure to disclose certain information is what makes the alleged misrepresentations misleading or false." Order, R.177, PageID#5301.

But *any* misrepresentation can be recast as an omission of information that would make the misrepresentation true. If *Affiliated Ute*'s presumption applied whenever such a recharacterization were possible, the requirement that plaintiffs establish reliance would be a dead letter. Indeed, there would be no need for the *Basic* presumption at all, because it would never be necessary to prove classwide reliance on a misrepresentation. In *Basic* itself, for instance, the defendant "made three public statements denying that it was engaged in merger negotiations." 485 U.S. at 227. Those statements were false only because, in making them, the defendant failed to disclose that it had in fact engaged in "meetings and telephone conversations … concerning the possibility of a merger." *Id.* But *Basic* did not apply the *Affiliated Ute* presumption despite citing the case three times. *Id.* at 234, 243, 245.

Because applying *Affiliated Ute* in these circumstances would eviscerate the requirement that plaintiffs alleging affirmative

13

misrepresentations prove reliance at class certification, every federal appellate court has rejected the result the district court reached here. Pet. 22-23. This Court should resolve the split in this Circuit and do the same. Pet. 24.

## CONCLUSION

For the reasons set forth here and in the Petition, this Court should grant review.

Respectfully submitted,

*/s/ Anne M. Voigts*

| | |
|---|---|
| Jessica P. Corley | Anne M. Voigts |
| Brandon R. Keel | Lisa R. Bugni |
| Ronni D. Solomon | KING & SPALDING LLP |
| KING & SPALDING LLP | 50 California Street, Suite 3300 |
| 1180 Peachtree Street NE | San Francisco, CA 94111 |
| Atlanta, GA 30309 | (415) 318-1200 |
| (404) 572-4600 | avoigts@kslaw.com |
| Joshua N. Mitchell | Steven A. Riley |
| David P. Mattern | Milton S. McGee, III |
| Paige Tenkhoff* | Elizabeth O. Gonser |
| KING & SPALDING LLP | RILEY & JACOBSON, PLC |
| 1700 Pennsylvania Avenue NW | 1906 West End Avenue |
| Washington, DC 20006 | Nashville, TN 37203 |
| (202) 737-0500 | (615) 320-3700 |

*Counsel for Petitioners*

*\*Admitted only in the state of Tennessee;*
*practice directly supervised by principals of the firm.*

October 31, 2022

14

## CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 2,594 words, excluding any parts exempted by Fed. R. App. P. 32(f) and Sixth Circuit Rule 32(b).

This reply complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). It has been prepared in a proportionally spaced typeface using Microsoft Word 365 MSO in 14-point Century Schoolbook font.

Date: October 31, 2022

*/s/ Anne M. Voigts*
Anne M. Voigts

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2022, the foregoing was filed with the Clerk of the United States Court of Appeals for the Sixth Circuit using the CM/ECF system, which will cause a notice of electronic filing to be served on all registered counsel of record.

/s/ Anne M. Voigts
Anne M. Voigts