INDIANA PUBLIC REQUIREMENT )
SYSTEM, )
Individually and on Behalf if All Others )
Similarly Situated )  NO. 3:19-cv-00407
   Plaintiff, )  JUDGE RICHARDSON
       )
v. )
       )
AAC HOLDINGS, et al., )
       )
   Defendants.

## ORDER

Pending before the Court is Lead Plaintiff's Motion for Leave to File Under Seal (Doc. No. 97, "Motion to Seal"), wherein Lead Plaintiff "moves the Court for leave to file under seal unredacted versions of Lead Plaintiff's Reply in Support of Motion for Class Certification (the 'Brief'), as well as Exhibit C to the Declaration of Christopher M. Wood in Support of Lead Plaintiff's Reply in Support of Motion for Class Certification (the 'Exhibit'), which are being filed contemporaneously herewith as 'Sealed Documents.'" (*Id.* at 1).

As explained below, the Motion to Seal is a motion that Lead Plaintiff was obligated to file but actually opposes the Motion to Seal in substance. On the other hand, while they are technically the respondents to the Motion to Seal, Defendants are effectively the instigators of the Motion to Seal and whole-heartedly support it in substance.

### BACKGROUND OF MOTION

Lead Plaintiff explains the impetus for the Motion to Seal as follows:

Under the Stipulated Protective Order (ECF 82) ("Protective Order"), Lead Plaintiff is required to "make redactions or take whatever reasonable steps are necessary to prevent publicly disclosing" information that is designated confidential information. Protective Order, §IX. The Brief and the Exhibit contain or directly cite documents produced by defendants Michael T. Cartwright, Kirk R. Manz, and Andrew McWilliams ("Defendants") in discovery and designated as "confidential."

(Doc. No. 97 at 1-2). More specifically, it appears that the Exhibit in its entirety was designated as "confidential," and in one (and only one) particular place—namely in footnote 11—the Brief refers to some content (*i.e.*, quotes a few snippets) from Exhibit C. (Below, such content is referred to as the "Brief's Exhibit excerpts").

Lead Plaintiff goes on to note that although thus obligated to file the Motion to Seal, and although believing that the Court should allow the documents to be filed *initially* under seal, it does not believe that the Sealed Documents should *remain* sealed (at least not in their entirety). (*Id.* at 2). And it notes that "the burden is on Defendants to demonstrate 'compelling reasons' for the documents to remain under seal." (*Id.* at 3) (citing L.R. 5.03(a)-(b)). And it additionally notes that "Defendants, as the party who designated the materials as confidential, must demonstrate 'that the sealing is narrowly tailored to those reasons by specifically analyzing in detail, document by document, the propriety of secrecy, providing factual support and legal citations,' in order for the documents to remain under seal." *Id.* (citing L.R. 5.03(a)-(b)).

Defendants (like the Court), do not dispute that Lead Plaintiff has correctly attributed the burden to Defendants and accurately described the burden. Instead, in their response to the Motion to Seal (Doc. No. 104, "Sealing Memo"),[1] Defendants contend that they satisfy the burden. In their reply to the Sealing Memo (Doc. No. 105, "Plaintiff's Opposition to Sealing"), Lead Plaintiff takes aim at the specific justification(s) for sealing offered in the Sealing Memo, though not before

---

[1] This is the term for this document coined by Lead Plaintiff, (Doc. No. 105 at 1), and the Court uses it herein.

conceding that it would be appropriate to redact from the Exhibit,[2] in addition to names of former

employees of Defendant AAC Holdings, Inc. ("AAC"), the following portions of the Exhibit:

| Bates Number | Time Stamped Messages |
|---|---|
| AAC00132587 | 11:24 AM; 2:30 PM |
| AAC00132588 | 2:30 PM; 2:31 PM; 2:32 PM |
| AAC00132595 | 2:56 PM |
| AAC00132596 | 8:38 AM |
| AAC00132597 | 8:39 AM; 8:40 AM; 8:45 AM; 8:50 AM; 8:51 AM; 8:52 AM |
| AAC00132598 | 10:42 AM; 10:43 AM; 11:10 AM; 11:13 AM |
| AAC00132600 | 3:39 PM; 3:40 PM; 3:41 PM |
| AAC00132601 | 3:42 PM; 3:43 PM: 3:44 PM |
| AAC00132602 | 3:44 PM; 3:45 PM; 3:48 PM |
| AAC00146542 | 10:26 AM; 11:30 AM |
| AAC00146544 | 2:29 PM; 2:30 PM; 2:32 PM; 2:37 PM: 2:42 PM: 2:43 PM |
| AAC00146545 | 2:46 PM; 3:38 PM |
| AAC00146547 | 9:30 AM; 9:31 AM; 10:10 AM; 10:11 AM |
| AAC00146548 | 10:11 AM; 10:12 AM |
| AAC00150592 | 9:09 AM; 9:15 AM; 9:16 AM; 9:20 AM; 9:22 AM; 9:24 AM |
| AAC00150593 | 9:33 AM; 10:47 AM |

(Doc. No. 105 at 2). Though admirable for its specificity, this list does contain an error.

