UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM,) Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>MICHAEL T. CARTWRIGHT, KIRK R. MANZ and ANDREW W. McWILLIAMS, )<br><br>Defendants. ) | Civil Action No. 3:19-cv-00407<br><br>CLASS ACTION<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern<br><br>PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS AND NON-PARTY AAC HOLDINGS, INC.'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL |

Pursuant to Rule 7.01(b) of the Civil Local Rules of Court for the Middle District of Tennessee, Class Representative Indiana Public Retirement System ("Plaintiff") respectfully submits this Memorandum of Law in Support of Its Motion for Reconsideration of the Court's Order (ECF 136) (the "Order") granting Defendants and Non-Party AAC Holdings, Inc.'s Motion for Leave to File Documents Under Seal (ECF 131) (the "Sealing Motion").

## I.    INTRODUCTION

In connection with Defendants and Non-Party AAC Holdings, Inc.'s Motion for Privilege Determination (ECF 130), Defendants and AAC moved to file under seal: (1) Defendants and Non-Party AAC Holdings, Inc.'s Memorandum of Law in Support of Motion for Privilege Determination (ECF 132) (the "Memorandum"); (2) the Declaration of Lisa R. Bugni in Support of Defendants and Non-Party AAC Holdings, Inc.'s Motion for Privilege Determination (ECF 133) (the "Bugni Declaration" or "Bugni Decl."); and (3) Exhibits B-D and F-H filed with the Bugni Decl.  Prior to

- 1 -

the time allowed for response, the Court granted the Sealing Motion (ECF 136).[1] Plaintiff does not

believe grounds exist to overcome the strong presumption in favor of openness as to court records.[2]

The Sealing Motion presents no such grounds. Defendants and AAC fail to explain how the

public disclosure of these materials would result in a clearly defined and serious injury to AAC's

current business. Defendants and AAC speak only of nebulous potential harms that may result from

public disclosure. In light of Defendants' and AAC's failure to meet the rigorous standard required

to seal documents from public view, Plaintiff respectfully submits that the Order should be

reconsidered, and sealing should be denied.[3]

## II.    ARGUMENT

### A.    Legal Standard

Defendants and AAC bear a heavy burden to provide "'compelling reasons'" to overcome the

"'strong presumption in favor of openness.'" *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*,

825 F.3d 299, 305-06 (6th Cir. 2016);[4] *see also* L.R. 5.03(a). To shield the Memorandum, Bugni

Declaration, and exhibits thereto from public view, Defendants and AAC must establish: "(1) 'a

---

[1]    The Order was issued on February 21, 2023. Pursuant to Local Rule 7.01(a)(3), Plaintiff's response to the Sealing Motion was due on March 2, 2023.

[2]    Prior to the filing of the Sealing Motion, and having not reviewed the Sealing Motion, Plaintiff took no position on the matter. Sealing Motion at 4.

[3]    "It is within the sole discretion of the court to determine if a prior ruling should be reconsidered, and the Sixth Circuit has declined to impose any conditions or limitations upon a court's power to review a prior ruling." *Grant v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 2017 WL 1153927, at *2 (M.D. Tenn. Mar. 27, 2017). "Courts traditionally will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct clear error or prevent manifest injustice." *Grae v. Corr. Corp. of Am.*, 330 F.R.D. 481, 490 (M.D. Tenn. 2019) (citing *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)). Here, reconsideration of the Order is needed to correct clear error as Plaintiff respectfully submits that the Sealing Motion failed to establish compelling reasons to seal the documents in accordance with Local Rule 5.03(a).

[4]    Citations are omitted and emphasis is added unless otherwise indicated.

- 2 -

compelling interest in sealing the records'; (2) 'that the interest in sealing outweighs the public's interest in accessing the records'; and (3) 'that the request is narrowly tailored.'" *Gomez v. City of Memphis, Tenn.*, 2020 WL 1918243, at \*2 (W.D. Tenn. Apr. 20, 2020). "Typically, in civil litigation, '"only trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)'" are enough to overcome the presumption of access." *In re Envision Healthcare Corp. Sec. Litig.*, 2021 WL 1110669, at \*1 (M.D. Tenn. Mar. 23, 2021). "The fact that a document will reveal 'competitively-sensitive financial and negotiating information' is not an adequate justification for sealing – rather, 'the proponents of closure bears the burden of showing that "disclosure will work a clearly defined and serious injury."'" *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 639 (6th Cir. 2019).

