# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM,) Individually and on Behalf of All Others ) Similarly Situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL T. CARTWRIGHT, KIRK R. ) MANZ and ANDREW W. McWILLIAMS, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Civil Action No. 3:19-cv-00407 <br><br> <u>CLASS ACTION</u> <br><br> Judge Eli J. Richardson <br> Magistrate Judge Alistair E. Newbern |

## DEFENDANTS' AND NON-PARTY AAC HOLDINGS, INC.'S REPLY IN SUPPORT OF THEIR MOTION FOR PRIVILEGE DETERMINATION

Plaintiff's Opposition presents no basis for denying Defendants' motion to affirm that the two questionnaires at issue are protected work product.[1] The Opposition, in fact, focuses primarily on matters that are entirely irrelevant to that motion. Plaintiff, for example, submits a half-dozen exhibits in an effort to show that it has "amassed overwhelming evidence . . . demonstrating that AAC's revenue recognition practices with respect to short-pays were fraudulent" (ECF 144 at 3)—presumably hoping that an appeal to the merits of AAC's short pay accounting will sway the Court on this narrow privilege determination despite its irrelevance. In any event, although irrelevant, Plaintiff fails to inform the Court that all of the evidence it references *was* produced to the SEC, which, after investigating AAC's accounting for short pays, declined to bring any action. The Opposition is equally deficient as to the issues that are actually before the Court. For three primary reasons, the Court should reject Plaintiff's arguments and grant the motion.

***First***, Plaintiff does not dispute that the two documents at issue fall within the protections of the work product doctrine. Plaintiff admits, as it must, that "[w]ork product protection applies to 'documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative,'" *id.* at 8 (quoting Fed. R. Civ. P. 26(b)(3)), and further admits that "an ongoing government investigation is plainly sufficient to show there was an objectively reasonable belief of litigation," *id.* at 11. With that issue undisputed, Defendants' motion must be granted unless it is shown that AAC waived that protection.

***Second***, Plaintiff relies on *In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289 (6th Cir. 2002), for the proposition that "[t]he Sixth Circuit has rejected selective waiver," but both that case and the selective waiver doctrine are irrelevant to Defendants' motion. Under the holding of *Columbia/HCA*, when a party waives the attorney-client privilege or

---

[1] Capitalized terms have the same meanings specified in Defendants' opening brief (ECF 132).

work product protection as to a particular document by producing it to a government agency, that waiver applies to all parties. *Id.* at 302-07. But that holding has no application here because the two documents at issue were ***not*** provided to the government.

**Third**, in light of the above, the only remaining question for the Court is whether AAC waived work product protection over all documents concerning the subject matter of the SEC investigation. Although cited in Defendants' opening brief, Plaintiff fails to address the well-established authority showing that subject matter waiver is an extreme remedy "reserved for the rare case where a party either places privileged information affirmatively at issue, or attempts to use privileged information as both a sword and a shield in litigation." *Freedman v. Weatherford Intern. Ltd.*, No. 12 Civ. 2121(LAK)(JCF), 2014 WL 3767034, at *3 (S.D.N.Y. July 25, 2014). This principle comes directly from the advisory committee notes to Rule 502(a) of the Federal Rules of Evidence, which caution that "subject matter waiver is limited to situations in which a party intentionally puts protected information into the litigation in a selective, misleading and unfair manner." Fed. R. Evid. 502(a), adv. cmt. note. This is not such a rare case.

As an initial matter, Plaintiff does not dispute that there can be no subject matter waiver when the documents that were disclosed to the government were not privileged in the first place. *See* ECF 132 at 11. For that reason alone, Plaintiff's waiver argument should be rejected because the King & Spalding presentations to the SEC and information from David King of Bass Berry that were disclosed to the SEC were not protected. Plaintiff asserts that AAC has "expressly recognized" that these materials were so protected, citing two non-waiver agreements with the SEC dated April 23, 2018, and October 1, 2018, respectively. *See* ECF 144 at 1. The April letter, however, did not even address the King & Spalding presentations or other documents at issue. Rather, it covered "interview memoranda and investigative working papers" prepared by AAC's

2

Audit Committee in connection with its own investigation into short pay accounting. *See* ECF 145-1. Although the October letter did encompass the King & Spalding presentations to the SEC, it did not claim that those materials were necessarily work product. *See* ECF 145-2 (stating merely that "the Confidential Presentation Materials may be protected . . ."). Plaintiff's argument further lacks credibility given that such non-waiver agreements (or the equivalent Rule 502(d) orders in litigation) are common practice, so much so that some authorities would consider it malpractice not to seek a non-waiver agreement when producing a significant number of documents, even if the party was not anticipating producing privileged information. *See, e.g.*, Ex. A.

