# Exhibit J

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM,) Individually and on Behalf of All Others Similarly Situated, ) ) ) Plaintiff, ) ) ) vs. ) ) MICHAEL T. CARTWRIGHT, KIRK R. ) MANZ and ANDREW W. McWILLIAMS, ) ) Defendants. ) ) ) | Civil Action No. 3:19-cv-00407  CLASS ACTION  Judge Eli J. Richardson Magistrate Judge Alistair E. Newbern |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Michael T. Cartwright, Kirk R. Manz, and Andrew McWilliams ("Defendants"), by and through their undersigned counsel, submit the following Responses and Objections ("Responses") to Lead Plaintiff's ("Plaintiff") First Requests for Production of Documents (the "Requests") served in the above-captioned action (the "Action").

## GENERAL OBJECTIONS

1. Defendants object to the Requests to the extent that they call for the production of Personally Identifiable Information or information protected from disclosure by federal or state data protection laws such as, without limitation, Confidentiality of Substance Use Disorder Patient Records, 42 C.F.R. Part 2; The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.*; and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 C.F.R. Part 160 and Subparts A and E of Part 164.

2. Defendants object to the Requests to the extent they demand production of documents within thirty days of the Requests. It would be unduly burdensome and impractical for Defendants to collect, review, and produce all responsive documents within thirty days of receiving the Requests. The parties have agreed to, and the Court has approved, a Stipulated Order Governing Discovery of Documents and Electronically Stored Information ("Discovery Order"), Dkt. No. 81, which contemplates a process whereby the parties will meet and confer regarding the search protocol for collecting documents potentially responsive to requests for production and thereafter produce documents on a rolling basis per the governing scheduling order. Per that agreement, Defendants will produce non-privileged responsive documents (subject to the objections below) on a rolling basis following the parties reaching an agreement on the search protocol to be used by Defendants to locate potentially responsive documents.

3. Defendants object to the Requests to the extent that they call for information that is neither relevant to any claims or defenses nor proportional to the needs of the case and that therefore fall outside the applicable scope of discovery in the Action.

4. Defendants object to the Requests to the extent that they seek to impose obligations beyond the scope of those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

5. Defendants object to the Requests to the extent that they seek production of documents that are outside of Defendants' possession, custody, or control. Defendants will only produce responsive, non-privileged documents (subject to their objections below) that are within their possession, custody, or control and that can be located with a reasonable search.

6. Defendants object to the Requests to the extent that they seek information or materials protected by the attorney-client privilege, the work-product doctrine, the common

2

interest privilege, the joint defense privilege, or any other applicable privilege or protection from discovery.

7. Defendants object to the Requests to the extent that they call for the production of large volumes of electronically stored information that would be cost prohibitive and unduly burdensome on the Defendants to collect, process, and review. Defendants therefore reserve the right to revisit any and all of these Requests and tender additional objections if it is later revealed that an unreasonably large and burdensome number of documents are implicated by any of these Requests and/or the parties are unable to reach agreements on search terms, custodians, date range(s), or other similar measures that are effective in limiting the volume of documents to be produced.

8. Defendants object to the Requests to the extent that they seek the production of documents that are publicly available, already in Plaintiff's possession, or otherwise available from sources to which Plaintiff has equal access, including but not limited to documents filed with the United States Securities and Exchange Commission.

9. Defendants reserve the right to redact from otherwise responsive and non-privileged documents portions thereof that contain information that is (a) irrelevant to the subject matter of the litigation; (b) nonresponsive; (c) protected patient health information; and/or (d) privileged or otherwise exempt from discovery.

10. Defendants do not in any way waive, or intend to waive, but rather intend to preserve and are preserving the following: (a) all objections as to competency, relevancy, materiality, and admissibility of any documents; (b) all objections as to vagueness, ambiguity, or other infirmity in the form of the Requests, any objections based on the undue burden imposed by the Requests; (c) all rights to object on any ground to the use of any of the documents or their

3

subject matter in any proceeding, including the trial of this or any other action; (d) all rights to object on any ground to any further document requests or other discovery requests involving or related to the subject matter of the Requests; and (e) any and all privileges and rights under the Federal Rules of Civil Procedure and the Local Rules of this Court.

