UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM,) Individually and on Behalf of All Others ) Similarly Situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL T. CARTWRIGHT, KIRK R. ) MANZ and ANDREW W. McWILLIAMS, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Civil Action No. 3:19-cv-00407 <br><br> <u>CLASS ACTION</u> <br><br> Judge Eli J. Richardson <br> Magistrate Judge Alistair E. Newbern <br><br> REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL |

Pursuant to Rule 7.01(a) of the Civil Local Rules of Court for the Middle District of

Tennessee, Class Representative Indiana Public Retirement System ("Plaintiff") respectfully submits

this Reply to Defendants' Response To Plaintiff's Motion For Leave To File Under Seal (ECF 152).[1]

## I.  ARGUMENT

### A.  Defendants Fail to Establish Compelling Reasons to Overcome the Strong Presumption of Open Court Records

Defendants bear a heavy burden to provide "'compelling reasons'" to overcome the "'strong

presumption in favor of openness.'"  *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d

299, 305-06 (6th Cir. 2016); *see also* L.R. 5.03(a).  To shield Plaintiff's Response and exhibits

thereto from public view, Defendants must establish for each document: "(1) 'a compelling interest

in sealing the records'; (2) 'that the interest in sealing outweighs the public's interest in accessing the

---

[1]  Capitalized terms have the same meanings specified in Plaintiff's Response in Opposition to Defendants and Non-Party AAC Holdings, Inc.'s Motion for Privilege Determination (ECF 144) ("Response").  Citations are omitted and emphasis is added unless otherwise indicated.

4882-4121-6600.v1

records'; and (3) 'that the request is narrowly tailored.'" *Gomez v. City of Memphis, Tenn.*, 2020 WL 1918243, at *2 (W.D. Tenn. Apr. 20, 2020).

"Typically, in civil litigation, """only trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)"""" are enough to overcome the presumption of access." *In re Envision Healthcare Corp. Sec. Litig.*, 2021 WL 1110669, at *1 (M.D. Tenn. Mar. 23, 2021). "The fact that a document will reveal 'competitively-sensitive financial and negotiating information' is not an adequate justification for sealing – rather, 'the proponents of closure bears the burden of showing that "disclosure will work a clearly defined and serious injury.""" *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 639 (6th Cir. 2019).

### 1. The "Short-Pay Exhibits" (Exhibits 3-4, 6-11)

Defendants' "bare assertions" that the contents of Exhibits 3 and 4 could "provide a leg-up to AAC's competitors" are insufficient to show a compelling interest in sealing the records wholesale. Order, *St. Clair Cnty. Emps.' Ret. Sys. v. Acadia Healthcare Co., Inc.*, No. 3:18-cv-00988 (M.D. Tenn. March 23, 2023) (ECF 226). Defendants do not contend these documents contain "trade secrets," nor do they demonstrate precisely why the generalized, unspecific discussions regarding unnamed "companies" in Exhibits 3 and 4 must be sealed. Nor do Defendants explain how the stale, generalized information reflected in Exhibits 3 and 4 could prove competitively useful in 2023, or how their request to seal these records wholesale is narrowly tailored. Their request should be denied. *Ambac Assurance Corp. v. EMC Mortg. Corp.*, 2010 WL 11595698, at *28 (S.D.N.Y Dec. 16, 2010) ("EMC has failed to explain how disclosure of its policies and practices with regard to securitizing mortgages, from 2005 through 2007 [3-5 years ago] 'would reveal business information that is sufficiently valuable and secret that it could cause competitors to harm them now.'"); *Shane*

*Grp.*, 825 F.3d at 308 ("[T]he particulars of years-ago negotiations are unlikely to amount to a trade secret.").

The contention that Exhibits 6-8 should be sealed in their entirety because a "nearly identical" exhibit was publicly filed with redactions (ECF 152 at 2, 5, 7) fails to present a proper basis for sealing these exhibits in their entirety. With respect to Exhibits 9-11, Plaintiff agrees these documents should not remain sealed in their entirety, but disagrees that the names of persons are *per se* sealable information. Exhibits 17-19 – which Defendants propose filing publicly (ECF 152 at 10) – identify by name several current or former employees of AAC and third-parties, and Defendants' proposed redactions, which are not limited to the names of non-parties, are not narrowly tailored. *See* Ex. 11.[2]

### 2. The "SEC Investigation Exhibits" (Exhibits 1-2, 5, 12-14)

Defendants' premise for shielding Exhibit 5 from the public – that unsealing it "could negatively impact" AAC – is wholly insufficient to demonstrate a "compelling interest" in sealing that outweighs the public's interest in accessing Exhibit 5. That Exhibit 5 may not cast AAC in a flattering light is entirely insufficient to shield it from public view. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983) ("Simply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records."). Defendants' request to seal the entire Exhibit 5 (including its references to publicly available information) is not narrowly

---

[2]     Defendants' authorities are inapposite. ECF 152 at 6-7, citing *Abraham, Inc. v. U.S.*, 2020 WL 3173036, at *1 (S.D. Ohio June 15, 2020) ("personally identifying information relating to SNAP households"); *Ewalt v. GateHouse Media Ohio Holding II, Inc.*, 2021 WL 4841064, at *2 (S.D. Ohio Oct. 18, 2021) ("email addresses, account numbers, credit card details, home addresses, phone numbers, and names of third parties"); *Price v. Hartford Life & Accident Ins. Co.*, 2022 WL 656613, at *1 (S.D. Ohio Mar. 4, 2022) ("medical records").

- 3 -

tailored, and, in light of the fact Exhibit 5 does not identify persons by name, the concerns Defendants raise with respect to Exhibits 6-11 do not even apply. The request should be denied.

