UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM,) Individually and on Behalf of All Others Similarly Situated, ) ) ) ) Plaintiff, ) ) vs. ) ) MICHAEL T. CARTWRIGHT, KIRK R. MANZ and ANDREW W. McWILLIAMS, ) ) ) Defendants. ) ) ) | Civil Action No. 3:19-cv-00407 <u>CLASS ACTION</u> Judge Eli J. Richardson Magistrate Judge Alistair E. Newbern REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MEMORANDUM ORDER AND OPINION GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION |

## I.    Defendants Misstate the Applicable Standard of Review

The Motion sets forth the standard this Court has applied in considering reconsideration.

ECF 150 at 3 (citing *Ratcliffe v. Food Lion, LLC*, 2019 WL 6242302, at \*1 (M.D. Tenn. Nov. 20,

2019)).  Unhappy with that standard, Defendants attempt to articulate a different one, citing *Norman*

*v. Nissan N. Am.*, 2022 WL 469076, at \*2 (M.D. Tenn. Feb. 15, 2022), yet omit critical portions of

the opinion in an attempt to twist the standard into one they claim Plaintiff cannot meet.[1]

Defendants' unwillingness to straightforwardly cite this Court's own rulings speaks volumes about

the merits (or lack thereof) of their Opposition.[2]

---

[1]    Defendants excise the Court's holding that reconsideration is appropriate if the Court "overlooked material facts . . . that were presented by the movant in its prior motion and that would result in a different disposition."  *Compare* ECF 162 at 2-4, *with Norman*, 2022 WL 469076, at \*2. Defendants then contend that the Motion "is entirely improper" because it "presents no change in law, new evidence, or controlling authority the Court failed to follow," in spite of the fact that reconsideration is not limited to those situations under *Norman* or *Ratcliffe*.  ECF 162 at 4.

[2]    While Defendants contend this is the "third motion for reconsideration Plaintiff has filed" (ECF 162 at 1), the other motions were both directed at orders issued prior to the deadline for Plaintiff to file an opposition.  This is the only Motion for reconsideration Plaintiff has filed with respect to a fully briefed motion.

- 1 -

Nor are Defendants correct that Plaintiff is improperly "presenting the same arguments the Court already rejected." ECF 162 at 3. Rather, the Motion: (i) discusses the authority and legal principles the Order applied with respect to damages; and (ii) explains how the Order misunderstood, and did not specifically address, the evidence that demonstrates Plaintiff's damages showing was sufficient.[3]

Contrary to Defendants' contentions, Plaintiff is not asserting that "'perhaps on balance [the Court] should have gone the other way.'" ECF 162 at 2. Rather, in the context of a "'confusing area of the case law'" (ECF 138 at 24) (quoting *Grae v. Corr. Corp. of Am.*, 330 F.R.D. 481, 498 (M.D. Tenn. 2019)), where "the Court must work within the parameters of the law as it exists at the given time, no matter how detached from reason it may be" (ECF 138 at 25 n.16), Plaintiff is asserting that it satisfied the very legal standards the Order concluded it "appear[ed]" Plaintiff had not satisfied. Under such circumstances, reconsideration is entirely appropriate. *E.g.*, *Ratcliffe*, 2019 WL 6242302, at *2 ("the Court finds that it made a clear error in failing to adequately consider the ramifications of specific information in the declarations offered by Plaintiff").

## II.     Plaintiff Established that Damages for the Marketing Claim Can Be Reliably Calculated on a Class-Wide Basis Consistent with Its Theory of Liability

Much of the Opposition focuses on rebutting strawman arguments Plaintiff has not made. For instance, Defendants assert that "Plaintiff identifies no controlling authority that is contrary to the Court's ruling" and that the Court "did not 'patently misunderstand' Plaintiff's theory of liability for its Marketing Claim." ECF 162 at 5-7. The Motion is predicated on neither of these bases.

Defendants are also incorrect that "the Court's Opinion excerpted the relevant portion of Plaintiff's reply and the Dalrymple Rebuttal Report describing how Dalrymple proposed to – at

---

[3]    *E.g.*, ECF 99-2, ¶¶61-72.

4866-0699-9130.v1

some point in the future – calculate damages." ECF 162 at 8. In fact, the Order did not cite to or discuss *any portion* of Dalrymple's Rebuttal Report regarding damages. ECF 99-2, ¶¶56-80.

