# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF TENNESSEE

# NASHVILLE DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>MICHAEL T. CARTWRIGHT, KIRK R. MANZ and ANDREW W. McWILLIAMS,<br><br>                Defendants. | Civil Action No. 3:19-cv-00407<br><br>CLASS ACTION<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern<br><br>PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR: (I) PRELIMINARY APPROVAL OF SETTLEMENT; (II) CLASS CERTIFICATION; AND (III) APPROVAL OF NOTICE TO THE CLASS |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. THE TERMS OF THE SETTLEMENT.................................................................3

III. THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL ..................5

    A. Plaintiff and Class Counsel Have Adequately Represented the Class.....................7

    B. The Settlement Is the Result of a Thorough, Rigorous, and Arm's-Length Negotiation Process .........................................................................8

    C. The Settlement Also Satisfies Rule 23(e)(2)(C)'s Adequacy Criteria.....................9

        1. The Settlement Is Adequate in Light of the Costs, Risks, and Delay of Trial and Appeal .............................................................9

        2. The Method of Distributing Relief Is Effective.........................................10

        3. Attorneys' Fees and Expenses ...................................................................11

        4. Identification of Agreements .....................................................................12

    D. Class Members Are Treated Equitably ...................................................................12

    E. The Judgment of Experienced Trial Counsel.........................................................12

    F. The Sixth Circuit's Public Interest Factor Is Satisfied...........................................13

IV. THE PROPOSED NOTICE PROGRAM IS APPROPRIATE ........................................14

V. THE COURT SHOULD PRELIMINARILY CERTIFY THE CLASS............................15

    A. The Class Meets the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure .........................................................................17

        1. Numerosity.................................................................................................17

        2. Commonality..............................................................................................17

        3. Typicality ...................................................................................................18

        4. Adequacy ...................................................................................................18

4880-4900-3359.v2

B.     The Class Meets the Requirements of Rule 23(b) of the Federal Rules of Civil Procedure ...........................................................................................................19

VI.     PROPOSED SCHEDULE OF EVENTS........................................................................22

VII.    CONCLUSION..............................................................................................................23

4880-4900-3359.v2

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)...................................................................................................18, 19, 20

*Ballan v. Upjohn Co.*,
159 F.R.D. 473 (W.D. Mich. 1994)........................................................................................17

*Beach v. Healthways, Inc.*,
2010 U.S. Dist. LEXIS 33765
(M.D. Tenn. Apr. 2, 2010)......................................................................................................16

*Bovee v. Coopers & Lybrand*,
216 F.R.D. 596 (S.D. Ohio 2003).....................................................................................19, 21

*Califano v. Yamasaki*,
442 U.S. 682 (1979)................................................................................................................22

*Cates v. Cooper Tire & Rubber Co.*,
253 F.R.D. 422 (N.D. Ohio 2008) .........................................................................................18

*Daffin v. Ford Motor Co.*,
458 F.3d 549 (6th Cir. 2006) .................................................................................................17

*Deutschman v. Beneficial Corp*,
132 F.R.D. 359 (D. Del. 1990) ..............................................................................................19

*Fidel v. Farley*,
534 F.3d 508 (6th Cir. 2008) .................................................................................................14

*Franks v. Kroger Co.*,
649 F.2d 1216 (6th Cir. 1981),
*vacated on other grounds and modified*,
670 F.2d 71 (6th Cir. 1982) ...................................................................................................13

*Grae v. Corr. Corp. of Am.*,
2021 WL 5234966
(M.D. Tenn. Nov. 8, 2021) .....................................................................................................11

*Hyland v. HomeServices of Am., Inc.*,
2012 WL 122608
(W.D. Ky. Jan. 17, 2012)..........................................................................................................8

4880-4900-3359.v2

Case 3:19-cv-00407  Document 169  Filed 05/18/23  Page 4 of 33 PageID #: 3488

*In re Am. Med. Sys., Inc.*,
75 F.3d 1069 (6th Cir. 1996) .........................................................................................15, 18

*In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*,
248 F.R.D. 483 (E.D. Mich. 2008) ............................................................................19

*In re Direct Gen. Corp. Sec. Litig.*,
2006 WL 2265472
(M.D. Tenn. Aug. 8, 2006) ........................................................................................17

*In re Direct Gen. Corpo. Sec. Litig.*,
2006 U.S. Dist. LEXIS 56128
(M.D. Tenn. 2006) .....................................................................................................18

*In re Genworth Fin. Sec. Litig*,
2016 U.S. Dist. LEXIS 132269
(E.D. Va. Sept. 26, 2016).............................................................................................11

*In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mex. on Apr. 20, 2010*,
910 F. Supp. 2d 891 (E.D. La. 2012),
*aff'd*, 739 F.3d 790 (5th Cir. 2014) .........................................................................17

*In re Se. Milk Antitrust Litig.*,
2013 U.S. Dist. LEXIS 70167 (E.D. Tenn. May 17, 2013)......................................11

*In re Skelaxin Metaxalone Antitrust Litig.*,
2014 U.S. Dist. LEXIS 60214 (E.D. Tenn. Apr. 30, 2014).....................................13

*In re Skelaxin (Metaxalone) Antitrust Litig.*,
2014 WL 2946459 (E.D. Tenn. June 30, 2014)......................................................11

*In re Telectronics Pacing Sys., Inc.*,
137 F. Supp. 2d 985 (S.D. Ohio 2001) .....................................................................6

*Int'l Union, United Auto., Aerospace, & Agric.*
*Implement Workers of Am. v. Gen. Motors Co.*,
497 F.3d 615 (6th Cir. 2007) .....................................................................................13

*IUE-CWA v. Gen. Motors Corp.*,
238 F.R.D. 583 (E.D. Mich. 2006) ............................................................................13

*Kizer v. Summit Partners, L.P.*,
2012 WL 1598066 (E.D. Tenn. May 7, 2012)..........................................................14

4880-4900-3359.v2

Case 3:19-cv-00407    Document 169    Filed 05/18/23    Page 5 of 33 PageID #: 3489

*Miracle v. Bullitt Cnty., Ky.*,
2008 WL 3850477 (W.D. Ky. Aug. 15, 2008) ..........................................................................8

*Motter v. O'Brien*,
2014 U.S. Dist. LEXIS 79982 (S.D. Ohio June 12, 2014) .................................................7, 13

