UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>    vs.<br><br>MICHAEL T. CARTWRIGHT, KIRK R. MANZ and ANDREW W. McWILLIAMS,<br><br>                  Defendants. | Civil Action No. 3:19-cv-00407<br><br>CLASS ACTION<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern<br><br>STIPULATION OF SETTLEMENT |

This Stipulation of Settlement, dated May 17, 2023 (the "Stipulation"), is made and entered into by and among: (i) Indiana Public Retirement System ("Plaintiff"), on behalf of itself and each Class Member,[1] by and through its counsel of record in the Litigation; and (ii) Michael T. Cartwright, Kirk R. Manz, and Andrew McWilliams ("Defendants"), by and through their counsel of record in the Litigation. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Litigation and the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION

This case, styled *Indiana Public Retirement System v. Cartwright, et al.*, Civil Action No. 3:19-cv-00407 (M.D. Tenn.) (the "Litigation"), is currently pending before the Honorable Eli

---

[1]    All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1 herein.

- 1 -

Richardson in the United States District Court for the Middle District of Tennessee (the "Court"). The initial complaint in the Litigation was filed on May 16, 2019. On August 13, 2019, the Court appointed Indiana Public Retirement System as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel. ECF 37.

On November 4, 2019, Plaintiff filed the operative Consolidated Complaint for Violations of the Securities Exchange Act of 1934 ("Complaint"), alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). ECF 45. More specifically, Plaintiff alleged that throughout the alleged Class Period (March 8, 2017 through April 15, 2019, inclusive), AAC Holdings, Inc. ("AAC" or the "Company"),[2] a for-profit healthcare company operating addiction treatment centers, transitional "sober living" services, and drug testing services, and certain of its executives, engaged in a fraudulent scheme, made materially false and misleading statements, and/or failed to disclose that: (1) to fill beds in its treatment centers, the Company had operated deceptive websites that appeared to give unbiased, reliable advice about addiction and treatment facilities, but in fact were set up to recruit people to AAC facilities; and (2) AAC had fraudulently inflated its accounts receivable, and thus overstated its reported net income and/or understated the net losses it reported to investors during the Class Period. Plaintiff further alleged that Defendants' allegedly fraudulent misconduct and false and misleading statements caused AAC common stock to trade at artificially inflated prices during the Class Period until the true nature of Defendants' alleged wrongdoing was disclosed, and the price of AAC common stock fell, causing damages to Plaintiff and other Members of the Class.

---

[2] AAC was dismissed without prejudice on April 29, 2021, following AAC's bankruptcy. ECF 69; *see also* Lead Plaintiff's Unopposed Motion for Dismissal of Defendant AAC Holdings, Inc. Without Prejudice, ECF 68 at 2-3 (informing the Court that Plaintiff had negotiated for provisions in the Bankruptcy Court's Plan and Confirmation Order that "protect and preserve its rights and the rights of all members of the proposed class in connection with this action," and permits the Litigation to proceed against the remaining Defendants).

4896-0282-0446.v2

On January 13, 2020, Plaintiff filed a supplement to the Complaint alleging that Defendants had concealed a Securities and Exchange Commission subpoena and investigation concerning AAC's accounts receivable, restatements, and accounting policies. ECF 48. Plaintiff filed a second supplement to the Complaint on February 5, 2020, to add new allegations regarding defendant Michael Cartwright's resignation as AAC's Chief Executive Officer on January 24, 2020. ECF 51.

On February 12, 2020, Defendants moved to dismiss the Complaint. ECF 52-53. On April 10, 2020, Plaintiff filed its opposition to Defendants' motion to dismiss. ECF 56. On May 12, 2020, Defendants filed their reply brief. ECF 59. On April 8, 2021, the Court denied Defendants' motion. ECF 62.

