# EXHIBIT 6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| | ) C.A. NO. 3-98-0643 |
| | ) |
| IN RE SIRROM CAPITAL | ) |
| CORPORATION SECURITIES | ) |
| LITIGATION, | ) JUDGE CAMPBELL |
| | ) |
| | ) MAGISTRATE JUDGE GRIFFIN |
| | ) |

## ORDER AND FINAL JUDGMENT

On this 4ᵗʰ day of Feb , 2000, a hearing having been held

before this Court to determine: (1) whether the terms and conditions of the Stipulation and

Agreement of Settlement, dated Nov 15 1999 (the "Settlement Stipulation") are fair, reasonable and

adequate for the settlement of all claims asserted by the Class against the Settling Defendants in the

complaint now pending in this Court under the above caption, including the release of the Settling

Defendants and the Released Parties and should be approved; (2) whether judgment should be

entered dismissing the complaint on the merits and with prejudice in favor of the Defendants and as

against all persons or entities who are members of the Class herein who have not requested exclusion

therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate

the settlement proceeds among the members of the Class; and (4) whether and in what amount to

award counsel for plaintiffs and the Class fees and reimbursement of expenses. The Court having

considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of

the hearing substantially in the form approved by the Court was mailed to all persons or entities

reasonably identifiable, who purchased or otherwise acquired the common stock of Sirrom Capital

This document was entered on
the docket in compliance with
Rule 58, and/or Rule 79(a),
on _____



Corporation between January 20, 1998 and July 10, 1998, inclusive (the "Class Period"), except those persons or entities excluded from the definition of the Class, as shown by the records of Sirrom's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in The Wall Street Journal pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Settlement Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of the Litigation, the Plaintiffs, all Class Members and the Defendants.

2.      The Court finds the prerequisites to a class action under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons who purchased or

- 2 -

otherwise acquired the common stock of Sirrom Capital Corporation between January 20, 1998 and July 10, 1998, inclusive, including all persons or entities that purchased Sirrom common stock pursuant or traceable to the Registration Statement and Prospectus, issued in connection with the Secondary Offering on or about March 5, 1998. Excluded from the Class are the Defendants in this action, members of the immediate families of each of the Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of any such excluded party. Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit A annexed hereto.

4. The Settlement Stipulation is approved as fair, reasonable and adequate, and in the best interests of the Class, and the Class Members and the Parties are directed to consummate the Settlement Stipulation in accordance with its terms and provisions.

5. The Complaint is hereby dismissed with prejudice and without costs, except as provided in the Settlement Stipulation, as against any and all of the Defendants.

6. Members of the Class and the successors and assigns of any of them, are hereby forever permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known and unknown claims, that have been or could have been asserted in any forum by the Class Members or any of them against any of the Released Parties (defined

- 3 -

below) which arise out of or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted in the Complaint relating to the purchase of shares of the common stock of Sirrom during the Class Period (the "Settled Claims") against any and all of the Defendants, their past or present subsidiaries, parents, successors-in-interest, predecessors, present and former officers, directors, shareholders, agents, insurers, employees, attorneys, advisors, and investment advisors, auditors, accountants and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of the Defendants (the "Released Parties"). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

7.      The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Settled Defendants' Claims against any of the Plaintiffs, Class Members or their attorneys. The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8.      Neither the Settlement Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

- 4 -

(a) offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants of the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b) offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Plaintiffs and the Class as evidence of any infirmity in the claims of Plaintiffs and the Class;

(c) offered or received against the Defendants as evidence of a presumption, concession or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder; and

(d) construed against the Defendants or the Plaintiffs and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

- 5 -

(e)   construed as or received in evidence as an admission, concession or presumption against plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Consolidated Complaint would not have exceeded the Settlement Fund.

9.    The Plan of Allocation is approved as fair and reasonable, and in the best interests of the Class, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

10.   Counsel for plaintiffs and the Class are hereby awarded the sum of $5,000,000.00 in fees, which sum the Court finds to be fair and reasonable, and $122,186.99 in reimbursement of expenses, which shall be paid to the Chair of Plaintiffs' Executive Committee from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same rate that the Settlement Amount earns. The award of attorneys' fees shall be allocated among counsel for plaintiffs and the Class in a fashion which, in the opinion of a majority of Plaintiffs' Executive Committee, fairly compensates counsel for the plaintiffs and the Class for their respective contributions in the prosecution of the litigation.

11.   Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this litigation, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

- 6 -

12. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

13. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated: Nashville, Tennessee
Feb. 4 , 2000

Todd Campbell

UNITED STATES DISTRICT JUDGE

- 7 -