# EXHIBIT A

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>MICHAEL T. CARTWRIGHT, KIRK R. MANZ and ANDREW W. McWILLIAMS, )<br><br>Defendants. ) | Civil Action No. 3:19-cv-00407<br><br>CLASS ACTION<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF AAC HOLDINGS, INC. ("AAC" OR THE "COMPANY") BETWEEN MARCH 8, 2017 AND APRIL 15, 2019, INCLUSIVE ("CLASS" OR "CLASS MEMBERS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE NOVEMBER 24, 2023**.

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION.**

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Middle District of Tennessee, Nashville Division (the "Court"). The purpose of this Notice is to inform you of (i) the pendency of this class action (the "Litigation") between Indiana Public Retirement System ("Plaintiff") and Michael T. Cartwright, Kirk R. Manz, and Andrew McWilliams ("Defendants"); (ii) the proposed $3,750,000 settlement reached therein (the "Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated May 17, 2023 (the "Stipulation"), by and between Plaintiff and Defendants (the "Settling Parties"). This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the proposed Settlement of the Litigation and of your rights in connection therewith.

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.AACSecuritiesLitigation.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proof of Claim forms must be postmarked or submitted online on or before November 24, 2023.** |
| **EXCLUDE YOURSELF FROM THE CLASS** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be postmarked on or before September 27, 2023.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* on or before September 27, 2023. If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON OCTOBER 18, 2023** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before September 27, 2023.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

### Statement of Class Recovery

Pursuant to the Settlement described herein, a $3.75 million Settlement Fund has been established. Based on Plaintiff's estimate of the number of allegedly damaged shares eligible to recover under the Settlement, the average distribution per common share under the Plan of Allocation is approximately $0.18, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that these are only estimates.** A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than these estimated average amounts. *See* Plan of Allocation set forth and discussed at pages 9-12 below for more information on the calculation of your claim.

### Statement of Potential Outcome of Case

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each or any claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of AAC common stock was allegedly artificially inflated (if at all) during the relevant period; (4) the amount, if any, by which the price of AAC common stock was allegedly artificially inflated (if at all) during the relevant period; (5) the effect of various market forces on the price of AAC common stock at various times during the relevant period; (6) the extent to which external factors influenced the price of AAC common stock at various times during the relevant period; (7) the extent to which the matters that Plaintiff alleged were materially false or misleading influenced (if at all) the price of AAC common stock at various times during the relevant period; and (8) the extent to which the various allegedly adverse material facts that Plaintiff alleged were omitted influenced (if at all) the price of AAC common stock at various times during the relevant period.

### Statement of Attorneys' Fees and Expenses Sought

Since the Litigation's inception, Plaintiff's Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Class Counsel will apply to the Court on behalf of all Plaintiff's Counsel for an award of attorneys' fees not to exceed 17% of the Settlement Amount, plus expenses not to exceed $695,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per AAC common stock will be approximately $0.06. In addition, Plaintiff may seek payment for its time and expenses incurred in representing the Class.

### Further Information

For further information regarding the Litigation, this Notice or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at 1-866-753-8854, or visit the website www.AACSecuritiesLitigation.com.

2

You may also contact a representative of counsel for the Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

**Please Do Not Call the Court, AAC, or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Plaintiff's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery–or, indeed, no recovery at all–might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| 1. | Why did I get this Notice package? |
|---|---|

This Notice was sent to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired AAC common stock during the period from March 8, 2017 through and including April 15, 2019 (the "Class Period").

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Middle District of Tennessee, Nashville Division, and the case is known as *Indiana Public Retirement System v. Cartwright, et al.*, Civil Action No. 3:19-cv-00407. The case has been assigned to the Honorable Eli Richardson. The entity representing the Class is the "Plaintiff," and the individuals it sued and who have now settled are called the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

The initial complaint in the Litigation was filed on May 16, 2019. On August 13, 2019, the Court appointed Indiana Public Retirement System as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel.

