UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM,) Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>   vs.<br><br>MICHAEL T. CARTWRIGHT, KIRK R. MANZ and ANDREW W. McWILLIAMS,<br><br>          Defendants. | Civil Action No. 3:19-cv-00407<br><br>CLASS ACTION<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern<br><br>DECLARATION OF CHRISTOPHER M. WOOD FILED ON BEHALF OF ROBBINS GELLER RUDMAN & DOWD LLP IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES |

I, Christopher M. Wood, declare as follows:

1. I am a member of the firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm"). I am submitting this declaration in support of the application for an award of attorneys' fees, expenses and charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2. This Firm is Class Counsel and counsel of record for Plaintiff Indiana Public Retirement System.

3. The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business. I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration. The purpose of

- 1 -

this review was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation. As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment. Based on this review and the adjustments made, I believe the attorney and paraprofessional time set forth herein and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation. In addition, I believe these expenses are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

4. After the reductions referred to above, the number of hours spent on the Litigation exceeded 8,500 hours.

5. The vast majority of the time, 6,057.50 hours, was spent on discovery-related matters, including: (i) drafting discovery requests and subpoenas and negotiating responses thereto; (ii) reviewing and evaluating over 430,000 pages of documents; (iii) preparing for, taking and defending depositions; (iv) drafting discovery-related motions; and (v) evaluating and challenging claims of privilege. A description of the work undertaken to complete the discovery process is set forth in the Declaration of Christopher M. Wood in Support of: (1) Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (2) an Award of Attorneys' Fees and Expenses and Award to Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4) ("Wood Declaration") at §III.E.

6. A total of 741.50 hours were spent on pre-discovery investigation efforts, as well as drafting the relevant complaints and supplements thereto. A description of the work undertaken related to Plaintiff's investigation and drafting the complaints is set forth in the Wood Declaration at ¶¶30, 67.

7. A total of 584.70 hours were spent on matters related to potentially dispositive motions, including: (i) opposing Defendants' motion to dismiss; (ii) obtaining partial class certification; and (iii) seeking reconsideration and preparing to potentially appeal the Court's order partially certifying the proposed class. A description of the work undertaken related to potentially dispositive motions is set forth in the Wood Declaration at ¶¶31, 38-42.

8. A total of 164.50 hours were spent preparing for mediations, participating in in-person and telephonic mediation efforts, and drafting and negotiating the Stipulation of Settlement and its supporting exhibits. A description of the settlement and mediation efforts undertaken throughout this Litigation is set forth in the Wood Declaration at §V.A.

9. The remaining time, 967.70 hours, was spent on other matters related to the prosecution of the case, including: (i) preparing pretrial motions which were submitted during the case; (ii) conducting legal research and discussing litigation strategy; (iii) communicating with the Plaintiff as well as other members of the Class; (iv) assisting bankruptcy counsel with proceeding in bankruptcy court; (v) working with Plaintiff's experts to prepare expert reports and participate in mediation efforts; and (vi) preparing for and attending case management and discovery conferences.

10. Given the nature of the Firm's practice, my Firm does not customarily charge its clients hourly rates for its services. Rather, we typically enter into contingency fee agreements for our work prosecuting securities class actions on behalf of our clients, and we request our fees be approved by the presiding court to be paid from common funds created by our efforts. Contingency fee agreements are also the prevailing, if not the exclusive, fee arrangements in this District and this Circuit for prosecuting securities fraud class actions. As set forth in detail in the Memorandum of Law in Support of Class Counsel's Motion for an Award of Attorneys' Fees and

Expenses and Award to Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4) ("Fee Memo"), courts in this District and this Circuit overwhelming apply a percentage of the fund framework in awarding fees in connection with securities class actions. Courts in this District and this Circuit have routinely approved fee requests far higher than the 17% sought here, and found such awards to be reasonable. Fee Memo at §II.C.

11. The Firm seeks an award of $624,746.04 in expenses and charges in connection with the prosecution of the Litigation. Those expenses and charges are summarized by category in the attached Exhibit A.

12. The following is additional information regarding certain of these expenses:

(a) **Filing, Witness, and Other Fees:** $4,144.56. This amount has been paid to the Court for filing fees and to attorney service firms or individuals who either: (a) served process of the complaint or subpoenas; or (b) obtained copies of court documents for Plaintiff. The vendors who were paid for these services are set forth in the attached Exhibit B.

