| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM,) Individually and on Behalf of All Others ) Similarly Situated, ) | Civil Action No. 3:19-cv-00407 |
| ) | CLASS ACTION |
| ) Plaintiff, ) | Judge Eli J. Richardson |
| ) | Magistrate Judge Alistair E. Newbern |
| vs. ) | |
| ) | DECLARATION OF JERRY MARTIN |
| MICHAEL T. CARTWRIGHT, KIRK R. ) MANZ and ANDREW W. McWILLIAMS, ) | FILED ON BEHALF OF BARRETT JOHNSTON MARTIN & GARRISON, PLLC |
| ) | IN SUPPORT OF APPLICATION FOR |
| Defendants. ) | AWARD OF ATTORNEYS' FEES AND EXPENSES |
| ) | |

I, Jerry Martin, declare as follows:

1. I am a member of the firm of Barrett Johnston Martin & Garrison, PLLC ("Barrett Johnston" or the "Firm"). I am submitting this declaration in support of the application for an award of attorneys' fees, expenses and charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2. This Firm has served as local counsel for Plaintiff Indiana Public Retirement System.

3. The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business. I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration. The purpose of

- 1 -

4881-9665-3178.v4

this review was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation. As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment. Based on this review and the adjustments made, I believe the attorney and paraprofessional time set forth herein and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation. In addition, I believe these expenses are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

4. After the reductions referred to above, the number of hours spent on the Litigation exceeded 56.6 hours.

5. As Local Counsel, the time expended by the Firm involved attending hearings, case management conferences, reviewing and editing pleadings, insuring the local rules and protocols were met, and other similar work.

6. Given the nature of the Firm's practice, my Firm often does not charge its clients hourly rates for its services. Rather, we often enter into contingency fee agreements for our work prosecuting securities class actions on behalf of our clients, and we request our fees be approved by the presiding court to be paid from common funds created by our efforts. Contingency fee agreements are also the prevailing, if not the exclusive, fee arrangements in this District and this Circuit for prosecuting securities fraud class actions. As set forth in detail in the Memorandum of Law in Support of Class Counsel's Motion for an Award of Attorneys' Fees and Expenses and Award to Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4) ("Fee Memo"), courts in this District and this Circuit overwhelming apply a percentage of the fund framework in awarding fees in

4881-9665-3178.v4

connection with securities class actions. Courts in this District and this Circuit have routinely approved fee requests far higher than the 17% sought here, and found such awards to be reasonable.

7.     The Firm seeks an award of $68.50 in expenses and charges in connection with the prosecution of the Litigation. Those expenses and charges are summarized by category in the attached Exhibit A.

8.     The following is additional information regarding certain of these expenses:

(a)     **PACER Charges:** $8.20. The Firm accumulated these charges from initial research in the case. See Exhibit A attached hereto.

(b)     **Photocopies:** $60.30. In connection with this case the Firm made 402 in-house photocopies charging $0.20 per copy for a total of $60.30. As copies are made, they are billed directly to the appropriate case.

9.     The expenses pertaining to this case are reflected in the books and records of this Firm. These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

10.     The identification and background of my Firm and its partners is attached hereto as Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of September, 2023, at Nashville, Tennessee.

_____
JERRY MARTIN

- 3 -

4881-9665-3178 v4

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 13, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
200 31st Avenue North
Nashville, TN 37203
Telephone: 615/244-2203
615/252-3798 (fax)

Email: cwood@rgrdlaw.com

# Mailing Information for a Case 3:19-cv-00407 Caudle v. AAC Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Henry Scattergood Bator**
  hbator@rgrdlaw.com

- **Lohr Alexandria Beck**
  lohr.beck@kslaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Lisa R. Bugni**
  lbugni@kslaw.com

- **Jessica Perry Corley**
  jpcorley@kslaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jack A. Gephart**
  jgephart@rgrdlaw.com

- **Logan R. Hobson**
  lhobson@kslaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Brandon R. Keel**
  bkeel@kslaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Jonathan Lindenfeld**
  jlindenfeld@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,e_file_sd@rgrdlaw.com,clyons@ecf.courtdrive.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,jkarsten@barrettjohnston.com,elusnak@barrettjohnston.com,jmartin@rgrdlaw.com

- **Francisco J. Mejia**
  fmejia@rgrdlaw.com

- **W. Travis Parham**
  travis.parham@hklaw.com,shelli.dimarco@hklaw.com,pat.grace@hklaw.com,EWard@KSLAW.com

- **Ronni D. Solomon**
  rsolomon@kslaw.com

- **Christopher Stewart**
  cstewart@rgrdlaw.com

- **Ellen Gusikoff Stewart**
  elleng@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,agonzales@ecf.courtdrive.com,CWood@ecf.courtdrive.com,agonzales@rgrdlaw.coom,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)