Specifically, the reference to AAC00132595 actually should be to AAC00132592.

---

[2] The exhibit that the Motion to Seal called "the Exhibit," the Opposition to Sealing calls "Exhibit C." (Doc. No. 105 at 1-2). It is, as indicated above, Exhibit C to the declaration of one of Lead Plaintiff's attorneys (Christopher Wood). The Court will refer to it as "the Exhibit," although some quoted statements herein refer to it as "Exhibit C." The Exhibit was filed in sealed (and unredacted) form at Doc. No. 101, and where it would have been filed (at Doc. No. 99-3), Lead Plaintiff includes a mere placeholder document reflecting that what would have been at Doc. No. 99-3 had been filed (elsewhere) under seal. The reply that the Motion to Seal called the "Brief" will also be called the "Brief" herein. The Brief was filed in sealed (and unredacted) form at Doc. No. 100 and in unsealed (and redacted) form at Doc. No. 98.

The Court agrees that the redactions proposed by Lead Plaintiff are appropriate because all such redactions would be of, in the words of Defendants, "discussions in Exhibit C about employee terminations, salaries, unsatisfactory job performances, personal hygiene habits, [or] other topics best described as office gossip" and that, "[i]f revealed, such conversations could be highly embarrassing to several innocent non-parties." (Doc. No. 104 at 4) The legitimate interests in favor of protecting such non-parties from embarrassing disclosures of gratuitous (and at times unkind) co-worker banter easily outweigh the legitimate interests of the public in accessing such content. Accordingly, the names of the former employees of Defendant AAC Holdings, Inc. ("AAC") included in the Exhibit, and the listed items from the Exhibit (with the necessary correction just noted) should be kept from public disclosure, and these parts of the Exhibit ("Redactable Information") shall be kept under seal.

The question is whether additional content from the Exhibit and the Brief should remain sealed. Defendants would have this Court answer that question in the affirmative, indeed to the point of keeping the Exhibit, and the Brief's Exhibit C excerpts, under seal in their entirety. The Court next will assess Defendants' arguments in support of that position.

**<u>DISCUSSION</u>**

Defendants first argue that "the non-party privacy interests discussed above are sufficient to satisfy the first prong of the sealing analysis." (*Id.*). This statement is true as far as it goes, and the Court has accounted for that by ordering the redactions (as suggested by Lead Plaintiff) necessary to vindicate those interests. But the statement does nothing to support any sealing beyond such redactions.

By contrast, Defendants' next argument is geared at additional sealing. Here, Defendants (without citing a single opinion from the Sixth Circuit, as opposed to opinions from a single district

within the Sixth Circuit) state, "The Sixth Circuit has repeatedly recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings." (*Id.*) (internal quotation marks and citations omitted). Then, citing to nothing more specific than the Exhibit in its entirety, they assert that the Exhibit "contains highly confidential information regarding AAC's business practices[, which] includes, but is not limited to, AAC's financial reporting processes, information requests from lenders, bonus schedules, and the intricacies of the Company's revenue accounting methods." (*Id.*). This statement is insufficient to meet Defendants' burden as the proponent of sealing because it is wholly conclusory. Furthermore, even if Defendants had attempted to support this statement with some kind of analysis, the analysis likely would not have gotten them very far anyway, because the kinds of tidbits exchanged by the conversationalists in the Exhibit are too fragmented to give competitors much insight into AAC's business practices. This would be true even if the information sought to be sealed was not six years old. But in fact it is six years old, as Defendants take pains to point out. (*Id.* at 5) (stating that "[t]he portions of Exhibit C that are cited in the . . . Brief concern AAC's treatment of short-pay accounts in late 2016 and early 2017.").[3] And Defendants do nothing to explain why any information that competitors could glean from the Exhibit would not be too stale to be competitively useful at this juncture.