### B. Defendants Fail to Establish Compelling Reasons to Overcome the Strong Presumption of Open Court Records

Defendants do not claim that the presentations are privileged, nor do they claim that the information contained in the presentations are required by statute to be maintained in confidence.[5] As a threshold issue, then, in order to be sealed, the information must reflect "trade secrets." Here, Defendants do not argue that these materials – stemming from an investigation by the United States Securities and Exchange Commission ("SEC") concerning AAC's accounting and business practices – reflect "trade secrets." Instead, Defendants vaguely characterize these materials as "sensitive, non-public information" and offer conclusory assertions that public disclosure of these materials "could cause harm to AAC, Defendants, and other third parties." Sealing Motion at 2. Notably, the Sealing

---

[5]  Defendants' and AAC's Memorandum at 7 ("Before providing such materials to Plaintiff, however, Defendants made clear that no privilege applied to the documents.").

4889-4664-1491.v1

Motion does not identify any third parties that face potential harm from public disclosure of these materials.

The fact that the June 18, 2018 and September 18, 2018 presentations to the SEC occurred over four years ago further undercuts Defendants' request.  ECF 128 at 5 ("Defendants do nothing to explain why any information that competitors could glean from the Exhibit would not be too stale to be competitively useful at this juncture."); *see also Ambac Assurance Corp. v. EMC Mortg. Corp.*, 2010 WL 11595698, at *28 (S.D.N.Y Dec. 16, 2010) ("EMC has failed to explain how disclosure of its policies and practices with regard to securitizing mortgages, from 2005 through 2007 [3-5 years ago] 'would reveal business information that is sufficiently valuable and secret that it could cause competitors to harm them now.'"); *Shane Grp.*, 825 F.3d at 308 ("[T]he particulars of years-ago negotiations are unlikely to amount to a trade secret.").  Defendants and AAC cite *John Doe Co. No. 1 v. Consumer Fin. Prot. Bureau* for a proposition concerning public disclosure during "ongoing government investigations."  195 F. Supp. 3d 9, 13 (D.D.C. 2016).  This case is inapposite; no investigation is ongoing.  *See* Bugni Decl., Ex. D (SEC Dec. 31, 2020 Declination Letter).

Nor is Defendants' and AAC's sealing request narrowly tailored.  Instead, the Sealing Motion seeks to shield from public access the entirety of seven documents filed with the Court, including the entirety of Defendants' and AAC's Memorandum of Law in Support of Motion for Privilege Determination.  *Shane Grp.*, 825 F.3d at 305 ("[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason.").

Finally, Defendants and AAC must demonstrate that the interest in sealing outweighs the public's interest in accessing the records.  Defendants conspicuously fail to address this requirement, only referencing it in a parenthetical concerning presumptive redactions.  Sealing Motion at 4.  The

- 4 -

public has a significant interest in healthcare billing practices, the costs of addiction treatment, and the conduct that gave rise to the lawsuit. ECF 128 at 6 n.4 ("[T]he public's interest in viewing the conduct that gave rise to the lawsuit is a separate interest that supports access to court-filed documents."). Defendants' refusal to seriously address this requirement defeats their request to seal.

## III. CONCLUSION

Plaintiff respectfully submits that the Court should reconsider its Order and deny the Sealing Motion.

DATED: March 2, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853
HENRY S. BATOR, #040431


s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com
hbator@rgrdlaw.com

- 5 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
CHRISTOPHER D. STEWART
FRANCISCO J. MEJIA
JACK ABBEY GEPHART
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
cstewart@rgrdlaw.com
fmejia@rgrdlaw.com
jgephart@rgrdlaw.com

Lead Counsel for Indiana Public Retirement
System

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com

Local Counsel

4889-4664-1491.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on March 2, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)


Email:  cwood@rgrdlaw.com

# Mailing Information for a Case 3:19-cv-00407 Caudle v. AAC Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Henry Scattergood Bator**
  hbator@rgrdlaw.com

- **Lohr Alexandria Beck**
  lohr.beck@kslaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Lisa R. Bugni**
  lbugni@kslaw.com

- **Jessica Perry Corley**
  jpcorley@kslaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jack A. Gephart**
  jgephart@rgrdlaw.com

- **Logan R. Hobson**
  lhobson@kslaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Brandon R. Keel**
  bkeel@kslaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Jonathan Lindenfeld**
  jlindenfeld@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,e_file_sd@rgrdlaw.com,clyons@ecf.courtdrive.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,jkarsten@barrettjohnston.com,elusnak@barrettjohnston.com,jmartin@rgrdlaw.com

- **Francisco J. Mejia**
  fmejia@rgrdlaw.com

- **W. Travis Parham**
  travis.parham@wallerlaw.com,TAPDocketingClerk-Nash@wallerlaw.com,shelli.dimarco@wallerlaw.com

- **Ronni D. Solomon**
  rsolomon@kslaw.com

- **Christopher Stewart**
  cstewart@rgrdlaw.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,agonzales@ecf.courtdrive.com,CWood@ecf.courtdrive.com,agonzales@rgrdlaw.coom,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis(

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)