Those non-waiver letters, in any event, would not be determinative of whether the presentations were in fact protected work product. Plaintiff has yet to provide any credible argument as to how a presentation that was created for the very purpose of describing background facts of AAC's accounting to the SEC is protected work product. As Defendants noted in their opening brief, the logical extension of Plaintiff's argument would lead to the absurd result that a party waives work product protection over all documents concerning the subject matter of a litigation brief every time a brief is filed. Plaintiff cites no case supporting that suggestion.

Plaintiff similarly misses the mark on the King communications. Contrary to Plaintiff's conjecture, *see* ECF 144 at 2, the at-issue King communications relate to information he shared on his industry experience with short pays, not any pending or anticipated litigation by AAC. *See* ECF 132 at 4-5. And the at-issue communications—a memo, email, and oral discussion—were shared with AAC's auditor, BDO, at the same time the communications were provided to AAC. Thus, this is not a question of waiver, as Plaintiff suggests, *see* ECF 144 at 15 n.26. Neither the work product doctrine nor the attorney-client privilege attached to such communications in the first place. Plaintiff's own case law shows as much. *See In re OM Securities Litig.*, 226 F.R.D.

3

579, 587 (S.D.N.Y. 2005) (counsel's communications concerning accounting matters was not protected work product as they would have been created irrespective of litigation); *see also First Horizon Nat. Corp. v. Houston Casualty Co.*, No. 2:15-cv-2235-SHL-dkv, 2016 WL 5867268 (W.D. Tenn. Oct. 5, 2016) (attorney-client privilege does not apply to auditor communications).[2]

But even if these documents were protected and that protection was waived by disclosing them to the SEC, that would not justify a subject matter waiver in this case because Defendants have not put these materials at issue such that fairness requires the rare finding of a subject matter waiver. Plaintiff's only real effort to show that Defendants have injected these materials into *this* case—as opposed to into the SEC investigation—is from Defendants' production of the presentations and the SEC's declination letter in response to ***Plaintiff's*** requests for production. *See* ECF 144 at 19. Plaintiff not only ignores that it demanded the production of this information but also that Defendants objected to those demands, including on relevance grounds because AAC's short pay accounting is "unrelated to the restatement at issue in the Amended Complaint." *See* Ex. B at 15. Defendants produced these documents not as a basis for their defense, but rather in an effort to resolve discovery disputes over Plaintiff's demands for these documents. Subject matter waiver does not occur in those circumstances. *See, e.g.*, *Freedman*, 2014 WL 3767034, *4 (finding no subject matter waiver where "there [wa]s no indication that [defendants] sought to use this disclosure to their advantage . . . . To the contrary, they resisted its production.").

Moreover, the cases Plaintiff relies upon where subject matter waiver was found involved a scenario where, unlike here, the information disclosed to the government was central to the issues

---

[2] Defendants' assertion of work product over documents shared with BDO does not, as Plaintiff suggests, undermine their position. Unlike the attorney client privilege, work product may continue to protect documents shared with auditors. *See Breuder v. Bd. of Trustees of Community College Dist. No. 502*, No. 15 CCV 9323, 2021 WL 4283464, at *9 (N.D. Ill. Sept. 21, 2021).

4

in the litigation. For example, in *Dougherty v. Esperion Therapeutics, Inc.*, No. 16-10089, 2020 WL 7021688, (E.D. Mich. Nov. 30, 2020), the court ordered production of draft press releases containing the very statements challenged in the litigation, which had been disclosed by the defendants to the FDA in a related investigation to support the defendants' reliance on counsel defense. That is a far cry from the scenario presented here.

Not only have Defendants asserted no advice-of-counsel defense, but AAC's accounting for short pays itself is irrelevant. Plaintiff strains to argue otherwise, but in doing so cites only one paragraph from its 179-paragraph Amended Complaint to support the alleged relevance of short pay accounting. *See* ECF 144 at 17 n.29 (citing ECF 45 ¶ 58). That one paragraph does refer to short pays, but that does not make them relevant to the actual claims at issue. Plaintiff's Restatement Claim is based on the allegation that it and other shareholders were damaged when AAC's stock price allegedly declined following the Company's March and April 2019 disclosures concerning the restatement. *See id.* ¶¶ 132-38. As Defendants have shown, that restatement was entirely unrelated to short pays (and Plaintiff does not argue otherwise). *See* ECF 132 at 14-15.

Plaintiff's attempt to backdoor this short pay issue through its "scheme claim," *see* ECF 144 at 17-18, fares no better. As this Court indicated in its recent ruling, Plaintiff's "scheme claims" are based on the same alleged misconduct for its respective "Marketing Claim" and "Restatement Claim," *see* ECF 138 at 3 n.8, 32 ("Plaintiff does not dispute that its Scheme Claims rely on Defendants' conduct underlying both the Restatement Claim and the Marketing Claim."). And neither of those claims is related to AAC's accounting for short pays.

## **CONCLUSION**

For these reasons, Defendants and AAC respectfully request that the Court enter an order affirming the work product protection for the two questionnaire responses at issue.

5

DATED:  March 9, 2023                    **HOLLAND & KNIGHT LLP**

s/ W. Travis Parham

W. TRAVIS PARHAM (TN BPR #16846)

511 Union Street, Suite 2700
Nashville, TN  37219
Telephone:  615/244-6380
travis.parham@hklaw.com

**KING & SPALDING LLP**
JESSICA P. CORLEY (admitted *pro hac vice*)
RONNI D. SOLOMON (admitted *pro hac vice*)
BRANDON R. KEEL (admitted *pro hac vice*)
LOHR A. BECK (admitted *pro hac vice*)
LOGAN R. HOBSON (admitted *pro hac vice*)
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA  30309
Telephone:  404/572-4717
404/572-5100 (fax)
jpcorley@kslaw.com
rsolomon@kslaw.com
bkeel@kslaw.com
lohr.beck@kslaw.com
lhobson@kslaw.com

**KING & SPALDING LLP**
LISA BUGNI (admitted *pro hac vice)*
50 California Street, Suite 3300
San Francisco, CA  94111
Telephone:  415/318-1234
415/318-1300 (fax)
lbugni@kslaw.com

*Attorneys for Defendants and Non-Party
AAC Holdings, Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March, 2023, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing and make available the same to the following attorneys of record:

Christopher M. Wood
Christopher H. Lyons
ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Tel: (615) 244-2203
cwood@rgrdlaw.com
lyons@rgrdlaw.com

Christopher Stewart
Francisco J. Mejia
Jack Gephart
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
cstewart@rgrdlaw.com
fmejia@rgrdlaw.com
jgephart@rgrdlaw.com

Jerry E. Martin
Bank of America Plaza
BARRETT JOHNSTON MARTIN
& GARRISON, LLC
414 Union Street, Suite 900
Nashville, TN 37219
Tel: (615) 244-2202
jmartin@barrettjohnston.com

J. Alexander Hood, II
Jeremy A. Lieberman
Jonathan Lindenfeld
POMERANTZ LLP
600 Third Avenue
20th Floor
New York, NY 10016
Tel: (212) 661-1100
ahood@pomlaw.com
jalieberman@pomlaw.com
jlindenfeld@pomlaw.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 S LaSalle Street
Suite 3505
Chicago, IL 60603
Tel: (312) 377-1181
pdahlstrom@pomlaw.com

Paul Kent Bramlett
Robert P. Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd.
Suite 200
Nashville, TN 37215
Tel: (615) 248-2828
pknashlaw@aol.com
robert@bramlettlawoffices.com


s/ W. Travis Parham

7