11. Defendants object to the "Relevant Period" specified by Plaintiff as overbroad, unduly burdensome, and disproportionate to the needs of the case. Plaintiff's Relevant Period extends well beyond the date Plaintiff alleges the "truth" of Defendants' alleged fraud was revealed to the market and the filing of this Action. The burden of collecting, reviewing, and producing such information far outweighs any relevant value those documents could have to the case. Defendants will only provide information for the time period of January 1, 2017 through July 16, 2019 (the "Relevant Time Period").

## OBJECTIONS TO DEFINITIONS

1. Defendants object to the definition of "AAC" and the "Company" as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure. Defendants will interpret the terms "AAC" and the "Company" to mean only AAC Holdings, Inc.

2. Defendants object to the definition of "BDO" as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure. Defendants will interpret the term "BDO" to mean only BDO USA, LLP.

3. Defendants object to the definition of "Communication(s)" as overbroad, unduly burdensome, and seeking to impose obligations beyond those prescribed by the Federal Rules of

4

Civil Procedure. Defendants will interpret the term consistent with the meaning of the term "documents" as used in Federal Rule of Civil Procedure 34.

4.      Defendants object to the definition of "Identify" as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure. Defendants will interpret the term "Identify" consistent with its common meaning and agree to provide no more information than necessary to identify the requested information, where applicable in the Requests.

5.      Defendants object to the definition of "RSG" as overbroad, unduly burdensome, and disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure. Defendants will interpret the term "RSG" to mean only Referral Solutions Group, LLC.

6.      Defendants object to the definition of "Meeting" as overbroad, unduly burdensome, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure.

7.      Defendants object to the definition of "You" and "Your" as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure. Defendants will interpret the terms "You" and "Your" as referring to AAC Holdings, Inc. and the named Defendants in this action.

**OBJECTIONS TO INSTRUCTIONS**

1.      Defendants object to Instruction No. 1 to the extent that it seeks to impose a requirement to produce documents outside of Defendants' possession, custody, or control.

2.      Defendants object to Instruction No. 2 as unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal

5

Rules of Civil Procedure. In producing non-privileged responsive documents, Defendants will not identify the particular responsive documents by Bates number for each request but rather will produce non-privileged responsive documents, subject to the responses and objections contained herein, in the manner that such documents are maintained in the ordinary course of business in accordance with Rule 34(b)(2)(E).

3.      Defendants object to Instruction No. 4 regarding missing or lost documents as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure, as the instruction requests Defendants to provide information regarding documents not within their possession, custody, or control.

4.      Defendants object to Instruction Nos. 5 and 6 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure. To the extent any responsive documents are withheld on the basis of privilege, Defendants will produce a privilege log consistent with the terms and procedures set forth in the Discovery Order.

## OBJECTIONS TO HARD COPY AND ESI FORMAT REQUIREMENTS

Defendants object to Plaintiff's hard copy and ESI production format requirements as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure. Defendants will produce any non-privileged responsive documents consistent with the terms and procedures set forth in the Discovery Order.

6

<u>**SPECIFIC RESPONSES AND OBJECTIONS**</u>

The General Objections, Objections to Definitions, Objections to Instructions, and Objections to Hard Copy and ESI Format Requirements, set forth above apply to each of the specific Requests and are hereby incorporated in each of the specific Responses below. In response to certain Requests, Defendants may restate one or more of their objections for clarity or emphasis. The lack of such specific references or the provision of the specific responses and objections stated below, however, is not intended as, and shall not be deemed to be, a waiver, either in whole or in part, of any of the General Objections, Objections to Definitions, Objections to Instructions, and Objections to Hard Copy and ESI Format Requirements. Subject to those General Objections, Objections to Definitions, Objections to Instructions, and Objections to Hard Copy and ESI Format Requirements, and without waiving them, Defendants further respond and object to each individual Request as follows.

<u>**REQUEST FOR PRODUCTION NO. 1:**</u>

**All documents concerning your sales and marketing programs, including, but not limited to, documents concerning the methods, tactics and/or strategies you employed to generate and attract clients. Included within this request are all documents concerning your use of online websites and search engine optimization techniques to generate and attract clients.**

<u>**RESPONSE:**</u>

Defendants object to Request No. 1 as vague and ambiguous to the extent the phrases "sales and marketing programs," "methods, tactics and/or strategies," and "use of online websites" are not defined. Defendants object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "all documents concerning [AAC's] sales and marketing programs," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also

7

object this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

Subject to, and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 2:**

**All documents concerning your acquisition of RSG, including, but not limited to, documents concerning your reasons for the acquisition, the expected and actual benefits of the acquisition to AAC's business, finances and operations, any litigation involving RSG, and any due diligence conducted in connection with the acquisition.**

**RESPONSE:**

Defendants object to Request No. 2 as irrelevant to any claim or defense at issue in this Action because it seeks information concerning AAC's acquisition of RSG, which took place almost two years before the start of the alleged Class Period in the Action. Defendants object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents concerning [AAC's] acquisition of RSG," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object to this Request to the extent it seeks production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control. Based on their objections, Defendants will not produce documents in response to this Request.

8

<u>**REQUEST FOR PRODUCTION NO. 3**</u>:

**All documents concerning your membership in NAATP, including, but not limited to, documents concerning your compliance (or non-compliance) with its code of ethics and/or other rules and regulations, as well as documents concerning the expected and actual benefits of your membership in NAATP. Included within this request are all documents concerning any instance where AAC was denied membership into NAATP or AAC's membership in NAATP was not renewed.**

<u>**RESPONSE:**</u>

Defendants object to Request No. 3 as vague and ambiguous to the extent the phrase "expected and actual benefits" is not defined. Defendants object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents concerning [AAC's] membership in NAATP," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object to this Request to the extent that it seeks production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

Subject to, and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

<u>**REQUEST FOR PRODUCTION NO. 4**</u>:

**All documents concerning your use of Google Ads and/or any of its services to market AAC and or otherwise increase census, including, but not limited to, documents concerning any action by Google that restricted and/or prevented AAC's ability to use those services, the impact of any such actions on AAC's business, finances and operations, and your efforts to meet or otherwise satisfy any requirement that Google imposed in order to use its services.**

9

**RESPONSE:**

Defendants object to Request No. 4 as vague and ambiguous to the extent the terms "use," "census," "restricted," and "imposed" are not defined. Defendants object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents concerning [AAC's] use of Google Ads and/or any of its services to market AAC or otherwise increase census," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object to this Request to the extent that it seeks production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

Subject to, and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 5:**

**All documents concerning any testimony you provided before any congressional committee or subcommittee during the Class Period regarding AAC, including, but not limited to, documents you prepared, reviewed or received in preparation for, during or after such testimony.**

**RESPONSE:**

Defendants object to Request No. 5 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents concerning any testimony [] provided before any congressional committee or subcommittee," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object to this Request to the extent that it seeks

10

production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

Subject to, and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 6:**

**All documents concerning AAC's public statements alleged in the Complaint, including, but not limited to, drafts of such statements, documents reflecting the process for preparing, reviewing, and approving such statements and documents concerning your efforts to verify that those statements (where applicable) were accurate pursuant to the Sarbanes-Oxley Act of 2002.**

**RESPONSE:**

Defendants object to Request No. 6 to the extent that it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

Subject to, and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 7:**

**All documents concerning AAC's use of call center(s) to increase census, including, but not limited to, documents concerning the volume of calls and web chats received, the compensation structure for AAC personnel who received and/or responded to any such calls**

**and web chats, their training and the portion of AAC's revenues generated from these activities.**

**RESPONSE:**

Defendants object to Request No. 7 as vague and ambiguous to the extent the terms "census," "calls," and "web chats" are not defined. Defendants object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents concerning AAC's use of call centers," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object to this Request to the extent that it seeks production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

Subject to, and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 8:**

**All documents concerning the content displayed on any website that AAC owned, operated, controlled or was affiliated with.**

**RESPONSE:**

Defendants object to Request No. 8 as vague and ambiguous to the extent the terms "content," "controlled," and "affiliated" are not defined. Defendants object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents concerning the content displayed on any website that AAC owned,

12

operated, controlled, or was affiliated with," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object to this Request to the extent that it seeks production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control. Based on their objections, Defendants will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

**All documents concerning AAC's accounting policies and procedures relating to revenue recognition, accounts receivable and related allowances, and all documents concerning AAC's compliance with, or deviation from, any such policies or procedures.**

**RESPONSE:**

Defendants object to Request No. 9 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents concerning AAC's accounting policies and procedures relating to revenue recognition, accounts receivable and related allowances," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

Subject to, and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 10:**

All documents reflecting or concerning your accounting treatment of your revenue and accounts receivable, including, but not limited to, documents concerning collectability estimates and any revisions thereto, the basis of any such estimates, historical analyses of reimbursement data by facility, the impact of that treatment on revenues and losses, and any communications with, and documents provided to or received from, BDO regarding the same.

**RESPONSE:**

Defendants object to Request No. 10 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents reflecting or concerning [AAC's] accounting treatment of [] revenue and accounts receivable" and any related communications with BDO, regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

Subject to, and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 11:**

All communications with, and documents provided to, the SEC in connection with any subpoena or other request, including the one referenced in your quarterly report filed with the SEC on Form 10-Q on November 6, 2018.

**RESPONSE:**

Defendants object to Request No. 11 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll communications

with, and documents provided to, the SEC in connection with any subpoena or other request," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

Subject to, and without waiving their objections, Defendants state that the SEC request referenced in the quarterly report filed with the SEC on Form 10-Q on November 6, 2018 is unrelated to the restatement at issue in the Amended Complaint. Defendants will, however, produce the presentations made to the SEC in connection with the request and the SEC's declination letter.

**REQUEST FOR PRODUCTION NO. 12:**

**All documents concerning the SEC Letter, including, but not limited to, documents concerning the topics of inquiry identified therein, as well as documents concerning AAC's response or non-response thereto.**

**RESPONSE:**

Defendants did not submit a substantive response to the SEC's August 29, 2019 comment letter, and any communications regarding the August 29, 2019 comment letter are protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants will therefore not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

**All documents concerning any review or inquiry of AAC's accounts receivable and/or any component thereof, including, but not limited to, documents concerning the findings of any such review or inquiry, both preliminary and final, and any materials reviewed and/or relied upon in connection with any such review, and any memoranda or notes generated in connection with such review or inquiry.**

15

**RESPONSE:**

Defendants object to Request No. 13 as vague and ambiguous to the extent the phrase "review or inquiry" is not defined. Defendants object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents concerning any review or inquiry of AAC's accounts receivable and/or any component thereof" and "any memoranda or notes generated in connection with such review or inquiry," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

Subject to, and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 14:**

**All documents, including, but not limited to, any analyses and/or discussions, regarding the impact of AAC's adoption of Accounting Standards Codification Topic 606, as defined by the Financial Accounting Standards Board (FASB), effective January 1, 2018, to AAC's public reporting of its revenue and accounts receivable.**

**RESPONSE:**

Defendants object to Request No. 14 vague and ambiguous to the extent the terms "analyses," "discussions," and "impact" are not defined. Defendants object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents, including but not limited to, any analyses and/or discussions

16

regarding the impact of AAC's adoption of Accounting Standards Codification Topic 606," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this request to the extent it seeks documents that are not within Defendants' possession, custody, or control. Because the impact of AAC's adoption of Topic 606 effective January 1, 2018, is not at issue in the case, Defendants will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

**All documents relating to your accounting for revenue and accounts receivable on or after January 1, 2018.**

**RESPONSE:**

Defendants object to Request No. 15 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents relating to [AAC's] accounting for revenue and accounts receivable on or after January 1, 2018," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

Subject to, and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

## REQUEST FOR PRODUCTION NO. 16:

**All documents concerning your aging policy applied in connection with evaluating the collectability of and accounting for your accounts receivable.**

## RESPONSE:

Defendants object to Request No. 16 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents concerning [AAC's] aging policy applied in connection with evaluating the collectability of and accounting for [AAC's] accounts receivable," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

Subject to and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

## REQUEST FOR PRODUCTION NO. 17:

**All documents concerning the Restated Financial Statements, including, but not limited to, documents concerning the discovery of the information found to be unreliable, their correction, and/or any materials reviewed or relied upon in connection therewith.**

## RESPONSE:

Defendants object to Request No. 17 to the extent that it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

18

Subject to, and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 18:**

**All documents exchanged, and communications with, BDO regarding the Restated Financial Statements.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

Subject to, and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 19:**

**All documents concerning all historical collection data related to your accounts receivable, including, but not limited to, documents relating to your analyses of historical collections and reimbursement data used to evaluate collectability of accounts receivable, the adequacy of the allowance for doubtful accounts and revenue recognition.**

**RESPONSE:**

Defendants object to Request No. 19 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents concerning all historical collection data related to [AAC's] accounts receivable," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object to this Request to the extent that it seeks documents protected

19

from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

Subject to, and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 20:**

**All documents concerning the "industry and other data" used to assess collectability of your accounts receivable, as referenced in your quarterly report filed with the SEC on Form 10-Q on November 6, 2018.**

**RESPONSE:**

Defendants object to Request No. 20 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents concerning 'industry and other data,'" regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. The reference in the Form 10-Q filed on November 6, 2018 to "industry and other data" was specifically in reference to partial payment accounts receivable, which was not at issue in the Restatement. Defendants also object to the extent the Request seeks production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control. Based on their objections, Defendants will not produce documents in response to this Request.

20

**REQUEST FOR PRODUCTION NO. 21:**

All documents concerning the accounting adjustments made in the third-quarter of 2018, relating to the change in estimate of collectability, as referenced in your quarterly report filed with the SEC on Form 10-Q on November 6, 2018.

**RESPONSE:**

Defendants object to Request No. 21 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents concerning the accounting adjustments made in the third quarter of 2018, relating to the change in estimate of collectability," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. The reference in the Form 10-Q filed on November 6, 2018 to the change in estimate was specifically in reference to partial payment accounts receivable, which was not at issue in the Restatement. Defendants also object to the extent the Request seeks production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control. Based on their objections, Defendants will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

All documents concerning AAC's days sales outstanding (DSO).

**RESPONSE:**

Defendants object to Request No. 22 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents concerning AAC's days sales outstanding (DSO)," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object to this Request to the extent that it seeks documents protected from disclosure by the attorney-

21

client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

Subject to and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 23:**

**All documents concerning monthly, quarterly, annual or periodic accounting packages or analyses and supporting documentation, including, but not limited to:**

(i) **final consolidated and consolidating financial statements;**

(ii) **all adjusting, consolidating and eliminating entries and supporting documentation;**

(iii) **all analyses or reports related to provisions for doubtful accounts receivable; and**

(iv) **all analyses or reports concerning days sales outstanding (DSO).**

**RESPONSE:**

Defendants object to Request No. 23 as vague and ambiguous to the extent the phrases "accounting packages," "analyses," "supporting documentation," and "reports" are not defined. Defendants object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents concerning monthly, quarterly, annual, or periodic accounting packages or analyses," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

Subject to, and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 24:**

**All recurring accounting journals, including, but not limited to:**

**(i)     final monthly trial balances;**

**(ii)    final monthly detailed general ledgers;**

**(iii)   final monthly general journal (*i.e.,* listing of all journal entries);**

**(iv)   final monthly A/R aging reports, sorted by customer name; final monthly A/R subledgers or reports, sorted by customer name, including reconciliation to the general ledger; and**

**(v)    final monthly cash receipts reports.**

**RESPONSE:**

Defendants object to Request No. 24 to the extent the phrase "recurring accounting journals" is not defined. Defendants object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll recurring accounting journals," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

Subject to, and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and

defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 25:**

**All documents concerning management's assessments of AAC's internal control over financial reporting and management's evaluations of AAC's disclosure controls and procedures.**

**RESPONSE:**

Defendants object to Request No. 25 as vague and ambiguous to the extent the terms "assessments" and "evaluations" are not defined. Defendants object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents" concerning management's assessments of AAC's internal controls, regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

Subject to, and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 26:**

**All documents concerning the material weaknesses and/or significant deficiencies in AAC's internal controls.**

**RESPONSE:**

Defendants object to Request No. 26 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents concerning the material weaknesses and/or significant deficiencies in AAC's internal controls," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

Subject to, and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 27:**

**All documents concerning the resignation or termination of any AAC executive and/or director, including, but not limited to, documents concerning the reasons for any such resignation.**

**RESPONSE:**

Defendants object to Request No. 27 as vague and ambiguous to the extent the term "executive" is not defined. Defendants object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents concerning the resignation or termination or any AAC executive and/or director," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object to this Request to the extent that it seeks documents protected

25

from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

Subject to and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 28:**

**All documents concerning the market price of AAC common stock.**

**RESPONSE:**

Defendants object to Request No. 28 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents concerning the market price of AAC common stock." Because AAC's historical stock quotes are matters of public record, documents that merely reference the price of AAC stock do not aid in the discovery of any relevant matters otherwise unavailable to Plaintiff. Based on their objections, Defendants will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

**Organizational charts, directories and/or other documents sufficient to identify AAC's senior organizational structure, officers and employees, including all employees who reported to any of the Defendants at any time during the Class Period.**

**RESPONSE**

Defendants will conduct a reasonable search for and produce any non-privileged documents responsive to Request No. 29.

**REQUEST FOR PRODUCTION NO. 30:**

Documents sufficient to show your policy, whether formal or informal, related to the retention and destruction of documents.
**RESPONSE:**

Defendants object to Request No. 30 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. Defendants object to this Request in that it seeks improper discovery about discovery. Defendants also object to this Request to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control. Based on their objections, Defendants will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 31:**

All documents concerning any meeting of the Board and any committee thereof, including, but not limited, Board packages, meeting material, presentations, minutes and notes, agendas and other materials or correspondence sent to the Board or any committee thereof.

**RESPONSE:**

Defendants object to Request No. 31 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it broadly seeks "[a]ll documents concerning any meeting of the Board and any committee thereof," regardless of whether such documents relate to the issues, statements, or omissions identified in the Amended Complaint. Defendants also object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request to the extent it seeks documents that are not within Defendants' possession, custody, or control.

27

Subject to and without waiving their objections, Defendants state that they will conduct a reasonable search for and produce non-privileged documents that are relevant to the claims and defenses in the Action and that are within the parameters of a search protocol agreed to by the parties.

Dated: July 13, 2021

Respectfully submitted by:

/s/ *Lisa R. Bugni*
Jessica P. Corley (*pro hac vice*)
Lisa R. Bugni (*pro hac vice*)
Logan R. Hobson (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel: (404) 572-4600
jpcorley@kslaw.com
lbugni@kslaw.com
lhobson@kslaw.com

W. Travis Parham (TN BPR #16846)
Michael T. Harmon (TN BPR # 27279)
**Waller Lansden Dortch & Davis LLP**
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN 37219
Tel: (615) 244-6380
travis.parham@wallerlaw.com
michael.harmon@wallerlaw.com

*Counsel for Defendants*

28

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 13th day of July, 2021, I served the foregoing via email on the

following counsel of record:

Christopher M. Wood
Christopher H. Lyons
**ROBBINS GELLER RUDMAN
& DOWD LLP**
414 Union Street, Suite 900
Nashville, TN 37219
Tel: (615) 244-2203
cwood@rgrdlaw.com
lyons@rgrdlaw.com

Francisco J. Mejia
**ROBBINS GELLER RUDMAN
& DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
fmejia@rgrdlaw.com

Jerry E. Martin
Bank of America Plaza
**BARRETT JOHNSTON MARTIN
& GARRISON, LLC**
414 Union Street, Suite 900
Nashville, TN 37219
Tel: (615) 244-2202
jmartin@barrettjohnston.com

/s/ *Lisa R. Bugni*
Lisa R. Bugni

29