Although copies of the presentations marked as Exhibits 13 and 14 were sealed on February 21, 2023, Defendants do not claim that the information contained therein are privileged, are required by statute to be maintained in confidence, or reflect "trade secrets."[3] Instead, Defendants offer conclusory assertions that the presentations contain "competitive" information that could "benefit" unspecified "competitors" of AAC. ECF 152 at 8. Defendants' other reasoning for sealing – that the documents relate to "a non-public SEC investigation" (ECF 152 at 8) – is undermined by the fact: (a) the SEC investigation was publicly disclosed by AAC on November 6, 2018; and (b) Exhibits 1-2 – which Defendants seek to file publicly – contain correspondence regarding the SEC's investigation. The fact that Exhibits 13 and 14 contain stale information dated over four years ago further undercuts Defendants' request.[4]

### 3. The "Privilege Dispute Exhibits" (Exhibits 15-20)

Defendants' vague assertions with respect to Exhibits 15-16 and 20 – correspondence between the parties regarding discovery matters – fail to "'show[] that "disclosure will work a clearly defined and serious injury."'" *Kondash.*, 767 F. App'x at 639. Nor do Defendants explain how their unspecified "interest" in keeping this information hidden from public view "outweighs the public's interest in accessing the records," or that Defendants' request to seal these documents in

---

[3] Mem. at 7 ("Before providing such materials to Plaintiff, however, Defendants made clear that no privilege applied to the documents.").

[4] *E.g.*, *Ambac Assurance*, 2010 WL 11595698, at *28; *Shane Grp.*, 825 F.3d at 308; *Feenix Payment Sys., LLC v. Steel Cap. Mgmt., LLC*, 2021 WL 2188169, at *2-*3 (D. Del. May 28, 2021); *Ramirez v. Trans Union, LLC*, 2017 WL 1549330, at *5-*7 (N.D. Cal. May 1, 2017) (denying sealing where the defendant failed to explain how six-year old information would competitively harm defendant if disclosed).

their entirety is "narrowly tailored." Exhibits 15 and 20 do not reference AAC employees by name, which further supports public disclosure of these exhibits.

### 4. Response Brief

Defendants' premise for sealing the entire Response – that it "quotes extensively from the confidential exhibits" – is utterly inadequate to justify sealing the entire Response. The fact that the Response cites to documents Defendants designated "Confidential" is insufficient to seal it wholesale, particularly in light of Defendants' concession that several documents they designated as "confidential" should be filed publicly. *E.g.*, Exs. 1-2, 17-19. *Shane Grp.*, 825 F.3d at 305 ("[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason.").

Defendants' statement that short-pays "have nothing to do with Plaintiff's claims" is simply false. ECF 152 at 9. Despite Defendants' wishful efforts to undermine the relevance of the short-pay issue to Plaintiff's claims, Plaintiff's short-pay or "partial payment" allegations were recently certified for class treatment as part of the "Restatement Claim." ECF 138 at 7-8. Indeed, the issue of short-pays is, and has been, central to Plaintiff's claims. *See, e.g.*, Response at 17-18 (explaining "short-pays are squarely at issue in this case"); ¶¶58, 95, 112, 120, 122, 125-26, 144.

Finally, Defendants fail to demonstrate a "compelling interest" in sealing that outweighs the public's interest in accessing court records regarding healthcare billing practices, the costs of addiction treatment, and the conduct that gave rise to the lawsuit. ECF 128 at 6 n.4 ("[T]he public's interest in viewing the conduct that gave rise to the lawsuit is a separate interest that supports access to court-filed documents."). Defendants' failure to meet this requirement defeats their request to seal Plaintiff's Response.

4882-4121-6600.v1

DATED: March 23, 2023

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
CHRISTOPHER D. STEWART
FRANCISCO J. MEJIA
JACK ABBEY GEPHART

                s/ Christopher D. Stewart
        CHRISTOPHER D. STEWART

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
cstewart@rgrdlaw.com
fmejia@rgrdlaw.com
jgephart@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853
HENRY S. BATOR, #040431
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com
hbator@rgrdlaw.com

Lead Counsel for Indiana Public Retirement
System

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com

- 6 -

Local Counsel

4882-4121-6600.v1

Case 3:19-cv-00407     Document 159     Filed 03/23/23     Page 7 of 9 PageID #: 3337

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on March 23, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher D. Stewart
CHRISTOPHER D. STEWART

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  cstewart@rgrdlaw.com

# Mailing Information for a Case 3:19-cv-00407 Caudle v. AAC Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Henry Scattergood Bator**
  hbator@rgrdlaw.com

- **Lohr Alexandria Beck**
  lohr.beck@kslaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Lisa R. Bugni**
  lbugni@kslaw.com

- **Jessica Perry Corley**
  jpcorley@kslaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jack A. Gephart**
  jgephart@rgrdlaw.com

- **Logan R. Hobson**
  lhobson@kslaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Brandon R. Keel**
  bkeel@kslaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Jonathan Lindenfeld**
  jlindenfeld@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,e_file_sd@rgrdlaw.com,clyons@ecf.courtdrive.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,jkarsten@barrettjohnston.com,elusnak@barrettjohnston.com,jmartin@rgrdlaw.com

- **Francisco J. Mejia**
  fmejia@rgrdlaw.com

- **W. Travis Parham**
  travis.parham@hklaw.com,shelli.dimarco@hklaw.com,pat.grace@hklaw.com

- **Ronni D. Solomon**
  rsolomon@kslaw.com

- **Christopher Stewart**
  cstewart@rgrdlaw.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,agonzales@ecf.courtdrive.com,CWood@ecf.courtdrive.com,agonzales@rgrdlaw.coom,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis(

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)