Defendants' remaining contentions also fail. ***First***, Defendants' assertion that Dalrymple's use of the term "corrective disclosure" meant he was proposing a methodology inconsistent with Plaintiff's theory of liability is not credible. *See* ECF 162 at 8-9. Defendants do not contest or even acknowledge that Dalrymple's language was ***consistent*** with how Judge Trauger discussed "corrective disclosures" in *Bond v. Clover Health Invs. Corp.*, 587 F. Supp. 3d 641, 679-80 (M.D. Tenn. 2022), and ***consistent*** with how Defendants' own expert used the term. ECF 150 at 5-6.

***Second***, Defendants are wrong that Dalrymple's description of his methodology was inadequate. *See* ECF 162 at 10-12. Importantly, the Order held that Plaintiff "presented its damages model as to its ***Restatement Claim*** in sufficient detail for class certification," including that "'curative events' indicate the 'extent to which the share price had been inflated by material misrepresentations'" and that "such inflation can be measured 'using widely accepted valuation and economic techniques.'" ECF 138 at 49. As the Motion explained, and Defendants ***do not dispute***, this same model would be appropriate to calculate damages under a "'materialization of an understated risk'" theory ***if*** "'the probability of the risk materializing was 100 percent.'" ECF 150 at 12 (quoting *In re BP p.l.c. Sec. Litig.*, 2016 WL 3090779, at *33 (S.D. Tex. May 31, 2016)).[4] When the probability of the risk materializing is less than 100%, the amount of inflation can be reduced, if appropriate, to reflect the extent of the risk concealed using "'widely accepted valuation and economic techniques.'" ECF 99-2, ¶¶59, 61-72.

---

[4] For this reason, Defendants' contention that "Plaintiff cannot justify reconsideration by referencing the same argument it already made" is inapt. *See* ECF 162 at 14. The district court's decision in *BP* provides important context regarding how damages can be calculated under a materialization-of-risk theory. *BP* demonstrates, in part, how the methodology Plaintiff described is consistent with *Ludlow v. BP, P.L.C*, 800 F.3d 674 (5th Cir. 2015), upon which the Order relied.

- 3 -

Defendants' contention that Dalrymple provides only "generic, boilerplate descriptions of supposedly 'standard financial analysis and valuation tools' he supposedly could use" is irreconcilable with the Order's findings regarding the Restatement Claim. *See* ECF 162 at 11. Dalrymple actually provides specific examples and descriptions of the tools available for valuing risk, and explains he has used such tools to reliably calculate class-wide damages in a case with a materialization-of-risk theory *in this very District* just two years ago. ECF 99-2, ¶70.[5]

Plaintiff is not trying to "side-step [any] requirement by saying that Dalrymple created such a damages model in a different case." ECF 162 at 12. Rather, Dalrymple *established* that "'a reliable means for measuring damages with reasonable accuracy in the aggregate'" (ECF 138 at 42) is available by identifying another case where Dalrymple had constructed the exact model Defendants contended Plaintiff had not explained. Nothing more is required.

### III. Plaintiff's Methodology Is Consistent with Legal Standards the Court Applied

Plaintiff is not asserting that *Grae*, *Mulderrig*, or *Ludlow* is controlling precedent mandating reconsideration, and Defendants' suggestions to the contrary are yet another attempt to defeat a strawman. *See* ECF 162 at 12. Plaintiff's discussion of these cases demonstrates how Plaintiff met its burden with respect to class-wide damages by presenting a methodology consistent with the authority upon which the Order relied.

First, it is not the case that "plaintiffs' expert in *Mulderrig* did effectively the same thing as Dalrymple did here." *See* ECF 162 at 13. The portion of the *Mulderrig v. Amyris, Inc.*, 340 F.R.D. 575 (N.D. Cal. 2021), expert report and plan of allocation Defendants cite both involve "the issue of

---

[5] Tellingly, while Defendants asked for, and were granted, permission to file a sur-reply (and an accompanying expert report) responding to the Rebuttal Report, Defendants *did not* challenge Dalrymple's explanation of how damages could be calculated consistent with Plaintiff's theory of liability for the Marketing Claims. *See* ECF 109. Quite the opposite: Defendants suggested that if the Court were to certify a class, it should "*certify only the Marketing Claim*." ECF 109 at 5.

- 4 -

non-constant inflation throughout the Class Period" (ECF 162-1, ¶35; *id.* at Ex. 1 at 12-14), not "how to factor in the risk on which Plaintiff bases its materialization-of-the-risk theory." ECF 138 at 48.

Second, Defendants' assertion that "Plaintiff's appeal to an 'out-of-pocket' damages methodology when pursuing a materialization-of-the-risk theory of liability does not solve the fundamental problems recognized in *Ludlow*" (ECF 162 at 14) is unsupported by any authority, and Defendants fail to respond ***in any way*** to Plaintiff's explanation of why the potential concerns set forth in the Order's footnote regarding this very issue (ECF 138 at 43-44 n.25) does not pose a problem under *Basic Inc. v. Levinson*, 485 U.S. 224 (1988). ECF 150 at 11 n.9.

Finally, Defendants' assertions that the *Grae* opinions are irrelevant because they addressed price impact, and that Dalrymple has not submitted a damages report in this case, completely miss the mark. *See* ECF 162 at 15-17. The Order relied on several of Judge Trauger's opinions in *Grae*, and rightly so. ECF 138 at 18, 20, 25. The Motion (ECF 150 at 8-11) and the Reply (ECF 98 at 17-18) explain that *Grae* involved the same theory of liability as the Marketing Claim, that Judge Trauger found Dalrymple had appropriately calculated damages consistent with that theory at summary judgment, and how the same tools could be used here in connection with the same theory of liability. The fact that Judge Trauger did not specifically address whether damages could be calculated on a class-wide basis at class certification does nothing to detract from the fact that *Grae* strongly supports a finding that Plaintiff can reliably calculate damages on a class-wide basis consistent with its theory of liability.

## IV. Harm and Injustice Would Result if Reconsideration Were Denied

Defendants contend that Plaintiff "has not shown" class members lack the practical ability to pursue their claims absent certification. ECF 162 at 17. But the Order already held that "the cost of pursuing individual claims [is] impracticable and inefficient." ECF 138 at 51. *Pettrey v. Enter. Title*

*Agency, Inc.*, 242 F.R.D. 384, 386 (N.D. Ohio 2007), is inapposite. There, unlike here, the plaintiff moved for reconsideration to ask the court to certify a different class from the one the plaintiff had originally proposed.

For the foregoing reasons, Plaintiff respectfully submits that the Court should reconsider the Order and amend the Class and Claims to include the Marketing Claim and Scheme Claim predicated on Defendants' marketing practices.

DATED: April 3, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853
HENRY S. BATOR, #040431


s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com
hbator@rgrdlaw.com

4866-0699-9130.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
CHRISTOPHER D. STEWART (*pro hac vice*)
FRANCISCO J. MEJIA (*pro hac vice*)
JACK ABBEY GEPHART (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
cstewart@rgrdlaw.com
fmejia@rgrdlaw.com
jgephart@rgrdlaw.com

Class Counsel

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com

Local Counsel

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on April 3, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)

Email:  cwood@rgrdlaw.com

4866-0699-9130.v1

# Mailing Information for a Case 3:19-cv-00407 Caudle v. AAC Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Henry Scattergood Bator**
  hbator@rgrdlaw.com

- **Lohr Alexandria Beck**
  lohr.beck@kslaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Lisa R. Bugni**
  lbugni@kslaw.com

- **Jessica Perry Corley**
  jpcorley@kslaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jack A. Gephart**
  jgephart@rgrdlaw.com

- **Logan R. Hobson**
  lhobson@kslaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Brandon R. Keel**
  bkeel@kslaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Jonathan Lindenfeld**
  jlindenfeld@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,e_file_sd@rgrdlaw.com,clyons@ecf.courtdrive.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,jkarsten@barrettjohnston.com,elusnak@barrettjohnston.com,jmartin@rgrdlaw.com

- **Francisco J. Mejia**
  fmejia@rgrdlaw.com

- **W. Travis Parham**
  travis.parham@hklaw.com,shelli.dimarco@hklaw.com,pat.grace@hklaw.com,EWard@KSLAW.com

- **Ronni D. Solomon**
  rsolomon@kslaw.com

- **Christopher Stewart**
  cstewart@rgrdlaw.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,agonzales@ecf.courtdrive.com,CWood@ecf.courtdrive.com,agonzales@rgrdlaw.coom,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis(

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)