*NY State Tchrs' Ret. Sys. v. Gen. Motors Co.*,
315 F.R.D. 226 (E.D. Mich. 2016), *aff'd sub nom.*
*Marro v. NY State Tchrs' Ret. Sys.*,
2017 WL 6398014 (6th Cir. Nov. 27, 2017)..........................................................................10

*Picard Chem., Inc. Profit Sharing Plan v. Perrigo Co.*,
1996 WL 739170 (W.D. Mich. Sept. 27, 1996) .....................................................................21

*Powers v. Hamilton Cnty. Pub. Def. Comm'n*,
501 F.3d 592 (6th Cir. 2007) ................................................................................................19

*Putnam v. Davies*,
169 F.R.D. 89 (S.D. Ohio 1996) ...........................................................................................18

*Randleman v. Fid. Nat'l Title Ins. Co.*,
251 F.R.D. 267 (N.D. Ohio 2008) .........................................................................................17

*Ret. Sys. v. Comerica Bank*,
2013 WL 12239522 (Dec. 27, 2013) .......................................................................................9

*Ret. Sys. v. Psychiatric Sols., Inc.*,
2012 U.S. Dist. LEXIS 44445
(M.D. Tenn. Mar. 29, 2012)............................................................................................16, 18

*Ross v. Abercrombie & Fitch Co.*,
257 F.R.D. 435 (S.D. Ohio 2009).....................................................................................17, 18

*Senter v. Gen. Motors Corp.*,
532 F.2d 511 (6th Cir. 1976) ................................................................................................19

*Sprague v. Gen. Motors Corp.*,
133 F.3d 388 (6th Cir. 1998) ................................................................................................18

*Sullivan v. DB Invs., Inc.*,
667 F.3d 273 (3d Cir. 2011)..................................................................................................16

4880-4900-3359.v2

*Weinberg v. Insituform Techs.*,
  1995 U.S. Dist. LEXIS 5124
  (W.D. Tenn. Apr. 7, 1995)..................................................................................................21

*Weiner v. Tivity Health, Inc.*,
  334 F.R.D. 123 (M.D. Tenn. 2020) .....................................................................................18

*Williams v. Vokovich*,
  720 F.2d 909 (6th Cir. 1983) ........................................................................................12, 14

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
  §78u-4(a)(4) ..........................................................................................................1, 3, 4, 12
  §78u-4(a)(7) ......................................................................................................................14

Federal Rules of Civil Procedure
  Rule 23 ...........................................................................................................................3, 22
  Rule 23(a)...................................................................................................................16, 17
  Rule 23(a)(1) ..................................................................................................................17
  Rule 23(a)(2) ........................................................................................................2, 17, 18
  Rule 23(a)(3) ..................................................................................................................18
  Rule 23(a)(4) ...........................................................................................................18, 19
  Rule 23(b) ................................................................................................................19, 20
  Rule 23(b)(3).......................................................................................................16, 20, 22
  Rule 23(c)(2) ..................................................................................................................14
  Rule 23(e).....................................................................................................................7, 14
  Rule 23(e)(1) ...................................................................................................................2, 5
  Rule 23(e)(1)(B)...........................................................................................................5, 14
  Rule 23(e)(2) ..............................................................................................................2, 5, 6
  Rule 23(e)(2)(C)................................................................................................................9
  Rule 23(e)(2)(A) ...............................................................................................................7
  Rule 23(e)(2)(C)(i)............................................................................................................9
  Rule 23(e)(2)(C)(ii).........................................................................................................10
  Rule 23(e)(2)(C)(iii).........................................................................................................11
  Rule 23(e)(2)(C)(iv).........................................................................................................12
  Rule 23(e)(2)(D) .............................................................................................................12
  Rule 23(e)(3)......................................................................................................................6
  Rule 30(b)(6).....................................................................................................................7
  Rule 45 ...............................................................................................................................7

Treasury Regulations
  §1.468B-1..........................................................................................................................4

Class Representative Indiana Public Retirement System ("Plaintiff") respectfully submits this memorandum in support of its motion for preliminary approval of settlement reached in this Litigation ("Settlement").  This proposed Settlement provides a recovery of $3,750,000 in cash to resolve this securities class action against all Defendants.[1]  The Settlement is memorialized in the Stipulation of Settlement dated May 17, 2023 ("Stipulation"), filed concurrently herewith.  Counsel for Plaintiff has met and conferred with counsel for the Defendants, and the Defendants do not oppose the relief requested herein.

By this motion, Plaintiff seeks entry of an order: (1) granting preliminary approval of the proposed Settlement; (2) approving the form and manner of giving notice of the proposed Settlement to the Class; (3) preliminarily granting class certification for settlement purposes; and (4) setting a hearing date for the Court to consider final approval of the Settlement, approval of the Plan of Allocation of the Net Settlement Fund, Class Counsel's application for attorneys' fees and expenses, and Plaintiff's application for an award pursuant to 15 U.S.C. §78u-4(a)(4) reflecting its time and expenses (the "Final Approval Hearing"), and a schedule for various deadlines relevant thereto ("Preliminary Approval Order").  As shown below, the Settlement is a very good result for the Class under the circumstances; is fair, reasonable, and adequate under the governing standards in this Circuit; and warrants preliminary and ultimately final approval by this Court.

## I.      INTRODUCTION

As set forth in the Stipulation, the Settlement provides for the payment of $3.75 million in cash to resolve this securities class action against all Defendants.  This is a significant recovery for the Class and was reached by experienced counsel following more than three years of vigorous

---

[1]     Unless otherwise defined herein, all capitalized terms used herein shall have the meanings provided in the Stipulation.  Emphasis is added and citations are omitted throughout unless otherwise noted.

- 1 -

litigation and arm's-length mediation overseen by a highly experienced mediator, Gregory P. Lindstrom of Phillips ADR. The proposed Settlement satisfies Rule 23(e)(2) of the Federal Rules of Civil Procedure and the Sixth Circuit's standards for settlement approval. The Settlement is fair, reasonable, and adequate as it provides for the all-cash recovery without the risks of further litigation.

Plaintiff and Class Counsel approve of the Settlement. Plaintiff is a sophisticated institutional investor with billions of dollars of assets under management and experience overseeing securities fraud litigation. Class Counsel Robbins Geller Rudman & Dowd LLP ("Robbins Geller") has substantial securities litigation experience and has litigated hundreds of cases to resolution; its attorneys are recognized as leading experts in the field. Plaintiff retained Robbins Geller specifically because of its experience and acumen in large complex securities matters like this one, as well as its experience with this Court.

In accepting the mediator's proposal, Plaintiff and Class Counsel understood there were serious risks in continued litigation. Although Plaintiff believes very strongly in the merits of this case, Defendants believe very strongly in their defenses. At trial, Plaintiff would have had the burden of proving each of the elements of its claims, while Defendants have to defeat just one to prevail. Continuing to litigate expert discovery, summary judgment, trial, and any appeals would have been very expensive, could have dragged on for years, and could have raised substantial risks of either reduced or no recovery. Considering the recovery provided for the Class in this Settlement against the risks incurred in continuing to prosecute the case, the Settlement at this juncture is a strong recovery in the Class' best interests.

At this stage, the Court need only determine that it will "likely" be able to approve the proposal under Rule 23(a)(2) (*see* Fed. R. Civ. P. 23(e)(1)) such that the Class should be notified of

the proposed Settlement.  In light of the substantial recovery obtained and the risks and expenses posed by a trial of this case, Plaintiff respectfully requests that the Court enter the Preliminary Approval Order, which will, among other things:

- certify the Class for settlement purposes only;

- approve the form and content of the Notice, Proof of Claim and Release form, and Summary Notice attached as Exhibits 1-3 to the Preliminary Approval Order;

- find that the procedures for distribution of the Notice and publication of the Summary Notice in the manner and form set forth in the Preliminary Approval Order constitute the best notice practicable under the circumstances and comply with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and

- set a schedule and procedures for: disseminating the Notice and publication of the Summary Notice; requesting exclusion from the Class; objecting to the Settlement, the Plan of Allocation or Class Counsel's application for an award of attorneys' fees and litigation expenses, including an award to Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4); submitting papers in support of final approval of the Settlement; and the Final Approval Hearing.

## II. THE TERMS OF THE SETTLEMENT

The Settlement set forth in the Stipulation resolves, fully, finally and with prejudice, the claims against Defendants of a class of all Persons who, between March 8, 2017 and April 15, 2019, inclusive, purchased or otherwise acquired AAC Holdings, Inc. ("AAC") common stock.

Pursuant to the proposed Settlement, Defendants will pay $3.75 million ("Settlement Amount"), which will be deposited into an interest-bearing escrow account ("Escrow Account") no later than 14 business days from entry of the Preliminary Approval Order.  Interest on the Settlement Amount will accrue for the benefit of the Class and is referred to herein as the Settlement Fund. Notice to the Class and the cost of settlement administration ("Notice and Administration Costs") will be funded by the Settlement Fund.  Stipulation, ¶2.9.  Plaintiff proposes that a nationally recognized class action settlement administrator, Gilardi & Co. LLC ("Gilardi"), be appointed here

- 3 -

to oversee notice and administration. The proposed notice plan and plan for claims processing is discussed below in §IV.

Because the Settlement Fund is a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1, the income earned on the Settlement Fund is taxable. All Taxes and Tax Expenses shall be paid out of the Settlement Fund.

Plaintiff intends to request an amount not to exceed $25,000 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class. Any such amounts the Court awards shall be paid from the Settlement Fund.

Class Counsel will submit an application with its opening papers in support of final approval of the Settlement for: (a) an award of attorneys' fees in the amount of up to 17% of the Settlement Amount; (b) payment of expenses or charges resulting from the prosecution of the Litigation not to exceed $695,000; and (c) any interest on such amounts at the same rate and for the same period as earned by the Settlement Fund. Such fees and expenses shall be paid from the Settlement Fund once the Court executes the Judgment and upon entry of the order awarding such fees and expenses.

Once Notice and Administration Costs, Taxes, Tax Expenses, Court-approved attorneys' fees and expenses, and any award to Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) have been paid from the Settlement Fund, the remaining amount ("Net Settlement Fund") shall be distributed pursuant to the Court-approved Plan of Allocation to Authorized Claimants who are entitled to a distribution of at least $10.00. The Plan of Allocation treats Class Members equitably and accounts for the strengths of their particular claims.

The Settling Parties have entered into a Supplemental Agreement providing if, prior to the Final Approval Hearing, requests for exclusion from the Class, exceed a certain threshold, Defendants shall have the option to terminate the Settlement. Stipulation, ¶7.3.

- 4 -

In exchange for the benefits provided under the Stipulation, Class Members will release any and all claims against Defendants arising out of, relating to, or in connection with both: (i) the purchase or acquisition of AAC common stock during the Class Period; and (ii) the facts, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations, and/or omissions that were or could have been alleged in the Litigation.  Stipulation, ¶1.21.

The Notice of Pendency and Proposed Settlement of Class Action ("Notice") explains the terms of the Settlement, including that the Net Settlement Fund will be distributed to eligible Class Members who submit valid and timely Proof of Claim and Release forms ("Proof of Claim") pursuant to the proposed Plan of Allocation included in the Notice and subject to this Court's approval; there will be no reversion to Defendants once the Settlement becomes effective.  The Notice also informs Class Members of, among other information: (i) Class Counsel's application for attorneys' fees and expenses; and (ii) the date, time, and location of the Final Approval Hearing.

If the Court grants preliminary approval, the Claims Administrator will mail the Notice and Proof of Claim (attached as Exhibits A-1 and A-2, respectively, to the Stipulation) to Class Members who can be identified with reasonable effort.  Additionally, the Claims Administrator will cause the Summary Notice (attached as Exhibit A-3 to the Stipulation) to be published once in *The Wall Street Journal* and once over a national newswire service.

## III.     THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL

Pursuant to Rule 23(e)(1), the issue at preliminary approval is whether the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal."  Fed. R. Civ. P. 23(e)(1)(B).  Rule 23(e)(2) provides:

4880-4900-3359.v2

(2)    ***Approval of the Proposal***.  If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:

> (A)    the class representatives and class counsel have adequately represented the class;
>
> (B)    the proposal was negotiated at arm's length;
>
> (C)    the relief provided for the class is adequate, taking into account:
>
>> (i)    the costs, risks, and delay of trial and appeal;
>>
>> (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii)    the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv)    any agreement required to be identified under Rule 23(e)(3); and
>
> (D)    the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

In addition, "[w]hen determining whether the proposed settlement is fair[,] adequate, and reasonable," courts in the Sixth Circuit take into account the following factors (several of which overlap with Rule 23(e)(2)):

> (1)    the plaintiffs' likelihood of ultimate success on the merits balanced against the amount and form of relief offered in settlement;
>
> (2)    the complexity, expense and likely duration of the litigation;
>
> (3)    the stage of the proceedings and the amount of discovery completed;
>
> (4)    the judgment of experienced trial counsel;
>
> (5)    the nature of the negotiations;
>
> (6)    the objections raised by the class members; and
>
> (7)    the public interest.

*In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1009 (S.D. Ohio 2001).

- 6 -

The proposed $3.75 million cash Settlement easily satisfies Rule 23(e), as well as the Sixth Circuit's factors, each of which is addressed below (some together, to the extent they overlap). While Plaintiff and its counsel believe the Settlement merits final approval, the Court need not make that determination at this time. The Court is being asked simply to permit notice of the terms of the Settlement to be sent to the Class and to schedule a hearing, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, to consider any expressed views by Class Members of the fairness of the Settlement, the Plan of Allocation, and Class Counsel's request for an award of fees and expenses, including Plaintiff's request for an award of its time and expenses incurred in representing the Class. Fed. R. Civ. P. 23(e); *Motter v. O'Brien*, 2014 U.S. Dist. LEXIS 79982, at *2 (S.D. Ohio June 12, 2014).

### A.      Plaintiff and Class Counsel Have Adequately Represented the Class

Plaintiff and its counsel have adequately represented the Class, satisfying Rule 23(e)(2)(A) (the class representatives and class counsel adequately represented the class), as well as the Sixth Circuit's closely related third factor (the stage of proceedings and the amount of discovery completed), by diligently prosecuting this Litigation on their behalf. This includes, among other things: drafting the operative complaint; opposing Defendants' motion to dismiss; representing the interests of the Class through the course of AAC's bankruptcy proceedings, which included successful negotiation of a number of significant concessions to protect and preserve the rights of all Class Members; producing documents responsive to Defendants' document requests and sitting for a deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; issuing subpoenas to numerous nonparties pursuant to Rule 45 of the Federal Rules of Civil Procedure; reviewing and analyzing over 430,000 pages of documents produced by AAC, Defendants, and numerous third parties; taking over 20 depositions; and engaging in a mediation process with Gregory P. Lindstrom.

Plaintiff and Class Counsel's efforts resulted in a Settlement of $3.75 million, which will provide significant relief to the Class.

### B.    The Settlement Is the Result of a Thorough, Rigorous, and Arm's-Length Negotiation Process

The negotiations were at arm's length and well informed by, among other things, extensive investigation and litigation by Class Counsel, including: (i) analysis of publicly available information about Defendants and AAC; (ii) contentious and lengthy motion practice seeking dismissal of the claims; and (iii) review and analysis of approximately 353,000 pages of documents produced by Defendants and AAC and 78,000 pages of documents produced by nonparties in response to Plaintiff's discovery requests and subpoenas. As a result, Plaintiff and Class Counsel were knowledgeable of the strengths and weaknesses of their case. *See Hyland v. HomeServices of Am., Inc.*, 2012 WL 122608, at *2 (W.D. Ky. Jan. 17, 2012) (when determining whether preliminary approval is appropriate, courts should evaluate whether the settlement "'appears to be the product of serious, informed, non-collusive negotiation, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval'"); *see also Miracle v. Bullitt Cnty., Ky.*, 2008 WL 3850477, at *5 (W.D. Ky. Aug. 15, 2008) (evaluating preliminary approval of a settlement based on whether negotiations were at arm's length, whether there was evidence of collusion, and whether there was preferential treatment to segments of the class).

Moreover, the Settlement was achieved only after the Settling Parties participated in several mediations with a respected and experienced mediator, Gregory Lindstrom of Phillips ADR Enterprises, who has mediated numerous complex actions. Prior to the mediations, Class Counsel and Defendants' Counsel exchanged mediation briefs and presented their arguments on the case's merits and defenses. Negotiations, which at all times were adversarial, continued after the mediation

- 8 -

sessions and ultimately produced a result in the Class' best interests. Thus, here, the fact that experienced and sophisticated counsel, well aware of the other side's legal position, engaged in arm's-length settlement negotiations facilitated by an experienced mediator, weighs in favor of finding the Settlement fair. *Bd. of Trs. of City of Birmingham Emps.' Ret. Sys. v. Comerica Bank*, 2013 WL 12239522, at \*5 (Dec. 27, 2013).

### C. The Settlement Also Satisfies Rule 23(e)(2)(C)'s Adequacy Criteria

#### 1. The Settlement Is Adequate in Light of the Costs, Risks, and Delay of Trial and Appeal

The proposed Settlement satisfies the Rule 23(e)(2)(C)(i) adequacy standard, taking into account the costs, risks, and delay of trial and appeal, which also covers the Sixth Circuit's overlapping second factor (the complexity, expense, and likely duration of the litigation). The Settlement also satisfies the Sixth Circuit's first factor (plaintiff's likelihood of ultimate success on the merits balanced against the settlement amount) because it provides an immediate and substantial benefit for the Class of $3.75 million – in cash – which is a substantial proportion of reasonably recoverable damages suffered by Class Members.

Given the complexities of this Litigation, the many issues in contention, the amount in controversy, and the substantial risks of continued litigation, Class Counsel believes the Settlement represents a favorable resolution of this Litigation. Importantly, the Settlement eliminates the risk that Plaintiff and the Class might recover nothing, or might not recover as much as obtained in the Settlement, if the Litigation were to continue. While Plaintiff is confident in the strength of the case, it is aware of the defenses available to Defendants and the inherent risks and delay of litigation.

For example, on February 24, 2023, the Court issued a Memorandum Opinion and Order (ECF 138) granting in part and denying in part Plaintiff's motion for class certification (ECF 76). Without certification of the so-called Marketing Claim, class members lacked any realistic

opportunity to recover damages associated with that claim, which accounted for the majority of the damages at issue in the case. Plaintiff's motion for reconsideration of the Court's class certification order was pending when this Settlement was reached. Moreover, as set forth at length in Defendants' motion to dismiss, Defendants challenged whether the alleged misstatements caused Plaintiff's loss and whether Plaintiff had alleged scienter. Given the amount of discovery undertaken, Class Counsel was fully informed of the strengths and weaknesses of Plaintiff's case. Given these and other risks faced by the Class, a positive result was far from assured.

### 2. The Method of Distributing Relief Is Effective

The method and effectiveness of the proposed notice and claims administration process also satisfies Rule 23(e)(2)(C)(ii).

The notice plan is discussed below in §IV and includes direct-mail notice to all those who can be identified with reasonable effort, supplemented by the publication of the Summary Notice in *The Wall Street Journal* and over a national newswire service. Gilardi will use time-tested methods to ensure that Class Members who held AAC common stock in their own names, as well as those who held AAC common stock in street name, will receive a copy of the Notice and the Proof of Claim (collectively, "Claim Package"). Gilardi will contact the brokers, banks, and other institutions known as Nominee Holders. Based on experience locating class members who hold securities in street name, Gilardi has developed a propriety list of approximately 250 Nominee Holders to whom it will send a Claim Package and cover letter. Gilardi will also establish a case-specific website and post important documents regarding the Settlement, including the Stipulation, Claim Package, and all briefs and declarations in support of approval of the Settlement, and provide a toll-free number that Class Members can call to make inquiries about the Settlement. Similar notice programs have regularly been found to satisfy due process. *See NY State Tchrs' Ret. Sys. v. Gen. Motors Co.*, 315 F.R.D. 226, 242 (E.D. Mich. 2016) (finding similar notice program "satisfied Rule 23's notice

- 10 -

requirement"), *aff'd sub nom. Marro v. NY State Tchrs' Ret. Sys.*, 2017 WL 6398014 (6th Cir. Nov. 27, 2017).

### 3. Attorneys' Fees and Expenses

Rule 23(e)(2)(C)(iii) addresses the attorneys' fees award Class Counsel intends to seek. As discussed above in §II, Class Counsel intends to request fees in the amount of up to 17% of the Settlement Amount and expenses in an amount not to exceed $695,000, plus interest on both amounts. This is well below similar fee requests granted by courts in the Sixth Circuit. *See, e.g.*, *Jackson Cnty. Emps.' Ret. Sys. v. Ghosn, et al.*, No. 3:18-cv-01368, ECF 267 at ¶3 (M.D. Tenn. Oct. 7, 2022) ("The Court finds that the amount of fees awarded [one-third of $36 million recovery] is fair and reasonable under the 'percentage-of-recovery' method . . . and that the awarded fee is in accord with Sixth Circuit precedent.") (attached as Ex. 1 hereto); *Grae v. Corr. Corp. of Am.*, 2021 WL 5234966, at *1 (M.D. Tenn. Nov. 8, 2021) ("The Court finds that the amount of fees awarded [one-third of $56 million recovery] is fair and reasonable under the 'percentage-of-recovery' method . . . and that the awarded fee is in accord with Sixth Circuit precedent."); *In re Skelaxin (Metaxalone) Antitrust Litig.*, 2014 WL 2946459, at *1 (E.D. Tenn. June 30, 2014) ("The Court finds that the requested counsel fee of one third [of $73 million recovery] is fair and reasonable and fully justified. The Court finds it is within the range of fees ordinarily awarded."); *In re Se. Milk Antitrust Litig.*, 2013 U.S. Dist. LEXIS 70167, at *15-*16 (E.D. Tenn. May 17, 2013) (holding that "attorneys' fees requested represent one-third of the settlement fund . . . . [T]he percentage requested is certainly within the range of fees often awarded in common fund cases, both nationwide and in the Sixth Circuit."). In addition, Class Counsel will request that any award of fees and expenses be paid at the time the Court makes its award. *See In re Genworth Fin. Sec. Litig*, 2016 U.S. Dist. LEXIS 132269, at *28 (E.D. Va. Sept. 26, 2016) (ordering that "attorneys' fees and Litigation Expenses awarded above may be paid to [Class] Counsel immediately upon entry of this Order").

- 11 -

Further, Plaintiff intends to request an amount not to exceed $25,000 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.

### 4. Identification of Agreements

Rule 23(e)(2)(C)(iv) requires that the parties identify any agreements between them. Plaintiff and Defendants have entered into a standard supplemental agreement providing that if opt outs from the Class equal or exceed a certain threshold, Defendants shall have the option to terminate the Settlement. Stipulation, ¶7.3.

### D. Class Members Are Treated Equitably

As reflected in the Plan of Allocation, the Settlement treats Class Members equitably relative to each other while taking into account the relative strength of their claims, the timing of their purchase or acquisition of AAC common stock, and their subsequent disposition, if any, and provides that each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund based on their recognized losses as calculated by the Plan of Allocation. Accordingly, Rule 23(e)(2)(D) is satisfied.

### E. The Judgment of Experienced Trial Counsel

The Sixth Circuit's fourth factor (judgment of experienced counsel) is also satisfied. Class Counsel has carefully considered and evaluated, *inter alia*, the relevant legal authorities and evidence pertaining to the claims asserted against Defendants and the defenses they raised; the likelihood of prevailing on the claims; and the risk, expense, and duration of continued litigation, including any appeals, and have concluded that the Settlement is fair, reasonable, and in the best interests of the Class.

Significant weight should be attributed to experienced counsel's evaluation and conclusion that a settlement is in the best interests of the class. *See Williams v. Vokovich*, 720 F.2d 909, 922-23 (6th Cir. 1983) (stating that courts should defer judgment of experienced counsel who have

- 12 -

evaluated the strength of plaintiff's case); *In re Skelaxin Metaxalone Antitrust Litig.*, 2014 U.S. Dist. LEXIS 60214, at *16 (E.D. Tenn. Apr. 30, 2014) (when a "'settlement is the result of extensive negotiations by experienced counsel, the court should presume it fair'"); *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 597 (E.D. Mich. 2006) ("The judgment of the parties' counsel that the settlement is in the best interest of settling parties 'is entitled to significant weight, and supports the fairness of the class settlement.'"). Here, Class Counsel has significant experience in securities and other complex class action litigation and has negotiated numerous other substantial class action recoveries throughout the country, including in this District and within the Sixth Circuit. *See* www.rgrdlaw.com. Given the experience possessed by Class Counsel, weight should be given to its determination that, taking into account the strength of the claims alongside the time, expense, complexity of the issues, and uncertainty of trial and any appeals, the Settlement set forth in the Stipulation is a good result that confers substantial, immediate benefits on the Class.

### F.     The Sixth Circuit's Public Interest Factor Is Satisfied

The public interest factor supports approval of the Settlement. Indeed, as a matter of public policy, settlement is a strongly favored method for resolving disputes, particularly in complex class actions such as this. *See, e.g.*, *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Co.*, 497 F.3d 615, 632 (6th Cir. 2007) (noting the "federal policy favoring settlement of class actions"); *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981) ("the law generally favors and encourages the settlement of class actions"), *vacated on other grounds and modified*, 670 F.2d 71 (6th Cir. 1982); *Motter*, 2014 U.S. Dist. LEXIS 79982, at *2 ("The Court further recognizes that 'the law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation.'").

The fairness and adequacy of the $3.75 million recovery are clear. Given the litigation risks involved, it is a fair result for the Class. It could not have been achieved without the full

- 13 -

commitment of Plaintiff and its counsel.  Plaintiff and Class Counsel respectfully submit that the Settlement is both fair and adequate such that notice of the Settlement should be sent to the Class.

## IV.  THE PROPOSED NOTICE PROGRAM IS APPROPRIATE

Rule 23(e) governs notice requirements for settlements or "compromises" in class actions. The Rule provides that a class action shall not be settled without the approval of the court, and notice of the proposed settlement shall be given to all members of the class in such manner as the court directs.  Fed. R. Civ. P. 23(e).  In addition, the Rule provides: "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal."  Fed. R. Civ. P. 23(e)(1)(B).

The Preliminary Approval Order will require the Claims Administrator to: (i) notify Class Members of the Settlement by mailing a copy of the Notice by First-Class Mail to all Class Members who can be identified with reasonable effort; and (ii) cause a copy of the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.  The proposed method of giving notice to Class Members is appropriate because it is calculated to reach Class Members who can be identified with reasonable effort.  *Fidel v. Farley*, 534 F.3d 508, 515 (6th Cir. 2008) (notice scheme sufficient because it was "'reasonably calculated to reach interested parties'"); *Williams*, 720 F.2d at 921 (plaintiff class must receive the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort); *Kizer v. Summitt Partners, L.P.*, 2012 WL 1598066, at *9 (E.D. Tenn. May 7, 2012) (sufficient notice where mailings were made to last known addresses of class members); Fed. R. Civ. P. 23(e)(1)(B) (courts "must direct notice in a reasonable manner to all class members who would be bound by the propos[ed settlement]").

As required by Rule 23(c)(2) of the Federal Rules of Civil Procedure and the PSLRA (15 U.S.C. §78u-4(a)(7)), the Notice describes in plain English the nature of the Litigation; sets forth the

- 14 -

definition of the Class; states the Class' claims; discloses the right of Class Members to exclude themselves from the Class, as well as the deadline and procedure for doing so; and warns of the binding effect of settlement approval proceedings on Class Members who do not exclude themselves. In addition, the Notice describes the Settlement; the Settlement Amount, both in the aggregate and on an average per-share distribution basis; explains the Plan of Allocation; sets out the amount of attorneys' fees and expenses that Class Counsel intends to seek in connection with final settlement approval, including the amount of the requested fees and expenses determined on an average per-share basis and the amount sought by Plaintiff for its time and expenses; provides contact information for Class Counsel, including a toll-free telephone number; and summarizes the reasons the parties are proposing the Settlement. The Notice also discloses the date, time, and place of the formal fairness hearing and the procedures for appearing at the hearing and objecting to the Settlement. Class Counsel believes that the Notice will fairly apprise Class Members of their rights with respect to the Settlement, that it is the best notice practicable under the circumstances, and that it should be approved.

## V.     THE COURT SHOULD PRELIMINARILY CERTIFY THE CLASS

As part of the Settlement, the parties request that the Court certify the following Class:

> all Persons who purchased or otherwise acquired the common stock of AAC between March 8, 2017 and April 15, 2019, inclusive. Excluded from the Class are AAC, Michael T. Cartwright, Kirk R. Manz, Andrew McWilliams and members of their respective immediate families, any entity of which any of them has a controlling interest and the legal representatives, heirs, predecessors, successors, or assigns of any of them. Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

Stipulation, ¶1.4.

In certifying a class for purposes of settlement, courts are afforded broad discretion. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). Moreover, courts within this Circuit

- 15 -

overwhelmingly find securities fraud actions appropriate for class treatment.  *See, e.g.*, *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*, 2012 U.S. Dist. LEXIS 44445 (M.D. Tenn. Mar. 29, 2012); *Beach v. Healthways, Inc.*, 2010 U.S. Dist. LEXIS 33765 (M.D. Tenn. Apr. 2, 2010).  As demonstrated below, for settlement purposes only, the requirements of Rule 23(a) of the Federal Rules of Civil Procedure: numerosity, commonality, typicality, and adequacy, and Rule 23(b)(3): predominance of common questions of fact or law and superiority of the class action as the method of adjudication, are readily satisfied here.

Here, the Court has previously considered the requirements under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and certified the following Class:

> All Persons who purchased or otherwise acquired the common stock of [AAC] between March 8, 2017 and November 5, 2018, inclusive (the "Class Period"). Excluded from the Class are AAC, Michael T. Cartwright, Kirk R. Manz, Andrew McWilliams and members of their respective immediate families, any entity of which any of them has a controlling interest and the legal representatives, heirs, predecessors, successors or assigns of any of them (collectively, the "Excluded Parties").

> Plaintiff's Restatement Claim, and Plaintiff's Scheme Claim based on Defendants' alleged unlawful conduct connected to its overstatement of its accounts receivable as described above.

ECF 138 at 52-53.  Although the Court previously held that Plaintiff had not established damages could be calculated on a class-wide basis with respect to the Marketing Claim (ECF 138), and Plaintiff previously only sought certification of a Class Period ending on November 5, 2018, the Class Period of March 8, 2017 through April 15, 2019 reflected in the Stipulation of Settlement is appropriate for purposes of the proposed Settlement.  This proposed class definition resolves all the claims pled in the Complaint and the Plan of Allocation accounts for the risks associated with the portions of the Class Period for which the Court had not yet certified.  *See, e.g.*, *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 310 (3d Cir. 2011) ("were [courts] to mandate that a class include only those alleging 'colorable' claims, [courts] would effectively rule out the ability of a defendant to

- 16 -

4880-4900-3359.v2
Case 3:19-cv-00407    Document 169    Filed 05/18/23    Page 23 of 33 PageID #: 3507

achieve 'global peace' by obtaining releases from all those who might wish to assert claims, meritorious or not"); *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mex. on Apr. 20, 2010*, 910 F. Supp. 2d 891, 962 (E.D. La. 2012) ("But the law is settled that defendants entering into a class settlement are entitled to obtain global peace and that class action releases may be broader than the claims directly compensated under the Settlement.") (collecting cases), *aff'd*, 739 F.3d 790 (5th Cir. 2014).

### A. The Class Meets the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

#### 1. Numerosity

Rule 23(a)(1) requires that the proposed class be so numerous that joinder of all members is impracticable.  As the Sixth Circuit has held: "[n]umerosity is not measured by a strict numerical test."  *Randleman v. Fid. Nat'l Title Ins. Co.*, 251 F.R.D. 267, 274 (N.D. Ohio 2008) (citing *Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006)).  Rather, a "substantial" number of members usually satisfies the requirement.  *Id.*  "Numerosity is generally assumed to have been met in class action suits involving nationally traded securities."  *In re Direct Gen. Corp. Sec. Litig.*, 2006 WL 2265472, at * 2 (M.D. Tenn. Aug. 8, 2006) (citing *Ballan v. Upjohn Co.*, 159 F.R.D. 473, 479 (W.D. Mich. 1994)).  The Court has found that "Plaintiff has established the numerosity required by Rule 23(a)(1)."  ECF 138 at 17.

#### 2. Commonality

Rule 23(a)(2) requires the existence of "'questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  Commonality does not mandate that all class members make identical claims and arguments.  *Ross v. Abercrombie & Fitch Co.*, 257 F.R.D. 435, 442 (S.D. Ohio 2009) ("The claims of the potential class members need not be factually identical.").  Rather, "'the commonality requirement will be satisfied as long as the members of the class have allegedly been

4880-4900-3359.v2

affected by a general policy of the Defendant and the general policy is the focus of the litigation.'" *Id.* (quoting *Putnam v. Davies*, 169 F.R.D. 89, 93 (S.D. Ohio 1996)). In fact, "[t]he commonality test requires only a single issue common to all class members." *Psychiatric Sols.*, 2012 U.S. Dist. LEXIS 44445, at *93. The Court has found that "Plaintiff has established the commonality required by Rule 23(a)(2)." ECF 138 at 18.

### 3. Typicality

Rule 23(a)(3) requires a showing that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "'The requirement of typicality is not onerous.'" *Cates v. Cooper Tire & Rubber Co.*, 253 F.R.D. 422, 429 (N.D. Ohio 2008). So long as the claims and defenses of a proposed class representative arise "'from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory,'" they are typical. *Am. Med. Sys.*, 75 F.3d at 1082; *In re Direct Gen. Corpo. Sec. Litig.*, 2006 U.S. Dist. LEXIS 56128, at *11 (M.D. Tenn. 2006). In other words, typicality exists where, as here, a "'sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct.'" *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998). The Court has found that "Plaintiff has established the typicality required by Rule 23(a)(3)." ECF 138 at 18.

### 4. Adequacy

Class certification also requires that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "'The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent.'" *Weiner v. Tivity Health, Inc.*, 334 F.R.D. 123, 128 (M.D. Tenn. 2020) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)). "There are two criteria for determining whether

- 18 -

the representation of the class will be adequate: 1) The representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *See Senter v. Gen. Motors Corp.*, 532 F.2d 511, 524-25 (6th Cir. 1976). The Court has found that Plaintiff has met these two criteria and that "Plaintiff has established the adequacy required by Rule 23(a)(4)." ECF 138 at 19.

**B.     The Class Meets the Requirements of Rule 23(b) of the Federal Rules of Civil Procedure**

The U.S. Supreme Court has noted that predominance is "a test readily met" in cases alleging securities fraud. *Amchem*, 521 U.S. at 625. "'The predominance test is not a numerical test and does not require the court to add up the common issues and the individual issues and determine which is greater.'" *Bovee v. Coopers & Lybrand*, 216 F.R.D. 596, 605 (S.D. Ohio 2003) (quoting *Deutschman v. Beneficial Corp*, 132 F.R.D. 359, 375 (D. Del. 1990)). "'Rather, the court must determine whether the members of the class seek a remedy to a common legal grievance and whether the common questions of law and fact central to the litigation are common to all class members.'" *Id.* Plaintiff meets the predominance requirement by establishing that ***at least one*** factual or legal question "is at the heart of the litigation." *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007).

Where, as here, a plaintiff alleges a continuous course of conduct on the part of defendants, and attempts to prove that alleged activity with evidence common to the class, the predominance test is met. *See In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 495 (E.D. Mich. 2008) (where "a single set of operative facts establishes liability and 'a single proximate cause applies to each potential class member and defendant,' class certification under (b)(3) is appropriate."). Here, it is clear that common questions of law and fact predominate over individual questions because Defendants' liability turns on issues common to all Class Members, *i.e.*, whether

- 19 -

Defendants made material misrepresentations and/or omissions with the requisite scienter. Specifically, the Class' claims are all premised on the same factual circumstances: Defendants' alleged course of conduct that concealed from investors the true state of affairs regarding: (1) AAC's deceptive sales and marketing practices; and (2) AAC's falsified financial results. Plaintiff alleges that this conduct caused AAC's stock price to be artificially inflated during the Class Period and that Plaintiff and the Class were harmed when the price of AAC's stock declined when the true state of affairs was publicly disclosed.

The Court has found that with respect to the Restatement Claim, Plaintiff has provided a damages model sufficient for class certification. ECF 138 at 50. The Plan of Allocation accounts for Plaintiff's theory of liability with respect to all of Plaintiff's claims, and discounts the Marketing Claim to reflect the Court's denial of class certification of this claim but provides some recovery to compensate for the possibility that Plaintiff's motion for reconsideration would be granted, or Plaintiff successfully appealed to the Sixth Circuit. ECF 138 at 49.

The superiority analysis of Rule 23(b) requires that the Court examine whether a class action is superior to other methods of adjudication, such as joinder. Fed. R. Civ. P. 23(b)(3). This provision is intended to permit class actions that would "'achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem*, 521 U.S. at 615 (ellipsis in original). The Court considers four factors to ensure that superiority is met: (1) the interests of members of the class in individually controlling the prosecution of separate actions; (2) whether other litigation has already commenced; (3) the desirability or undesirability of concentrating claims in one forum; and (4) the difficulties likely to be encountered in management of a class action. *See id.* at 616. Courts have found the superiority requirement met where, as is the case here: (1) many of

- 20 -

the class investors likely have suffered only small losses, making it improbable that they can afford to proceed with their claims as individuals; (2) use of the class action vehicle achieves judicial economy, as well as prevent inconsistent judgments; (3) there are no other actions against the company involving the same claims; and (4) the court foresees no particular difficulties with adjudicating the class action. *Weinberg v. Insituform Techs.*, 1995 U.S. Dist. LEXIS 5124, at *22-*23 (W.D. Tenn. Apr. 7, 1995).

There is no indication that a substantial number of absent Class Members would prefer to control the prosecution of their claims individually. In any event, any Class Member who desires to do so will have the opportunity to opt out of the Class. Additionally, Class Counsel is unaware of any other litigation in the United States by investors against Defendants asserting the claims involved in this Litigation. Further, concentration of the Litigation in one forum is desirable to avoid potentially inconsistent adjudications and promote fairness and efficiency. Finally, this case presents no unusual difficulties in maintaining the class action or providing notice to the Class.

Not only is the class action device the superior method for adjudicating the claims alleged in the instant case; it is the only practical method of obtaining a fair and efficient disposition of these claims. *See Bovee*, 216 F.R.D. at 607 ("Given that the proposed class consists of thousands of members and that the legal claims are narrowed to whether defendants committed securities violations, a class action will be the most fair and efficient way to resolve this dispute."). The alternative to a class action either leaves potentially thousands of investors without recourse or requires a multiplicity of suits throughout the United States, resulting in the inefficient administration of justice. *See Picard Chem., Inc. Profit Sharing Plan v. Perrigo Co.*, 1996 WL 739170, at *9 (W.D. Mich. Sept. 27, 1996) ("If this Court does not certify this class, hundreds of small shareholders . . . will be effectively barred from seeking legal redress of their claims.

- 21 -

Furthermore, because the potential class members 'seek a determination on essentially the same issues, . . . a class action would enhance judicial economy and efficiency.'") (ellipsis in original). This is precisely "the evil that Rule 23 was designed to prevent." *Califano v. Yamasaki*, 442 U.S. 682, 690 (1979).

Thus, because the class action device is far superior to any other means available to this Court, the requirements of Rule 23(b)(3) are met.

## VI. PROPOSED SCHEDULE OF EVENTS

In connection with preliminary approval of the Settlement, the Court must set a Final Approval Hearing date, dates for mailing the Notice and publishing the Summary Notice, and deadlines for objecting to the Settlement, opting out of the Class, and filing papers in support of the Settlement. The parties propose the following schedule:

| Event | Date |
| --- | --- |
| Notice and Proof of Claim mailed to the Class ("Notice Date") | 21 calendar days after Preliminary Approval Order is signed and entered |
| Summary Notice published | 7 calendar days from Notice Date |
| Deadline for filing Proofs of Claim | 120 calendar days from Notice Date |
| Deadline for filing papers in support of Settlement, Plan of Allocation, Class Counsel's request for award of attorneys' fees and expenses, and Plaintiff's award of time and expenses | 35 calendar days prior to Final Approval Hearing |
| Deadline for objecting to Settlement, Plan of Allocation or attorneys' fees and expenses, and for opting out of Class | 21 calendar days prior to Final Approval Hearing |
| Deadline for filing reply papers in support of Settlement, Plan of Allocation, and request for award of attorneys' fees and expenses | 7 calendar days prior to Final Approval Hearing |
| Final Approval Hearing | At Court's convenience, at least 100 calendar days after entry of Preliminary Approval Order |

- 22 -

## VII. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court: (i) preliminarily certify the proposed Class for settlement purposes; and (ii) preliminarily approve the proposed Settlement, including the dissemination of the proposed Notice and Summary Notice.

DATED: May 18, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853
HENRY S. BATOR, #040431

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com
hbator@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
CHRISTOPHER D. STEWART (*pro hac vice*)
FRANCISCO J. MEJIA (*pro hac vice*)
JACK ABBEY GEPHART (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
cstewart@rgrdlaw.com
fmejia@rgrdlaw.com
jgephart@rgrdlaw.com

Class Counsel

- 23 -

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com

Local Counsel

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on May 18, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
 & DOWD LLP
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)


Email:  cwood@rgrdlaw.com

# Mailing Information for a Case 3:19-cv-00407 Caudle v. AAC Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Henry Scattergood Bator**
  hbator@rgrdlaw.com

- **Lohr Alexandria Beck**
  lohr.beck@kslaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Lisa R. Bugni**
  lbugni@kslaw.com

- **Jessica Perry Corley**
  jpcorley@kslaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jack A. Gephart**
  jgephart@rgrdlaw.com

- **Logan R. Hobson**
  lhobson@kslaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Brandon R. Keel**
  bkeel@kslaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Jonathan Lindenfeld**
  jlindenfeld@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,e_file_sd@rgrdlaw.com,clyons@ecf.courtdrive.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,jkarsten@barrettjohnston.com,elusnak@barrettjohnston.com,jmartin@rgrdlaw.com

- **Francisco J. Mejia**
  fmejia@rgrdlaw.com

- **W. Travis Parham**
  travis.parham@hklaw.com,shelli.dimarco@hklaw.com,pat.grace@hklaw.com,EWard@KSLAW.com

- **Ronni D. Solomon**
  rsolomon@kslaw.com

- **Christopher Stewart**
  cstewart@rgrdlaw.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,agonzales@ecf.courtdrive.com,CWood@ecf.courtdrive.com,agonzales@rgrdlaw.coom,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis(

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)