On July 6, 2021, Plaintiff moved to certify the class. ECF 76-78. Defendants filed their opposition on September 7, 2021 (ECF 83), and Plaintiff filed its reply on June 13, 2022 (ECF 98). After the Court granted leave for Defendants to file a sur-reply on the class certification motion, Defendants filed their sur-reply on July 20, 2022. ECF 106-109. On February 24, 2023, the Court granted in part and denied in part Plaintiff's motion for class certification. ECF 138. Plaintiff moved for reconsideration of the class certification order on March 10, 2023. ECF 149-150. Defendants opposed that motion on March 27, 2023 (ECF 162), and Plaintiff filed its reply on April 3, 2023 (ECF 164). The motion remained pending when the parties notified the Court on April 5, 2023, that they had reached a settlement in principle (ECF 165).

The parties conducted extensive fact and expert discovery, and litigated a number of discovery disputes, including through formal motion practice and informal discovery conferences before the Magistrate Judge. In all, Defendants, AAC, and third parties produced more than 430,000 pages of documents, and the parties conducted 23 fact and expert depositions.

On September 23, 2021, Plaintiff and Defendants participated in a voluntary confidential mediation with Gregory P. Lindstrom, Esq., of Phillips ADR, an experienced mediator. The mediation was preceded by submission of mediation statements by the Settling Parties. The Settling Parties engaged in good faith negotiations but did not reach a settlement. The Settling Parties engaged in two follow-up mediation sessions with Mr. Lindstrom on February 16 and May 5, 2022, and the Settling Parties submitted supplemental mediation statements, but the Settling Parties still did not reach a settlement. Following the mediation sessions and while continuing to litigate the case, the parties continued settlement discussions through Mr. Lindstrom. On April 5, 2023, the parties agreed to settle the Litigation in return for a cash payment of $3,750,000 for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement among the Settling Parties.

## II. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Throughout this Litigation, Defendants have denied, and continue to deny, any and all of the claims alleged in the Litigation, including any allegations of fault, negligence, liability, wrongdoing, or damages whatsoever. Defendants expressly have denied, and continue to deny, that they have committed any act or made any materially misleading statement giving rise to any liability under the federal securities laws. Defendants expressly have denied, and continue to deny, that they have committed any wrongdoing or violations of law as alleged in any complaint in the Litigation, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law and applicable industry standards. Defendants also have denied, and continue to deny, that they made any material misstatement or omission or engaged in any fraudulent schemes, that the prices of AAC common stock were artificially inflated as a result, that any Class Member, including Plaintiff, suffered any damages, or that any Class Member, including Plaintiff, was harmed by any conduct

alleged in the Litigation or that could have been alleged therein. Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation. Defendants are nevertheless entering into this Settlement to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in a complex case such as this Litigation.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, negligence, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants are entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further litigation. Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III. PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiff and Class Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted therein. However, Plaintiff and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation through trial and through appeals. Plaintiff and Class Counsel also have taken into account the uncertain outcome and the risks of any litigation, especially in a complex action such as this Litigation, as well as the difficulties and delays inherent in this Litigation. Plaintiff and Class Counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Plaintiff and Class Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class. Based on their own investigation and evaluation, Plaintiff and Class Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Plaintiff and the Class.

**IV.     TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, without any concession by Plaintiff that the Litigation lacks merit, and without any concession by the Defendants of any liability, wrongdoing, fault, or lack of merit in the defenses asserted, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff (on behalf of itself and the Class Members) and Defendants, by and through their counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement, the Litigation and the Released Claims shall be finally, fully, and forever compromised, settled, and released, and the Litigation shall be dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

**1.     Definitions**

As used in this Stipulation, the following terms, when capitalized, have the meanings specified below:

1.1     "Authorized Claimant" means any Class Member who submits a valid Claim to the Claims Administrator that is accepted for payment pursuant to the Court-approved Plan of Allocation.

1.2     "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form or an electronic claim that is submitted to the Claims Administrator.

1.3     "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.4     "Class" means all Persons who purchased or otherwise acquired the common stock of AAC between March 8, 2017 and April 15, 2019, inclusive (the "Class Period"). Excluded from the Class are AAC, Michael T. Cartwright, Kirk R. Manz, Andrew McWilliams and members of their respective immediate families, any entity of which any of them has a controlling interest and the legal representatives, heirs, predecessors, successors or assigns of any of them. Also excluded from

the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

1.5 "Class Counsel" means the law firm of Robbins Geller Rudman & Dowd LLP.

1.6 "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.4 above.

1.7 "Defendants" means, collectively, Michael T. Cartwright, Kirk R. Manz, and Andrew McWilliams.

1.8 "Defendants' Counsel" means King & Spalding LLP, and Holland & Knight LLP.

1.9 "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred or have been waived.

1.10 "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor(s).

1.11 "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review. Without limitation, an order or Judgment becomes final when either: (a) no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or Judgment or affirmed the

court of appeals' decision affirming the Judgment or dismissing the appeal. For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement. Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized Claims, shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.12    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B, as well as any form of final judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B and where none of the Settling Parties elects to terminate this Settlement by reason of such variance, consistent with the terms of this Stipulation.

1.13    "Litigation" means the lawsuit filed in the United States District Court for the Middle District of Tennessee captioned *Indiana Public Retirement System v. Cartwright, et al.*, Civil Action No. 3:19-cv-00407 (M.D. Tenn.).

1.14    "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) other Court-approved deductions.

1.15    "Person(s)" means an individual, corporation (including all divisions and subsidiaries), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, professional corporation, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association,

4896-0282-0446.v2

government or any political subdivision or agency thereof, and any business or legal entity, and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees.

1.16 "Plaintiff" means Indiana Public Retirement System.

1.17 "Plaintiff's Counsel" means any attorney or firm who has appeared in the Litigation, or AAC's bankruptcy proceedings, on behalf of any plaintiff or proposed class.

1.18 "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of this Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.19 "Proof of Claim" means the Proof of Claim and Release form for submitting a Claim. Subject to approval of the Court, the Proof of Claim shall be substantially in the form attached hereto as Exhibit A-2, which a Class Member must complete and submit should that Class Member seek to share in a distribution of the Net Settlement Fund.

1.20 "Related Parties" means each Defendant's respective immediate family members, spouses, heirs, estates, executors, trusts, trustees, administrators, agents, legal or personal representatives, attorneys, insurers, principals, employees, auditors, accountants, advisors, assigns, and assignees of each of them, in their capacity as such; and AAC and its past or present trustees, executors, administrators, officers, directors, partners, members, employees, contractors, auditors, accountants, advisors (including financial advisors or consultants), principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, joint venturers, shareholders, underwriters, insurers, personal or legal representatives, estates, financial advisors or consultants,

banks or investment bankers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies.

1.21    "Released Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, common, or foreign law or any other law, rule or regulation, whether class or individual in nature, arising out of, relating to or in connection with both: (i) the purchase and/or other acquisition of AAC common stock during the period March 8, 2017 through April 15, 2019, inclusive; and (ii) the facts, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations and/or omissions that were or could have been alleged in the Litigation. "Released Claims" does not include claims to enforce the Settlement, or the claims of any Person who submits a request for exclusion in connection with this Settlement. "Released Claims" includes "Unknown Claims" as defined in ¶1.31 hereof.

1.22    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiff, Plaintiff's Counsel, or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

1.23    "Released Defendant Party" or "Released Defendant Parties" or "Released Persons" mean Defendants, their Related Parties, and Defendants' Counsel.

1.24    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean each and every Class Member, Plaintiff, Class Counsel, Plaintiff's Counsel, and each of their respective past or present trustees, executors, administrators, officers, directors, partners, members, employees, contractors,

- 10 -

auditors, accountants, advisors (including financial advisors or consultants), principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, joint venturers, shareholders, underwriters, insurers, personal or legal representatives, estates, financial advisors or consultants, banks or investment bankers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Plaintiff Party who is an individual, as well as any trust of which any Releasing Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Releasing Plaintiff Parties does not include any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion from the Class.

1.25 "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.26 "Settlement Amount" means Three Million, Seven Hundred Fifty Thousand U.S. Dollars (U.S. $3,750,000.00) to be paid by check to the Escrow Agent pursuant to ¶2.2 of this Stipulation.

1.27 "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.28 "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.29 "Settling Parties" means, collectively, Defendants and Plaintiff, on behalf of itself and the Class.

1.30 "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and

additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.31 "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiff, the Class, and Plaintiff's Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiff, the Class, and Plaintiff's Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiff, the Class, and Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to

4896-0282-0446.v2

California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiff, the Class, and Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to,

4896-0282-0446.v2

conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## 2. The Settlement

2.1 The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation, and any and all Released Claims and Released Defendants' Claims upon and subject to the terms and conditions set forth herein.

### a. The Settlement Amount

2.2 In full and final settlement of the claims asserted in the Litigation and in consideration of the releases specified in ¶¶4.1-4.4 herein, Defendants shall pay, or cause to be paid, the Settlement Amount by check within fourteen (14) business days after the later of (i) entry of the Court's order granting preliminary approval of the Settlement, or (ii) Plaintiff providing Defendants with all information that is necessary to effectuate a payment by check of the Settlement Amount, including the name of the payee, address for delivery, and a signed W-9 reflecting the taxpayer identification number for the qualified settlement fund in which the Escrow Account has been established. The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in the Escrow Account.

2.3 Other than Defendants' obligation to pay or cause to be paid the Settlement Amount into the Settlement Fund set forth in ¶2.2 herein, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or

determination by Class Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

2.4    Other than the obligation to cause the payment of the Settlement Amount in accordance with the terms of ¶2.2, the Released Defendant Parties shall have no obligation to make any other payments pursuant to the Stipulation.

### b.    The Escrow Agent

2.5    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, or in money funds holding only instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for the actions of the Escrow Agent.

4896-0282-0446.v2

2.6     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Defendants' Counsel.

2.7     Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any transaction executed by the Escrow Agent.

2.8     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.9     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Class Counsel may pay from the Settlement Fund, without further approval from Defendants and/or order of the Court, reasonable costs and expenses actually incurred in connection with providing notice of the Settlement by mail, publication, and other means, locating potential Class Members, assisting with the submission of Claims, processing Proof of Claim forms, administering the Settlement, and paying escrow taxes, fees, and costs, if any ("Notice and Administration Expenses").

2.10    It shall be Class Counsel's responsibility to disseminate the Notice, Proof of Claim, and Summary Notice to potential Class Members in accordance with this Stipulation and as ordered by the Court.  The Released Defendant Parties shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility or

liability whatsoever for any claims with respect thereto. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any Notice and Administration Expenses.

### c. Taxes

2.11 The Settling Parties agree as follows:

(a) The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1, and the regulations promulgated thereunder. The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. §1.468B-1(c)(1). In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.11, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b) For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. §1.468B-2(k)(3)) shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the elections described in ¶2.11(a) hereof) shall be consistent with this ¶2.11 and in all events shall reflect that all Taxes (including any estimated

Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.11(c) hereof.

(c)    All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.11 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.11) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events, the Released Defendant Parties and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The

- 18 -

Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.11.

2.12    This is not a claims-made settlement.  As of the Effective Date, the Released Defendant Parties, and/or any other Person funding the Settlement on their behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims.  The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.

### d.    Termination of Settlement

2.13    In the event that this Stipulation is not approved or the Settlement is not approved, or is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.9 and 2.11 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.4 herein.

### 3.    Preliminary Approval Order and Settlement Hearing

3.1    Immediately following execution of this Stipulation, Class Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation pursuant to Federal Rule of Civil Procedure 23(e)(2), certification of the Class, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice ("Summary Notice"),

- 19 -

substantially in the forms of Exhibits A-1 and A-3, respectively, attached hereto. The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing, as defined in ¶1.28 and below.

3.2     It shall be solely Class Counsel's responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

3.3     Class Counsel shall request that, after notice is given and not earlier than ninety (90) calendar days after the later of the dates on which the appropriate Federal official and the appropriate State officials are provided with notice, at Defendants' expense, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715 *et seq.* ("CAFA"), the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Class Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**4.     Releases**

4.1     Upon the Effective Date, as defined in ¶1.9 hereof, Plaintiff shall have, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim or shares in the Net Settlement Fund. Claims to enforce the terms of this Stipulation are not released.

- 20 -

4.2     Any Proof of Claim that is executed by Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, the Releasing Plaintiff Parties will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Defendant Parties.

4.4     Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Plaintiff, the Class, and Plaintiff's Counsel. Claims to enforce the terms of this Stipulation are not released.

**5.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of Class Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  With the exception that Defendants shall be responsible for providing any required notice under the Class Action Fairness Act of 2005 ("CAFA"), the Released Defendant Parties and Defendants' Counsel shall have no responsibility for or interest whatsoever in the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Plaintiff, any other Class Members, or Plaintiff's Counsel, in connection with such administration, including, but not limited to: (i) any act, omission, or determination by Class Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration

of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

5.2    The Settlement Fund shall be applied as follows:

(a)    to pay all Notice and Administration Expenses;

(b)    to pay the Taxes and Tax Expenses;

(c)    to pay attorneys' fees and expenses of Plaintiff's Counsel and to pay any award to Plaintiff for its reasonable costs and expenses (including lost wages) pursuant to 15 U.S.C. §78u-4(a)(4), if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or the orders of the Court.

5.3    After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions of this Stipulation.

5.4    Within one hundred-twenty (120) calendar days after the mailing of the Notice or such other time as may be set by the Court, each Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim.

- 22 -

5.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.  Notwithstanding the foregoing, Class Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Plaintiff, Plaintiff's Counsel, the Claims Administrator, or any Class Member by reason of the exercise or non-exercise of such discretion.

5.6     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Class Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.8 below.

5.7     Proof of Claim forms that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted.  The Claims Administrator, under the supervision of Class Counsel, shall notify, in a timely fashion and in writing, all claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose Claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶5.8 below.

5.8     If any claimant whose timely Claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶5.7 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the claimant's request for review to the Court.

5.9     Each claimant who declines to be excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim, including, but not limited to, all releases provided for herein and in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's Claim.  In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Litigation or the Settlement.  All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment.  All Class Members, other claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.10    Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  No distributions will be made to Authorized Claimants who would

- 24 -

otherwise receive a distribution of less than $10.00. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement Fund, Class Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*. Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to an appropriate non-sectarian, non-profit charitable organization(s) serving the public interest selected by Class Counsel.

5.11    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.13 hereof; and the Releasing Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

5.12    No Person shall have any claim against the Released Defendant Parties, Plaintiff, Plaintiff's Counsel, the Claims Administrator, or any other Person designated by Class Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.13    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an

Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

### 6. Plaintiff's Counsel's Attorneys' Fees and Expenses

6.1 Class Counsel may submit an application or applications (the "Fee and Expense Application") on behalf of Plaintiff's Counsel for an award from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Any such fees and expenses awarded shall be paid from the Settlement Fund. Any application for fees and expenses may include a request for reimbursement of Plaintiff's reasonable costs and expenses in connection with its representation of the Class pursuant to 15 U.S.C. §78u-4(a)(4). Class Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2 The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court. Any fees and expenses, as awarded by the Court, shall be paid to Class Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. Class Counsel shall thereafter allocate the attorneys' fees among Plaintiff's Counsel in a manner in which they in good faith believe reflect the contribution of such counsel to the initiation, prosecution, and resolution of the Litigation.

- 26 -

6.3    In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Class Counsel, including their partners and/or shareholders, and such other Plaintiff's Counsel, including their law firms, partners, and/or shareholders, and Plaintiff who have received any portion of the Fee and Expense Award shall, within ten (10) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal, modification, cancellation, or termination.  Any refunds required pursuant to this ¶6.3 shall be the several obligation of Plaintiff's Counsel, including their law firms, partners, and/or shareholders, and Plaintiff if it received fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each such Plaintiff's Counsel or Plaintiff receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that (a) such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and (b) are severally liable for the full amount of all fees, expenses, and costs paid from the Settlement Fund. Without limitation, Plaintiff's Counsel and Plaintiff and their partners, shareholders, and/or members agree that the Court may, upon application of Defendants and notice to Plaintiff's Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should such law firms or their partners, shareholders, or members fail to timely repay fees and expenses pursuant to this paragraph.

- 27 -

6.4     The procedure for and the allowance or disallowance by the Court of any applications by any Plaintiff's Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Plaintiff, Class Counsel, or Plaintiff's Counsel, nor any appeals from such awards.  Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to the Stipulation of Settlement.

6.5     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  With the sole exception of Defendants' obligation to pay or cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶2.2, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Plaintiff's Counsel, or any other counsel or Person who receives payment from the Settlement Fund.

6.6     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiff's Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

- 28 -

6.7    The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Class Member, whether or not paid from the Escrow Account.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1    The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)    the Settlement Amount has been deposited into the Escrow Account;

(b)    the Court has entered the Preliminary Approval Order directing notice to the Class, as required by ¶3.1 hereof;

(c)    Defendants have not exercised their option to terminate the Settlement pursuant to ¶7.3 hereof;

(d)    the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e)    the Judgment has become Final, as defined in ¶1.11 hereof.

7.2    Upon the Effective Date, any and all remaining interest or right of the Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  The Released Defendant Parties shall not have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.  If the conditions specified in ¶7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶7.4-7.6 hereof unless the Settling Parties mutually agree in writing to proceed with the Settlement. For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and

- 29 -

interest awarded by the Court to Class Counsel or expenses to Plaintiff shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.3     As set forth in a separate agreement (the "Supplemental Agreement") executed between Plaintiff and Defendants, by and through their counsel, Defendants may terminate the Settlement and render it null and void in the event that Members of the Class who collectively purchased or otherwise acquired more than a certain number of AAC shares of common stock during the Class Period exclude themselves from the Class.  The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, which is being executed concurrently herewith.  The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than in the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement or by operation of law), unless and until the Court requires the Settling Parties to file the Supplemental Agreement or disclose its terms.  If submission of the Supplemental Agreement is ordered by the Court or is necessary to resolve a dispute between Plaintiff and Defendants, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court as to preserve the confidentiality of the Supplemental Agreement, particularly the termination threshold.

7.4     Unless otherwise ordered by the Court, in the event this Stipulation is not approved or this Stipulation or the Settlement is terminated, or canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, within ten (10) business days after written notification of such event is sent by Defendants' Counsel or Class Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Taxes, Tax

- 30 -

Expenses and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶2.9 and/or 2.11 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.9 and/or 2.11 hereof, shall be refunded by the Escrow Agent to the Defendants. Such refunds shall be pursuant to written instructions from Defendants' Counsel. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to Defendants. Such payments shall be pursuant to written instructions from Defendants' Counsel.

7.5    In the event that this Stipulation is not approved or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Litigation as of April 5, 2023. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.31, 2.7-2.9, 2.11-2.13, 6.3, 7.4-7.6, 8.1, and 9.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

7.6    If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Plaintiff nor Plaintiff's Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.9 or 2.11. In addition, any amounts already incurred pursuant to ¶¶2.9 or 2.11 hereof at the time of such termination or cancellation but which have not been paid, shall be

paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.13 and 7.4 hereof.

**8.      No Admission of Wrongdoing**

8.1      Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)      shall be offered or received against or to the prejudice of any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by Plaintiff or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)      shall be offered or received against or to the prejudice of Plaintiff or any Class Member as evidence that Plaintiff's claims in any way lack merit or the validity of any affirmative defense that has been or could have been asserted in the Litigation, including, but not limited to, litigation of the Released Claims;

(c)      shall be offered or received against or to the prejudice of any Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentation, scheme, or

- 32 -

omission with respect to any statement or written document approved or made by any Defendant, or against Plaintiff or any Member of the Class as evidence of any infirmity in the claims of Plaintiff and the Class;

(d)     shall be offered or received against or to the prejudice of any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; or

(e)     shall be construed against Defendants, Plaintiff, or the Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

### 9.     Miscellaneous Provisions

9.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises all claims that were or are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the

- 33 -

other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3     Defendants and/or the Released Defendant Parties may file this Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

9.4     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.5     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.6     This Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.7     This Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.  No representations, warranties, or inducements have been made to any party concerning this Stipulation,

- 34 -

or its Exhibits, other than the representations, warranties, and covenants contained and memorialized in such documents.

9.8     Except as otherwise provided herein, each party shall bear his, her, or its own fees and costs.

9.9     Class Counsel, on behalf of the Class, is expressly authorized by Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate.

9.10    Each counsel or other Person executing this Stipulation, its Exhibits, the Supplemental Agreement, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

9.11    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or pdf via e-mail shall be deemed originals.

9.12    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) seven (7) business days after being mailed to the recipient by certified or registered

- 35 -

mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

   ***If to Plaintiff or to Class Counsel***:

   ROBBINS GELLER RUDMAN
    & DOWD LLP
   ELLEN GUSIKOFF STEWART
   655 West Broadway, Suite 1900
   San Diego, CA  92101

   ***If to the Defendants or Defendants' Counsel***:

   KING & SPALDING LLP
   JESSICA P. CORLEY
   LISA R. BUGNI
   1180 Peachtree Street, N.E., Suite 1600
   Atlanta, GA  30309

  9.13  This Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, and assigns of the Settling Parties.

  9.14  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

  9.15  Any waiver of any of the terms of this Stipulation must be in writing, signed by the party against whom the waiver is sought to be enforced.  The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

4896-0282-0446.v2

9.16    Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

9.17    This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Tennessee and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Tennessee without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

9.18    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.19    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.20    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

- 37 -

9.21    Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated May 17, 2023.

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853
HENRY S. BATOR, #040431


_____
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com
hbator@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
CHRISTOPHER D. STEWART (*pro hac vice*)
FRANCISCO J. MEJIA (*pro hac vice*)
JACK ABBEY GEPHART (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
cstewart@rgrdlaw.com
fmejia@rgrdlaw.com
jgephart@rgrdlaw.com

Class Counsel

BARRETT JOHNSTON MARTIN
   & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com

Local Counsel

KING & SPALDING LLP
LISA BUGNI (admitted *pro hac vice*)

_____
                 LISA BUGNI

50 California Street, Suite 3300
San Francisco, CA  94111
Telephone:  415/318-1200
415/318-1300 (fax)
lbugni@kslaw.com

KING & SPALDING LLP
JESSICA P. CORLEY (admitted *pro hac vice*)
RONNI D. SOLOMON (admitted *pro hac vice*)
BRANDON R. KEEL (admitted *pro hac vice*)
LOHR A. BECK (admitted *pro hac vice*)
LOGAN R. HOBSON (admitted *pro hac vice*)
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA  30309
Telephone:  404/572-4600
404/572-5100 (fax)
jpcorley@kslaw.com
rsolomon@kslaw.com
bkeel@kslaw.com
lohr.beck@kslaw.com
lhobson@kslaw.com

- 39 -

HOLLAND & KNIGHT LLP
W. TRAVIS PARHAM (TN #16846)
511 Union Street, Suite 2700
Nashville, TN  37219
Telephone:  615/244-6380
615/244-6804 (fax)
travis.parham@hklaw.com

Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 18, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
   & DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)


Email: cwood@rgrdlaw.com

4880-4900-3359.v2

# Mailing Information for a Case 3:19-cv-00407 Caudle v. AAC Holdings, Inc. et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Henry Scattergood Bator**
  hbator@rgrdlaw.com

- **Lohr Alexandria Beck**
  lohr.beck@kslaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Lisa R. Bugni**
  lbugni@kslaw.com

- **Jessica Perry Corley**
  jpcorley@kslaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jack A. Gephart**
  jgephart@rgrdlaw.com

- **Logan R. Hobson**
  lhobson@kslaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Brandon R. Keel**
  bkeel@kslaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Jonathan Lindenfeld**
  jlindenfeld@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,e_file_sd@rgrdlaw.com,clyons@ecf.courtdrive.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,jkarsten@barrettjohnston.com,elusnak@barrettjohnston.com,jmartin@rgrdlaw.com

- **Francisco J. Mejia**
  fmejia@rgrdlaw.com

- **W. Travis Parham**
  travis.parham@hklaw.com,shelli.dimarco@hklaw.com,pat.grace@hklaw.com,EWard@KSLAW.com

- **Ronni D. Solomon**
  rsolomon@kslaw.com

- **Christopher Stewart**
  cstewart@rgrdlaw.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,agonzales@ecf.courtdrive.com,CWood@ecf.courtdrive.com,agonzales@rgrdlaw.coom,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis(

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)