On November 4, 2019, Plaintiff filed the operative Complaint, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

Specifically, Plaintiff alleged that throughout the alleged Class Period (from March 8, 2017 through April 15, 2019, inclusive), AAC,[2] a for-profit healthcare company operating addiction treatment centers, transitional "sober living" services, and drug testing services, and certain of its executives engaged in a fraudulent scheme, made materially false and misleading statements, and/or failed to disclose that: (1) to fill beds in its treatment centers, the Company had operated deceptive websites that appeared to give unbiased, reliable advice about addiction and treatment facilities, but in fact were set up to recruit people to AAC facilities; and (2) AAC had fraudulently inflated its accounts receivable, and thus overstated its reported net income and/or understated the net losses it reported to investors during the Class Period. Plaintiff further alleged that Defendants' allegedly fraudulent misconduct and false and misleading statements caused AAC common stock to trade at artificially inflated prices during the Class Period until the true nature of Defendants' alleged wrongdoing was disclosed, and the price of AAC common stock fell, causing damages to Plaintiff and other Members of the Class.

On January 13, 2020, Plaintiff filed a supplement to the Complaint alleging that Defendants had concealed a Securities and Exchange Commission subpoena and investigation concerning AAC's accounts receivable, restatements, and accounting policies. Plaintiff filed a second supplement to the Complaint on February 5, 2020, to add new allegations regarding defendant Michael Cartwright's resignation as AAC's Chief Executive Officer on January 24, 2020.

On February 12, 2020, Defendants moved to dismiss the Complaint. On April 10, 2020, Plaintiff filed its opposition to Defendants' motion to dismiss. On May 12, 2020, Defendants filed their reply brief. On April 8, 2021, the Court denied Defendants' motion.

On July 6, 2021, Plaintiff moved to certify the class. Defendants filed their opposition on September 7, 2021, and Plaintiff filed its reply on June 13, 2022. After the Court granted leave for Defendants to file a sur-reply on the class certification motion, Defendants filed their sur-reply on July 20, 2022. On February 24, 2023, the Court granted in part and denied in part Plaintiff's motion for class certification. Plaintiff moved for reconsideration of the class certification order on March 10, 2023. Defendants opposed that motion on March 27, 2023, and Plaintiff filed its reply on April 3, 2023. The motion remained pending when the parties notified the Court on April 5, 2023, that they had reached a settlement in principle.

---

[2] AAC was dismissed without prejudice on April 29, 2021, following AAC's bankruptcy.

The parties conducted extensive fact and expert discovery, and litigated a number of discovery disputes, including through formal motion practice and informal discovery conferences before the Magistrate Judge. In all, Defendants, AAC, and third parties produced more than 430,000 pages of documents, and the parties conducted 23 fact and expert depositions.

On September 23, 2021, Plaintiff and Defendants participated in a voluntary confidential mediation with Gregory P. Lindstrom, Esq., of Phillips ADR, an experienced mediator. The mediation was preceded by submission of mediation statements by the Settling Parties. The Settling Parties engaged in good faith negotiations but did not reach a settlement. The Settling Parties engaged in two follow-up mediation sessions with Mr. Lindstrom on February 16 and May 5, 2022, and the Settling Parties submitted supplemental mediation statements, but the Settling Parties still did not reach a settlement. Following the mediation sessions and while continuing to litigate the case, the parties continued settlement discussions through Mr. Lindstrom. On April 5, 2023, the parties agreed to settle the Litigation in return for a cash payment of $3,750,000 for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement among the Settling Parties.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Plaintiff in the Litigation. Defendants contend that they did not make any materially false or misleading statements, that they did not engage in a fraudulent scheme, that they disclosed all material information required by the federal securities laws, and that they at all times acted in good faith. Defendants also contend that any losses allegedly suffered by Members of the Class were not caused by any allegedly fraudulent scheme, or false or misleading statements by them and/or were caused by intervening events. Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Defendants or of the Plaintiff. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Class? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: all Persons who purchased or otherwise acquired the common stock of AAC between March 8, 2017 and April 15, 2019, inclusive (the "Class Period"). Excluded from the Class are AAC, Michael T. Cartwright, Kirk R. Manz, Andrew McWilliams and members of their respective immediate families, any entity of which any of them has a controlling interest and the legal representatives, heirs, predecessors, successors or assigns of any of them. Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

**Please Note:** Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before November 24, 2023.

| 5. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-866-753-8854, or you can fill out and return the Proof of Claim form enclosed with this Notice package to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay (or cause to be paid) $3.75 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proof of Claim forms that Class Members send in, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.AACSecuritiesLitigation.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than November 24, 2023**. The Proof of Claim form may be submitted online at www.AACSecuritiesLitigation.com.

| 9. | When would I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on October 18, 2023, at 3:00 p.m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

Unless you timely and validly exclude yourself in connection with this Settlement, you are in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Released Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, common, or foreign law or any other law, rule or regulation, whether class or individual in nature, arising out of, relating to or in connection with both: (i) the purchase and/or other acquisition of AAC common stock during the period from March 8, 2017 through April 15, 2019, inclusive; and (ii) the facts, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations and/or omissions that were or could have been alleged in the Litigation. "Released Claims" does not include claims to enforce the Settlement, or the claims of any Person who submits a request for exclusion in connection with this Settlement. "Released Claims" includes "Unknown Claims" as defined below.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiff, Plaintiff's Counsel, or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Related Parties" means each Defendant's respective immediate family members, spouses, heirs, estates, executors, trusts, trustees, administrators, agents, legal or personal representatives, attorneys, insurers, principals, employees, auditors, accountants, advisors, assigns, and assignees of each of them, in their capacity as such; and AAC and its past or present trustees, executors, administrators, officers, directors, partners, members, employees, contractors, auditors, accountants, advisors (including financial advisors or consultants), principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, joint venturers, shareholders, underwriters, insurers, personal or legal representatives, estates, financial advisors or consultants, banks or investment bankers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies.

- "Released Defendant Party" or "Released Defendant Parties" or "Released Persons" mean Defendants, their Related Parties, and Defendants' Counsel.

- "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiff, the Class, and Plaintiff's Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiff, the Class, and Plaintiff's Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiff,

the Class, and Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiff, the Class, and Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself–or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. Also, Defendants may terminate the Settlement and render it null and void in the event that Persons who would otherwise be Members of the Class who collectively purchased a certain number of shares of AAC common stock exclude themselves from the Class.

| **11.** | **How do I get out of the Class and the proposed Settlement?** |
|---|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *AAC Securities Litigation*." Your letter must include your purchases or other acquisitions of AAC common stock during the Class Period, including the dates and number of shares of AAC common stock purchased or otherwise acquired, and price paid for each such purchase or other acquisition. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than September 27, 2023** to:

*AAC Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Persons about the Released Claims in the future, if such claims are not time-barred.

| 12. | If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Persons for any and all Released Claims. If you have a pending lawsuit against the Released Persons, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is September 27, 2023.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Persons.

## THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class Members, including you. These lawyers are called Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Class Counsel will apply to the Court for an award of attorneys' fees not to exceed 17% of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $695,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Plaintiff may seek up to $25,000 for its time and expenses incurred in representing the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Plaintiff's Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *AAC Securities Litigation*. Include your name, address, telephone number, and your signature, identify the date(s), price(s), and number of shares purchased, acquired, or sold of AAC common stock during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or fee and expense application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected. You must also include copies of documents demonstrating your purchases, other acquisitions, and/or sales of AAC common stock during the Class Period. Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* no later than September 27, 2023:

| COURT | CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT<br>UNITED STATES DISTRICT COURT<br>MIDDLE DISTRICT OF TENNESSEE<br>NASHVILLE DIVISION<br>Fred D. Thompson U.S. Courthouse<br>and Federal Building<br>719 Church Street, Suite 1300<br>Nashville, TN 37203 | ROBBINS GELLER<br>RUDMAN & DOWD LLP<br>Attn: Ellen Gusikoff Stewart<br>655 West Broadway<br>Suite 1900<br>San Diego, CA 92101 | KING & SPALDING LLP<br>Attn: Jessica P. Corley<br>Lisa R. Bugni<br>1180 Peachtree Street, NE<br>Suite 1600<br>Atlanta, GA 30309 |

| 17. | What is the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| 18. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Hearing at **3:00 p.m., on October 18, 2023**, in the Courtroom of the Honorable Eli Richardson, at the United States District Court for the Middle District of Tennessee, Nashville Division, Fred D. Thompson U.S. Courthouse and Federal Building, Courtroom 5C, 719 Church Street, Nashville, TN 37203. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and Plaintiff. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Class Members.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video conference, without further written notice to the Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket or the Settlement website, www.AACSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.AACSecuritiesLitigation.com. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the hearing will be posted to the Settlement website, www.AACSecuritiesLitigation.com.** If you want to attend the hearing, either in person or remotely, if permitted, you should check with Class Counsel or the Settlement website, www.AACSecuritiesLitigation.com, beforehand to be sure that the date and/or time has not changed.

| 19. | Do I have to come to the hearing? |
|---|---|

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you are a Class Member and send an objection, you do not have to come to Court to talk about it. As long as you are a Class Member and mailed your complete written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *AAC Securities Litigation*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Plaintiff's Counsel or Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be *received* **no later than September 27, 2023**, and addressed to the Clerk of Court, Class Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case.

# GETTING MORE INFORMATION

| 22. | How do I get more information? |
|-----|---------------------------------|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-866-753-8854. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other settlement-related papers filed in the Litigation, which are posted on the Settlement website at www.AACSecuritiesLitigation.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Middle District of Tennessee, Nashville Division, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## THE PROPOSED PLAN OF ALLOCATION OF NET
## SETTLEMENT FUND AMONG CLASS MEMBERS

| 23. | How will my claim be calculated? |
|-----|----------------------------------|

As discussed above, the Settlement provides $3,750,000 in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants–*i.e.*, Members of the Class who timely submit valid Proofs of Claim that are accepted for payment by the Court–in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.AACSecuritiesLitigation.com.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who allegedly suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not necessarily intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Plan of Allocation is intended to compensate Class Members who purchased or otherwise acquired AAC common stock during the Class Period. In developing the Plan of Allocation, Class Counsel estimated the amount of alleged artificial inflation in the price of AAC stock that was allegedly proximately caused by Defendants' scheme to defraud and materially false and misleading statements and omissions, as well as the declines in AAC's stock price when the alleged fraud, and the circumstances concealed by the alleged fraud, were revealed. The Plan of Allocation also specifically accounts for: (i) Plaintiff's theory of liability with respect to the so-called Marketing Claim; (ii) the risk that the Court would not certify the so-called Marketing Claim and/or deny Plaintiff's motion for reconsideration that was pending at the time of the Settlement; and (iii) the fact that Plaintiff had not moved to certify a Class Period beyond November 5, 2018, at the time of the Settlement.

Your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that Class Members send in and how many shares of AAC common stock you purchased or otherwise acquired during the Class Period, and whether and when you sold any of those shares.

To the extent there are sufficient funds in the Net Settlement Fund, each claimant will receive an amount equal to the claimant's "Recognized Loss," as described below. If, however, as expected, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each claimant, then each claimant shall be paid the percentage of the Net Settlement Fund that each claimant's Recognized Loss bears to the total of the Recognized Loss of all claimants–*i.e.*, the claimant's *pro rata* share of the Net Settlement Fund.

For each purchase or other acquisition of AAC common stock that is properly documented, a "Recognized Loss" will be calculated according to the formulas described below. The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory PSLRA 90-day look-back amount of $1.24. Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the Recognized Loss Amount is zero.

| Inflation Period | Inflation per share |
|---|---|
| March 8, 2017 – May 3, 2017 | $3.09 |
| May 4, 2017 – August 2, 2017 | $3.29 |
| August 3, 2017 – November 1, 2017 | $2.97 |
| November 2, 2017 – February 21, 2018 | $2.82 |
| February 22, 2018 – May 2, 2018 | $2.79 |
| May 3, 2018 – August 1, 2018 | $2.66 |
| August 2, 2018 – November 5, 2018 | $2.49 |
| November 6, 2018 – March 12, 2019 | $1.07 |
| March 13, 2019 – March 31, 2019 | $0.27 |
| April 1, 2019 – April 15, 2019 | $0.53 |

1.	For AAC shares *purchased, or acquired, on or between March 8, 2017 through and including November 5, 2018*, the claim per share shall be as follows:

a)	If sold prior to November 6, 2018, the claim per share is $0.00.

b)	If sold on or between November 6, 2018 through April 15, 2019, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase less the inflation per share at the time of sale; and (ii) the difference between the purchase price and the selling price.

c)	If retained at the end of April 15, 2019 and sold on or before July 12, 2019, the claim per share shall be the least of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table A below.

d)	If retained at the end of July 12, 2019, or sold thereafter, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase; and (ii) the difference between the purchase price and $1.24.

2.	For AAC shares *purchased, or acquired, on or between November 6, 2018 through and including April 15, 2019*, the claim per share shall be as follows:

a)	If sold prior to April 16, 2019, the claim per share shall be the lesser of: (i) fifty percent of the inflation per share at the time of purchase less fifty percent of the inflation per share at the time of sale; and (ii) the difference between the purchase price and the selling price.

b)	If retained at the end of April 15, 2019 and sold on or before July 12, 2019, the claim per share shall be the least of: (i) fifty percent of the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table A below.

c)	If retained at the end of July 12, 2019, or sold thereafter, the claim per share shall be the lesser of: (i) fifty percent of the inflation per share at the time of purchase; and (ii) the difference between the purchase price and $1.24.

## Table A

| Date | Price | Average Closing Price | Date | Price | Average Closing Price |
|---|---|---|---|---|---|
| 16-Apr-19 | $1.74 | $1.74 | 31-May-19 | $0.90 | $1.54 |
| 17-Apr-19 | $1.74 | $1.74 | 3-Jun-19 | $1.01 | $1.53 |
| 18-Apr-19 | $1.56 | $1.68 | 4-Jun-19 | $1.05 | $1.51 |
| 22-Apr-19 | $1.46 | $1.63 | 5-Jun-19 | $0.99 | $1.50 |
| 23-Apr-19 | $1.62 | $1.62 | 6-Jun-19 | $0.91 | $1.48 |
| 24-Apr-19 | $1.54 | $1.61 | 7-Jun-19 | $0.92 | $1.47 |
| 25-Apr-19 | $1.57 | $1.60 | 10-Jun-19 | $0.82 | $1.45 |
| 26-Apr-19 | $1.64 | $1.61 | 11-Jun-19 | $0.79 | $1.43 |
| 29-Apr-19 | $1.72 | $1.62 | 12-Jun-19 | $0.73 | $1.42 |
| 30-Apr-19 | $1.61 | $1.62 | 13-Jun-19 | $0.74 | $1.40 |
| 1-May-19 | $1.63 | $1.62 | 14-Jun-19 | $0.70 | $1.38 |
| 2-May-19 | $1.62 | $1.62 | 17-Jun-19 | $0.72 | $1.37 |
| 3-May-19 | $1.97 | $1.65 | 18-Jun-19 | $0.69 | $1.35 |
| 6-May-19 | $1.97 | $1.67 | 19-Jun-19 | $0.67 | $1.34 |
| 7-May-19 | $1.99 | $1.69 | 20-Jun-19 | $0.66 | $1.32 |
| 8-May-19 | $1.86 | $1.70 | 21-Jun-19 | $0.70 | $1.31 |
| 9-May-19 | $1.90 | $1.71 | 24-Jun-19 | $0.70 | $1.30 |
| 10-May-19 | $1.73 | $1.72 | 25-Jun-19 | $0.79 | $1.29 |
| 13-May-19 | $1.67 | $1.71 | 26-Jun-19 | $0.86 | $1.28 |
| 14-May-19 | $1.54 | $1.70 | 27-Jun-19 | $0.83 | $1.27 |
| 15-May-19 | $1.65 | $1.70 | 28-Jun-19 | $0.86 | $1.26 |
| 16-May-19 | $1.69 | $1.70 | 1-Jul-19 | $0.90 | $1.25 |
| 17-May-19 | $1.45 | $1.69 | 2-Jul-19 | $1.03 | $1.25 |
| 20-May-19 | $1.39 | $1.68 | 3-Jul-19 | $1.09 | $1.25 |
| 21-May-19 | $1.28 | $1.66 | 5-Jul-19 | $1.08 | $1.24 |
| 22-May-19 | $1.16 | $1.64 | 8-Jul-19 | $1.19 | $1.24 |
| 23-May-19 | $1.30 | $1.63 | 9-Jul-19 | $1.26 | $1.24 |
| 24-May-19 | $1.10 | $1.61 | 10-Jul-19 | $1.24 | $1.24 |
| 28-May-19 | $1.24 | $1.60 | 11-Jul-19 | $1.27 | $1.24 |
| 29-May-19 | $1.11 | $1.58 | 12-Jul-19 | $1.20 | $1.24 |
| 30-May-19 | $1.06 | $1.56 | | | |

In the event a Class Member held AAC common stock prior to the Class Period or has more than one purchase or other acquisition or sale of AAC common stock during the Class Period, all such purchases, acquisitions, and sales shall be matched by security on a First-In, First-Out ("FIFO") basis. Under the FIFO method, any sales of AAC common stock made after commencement of the Class Period will be matched, in chronological order, starting with shares of AAC common stock prior to March 8, 2017. The remaining sales of AAC common stock will then be matched, in chronological order, against shares purchased or otherwise acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions are subtracted from all losses. However, the proceeds from sales of AAC common stock held prior to the Class Period will not be used in the calculation of such net loss.

If purchase or other acquisition and sale transactions reflect a market gain, the recognized claim for the specific shares involved in the transaction will be $0.00. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its recognized claim as compared to the total recognized claims of all Authorized Claimants.

Purchases or other acquisitions and sales of AAC common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of AAC common stock shall not be deemed a purchase, other acquisition or sale of AAC common stock for the calculation of Recognized Loss, unless (i) the donor or decedent purchased or otherwise acquired such AAC common stock during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such AAC common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

An Authorized Claimant's Recognized Loss shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Losses of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of the Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose distribution calculates to $10.00 or greater.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Class Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Plaintiff, Plaintiff's Counsel, the Claims Administrator, or other Person designated by Plaintiff's Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

Nominees who purchased or otherwise acquired AAC common stock for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Notice sufficient copies of the Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Notice, at notifications@gilardi.com or *AAC Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 301171, Los Angeles, CA 90030-1171. If a nominee elects to send the Notice to beneficial owners, such nominee is directed to email or mail via First Class Mail (where an email is unavailable) the Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

DATED: July 6, 2023

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) Civil Action No. 3:19-cv-00407 ) ) <u>CLASS ACTION</u> ) |
| Plaintiff, | ) Judge Eli J. Richardson ) Magistrate Judge Alistair E. Newbern ) |
| vs. | ) |
| MICHAEL T. CARTWRIGHT, KIRK R. MANZ and ANDREW W. McWILLIAMS, | ) ) ) |
| Defendants. | ) ) |

## PROOF OF CLAIM AND RELEASE

### I.     GENERAL INSTRUCTIONS

1.      To recover as a Class Member based on the claims in the Litigation,[1] you must complete and, on page 6 hereof, sign this Proof of Claim. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE NOVEMBER 24, 2023**, ADDRESSED AS FOLLOWS:

*AAC Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301171
Los Angeles, CA 90030-1171
Online Submissions: www.AACSecuritiesLitigation.com

If you are NOT a Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.      If you are a Class Member and you do not timely request exclusion, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

### II.     CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased or otherwise acquired the common stock of AAC Holdings, Inc. ("AAC" or the "Company") between March 8, 2017 and April 15, 2019, inclusive (the "Class Period"), and are not otherwise excluded from the Class.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee") of AAC common stock that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF AAC COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

---

[1]      This Proof of Claim and Release ("Proof of Claim") incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.AACSecuritiesLitigation.com.

### III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in AAC Common Stock" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases, acquisitions, and sales of AAC common stock that took place between March 8, 2017 and July 12, 2019, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to the number of shares of AAC common stock you held at the close of trading on March 7, 2017, April 15, 2019, and on July 12, 2019. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase or other acquisition of AAC common stock. The date of a "short sale" is deemed to be the date of sale of AAC common stock.

COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN AAC COMMON STOCK SHOULD BE ATTACHED TO YOUR CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All such claimants MUST also submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one claim should be submitted for each separate legal entity and the complete name of the beneficial owner(s) of the securities must be entered where called for. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The Third-Party Filer shall not be the payee of any distribution payment check or electronic distribution payment. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

*Indiana Public Retirement System
v. Cartwright, et al.*

Civil Action No. 3:19-cv-00407

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or
Received (if Submitted Online) No
Later Than November 24, 2023**

# AACS

Please Type or Print in the Boxes Below
Do **NOT** use Red Ink, Pencil, or Staples

Official Office Use Only

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN AAC COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

## PART I. CLAIMANT IDENTIFICATION

Last Name

M.I.

First Name

Last Name (Co-Beneficial Owner)

M.I.

First Name (Co-Beneficial Owner)

○ IRA ○ Joint Tenancy ○ Employee ○ Individual ○ Other _____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number

or

Taxpayer Identification Number

Telephone Number (Primary Daytime)

Telephone Number (Alternate)

Email Address

## MAILING INFORMATION

Address

Address (cont.)

City

State

ZIP Code

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | CB | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |

# PART II. SCHEDULE OF TRANSACTIONS IN AAC COMMON STOCK

**A.** **Number of shares of AAC common stock held at the close of trading on March 7, 2017:**  Proof Enclosed? ◯ Y ◯ N

**B.** **Purchases or other acquisitions of AAC common stock (March 8, 2017 - July 12, 2019, inclusive):**

PURCHASES

| | Trade Date(s) (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase Enclosed? |
|---|---|---|---|---|
| 1. | / / | | $ . 00 | ◯ Y ◯ N |
| 2. | / / | | $ . 00 | ◯ Y ◯ N |
| 3. | / / | | $ . 00 | ◯ Y ◯ N |
| 4. | / / | | $ . 00 | ◯ Y ◯ N |
| 5. | / / | | $ . 00 | ◯ Y ◯ N |

IMPORTANT: (i) If any purchase listed covered a "short sale," please mark Yes: ◯ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

M M / D D / Y Y Y Y    Merger Shares:    Company:

**C.** **Sales of AAC common stock (March 8, 2017 - July 12, 2019, inclusive):**

SALES

| | Trade Date(s) (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sales Enclosed? |
|---|---|---|---|---|
| 1. | / / | | $ . 00 | ◯ Y ◯ N |
| 2. | / / | | $ . 00 | ◯ Y ◯ N |
| 3. | / / | | $ . 00 | ◯ Y ◯ N |
| 4. | / / | | $ . 00 | ◯ Y ◯ N |
| 5. | / / | | $ . 00 | ◯ Y ◯ N |

**D.** **Number of shares of AAC common stock held at the close of trading on April 15, 2019:**  Proof Enclosed? ◯ Y ◯ N

**E.** **Number of shares of AAC common stock held at the close of trading on July 12, 2019:**  Proof Enclosed? ◯ Y ◯ N

If you require additional space, attach extra schedules in the same format as above.
Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 6. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases, other acquisitions, or sales of AAC common stock during the relevant period and know of no other person having done so on my (our) behalf.

## V. RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as Defendants, their Related Parties, and Defendants' Counsel.

2.      "Related Parties" means each Defendant's respective immediate family members, spouses, heirs, estates, executors, trusts, trustees, administrators, agents, legal or personal representatives, attorneys, insurers, principals, employees, auditors, accountants, advisors, assigns, and assignees of each of them, in their capacity as such; and AAC and its past or present trustees, executors, administrators, officers, directors, partners, members, employees, contractors, auditors, accountants, advisors (including financial advisors or consultants), principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, joint venturers, shareholders, underwriters, insurers, personal or legal representatives, estates, financial advisors or consultants, banks or investment bankers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies.

3.      "Released Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, common, or foreign law or any other law, rule or regulation, whether class or individual in nature, arising out of, relating to or in connection with both: (i) the purchase and/or other acquisition of AAC common stock during the period March 8, 2017 through April 15, 2019, inclusive; and (ii) the facts, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations and/or omissions that were or could have been alleged in the Litigation.  "Released Claims" does not include claims to enforce the Settlement, or the claims of any Person who submits a request for exclusion in connection with this Settlement. "Released Claims" includes "Unknown Claims" as defined herein.

4.      "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiff, the Class, and Plaintiff's Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiff, the Class, and Plaintiff's Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiff, the Class, and Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released

Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiff, the Class, and Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

5.   I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.   I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in AAC common stock that occurred during the relevant period as well as the number of shares held by me (us) at the close of trading on March 7, 2017, April 15, 2019, and July 12, 2019.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this_____ day of _____ in _____
                                     (Month/Year)                               (City/State/Country)

_____          _____
(Sign your name here)                               (Sign your name here)

_____          _____
(Type or print your name here)                      (Type or print your name here)

_____          _____
(Capacity of person(s) signing, *e.g.,*             (Capacity of person(s) signing, *e.g.,*
Beneficial Purchaser or Acquirer, Executor or Administrator)   Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. Remember to attach copies of supporting documentation.

3. **Do not send** originals of certificates or other documentation as they will not be returned.

4. Keep a copy of your Proof of Claim and all supporting documentation for your records.

5. If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send your new address to the address below.

7. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED**
**NO LATER THAN NOVEMBER 24, 2023, ADDRESSED AS FOLLOWS:**

*AAC Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301171
Los Angeles, CA  90030-1171
Online Submissions: www.AACSecuritiesLitigation.com