(b) **Transportation, Hotels, and Meals:** $3,830.98. This amount has been paid for travel expenses to take or defend depositions. It includes the cost of coach airfare and hotel expenses in compliance with the Firm's travel policy. The date, destination, and purpose of each trip is set forth in the attached Exhibit C. Also included in the total for this category is $540.06 for meals brought in-house for counsel, witnesses, and court reporters during numerous depositions.

(c) **Deposition Reporting, Transcripts, and Videography:** $81,854.30. This amount has been paid to a court reporting service in connection with deposition transcription and videography services. The vendor who was paid for these services is listed in the attached Exhibit D.

4881-9665-3178.v6

(d)     **Outside Bankruptcy Counsel: $26,199.13.** This amount has been paid to bankruptcy counsel, Lowenstein Sandler LLP, to protect class members' interests during the course of AAC Holdings, Inc.'s ("AAC") bankruptcy proceedings. Lowenstein Sandler helped ensure that class members' claims against the individual defendants were not impaired by the bankruptcy proceedings and that relevant AAC documents would be preserved and remain available for use in this Litigation. Lowenstein Sandler's work on behalf of the Class was previously described in Lead Plaintiff's Unopposed Motion for Dismissal of Defendant AAC Holdings, Inc. Without Prejudice. ECF 68 at 2.

(e)     **Experts:** $467,923.74.

(i)     **BVA Group LLC ("BVA"):** $331,762.49. This amount has been paid to economic consulting group BVA. Plaintiff retained BVA and one of its partners, W. Scott Dalrymple, CFA, in connection with the prosecution of the case. Mr. Dalrymple, with the assistance of other members of BVA: (i) provided critical economic analysis, as well as expert reports and testimony, in connection with class certification; (ii) assisted in mediation efforts by analyzing and responding to Defendants' contentions regarding potentially recoverable damages, including by participating in certain joint mediation sessions; and (iii) began preparing a merits report for use at summary judgment and trial. Following settlement of this action, BVA also assisted Class Counsel in developing the Plan of Allocation. Mr. Dalrymple and his team spent considerable time studying the record and public information, including analyst reports and SEC filings, in order to be able to address the market in which AAC securities traded, disclosures related to AAC's finances and operations, and the related price movement in AAC's securities. Based on this work, Mr. Dalrymple provided detailed information and analyses that were used in analyzing market efficiency, loss causation, and damages. As described in his July 6, 2021 expert report,

- 5 -

BVA was compensated at the rate of $700 per hour for Mr. Dalrymple's time, while other professionals working on this matter who supported him were billed at rates of $250 to $600 per hour. ECF 78-2, ¶7. These rates increased by no more than 3% annually after the end of calendar year 2021. The rate charged by Mr. Dalrymple is less than the rate Defendants paid Cornerstone Research for Mr. Zurek's time, which, as of 2021, was $750 per hour.[1] ECF 84-1, ¶6.

(ii)      **Hemming Morse, LLP ("Hemming Morse"): $130,179.25.** This amount has been paid to forensic accounting and financial consulting firm Hemming Morse. Plaintiff retained the services of Hemming Morse and one of its partners, Greg J. Regan, CPA/CFF, CFE, in connection with the complex accounting issues in this case. Plaintiff principally engaged Mr. Regan to prepare an expert report in connection with motions for summary judgment addressing the complex accounting matters in this case, including AAC's restatement of its historical financial results, historical accounting for revenue recognition and accounts receivable, internal controls over financial reporting, and compliance with Generally Accepted Accounting Principles ("GAAP"). Mr. Regan and his team expended considerable time and effort analyzing discovery documents, financial statements, public filings with the SEC, deposition testimony and exhibits, and other relevant materials. Mr. Regan was in the process of finalizing a detailed expert report regarding these and other accounting issues at the time the parties reached an agreement in principle to settle this case. Mr. Regan also provided expert guidance to Class Counsel in preparation for depositions of key witnesses on accounting issues. Mr. Regan's time was billed at $590 per hour, while other professionals who supported his analysis were billed at rates of $115 to $365 per hour.

---

[1]      Mr. Zurek was Defendants' expert at the class certification stage. ECF 84-1.

4881-9665-3178.v6

(iii)  **Peter Kent Consulting, LLC:** $5,982.00.  This amount has been paid to Peter Kent Consulting, LLC.  Plaintiff retained the services of Peter Kent in connection with issues pertaining to AAC's alleged marketing practices.  Plaintiff engaged Mr. Kent to prepare an expert report in anticipation of motions for summary judgment regarding industry standards on search engine optimization ("SEO") techniques, search engine rankings, and use of complex algorithms, online advertising, and marketing practices, as well as AAC's alleged use of lead generation websites, "black-hat" SEO techniques, and other marketing tactics.  Mr. Kent analyzed various documents produced in discovery, deposition transcripts and exhibits, and other relevant materials.  Mr. Kent was in the process of preparing an expert report regarding these issues at the time the parties reached an agreement in principle to settle this case.  In connection with preparing an expert report, Mr. Kent also provided expert guidance to Class Counsel in preparation for depositions focused on AAC's SEO and marketing practices.

(f)  **Mediation Fees (Phillips ADR Enterprises, P.C.):** $38,550.00.  The amount has been paid to Phillips ADR Enterprises, P.C.  Phillips ADR is a recognized leader in alternative dispute resolution services.  The parties retained Gregory P. Lindstrom of Phillips ADR, a mediator with a nationally renowned reputation and extensive experience in mediating complex securities actions such as this one, to assist with settlement negotiations.  Before becoming a mediator, Mr. Lindstrom spent 30 years as a lawyer at Latham & Watkins, including serving as the Managing Partner of the San Francisco office and on the firm's Global Executive Committee.  Mr. Lindstrom oversaw the mediation of this case over a 21 month period.  As part of the mediation process, counsel for all parties attended several joint mediation sessions and participated in numerous teleconferences with Mr. Lindstrom concerning their respective

- 7 -

settlement positions.  Negotiations continued through Mr. Lindstrom, and, on April 5, 2023, the parties reached an agreement to resolve the case.

13.     Class Counsel also incurred over $52,000 in expenses and charges in connection with the prosecution of the Litigation for which it **is not** seeking reimbursement.  This includes expenses and charges for: (i) eDiscovery database hosting; (ii) online legal and financial research, including Westlaw; and (iii) investigative services performed by L.R. Hodges & Associates, Ltd.

14.     The expenses pertaining to this case are reflected in the books and records of this Firm.  These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

15.     The identification and background of my Firm and its partners is attached hereto as Exhibit E.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 13th day of September, 2023, at Nashville, Tennessee.

*s/Christopher M. Wood*
CHRISTOPHER M. WOOD

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 13, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
200 31st Avenue North
Nashville, TN 37203
Telephone: 615/244-2203
615/252-3798 (fax)

Email: cwood@rgrdlaw.com

# Mailing Information for a Case 3:19-cv-00407 Caudle v. AAC Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Henry Scattergood Bator**
  hbator@rgrdlaw.com

- **Lohr Alexandria Beck**
  lohr.beck@kslaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Lisa R. Bugni**
  lbugni@kslaw.com

- **Jessica Perry Corley**
  jpcorley@kslaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jack A. Gephart**
  jgephart@rgrdlaw.com

- **Logan R. Hobson**
  lhobson@kslaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Brandon R. Keel**
  bkeel@kslaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Jonathan Lindenfeld**
  jlindenfeld@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,e_file_sd@rgrdlaw.com,clyons@ecf.courtdrive.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,jkarsten@barrettjohnston.com,elusnak@barrettjohnston.com,jmartin@rgrdlaw.com

- **Francisco J. Mejia**
  fmejia@rgrdlaw.com

- **W. Travis Parham**
  travis.parham@hklaw.com,shelli.dimarco@hklaw.com,pat.grace@hklaw.com,EWard@KSLAW.com

- **Ronni D. Solomon**
  rsolomon@kslaw.com

- **Christopher Stewart**
  cstewart@rgrdlaw.com

- **Ellen Gusikoff Stewart**
  elleng@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,agonzales@ecf.courtdrive.com,CWood@ecf.courtdrive.com,agonzales@rgrdlaw.coom,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)