Next, Defendants argue that "Plaintiff's Motion for Class Certification and Defendants' Opposition Brief, as well as the exhibits filed in support of those filings, are entirely available to the public [and that] [o]ther than a small portion of a single footnote, [the] Brief is also publicly

---

[3] Defendants' statement here is not necessarily inconsistent with the notion that some portions of Exhibit C concern later events. The Court does not see anything definitive in the record to either support or refute that notion, but it appears to the Court that everything reflected in Exhibit C concerns events from February 7, 2017 or earlier.

available[, meaning that] interested parties already have access to the arguments the parties have raised in connection with class certification. " (*Id.*). Thus, Defendants assert that the public interest in accessing the content of the Exhibit and the Reply's Exhibit excerpt is diminished due to (a) the availability of other documents; and (b) the alleged relative lack of importance of such content as to the particular purpose for which it was filed. The Court will address each of these circumstances in turn.

First, the Court does not dispute that the public availability of other documents could reduce the public's interest in accessing such content, provided that *the other documents reflected such content*. But Defendant does nothing to show that such content in particular can be found in any part of the record in this case that is publicly available. So the public availability of the other documents does not in fact diminish the public's interest in accessing the particular content of the Exhibit and the Reply's Exhibit excerpt.

Second, the Court does not dispute that the public interest in accessing content could be diminished *somewhat* by its *relative* lack of importance as to the purpose for which it was filed. But the Court does not see why the public interest would not remain significant if the content has at least *some* relevance to the purpose for which it was filed. Moreover, as Defendants themselves note, (*id.*), the public can have an interest in accessing content to *view the conduct that gave rise to the dispute* (*i.e.*, the lawsuit)—and this is true irrespective of the content's value in resolving the particular issue as to which it was filed in the first place (here, Lead Plaintiff's motion for class certification).[4] Defendants assert that the conduct reflected in Exhibit, and the Brief's Exhibit C

---

[4] Defendants appear to simply assume that the public's interest is accessing documents has to be an interest related to the particular purpose (like, as in the present case, supporting a particular motion) for which the documents were filed, such as understanding the court's decision related to that purpose (or motion). This assumption is not warranted, given that the public's interest in viewing the conduct that gave rise to the lawsuit is a separate interest that supports public access to court-filed documents.

excerpts, is wholly irrelevant to the issue of class certification,[5] (*id.*), but they do not assert (let alone establish) that that such conduct is not part of the conduct that gave rise to this lawsuit.

Finally, Defendants argue that they have narrowly tailored their sealing request. (*Id.*). By this, they do not mean that they have requested the sealing not of all of the Exhibit and the Brief's Exhibit excerpts, but rather only those part of them that are specifically conducive to sealing. Instead, Defendants mean that even though they want all of such content sealed, that is a narrow request considering the entirety of the record, which generally remains unsealed. But even if the sealing of all of the Exhibit, and all of the Brief's Exhibit excerpts, could be deemed "narrow" in this sense, that is irrelevant because Defendants have not otherwise met their burden to show that the legitimate interests in sealing these items (beyond the Redactable Information) outweigh the interest of the public in accessing them. So even if "narrow," such sealing is inappropriate here.

**CONCLUSION**

For all of these reasons, the Motion (Doc. No. 97) is **GRANTED IN PART AND DENIED IN PART**. In particular, the Redactable Information shall remain under seal, but nothing else in the Exhibit, or the Brief's Exhibit excerpts, shall remain under seal. Accordingly, the Clerk SHALL unseal the Brief as it exists in its unredacted form (Doc. No. 100). The Exhibit (Doc. No. 101) shall remain sealed, but Plaintiff shall file by January 31, 2023, a redacted version of the Exhibit, redacting the Redactable Information (and only the Redactable Information); once that redacted version is filed, the Clerk shall notate in her docket entry that this document is the redacted

---

[5] The Court wonders why, if the Exhibit, and the Brief's Exhibit excerpts are wholly irrelevant to the purpose for which they were filed, Defendants have not moved to strike them. Absent a motion to strike, Defendants' assertion here rings hollow. Relatedly, the fact that such content has not been stricken means that it is indeed part of the record. And as noted above, if something is part of the record, Defendant bears a heavy burden to establish that it should be sealed—a burden the Court cannot deem lessened based merely on some notion that perhaps it should not actually be part of the record.

version of Doc. No. 101 and that it serves as the publicly available version of the document referenced in Doc. No. 99-3.

 IT IS SO ORDERED.

 _____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE