# EXHIBIT B

**BARRETT JOHNSTON MARTIN & GARRISON,**
**PLLC**
**200 31st Ave**
**North**
**Nashville, TN 37203**
**Telephone: (615) 244-2202**
**Facsimile:  (615) 252-3798**
**www.barrettjohnston.com**

## LAW FIRM BIOGRAPHY

**BARRETT JOHNSTON MARTIN & GARRISON, LLC** concentrates a significant part of its practice on class action litigation, including cases involving violations of federal securities law, the Fair Labor Standards Act and state wage and hour laws, federal antitrust law, state consumer and antitrust law, ERISA, and employment discrimination. The firm has an active practice in corporate governance shareholder derivative litigation, enforcing corporate rights through the company's shareholders, and merger and acquisition related litigation involving breaches of fiduciary duty. The firm also devotes a significant part of its practice to Whistleblower/False Claims litigation involving claims brought by whistleblowers under the *Qui Tam* Provisions of the False Claims Act.

The firm's office is located in Nashville, Tennessee and is active in major class action litigation pending in federal and state courts throughout Tennessee and across the country, as well as litigation before the Judicial Panel on Multidistrict Litigation.

The firm's reputation for excellence has been recognized on repeated occasions by various courts throughout the country which have appointed the firm to leadership positions in complex class and derivative actions including multi-district or consolidated litigations. *See, e.g., Horns ex rel. v. Raines,* 227 F.R.D. 1, 3-4 (D.D.C. 2005) (appointing firm co-lead counsel in Fannie Mae shareholder derivative litigation and noting the experience and success of the firm in this type litigation); *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust, et al. v. Stumpf, et al.*, No. C 11-2369, slip op., at *3 (N.D. Cal. Aug. 3, 2011) (appointing the firm co-lead counsel in Wells Fargo shareholder derivative action involving robo-signing and other related mortgage abuses and holding that "Barrett Johnston . . . has considerable experience litigating complex class and shareholder actions, and the firm has been appointed co-lead counsel in such cases. The Court finds that [Barrett Johnston Martin & Garrison, LLC] will fairly and adequately represent Wells Fargo shareholders, and do so in an economic and efficient fashion"); *In re Am. Serv. Group, Inc.*, 3:06-00323, 2006 WL 2503648, at *4 (M.D. Tenn. Aug. 29,

**BARRETT JOHNSTON MARTIN & GARRISON,**
**PLLC**
200 31st Ave North
Nashville, Tennessee 37203

**LAW FIRM BIOGRAPHY**

P a g e  | **1**

Case 3:19-cv-00407    Document 183-2    Filed 09/13/23    Page 2 of 25 PageID #: 4054

2006) ("Here, MARTA's counsel is well qualified and experienced to represent the class in this action and the Court approves MARTA's choice of counsel [including Barrett Johnston Martin & Garrison, LLC as Liaison Counsel.]"). *See also In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 558 (S.D. Ohio 2005) ("The Salinas Plaintiffs' counsel [Barrett Johnston Martin & Garrison, LLC] ha[s] [an] extremely impressive resume[]. Barrett Johnston . . . has extensive securities class action experience and substantial labor union based ERISA experience.").

In certifying complex cases as class actions, Courts have noted the qualifications and experience of the firm in this area. *See, e.g., In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 375 (S.D. Ohio 2006) ("In the instant case, both Plaintiffs' and Defendants' counsel are experienced practitioners in the field of complex ERISA, class action, employment and securities litigation."); *Craft v. Vanderbilt*, 174 F.R.D. 396, 406 (M.D. Tenn. 1996); *In re Direct Gen. Corp.*, 3:05-0077, 2006 WL 2265472, at *4 (M.D. Tenn. Aug. 8, 2006) (Holding that "Plaintiffs will adequately represent the proposed class . . . through qualified counsel who will zealously and competently represent the interests of the proposed class."); *Morton v. Vanderbilt Univ.*, 3:13-01012, 2014 WL 4657473, at *13 (M.D. Tenn. Sept. 17, 2014) ("[T]he Court finds that the appointment of Barrett Johnston as class counsel is warranted under Rule 23(g)(1) . . .").

As shown below, Barrett Johnston Martin & Garrison, LLC has taken a major role in numerous actions on behalf of defrauded investors and consumers for violations of federal securities laws, wage and hour laws, including the FLSA, ERISA, state consumer and antitrust laws as well as breaches of fiduciary duty in shareholder derivative litigation and merger and acquisition litigation in state and federal courts across the country.

## FOUNDING PARTNER

The firm was founded by George E. Barrett (1927-2014), who, beginning in the late 1950s, gained a reputation for his courageous advocacy on behalf of those facing legal difficulties because of their involvement in the civil rights movement. His practice spanned over 50 years and many areas of law, but the common theme was always his advocacy on behalf of "underdogs" and "the underserved."

Mr. Barrett became a champion of the underdog, representing labor unions, anti-war demonstrators and teachers. In the 1960s, Mr. Barrett helped register African Americans to vote and served as president of a statewide human rights council that fought to end segregation. In 1968, his drive for justice led him to file one of his biggest cases, *Geier v. Tennessee*, which resulted in the desegregation of Tennessee's state universities and was litigated for over 30 years.

**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Ave North
Nashville, Tennessee 37203

**LAW FIRM BIOGRAPHY**

P a g e | **2**

Case 3:19-cv-00407   Document 183-2   Filed 09/13/23   Page 3 of 25 PageID #: 4055

Over the years, Mr. Barrett won a number of high-profile cases. One such case saved Gaile Owens from death row in 2011. Owens was imprisoned for 25 years for arranging the execution of her husband, after suffering years of his abuse. As a result of his efforts, the Tennessee Board of Probation and Parole voted to free the former death row inmate after Mr. Barrett personally authored a written appeal to the governor. In another landmark case brought against his law school alma mater, Mr. Barrett served as counsel for a certified class of women who were intentionally exposed to radioactive iron without their consent while receiving prenatal care at Vanderbilt University hospital in the 1940s. The cases resulted in a settlement which included $10.3 million and a formal apology from Vanderbilt University.

Mr. Barrett was also responsible for other class action settlements of historical and national significance including some of the largest securities class action settlements in Tennessee and Sixth Circuit history. In addition to his extensive civil rights and labor law practice, Mr. Barrett's practice also included labor, government law, labor arbitration, labor mediation, collective bargaining, civil liberties, constitutional law, municipal law, civil litigation and class action litigation. In honor of his accomplishments, Vanderbilt University Law School named its Social Justice Program after Mr. Barrett and the San Diego School of Law created the George E. Barrett Professorship in Law and Finance.

## **SETTLEMENTS**

As exemplified by the Sixth Circuit Court of Appeals in *Geier v. Sundquist*, 372 F.3d 784 (6th Cir. 2004), the firm has been responsible for class action settlements of historical and national significance. In *Geier*, a civil rights action in which the firm served as original and lead counsel for plaintiffs and successfully litigated for over thirty-six years, and which resulted in the dismantling of a dual system of education in the state of Tennessee and resulted in benefits totaling in excess of $320 million, the Sixth Circuit, in noting the "exceptional nature and national significance of the case" stated:

> [T]he magnitude of this case is formidable in numerous respects. The legal principles advanced by the Geier Plaintiffs were path breaking and of great social import. It was in this case that this Court first held that there was an affirmative duty to remove all vestiges of state-imposed segregation in institutions of public higher education, just as there was such an obligation at lower educational levels. Plaintiffs have litigated -- successfully -- for thirty-six years against continuous state opposition and contrary judicial precedents outside this Circuit, and they have secured injunctive relief -- valued at approximately $320 million -- in programs affecting all public institutions of higher education.

**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Ave North
Nashville, Tennessee 37203

**LAW FIRM BIOGRAPHY**

P a g e | **3**

Case 3:19-cv-00407    Document 183-2    Filed 09/13/23    Page 4 of 25 PageID #: 4056

*Id.* at 795. The court concluded by noting that "the tenacity of the attorneys and broad remedies obtained . . . render this a 'rare' and 'exceptional'" case. *Id.* The *Geier* case served as a model for other similar cases brought in the South. *Id.*

In approving the final settlement and dismissal of the historical *Geier* litigation, Senior Judge Thomas Wiseman, Jr. stated:

> Finally, having had the judicial responsibility for this case for the entire 28 years of my tenure as a judge, the Court takes this opportunity to record officially in the Order of Dismissal and in the permanent records of the Middle District of Tennessee some personal observations and laudatory remarks.
>
> The progress of this case, particularly in recent years, presents a remarkable example of the societal benefit that can occur when lawyers of vision and imagination, motivated by a passion to not only represent a client but to achieve a just result, apply their energy and intellect to a problem. This Court and this case have been blessed with outstanding lawyers in the finest traditions of the profession. Mr. George Barrett recognized the problem and brought it to his inimitable creativity and perseverance . . . Good lawyers make a judge's job easy.

*Geier v. Bredesen*, 453 F. Supp. 2d 1017, 1018 (M.D. Tenn. 2006).

The firm has also been responsible for other significant settlements of class action cases including, at the time, the two largest securities class action settlements in Tennessee and Sixth Circuit history. One of those settlements, *In re Dollar General Corp. Securities Litigation*, Case No. 3:01-0388 (M.D. Tenn.) (Wiseman, J.), which settled for $172.5 million, was at the time the largest securities class action settlement in Sixth Circuit history and at the time represented the tenth largest settlement of a securities class action since the passage of the Private Securities Litigation Reform Act in 1995. The other settlement, *In re Prison Realty Securities Litigation*, Civ. No. 3-99-0452 (M.D. Tenn.) (Campbell, J.), which settled for $107 million, was at the time the second largest securities class action settlement in Sixth Circuit history and at the time represented the sixteenth largest settlement of a securities class action since the passage of the Private Securities Litigation Reform Act in 1995.

Additionally, in *Morse v. McWhorter et al.*, Civ. No. 3-97-0370 (M.D. Tenn.) (Higgins, J.), which settled for $49.5 million, the firm served as Liaison Counsel on Plaintiffs' Executive Committee in an action brought against Columbia/HCA and its officers and directors in an action alleging violations of federal securities laws.

**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Ave North
Nashville, Tennessee 37203

**LAW FIRM BIOGRAPHY**

P a g e | 4

Case 3:19-cv-00407   Document 183-2   Filed 09/13/23   Page 5 of 25 PageID #: 4057

Commenting on the qualifications of counsel and the excellent results achieved, Senior Judge Thomas A. Higgins stated:

> Counsel's excellent qualifications and experience are well documented in the record . . . and they have litigated this difficult case tenaciously throughout the nearly seven years it has been pending. Despite having their claims dismissed early on, they have preserved and brought about an enormous cash settlement for the beneficiaries of the fund. There is no doubt that $ 49.5 million is an excellent result in this case for beneficiaries who would likely have received nothing were it not for the determination and hard work of counsel.

*Morse v. McWhorter et al.*, Civ. No. 3-97-0370, slip op. at 8 (M.D. Tenn. March 12, 2004).

In *In re Global Crossing Ltd. Securities & ERISA Litigation*, MDL Docket No. 1472 (S.D.N.Y.) (Lynch, J), which settled for approximately $79 million, the firm served as a member of the lead counsel committee in a class action brought against Global Crossing, Ltd. and its officers and directors for violations of ERISA.

Another example of the innovation and imagination of the firm is the lawsuit of *United Rubber, Cork, Linoleum & Plastic Workers of America, et al. v. Pirelli Armstrong Tire Corporation , et al.,* in 1994 (Civ. No. 3-94-0573)( M.D. Tenn.)(Nixon, J.). The firm served as Co-Counsel for the retired employees of Pirelli Armstrong Tire Corporation resulting in a trial and finding a violation of ERISA. While the case was on appeal, a settlement was reached resulting in the creation of a VEBA in excess of $70 million for the members of the Plaintiffs' class. This litigation, one of the first of its type, resulted from the change in F.A.S.B. No. 106, and was one of the earliest such cases in the country. The acceptance of these types of VEBAs is now common place as a result of the law made in the *Pirelli* case. The negotiation of VEBAs by both Goodyear Tire and Rubber Company and the automobile industry in recent years highlights the significance and the importance of this pioneer case.

The firm represented Lead Plaintiff and institutional investor Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust in *Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust v. Hanover Compressor Company, et al.*, Civil Action No. H-02-0410 (S.D. Tex.) (Gilmore, J.), a securities class action in which the court approved a settlement of $85 million which included significant and unprecedented corporate governance changes including the first time a company agreed to rotate its outside auditor as part of a resolution of a shareholder class action.

These settlements have produced monetary recovery and/or benefits for consumers,

**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Ave North
Nashville, Tennessee 37203

**LAW FIRM BIOGRAPHY**

P a g e | 5

Case 3:19-cv-00407    Document 183-2    Filed 09/13/23    Page 6 of 25 PageID #: 4058

investors and citizens across the country totaling over a billion dollars in recoveries and including significant corporate governance changes and enhancements. These settlements include:

## SECURITIES FRAUD

· *In re Dollar General Corp. Securities Litigation*, Case No. 3:01-0388 (M.D. Tenn.) (Wiseman, J.). The firm served as Plaintiffs' Liaison Counsel in an action brought against Dollar General Corporation and its officers and directors in an action alleging violations of federal securities laws. The case resulted in a settlement of $172.5 million. At the time, this was the largest securities class action settlement in Sixth Circuit and Tennessee history and at the time represented the tenth largest settlement of a securities class action since the passage of the Private Securities Litigation Reform Act in 1995.

· *In re Prison Realty Securities Litigation*, Civ. No. 3-99-0452 (M.D. Tenn.) (Campbell, J.). The firm served as Liaison Counsel of Plaintiffs' Executive Committee in an action brought against Prison Realty Trust, Inc. and its officers and directors in an action alleging violations of federal securities laws. The case was consolidated with two other related cases which resulted in a settlement of approximately $107 million. At the time, this represented the second largest securities class action settlement in Tennessee history; the second largest in Sixth Circuit history; and the at the time the sixteenth largest settlement of a securities class action since the passage of the Private Securities Litigation Reform

Act in 1995.

· *Sidney Morse v. McWhorter et al.*, Civ. No. 3-97-0370 (M.D. Tenn.) (Higgins, J.). The firm served as Liaison Counsel on Plaintiffs' Executive Committee in an action brought against Columbia/HCA and its officers and directors in an action alleging violations of federal securities laws. The case resulted in a settlement of $49.5 million.

· *In re UnumProvident Corp. Securities Litigation*, Lead Case No. 1:03-CV-049 (E.D. Tenn.) (Collier, J.). The firm was appointed Liaison Counsel in an action brought against UnumProvident Corporation and its officers and directors in an action alleging violations of federal securities laws. The case resulted in a settlement of $40 million.

· *In re Bridgestone Securities Litigation*, Master File No. 3:01-0017 (M.D. Tenn.) (Echols, J.). The firm served as Plaintiffs' Liaison Counsel in an action brought against Bridgestone and its officers and directors in an action alleging violations of federal securities laws. The case resulted in a settlement of $30 million.

· *Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust v. Hanover Compressor Company, et al.*, Civil Action No. H-02-0410 (S.D. Tex.) (Gilmore, J.). The firm represented Lead

**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Ave North
Nashville, Tennessee 37203

**LAW FIRM BIOGRAPHY**

P a g e | **6**

Case 3:19-cv-00407    Document 183-2    Filed 09/13/23    Page 7 of 25 PageID #: 4059

Plaintiff and institutional investor Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust in this securities class action in which the court approved a settlement of $85 million which included significant corporate governance changes.

· *Winslow v. BancorpSouth, Inc., et al.* Case No. 3:10-cv-00463 (M.D. Tenn.) (Sharp, J.). The firm served as Plaintiff's Liaison Counsel in an action brought against BancorpSouth, Inc. and its officers and directors in an action alleging violations of federal securities laws which resulted in a settlement of $29.25 million.

· *Beach et al. v. Healthways, et al.*, Civil Action No. 3:08-00569 (M.D. Tenn. (Campbell, J.). The firm served as Plaintiff's Liaison Counsel in an action brought against Healthways and its officers and directors in an action alleging violations of federal securities laws which resulted in a settlement of $23.6 million.

· *In re Direct General Corporation Securities Litigation*, Civil Action No. 3:05-0077 (M.D. Tenn. (Campbell, J.). The firm served as Plaintiff's Liaison Counsel in an action brought against Direct General Corporation and its officers and directors in an action alleging violations of federal securities laws which resulted in a settlement of $14.96 million including $2.96 million recovered from the individual defendants.

· *In re America Service Group Litigation,* Civ. No. 3:06-cv-00323 (M.D.

Tenn.) (Haynes, J.). The firm served as Liaison Counsel in a securities class action which resulted in a settlement of $14.895 million in cash and stock.

· *In re Envoy Securities Litigation*, Civ. No. 3-98-0760 (M.D. Tenn.) (Haynes, J.). The firm served as Plaintiff's Liaison Counsel in an action brought against Envoy Corporation and its officers and directors in an action alleging violations of federal securities laws which resulted in a settlement of $11 million.

· *In re Phycor Corporation Securities Litigation*, Civ. Action No. 3-98-0834 (M.D. Tenn. (Campbell, J.). The firm served as Liaison Counsel in a securities class action which resulted in a settlement of $10.095 million.

· *In re Sirrom Capital Corporation Securities Litigation*, Civ. No. 3-98-0643 (M.D. Tenn.) (Campbell, J.). The firm served as one of Plaintiffs' counsel in a securities class action which resulted in a settlement of $15 million.

· *In re Quorum Securities Litigation*, Civ. No. 3-98-1004 (M.D. Tenn.) (Haynes, J.). The firm served as Co-Liaison Counsel in an action brought against Quorum, Inc. and its officers and directors in an action alleging violations of federal securities laws. The case resulted in a settlement of $11.75 million for the class members.

· *In re Vision America Securities Litigation*, Civ. No. 3:00-0279 (M.D. Tenn.) (Campbell, J.). The firm served as

Plaintiffs' Liaison Counsel in an action brought against Vision America and its officers and directors in an action alleging violations of federal securities laws. The case resulted in a settlement of $2.575 million.

· *In re SCB Computer Technology Securities Litigation*, Civ. No. 00-2343-Ml/V (W. D. Tenn.) (Gibbons, J.). The firm served as Plaintiffs' Liaison Counsel in an action brought against SCB Computer Technology and its officers and directors in an action alleging violations of federal securities laws which resulted in a settlement of $2.1 million.

· *Paul Senior v. ShoLodge, Inc., et al.,* Civ. No. 98C-136 (Sumner Cty. Chancery Ct.) (Grey, C.). The firm served as Co-Lead counsel in a state securities class action brought on behalf of investors of ShoLodge, Inc. who purchases the companies' securities and bonds. The case resulted in a settlement valued, at least, at $1.55 million.

### WAGE AND HOUR

· *Carroll v. Guardian Home Care Holdings, Inc.* Civ. No. 3:14-cv-01722 (M.D. Tenn.) (Haynes, J.). The firm was appointed Class Counsel in this lawsuit in which an RN challenged her employer's refusal to pay overtime. The RN and others like her were paid a "fee per visit" and were not paid any extra overtime when they worked over 40 hours per week. Because the employer also paid the workers by the hour for meetings and for other tasks, the lawsuit alleged that the employer was in violation of the Fair Labor Standards Act. The case resulted in a settlement of $3 million.

· *Noel v. Metro. Gov't of Nashville & Davidson Cnty.*, Tenn., Civ No. 3:11-CV-51 (M.D. Tenn.) (Sharp, J.). The firm served as sole counsel in this collective action brought on behalf of the Plaintiff and 235 fellow corrections officers stationed at five detention facilities in Davidson County, Tennessee. Plaintiff alleged the Defendant's pay policy for shift time rather than time worked, paired with institutional procedures that resulted in corrections officers routinely working overtime violated the overtime pay provision of the FLSA and state law including unjust enrichment. Recently, the Plaintiff's unjust enrichment claim went to trial. After a week long trial in which members of the firm vigorously fought for the rights of the corrections officers, the jury returned a verdict in Plaintiff's favor finding the Defendant had been unjustly enriched for nearly nine years at the expense of Plaintiff and her fellow corrections officers.

· *Johnson et al v. Koch Foods, LLC*, No. 2:07-cv-51 (E.D. Tenn.). The firm served as lead counsel in FLSA collective action brought by poultry processing workers who were paid in accordance with the employer's "line time" policy. The workers alleged that, as a result of this practice, they were not paid for donning and doffing work activities in violation of the FLSA. The firm tried this case to a jury in January 2010. After a

**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Ave North
Nashville, Tennessee 37203

**LAW FIRM BIOGRAPHY**

P a g e | **8**

Case 3:19-cv-00407    Document 183-2    Filed 09/13/23    Page 9 of 25 PageID #: 4061

weeklong trial, the jury returned a verdict finding that Koch Foods' "line time" policy violated the FLSA and that such violations were willful.

· *In re Tyson Foods, Inc. Fair Labor Standards Act Litigation*, ___ F. Supp. 2d ___, 2010 WL 935595 (M.D. Ga. Mar. 16, 2010). The firm serves as co-counsel counsel in two of the eight "test cases" litigated before the MDL Court. These cases have been brought by poultry workers who claim that they are not paid for donning and doffing activities in violation of the FLSA.

· *Shabazz v. Asurion Insurance Service and Asurion Corporation*, No. 3:07-0653 (M.D. Tenn). The firm served as lead counsel in a collective action brought on behalf of call center workers who alleged that they were not paid for pre-shift and post-shift work. The firm successfully litigated a motion for conditional class certification on behalf of the workers. *Id.* at 2008 WL 1730318 (M.D. Tenn. Apr. 10, 2008). Eventually, the workers reached a settlement with their employers that was approved by the Court.

## DISCRIMINATION

· *Geier v. Sundquist, et al.*, Civ. No. 5077 (M.D. Tenn.) (Wiseman, J.). The firm served as Lead Counsel for the original plaintiffs in a class action lawsuit initiated in 1968 challenging the dual system of public higher education in Tennessee. The case was the oldest and longest lasting class action case on the docket in the Middle District of Tennessee and served as a model for other similar cases brought in the South. The case resulted in significant changes in public higher education throughout the State of Tennessee including the dismantling of a dual system of education and resulted in benefits totaling in excess of $320 million. The Sixth Circuit Court of Appeals discussed at length the great social impact of the case and that the results achieved by Plaintiffs' counsel were "rare" and "exceptional." *See Geier v. Sundquist*, 372 F.3d 784, 796 (6th Cir. 2004).

· *Hutcheson v. Tennessee Valley Authority, et al.*, Civ. No. 3-84-0201 (E.D. Tenn.) (Jarvis, J.). The firm served as Plaintiff's counsel for approximately 2000 female employees in a class action suit brought under Title VII alleging wage discrimination. The case resulted in a settlement of approximately $5 million.

## ERISA

· *In re Global Crossing Ltd. Securities & ERISA Litigation*, MDL Docket No. 1472 (S.D.N.Y.) (Lynch, J). The firm served as a member of the lead counsel committee in a class action brought against Global Crossing, Ltd. and its officers and directors. This action was brought on behalf of all participants and beneficiaries of the Global Crossing Employees' Retirement Savings Plan, a 401(k) plan operated and administered by Global Crossing Ltd., and alleges breaches of fiduciary duties and violations of ERISA disclosure requirements. The suit alleged that Global Crossing failed to disclose to plan participants adequate information about the true financial position of the company

**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Ave North
Nashville, Tennessee 37203

**LAW FIRM BIOGRAPHY**

P a g e | **9**

Case 3:19-cv-00407    Document 183-2    Filed 09/13/23    Page 10 of 25 PageID #: 4062

and even encouraged their employees to invest or maintain investments in company stock while placing restrictions on the employees' ability to sell their company stock. The case resulted in a settlement valued at approximately $79 million.

· *In re Qwest Savings and Investment Plan Erisa Litigation*, Case No. 02-RB-464 (PAC) (D. Colo.) (Blackburn, J.). The firm served as Plaintiffs' Counsel in a class action brought against Qwest Communications International and its officers and directors. This action was brought on behalf of all participants and beneficiaries of the Qwest Savings and Investment Plan, a 401(k) plan operated and established by Qwest, and alleges breach of fiduciary duty and violations of ERISA disclosure requirements. The suit alleged that plan restrictions deprived Plaintiffs of control over their plan assets, forcing Plaintiffs to concentrate their assets in company stock. Moreover, Plaintiffs could not exercise independent control over their plan assets due to improper influences and/or concealed materials and non-public facts regarding certain investments. The case resulted in a settlement recovering millions of dollars and protects the Plan's right to recover in the parallel securities action.

· *In re Broadwing, Inc. ERISA Litigation*, Case No. C-1-02-857 (S.D.Ohio) (Beckwith, J.). The firm served as Plaintiffs' Counsel in a class action brought against Broadwing, Inc. and its officers and directors. This action was brought on behalf of all participants

and beneficiaries of the Broadwing Savings and Investment Plan, a 401(k) plan operated and established by Qwest, and alleges breach of fiduciary duty and violations of ERISA disclosure requirements. The case resulted in a settlement of $11 million.

· *United Rubber, Cork, Linoleum & Plastic Workers of America v. Pirelli Armstrong Tire Corporation, et al.*, Civ. No. 3-94-0573 (M.D. Tenn.) (Nixon, J.). The firm served as Co-Counsel in a class action brought by former retirees of the United Rubber, Cork, Linoleum & Plastic Workers of America for violations of ERISA. The case resulted in a settlement with a value of approximately $70 million to the Plaintiff class.

· *In re Providian Financial Corp. Securities Litigation*, Master File No. C-01-3952 CRB, (N.D. Ca.) (Breyer, J.). The firm served as Plaintiffs' Counsel in a class action brought against Providian and certain of its officers and directors. This action was brought on behalf of employees and beneficiaries of the Providian Financial Corporation 401(k) plan and alleged breaches of fiduciary duty and violation of ERISA disclosure requirements. The case resulted in a settlement of $8.6 million.

· *In re Xcel Energy, Inc., Securities, Derivative & "ERISA" Litigation*, No. Civ. 02-2677 (DSD/FLN) (D. Minn.) (Dody, J.). The firm is currently serving as Plaintiffs' Counsel in a class action brought against Xcel Energy, Inc. ("Xcel") and its officers and directors. This action was brought on behalf of all

participants and beneficiaries of the Xcel Savings and Investment Plan, a 401(k) plan operated and established by Xcel, and alleges breach of fiduciary duty and violations of ERISA disclosure requirements. The case resulted in a settlement of $8 million.

## ANTITRUST

· ***In re: Pharmaceutical Industry Average Wholesale Price Litigation***, MDL No. 1456 (D. Mass). The firm served as Plaintiffs' counsel in this action involving drug companies' inflation of a benchmark called Average Wholesale Price or AWP. Plaintiffs' alleged AWP was an arbitrary number assigned by drug manufacturers which, through various manipulations, resulted in consumers and third party payors vastly overpaying for needed medications. The case resulted in a settlement of approximately $350 million.

· ***Sherwood v. Microsoft Corporation***, Civ. No 99-C-3562 (Davidson Cty. Circuit Ct.) (Kurtz, J.). The firm served as Co-Lead Counsel in a consumer class action against Microsoft Corporation alleging violations of the Tennessee Consumer Protection Act and the Tennessee Trades Practices Act as a result of defendant Microsoft's unlawful monopolization of the market for licensing all Intel-compatible PC operating systems. The suit is brought on behalf of persons or entities in the State of Tennessee who purchased for purposes other than re-sale or distribution during the last four years Intel-compatible PC

operating systems licensed by Microsoft. The case resulted in a settlement with a conservative minimum value worth at least $32 million. The firm was responsible for the decision, ***Sherwood v. Microsoft***, No. 99C-3562, 2003 WL 21780975 (Tenn. Ct. App. Aug 2, 2004), which held that indirect purchasers had standing to sue under the Tennessee Trades Practices Act ("TTPA") and the TTPA applies to activity that has substantial effects on commerce within the State of Tennessee.

· ***Wright v. Mylan Laboratories, et al.***, Civ. No. 99C-37 (Sumner Cty. Chancery Ct.) (Grey, C.). The firm served as one of Plaintiff's counsel in an action brought on behalf of Tennessee consumers alleging violations of the state's consumer and antitrust laws charging drug manufacturers with entering illegal agreements to monopolize the markets for the generic anti-anxiety drugs Lorazepam and Clorazepate. The claims of the Tennessee action were resolved as a result of a nationwide settlement of $100 million. *See In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369 (D.C. Cir. 2002).

· ***In re Cardizem CD Antitrust Litiagation***, MDL No. 99-MD-1278 (E.D. Mich.) (Edmunds, J.). The firm served as one of Plaintiff's counsel in a consolidated action transferred by the Judicial Panel of Multidistrict of Litigation to the Eastern District of Michigan. The suit alleges violations of the Tennessee consumer and antitrust laws. The claims of the Tennessee action were resolved as a result of a nationwide

settlement of $80 million. *See In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003).

· *Wilkinson v. E.I. Dupont de Numerous & Co., et al.*, Civ. No. 98-1188-III (Davidson Cty. Circuit Ct.) (Lyle, C.). The firm served as Co-Lead Counsel in an action brought on behalf of consumers who purchased the prescription drug Coumadin. The action was brought under the Tennessee Consumer Protection Act and the Tennessee Trades Practices Act. The claims of the Tennessee action were resolved as a result of a nationwide settlement of $44.5 million. *See In re: Warfarin Sodium Antitrust Litig.*, 391 F.3d 516 (3rd Cir. 2004).

## DERIVATIVE LITIGATION

· *City Of Westland Police and Fire Retirement System, Derivatively on Behalf of Wells Fargo & Company v. John G. Stumpf, et al.*, No. 3:11-cv-02369-SI (N.D. Cal.) (Ilston, J.). The firm was appointed Co-Lead Counsel by the Court in this shareholder derivative action brought on behalf of Wells Fargo & Company against its Board of Directors and certain officers alleging breaches of fiduciary duties over the company's use of "robo-signing." The case resulted in a settlement which secured significant governance reforms and corporate initiatives, including $36.5 million in funding for homeownership down-payment assistance in communities affected by the financial crisis and high foreclosure rates.

· *In Re Juniper Networks, Inc. Derivative Litigation*, Lead Case No. 1:06CV064294 (Sup. Ct. Santa Clara, CA). The firm served as Co-Lead Counsel in this shareholder derivative action brought on behalf of Juniper Networks, Inc. in state court against its Board of Directors and certain current and past officers alleging breaches of fiduciary duty and other violations of law arising from the backdating of stock options. After extensively prosecuting the case, the firm helped secure substantive corporate governance reforms and a contribution of more than $22 million in stock options to the company from four executives and directors of the board.

· *Vince Rowe, , Derivatively on Behalf of The St. Paul Travelers Companies, Inc. v. Jay S. Fishman,* Civil No. 04-4576 (JRT/FLN) (D. Minn.) (Tunheim, J.). The firm served as Plaintiffs' counsel in this shareholder derivative action against the Board of Directors of The St. Paul Travelers Companies, Inc. ("SPT") alleging breaches of fiduciary duties over the company's use of "contingent commission." The case resulted in a settlement requiring the company to adopt significant corporate governance changes. In approving the settlement the Court stated: "The Court finds that the enhanced corporate governance provisions are a direct result of this litigation and settlement and will create substantial non monetary benefits to SPT."

· *In re Biopure Corporation Derivative Litigation*, Master Docket No. 1:04-cv-

**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Ave North
Nashville, Tennessee 37203

**LAW FIRM BIOGRAPHY**

P a g e | **12**

Case 3:19-cv-00407    Document 183-2    Filed 09/13/23    Page 13 of 25 PageID #: 4065

10177-NG (D. Mass) (Gertner, J.). The firm was appointed Co-Lead Counsel in this consolidated derivative action brought on behalf of Biopure Corporation ("Biopure" or the "Company") against its Board of Directors and certain officers seeking damages on behalf of the Company for the defendants breaches of fiduciary duties and other violations of law arising out defendants' issuance of false and misleading financial statements and press releases concerning the misrepresentation of the status of approval of the Company's primary pharmaceutical products before the FDA. The Court denied defendants' motion to dismiss. *See In re Biopure Corporation Derivative Litig.,* 424 F.Supp.2d 305 (D. Mass. 2006). The case resulted in a settlement where significant corporate governance reforms were obtained.

· ***Heinz Bonde, Derivatively on Behalf of the Singing Machine Company, Inc. v. Edward Steele***, Case No. 03-61386-CIV-ZLOCH (S.D. Fla.) (Zloch, J.). The firm served as Plaintiffs' Counsel and was appointed Derivative Settlement Counsel in this shareholder derivative action brought on behalf of The Singing Machine Company against its Board of Directors and former auditor. The case was brought on behalf of the Company arising out of the defendants causing Singing Machine to be subjected to liability and to waste corporate assets as a result of issuing false and misleading financial statements and having to restate its past financial results. The case resulted in a settlement with the defendants agreeing to implement

numerous and substantial corporate governance changes at the Company.

· ***In re AFC Enterprises, Inc. Derivative Litigation***, Consolidated Civil Action No. 1:03-CV-TWT (N.D. Ga.) (Thrash, J.). The firm served as Co-Lead Counsel and on Plaintiffs' Executive Committee in this shareholder derivative action brought on behalf of AFC Enterprises, Inc. ("AFC") against its Board of Directors and certain current and past officers and controlling shareholder in which the Court denied in most aspects defendants motions to dismiss the action. ***See In re AFC Enterprises Inc. Derivative Litigation***, 224 F.R.D. 515 (N.D. Ga. Aug. 12, 2004). The case resulted in a settlement with the defendants agreeing to implement numerous and significant corporate governance changes.

·***In re Vaso Active Pharmaceuticals, Inc. Derivative Litigation***, Consolidated Civil Action No. 04-10792-RCL (D. Mass.) (Lindsay, J.) The firm served as Co-Lead Counsel in this derivative action brought on behalf of Vaso Active Pharmaceuticals, Inc. The case resulted in a settlement with the company's board of directors agreeing to implement numerous and sweeping corporate governance changes.

· ***Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Sinegal***, No. 08-cv-01450-TSZ (W.D. Wash.). The firm served as Plaintiff's counsel in this shareholder derivative action brought on behalf of Costco Wholesale Corporation alleging breaches of fiduciary duty and

other violations of law arising from the backdating of stock options. The case resulted in a settlement which included substantive corporate governance reforms, including among others, an Amendment of Costco's bylaws to provide "Majority Voting" election of directors.

· *In re The Cheesecake Factory Incorporated Derivative Litigation,* Case No. CV-06-6234 ABC (MANx) (C.D. Cal.). The firm served as Plaintiffs' Counsel in this shareholder derivative action brought on behalf of The Cheesecake Factory Incorporated against its Board of Directors and certain current and past officers alleging breaches of fiduciary duty and other violations of law arising from the backdating of stock options. The case resulted in a settlement including extensive corporate governance reforms, financial contributions to the Company by certain Individual Defendants, and a tender offer in which certain misdated options were exchanged for options bearing the correct measurement date.

## <u>MERGER/ACQUISITIONS</u>

· *In re Dollar General Corp. S'holders Litig.,* No. 07MD-1 (Davidson County 6th Cir. Ct., Tenn.). The firm served as Liaison Counsel in a class action on behalf of former Dollar General shareholders. The firm helped to secure a recovery of $40 million in cash for former Dollar General shareholders on the eve of trial. The settlement represents the largest cash recovery for shareholders in merger-related litigation in Tennessee history and

one of the largest in U.S history.

· *In re Corrections Corporation of America Shareholder Litigation*, Civ. No. 98-1257-III (Davidson Cty. Chancery Ct.) (Lyle, C). The firm served as a member of Plaintiffs' Executive Committee in a class action brought on behalf of former Corrections Corporation of America shareholders alleging breach of fiduciary duty in connection with the merger between Corrections Corporation of America and Prison Realty Trust. The case resulted in a settlement with a value of $32 million to the Plaintiff class.

·*In re Goody's Family Clothing, Inc. Shareholder Litigation.,* Master Docket No. 165357-2 (Chancery Ct., Knox Cty., Tenn.) (Fansler, C.). The firm was appointed sole lead counsel by the court in this action which was brought on behalf of Goody's Family Clothing, Inc. ("Goody's") shareholders for breach of fiduciary duties over the proposed sale of the company for an initial price of $8 per share. After multiple hearings on motions for injunctive relief and after plaintiffs' counsel had interacted with potential buyers of Goody's, Goody's shareholders received a nearly $53 million increase over the initial offer.

· *In re HCA Inc. S'holder Litig*., No. 06-1816 III (Davidson County Ch. Ct., Tenn.) (Lyle, C.) The firm served as Co-Lead Counsel in this action brought on behalf of HCA Inc. shareholders in connection with, at the time, the largest leveraged buyout in U.S. history. The case resulted in a significant settlement

**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Ave North
Nashville, Tennessee 37203

**LAW FIRM BIOGRAPHY**

P a g e | 14

Case 3:19-cv-00407   Document 183-2   Filed 09/13/23   Page 15 of 25 PageID #: 4067

which included a modification to the Merger Agreement to provide for a $280 million reduction in termination fee, supplemental material disclosures to shareholders including material information with respect to the true value of the company, and significant improvements to voting process including enhanced appraisal rights and a "majority of the minority" provision.

· ***Denver Area Meat Cutters and Employers Pension Plan v. James L. Clayton, et. al.***, Case No. E-19723 (Cir. Ct., Blount Cty., Equity Div., Tenn.) (Young, C.). The firm served as Co-Lead Counsel in this action brought on behalf of shareholders of Clayton Homes alleging breaches of fiduciary duties against the company's board of directors in connection with the sale of the company to Berkshire Hathaway. The case resulted in $5 million settlement for the class.

· ***City of Pompano Beach Police and Firefighters' Retirement System v. HealthSpring. Inc.,*** Case No. 40333 (Williamson County Ch. Ct., Tenn.) (Martin, C). The firm served as Co-Lead Counsel in this action brought on behalf of shareholders of HealthSpring, Inc. alleging breaches of fiduciary duties against the company's board of directors, among others, in connection with the sale of the company to Cigna Corporation. The case resulted in a settlement in which material disclosures were obtained for the class before the shareholder vote.

· ***In re Vanguard Health Systems, Inc.***

***S'holder Litig.***, (Davidson County Ch. Ct., Tenn) (Perkins, C.) The firm served as Co-Lead Counsel in this action brought on behalf of shareholders of Vanguard Health Systems, Inc. alleging breaches of fiduciary duties against the company's board of directors, among others, in connection with the sale of the company to Tenet Healthcare Corporation. The case resulted in a settlement in which material disclosures were obtained for the class before the shareholder vote.

## OTHER

· ***Craft v. Vanderbilt University, et al.,*** Civ. No. 3-94-0090 (M.D. Tenn.) (Nixon, J.). The firm served as co-counsel in a class action brought against Vanderbilt University, its medical center and others in connection with 1940s experiment in which pregnant women unknowingly ingested radioactive iron isotopes. The case resulted in a settlement of $10 million. In certifying this extremely complex case as a class action, the Court specifically found plaintiffs' counsel to be adequate as they had "previously handled complex class action cases." *See Craft v. Vanderbilt*, 174 F.R.D. 396, 406 (M.D. Tenn. 1996).

· ***Heilman v. Perfection Corporation, et al.***, Civ. No. 99-0679-CW-W-6 (W.D. Mo.). The firm served as one of Plaintiffs' counsel in a nation-wide class action composed of all persons throughout the United States who own or purchased a hot water heater manufactured by defendants with a defective Dip Tube. The case resulted in

**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Ave North
Nashville, Tennessee 37203

**LAW FIRM BIOGRAPHY**

P a g e | **15**

Case 3:19-cv-00407    Document 183-2    Filed 09/13/23    Page 16 of 25 PageID #: 4068

a multi-million dollar nation-wide settlement.

## ATTORNEYS

Below is a biography of each attorney in the office who focuses their practice on class action litigation.

## DOUGLAS S. JOHNSTON, JR.

**DOUGLAS S. JOHNSTON, JR.**, is certified as a Civil Trial Specialist by the Tennessee Commission on Continuing Legal Education & Specialization and certified in Civil Trial Advocacy by the National Board of Trial Advocacy. He was admitted to the Tennessee bar in 1977; admitted to practice before the U.S. District Court, Middle District of Tennessee in 1978; and admitted to practice before the U.S. Supreme Court in 1985. Mr. Johnston received a J.D. degree from the Nashville School of Law in 1977, and an A.B. degree from Kenyon College in 1969.

For the last several years, Mr. Johnston has concentrated a significant part his practice in the area of class action litigation, with a particular emphasis on securities and consumer fraud litigation. Mr. Johnston currently serves as Co-Lead Counsel, Liaison Counsel, Co-Counsel, or is on the Executive Committee of class lawyers in multiple pending class actions throughout Tennessee and across the country. Examples of recent class actions in which Mr. Johnston played a significant role in achieving a substantial settlement include:

- *In re Dollar General Corp. Securities Litigation*, Case No. 3:01-0388 (M.D. Tenn.) (Wiseman, J.) ($162 million recovery).

- *In re Prison Realty Securities Litigation*, Civ. No. 3-99-0452 (M.D. Tenn.) (Campbell, J.) ($107 million recovery).

- *In re Global Crossing Ltd. Securities & ERISA Litigation*, MDL Docket No. 1472 (S.D.N.Y.) (Lynch, J.) ($79 million recovery).

- *Morse v. McWhorter et al.*, Civ. No. 3-97-0370 (M.D. Tenn.) (Higgins, J.) ($51.25 million recovery).

- *In re Goody's Family Clothing, Inc. Shareholder Litigation***,** Master Docket No. 165357-2 (Chancery Ct., Knox Cty., Tenn.) (Fansler, C.) ($53 million increase in

**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Ave North
Nashville, Tennessee 37203

**LAW FIRM BIOGRAPHY**

P a g e | **16**

Case 3:19-cv-00407    Document 183-2    Filed 09/13/23    Page 17 of 25 PageID #: 4069

consideration to shareholders in merger).

- *In re Dollar General Corp. S'holders Litig.*, No. 07MD-1 (Davidson County 6th Cir. Ct., Tenn.) ($40 million recovery).

- *Sherwood v. Microsoft Corporation,* Civ. No 99-C-3562 (Davidson Cty. Circuit Ct.) (Kurtz, J.) (settlement with minimal value of $32 million including sizable *cy pres* award to Tennessee schools).

- *Beach et al. v. Healthways, et al.*, Civil Action No. 3:08-00569 (M.D. Tenn. (Campbell, J.) ($23.6 million recovery).

- *In Re Juniper Networks, Inc. Derivative Litigation*, Lead Case No. 1:06CV064294 (Sup. Ct. Santa Clara, CA) (substantive corporate governance reforms and a contribution of more than $22 million in stock options to the company from four executives and directors of the board).

- *In re Direct General Corporation Securities Litigation*, Civil Action No. 3:05-0077 (M.D. Tenn. (Campbell, J.) ($14.96 million recovery including $2.96 million recovered from the individual defendants).

- *In re America Service Group Litigation,* Civ. No. 3:06-cv-00323 (M.D. Tenn.) (Haynes, J.) ($14.894 million recovery).

- *In re Envoy Securities Litigation,* Civ. No. 3-98-0760 (M.D. Tenn.) (Haynes, J.) ($11 million recovery).

- *In re Broadwing, Inc. ERISA Litigation*, Case No. C-1-02-857 (S.D. Ohio) (Beckwith, J.) ($11 million recovery).

- *Craft v. Vanderbilt University, et al.* Civ. No. 3-94-0090 (M.D. Tenn.) (Nixon, J.) ($10 million recovery).

- *In re Corrections Corporation of America Shareholder Litigation*, Civ. No. 98-1257-III (Davidson. Cty. Chancery Ct.) (Lyle, C.) (settlement with value of $32 million).

- *In re HCA Inc. S'holder Litig.*, No. 06-1816 III (Davidson County Ch. Ct., Tenn.) (Lyle, C.) (settlement which included a modification to the Merger Agreement to provide for a $280 million reduction in termination fee, supplemental material disclosures to shareholders including material information with respect to the true

Case 3:19-cv-00407    Document 183-2    Filed 09/13/23    Page 18 of 25 PageID #: 4070

value of the company, and significant improvements to voting process including enhanced appraisal rights and a "majority of the minority" provision).

- *City Of Westland Police and Fire Retirement System, Derivatively on Behalf of Wells Fargo & Company v. John G. Stumpf, et al.*, No. 3:11-cv-02369-SI (N.D. Cal.) (Ilston, J.) (settlement which secured significant governance reforms and corporate initiatives, including $36.5 million in funding for homeownership down-payment assistance in communities affected by the financial crisis and high foreclosure rates).

He served as Assistant District Attorney General, Nashville, 1977-1981; Administrative Assistant/Legal Counsel, U.S. Rep. Bill Boner, 1982-1987; Associate Staff, Committee on Appropriations, U.S. House of Representatives, 1985-1987; Legislative Counsel, Metropolitan Government Nashville/Davidson Co., TN., 1988. Mr. Johnston is a member of the Nashville, Tennessee, and American Bar Associations; The American Association for Justice; Tennessee Association for Justice; and the National Employment Lawyers Association.

## JERRY E. MARTIN

**JERRY E. MARTIN** served as the presidentially appointed United States Attorney for the Middle District of Tennessee from May 2010 to April 2013. As U.S. Attorney, he made prosecuting financial, tax and health care fraud a top priority. During his tenure, Mr. Martin co-chaired the Attorney General's Advisory Committee's Health Care Fraud Working Group.

Mr. Martin specializes in representing individuals who wish to blow the whistle to expose fraud and abuse committed by federal contractors, health care providers, tax cheats or those who violate the securities laws.

Mr. Martin has been recognized as a national leader in combatting fraud and has addressed numerous groups and associations such as Taxpayers Against Fraud and the National Association of Attorney Generals. In 2012, Mr. Martin was the keynote speaker at the American Bar Association's Annual Health Care Fraud Conference.

Mr. Martin graduated with honors from Dartmouth College in 1996 and received his law degree in 1999 from Stanford University.

## DAVID W. GARRISON

**DAVID W. GARRISON** focuses his practice on complex civil litigation, including

**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Ave North
Nashville, Tennessee 37203

**LAW FIRM BIOGRAPHY**

P a g e | **18**

Case 3:19-cv-00407    Document 183-2    Filed 09/13/23    Page 19 of 25 PageID #: 4071

class and collective action litigation, in federal and state courts throughout the country. Mr. Garrison has extensive experience in representing employees whose fundamental rights have been violated by their employer. He has served as lead counsel in collective actions brought under the Fair Labor Standards Act (FLSA) that have resulted in settlements requiring the payment of millions of dollars to workers who were underpaid by their employer. Those cases involve claims by employees who have been improperly denied overtime, forced to work off-the-clock, or have been improperly designated as "exempt" from overtime laws by their employer.

Additionally, Mr. Garrison represents whistleblowers in qui tam litigation brought under the federal False Claims Act and similar state statutes. Mr. Garrison is especially focused on representing whistleblowers in the healthcare industry who have uncovered fraud against Medicare or Medicaid, including whistleblowers in the hospital, pharmaceutical, and hospice care industries. In addition to healthcare fraud, Mr. Garrison represents whistleblowers who have uncovered fraud against for-profit education institutions and the defense industry.

Mr. Garrison also maintains an active labor law practice. He serves as counsel to labor unions in arbitration, before the National Labor Relations Board, and in state and federal court. Mr. Garrison has litigated dozens of successful arbitrations on behalf of the firm's union clients, involving wrongful discharge, health and welfare contribution disputes, and promotion and demotion issues.

Mr. Garrison received his Bachelor of Arts degree from DePauw University, and received his Juris Doctor from Valparaiso University School of Law, where he served in the Moot Court Honor Society. During his third year of law school, he attended Vanderbilt Law School. Mr. Garrison is a member of the American, Tennessee, and Nashville Bar Associations, and the National Employment Lawyers Association. Mr. Garrison is also a member of Taxpayers Against Fraud (TAF). He served as an associate member of the Harry Phillips Chapter of the American Inn of Court and is currently a member of the AFL-CIO Lawyers Coordinating Committee. From 2001 – 2004, Dave served on the DePauw University Board of Trustees.

## **SCOTT P. TIFT**

**SCOTT P. TIFT** practices complex civil litigation, representing employees, consumers, and shareholders in class and collective actions throughout the country. In addition, he handles wage and hour litigation and other labor and employment law matters for employees, labor unions, and small businesses.

Before joining Barrett Johnston Martin & Garrison, LLC, Scott practiced general

litigation at Bass, Berry & Sims, with a focus on real estate litigation. While at Bass, Berry & Sims, Scott conducted multiple trials and arbitrations, including a successful FINRA arbitration on behalf of defrauded investors and a multi-day federal jury trial.

Scott is actively involved in the Middle Tennessee community. He has served as the President of the Nashville Lawyers' Chapter of the American Constitution Society, and he is currently serving as the Secretary of the Conexión Américas Board of Directors. Scott has also served as an associate member of the Harry Phillips American Inn of Court. Scott is a member of the Nashville, Tennessee, and American Bar Associations.

Prior to practicing law, Scott worked on President Bill Clinton's scheduling and advance staff, where he assisted in the coordination of Mr. Clinton's schedule and staffed Mr. Clinton at events around the country and abroad. In 2003, Scott also served as a regional field director for Howard Dean's presidential campaign.

Scott graduated summa cum laude with a Bachelor of Arts from Columbia University. Scott received his Juris Doctorate from Vanderbilt University, where he was elected to the Order of the Coif and where he served as the President of the Legal Aid Society, as a member of the Moot Court Board, as a member of the Trial Advocacy Society, and as the Vice President of the Ambassadors program. Upon graduation, Scott received the Philip G. Davidson III Memorial Award and the Junius L. Allison Legal Aid Award.

## SETH HYATT

**SETH HYATT** focuses his practice on complex civil litigation — particularly Fair Labor Standards Act and False Claims Act cases. He also handles a wide array of labor and employment matters on behalf of employees and labor unions.

At Barrett Johnston Martin & Garrison, LLC, Mr. Hyatt has devoted a significant amount of time to voting rights cases, including challenges to the State of Tennessee's improper purging of registered voters, and challenges to Tennessee's photo ID requirement for voting.

Prior to joining Barrett Johnston Martin & Garrison, LLC, Mr. Hyatt served as a legal intern to United States Magistrate Judge John Bryant of the Middle District of Tennessee.

Mr. Hyatt graduated *summa cum laude* with a Bachelor of Arts from Carleton College, and he received his Juris Doctorate from Vanderbilt University. While at Vanderbilt, Mr. Hyatt served as a managing editor of the VANDERBILT LAW REVIEW.

**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**                                   **LAW FIRM BIOGRAPHY**
200 31st Ave North                                                                              P a g e  | **20**
Nashville, Tennessee 37203
Case 3:19-cv-00407    Document 183-2    Filed 09/13/23    Page 21 of 25 PageID #: 4073

His student note, addressing the practical and moral uncertainties of text message surveillance by law enforcement officers, was published by the Law Review in the spring of 2011. See Seth M. Hyatt, Note, *Text Offenders: Privacy, Text Messages, and the Failure of the Title III Minimization Requirement*, 64 VAND. L. REV. 1347 (2011).

## **REPORTED DECISIONS**

The firm has been counsel for several important reported decisions in class action litigation, particularly in Tennessee and the Sixth Circuit, some of which are listed below:

> ***Schuh v. HCA Holdings, Inc.,***
> 947 F. Supp. 2d 882 (M.D. Tenn. 2013)

> ***N. Port Firefighters' Pension-Local Option Plan v. Fushi Copperweld, Inc.,***
> 929 F. Supp. 2d 740 (M.D. Tenn. 2013)

> ***Woods v. RHA/Tennessee Group Homes, Inc.,***
> 803 F. Supp. 2d 789 (M.D. Tenn. 2011)

> ***Beach v. Healthways, Inc.,***
> 264 F.R.D. 360 (M.D. Tenn. 2010)

> ***Johnson v. Koch Foods, Inc.,***
> 670 F. Supp. 2d 657 (E.D. Tenn. 2009)

> ***Nat'l Ass'n of Chain Drug Stores v. New England Carps. Health Benefits Fund,***
> 582 F.3d 30 (1st Cir. 2009)

> ***New England Carpenters Health Benefits Fund v. First DataBank, Inc.,***
> 248 F.R.D. 363 (D. Mass. 2008)

> ***Wike v. Vertrue, Inc.,***
> 566 F.3d 590 (6th Cir. 2009)

> ***Johnson v. Koch Foods, Inc.,***
> 670 F. Supp. 2d 657 (E.D. Tenn. 2009)

> ***Johnson v. Koch Foods, Inc.,***
> 657 F. Supp. 2d 951 (E.D. Tenn. 2009)

> ***In re Biopure Corporation Derivative Litig.,***

424 F.Supp.2d 305 (D. Mass. 2006)

*Haag v. Webster,*
434 F. Supp. 2d 732 (W.D. Mo. 2006)

*In re Broadwing, Inc. ERISA Litig.,*
252 F.R.D. 369 (S.D. Ohio 2006)

*Geier v. Bredesen,*
453 F. Supp. 2d 1017 (M.D. Tenn. 2006)

*In re Bridgestone Sec. Litig.,*
430 F. Supp. 2d 728 (M.D. Tenn. 2006)

*City of Monroe Emples. Ret. Sys. v. Bridgestone Corp.,*
399 F.3d 651 (6th Cir. 2005)

*In re Unumprovident Corp. Sec. Litig.,*
396 F. Supp. 2d 858 (E.D. Tenn. 2005)

*In re Direct Gen. Corp. Sec. Litig.,*
398 F. Supp. 2d 888 (M.D. Tenn. 2005)

*Raines v. Howard,*
227 F.R.D.1 (D.D.C. 2005)

*In re AFC Enterprises Inc. Derivative Litig.,*
224 F.R.D. 515 (N.D. Ga. 2004)

*In re Xcel Energy, Inc., Securities, Derivative & "ERISA" Litigation,*
312 F.Supp.2d 1165 (D. Minn. 2004)

*Geier v. Sundquist,*
372 F.3d 784 (6th Cir. 2004)

*Castillo v. Envoy Corp.,*
206 F.R.D.464 (M.D. Tenn. 2002)

*In re Envoy Securities Litigation,*
133 F.Supp.2d 647 (M.D. Tenn. 2001)

**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Ave North
Nashville, Tennessee 37203

**LAW FIRM BIOGRAPHY**

P a g e | **22**

Case 3:19-cv-00407    Document 183-2    Filed 09/13/23    Page 23 of 25 PageID #: 4075

*Strategic Assets, Inc. v. Fed. Express Corp.,*
190 F. Supp. 2d 1065 (M.D. Tenn. 2001)

*Geier v. Sundquist,*
128 F.Supp.2d (M.D. Tenn. 2001)

*Sherwood v. Microsoft,*
91 F.Supp.2d 1196 (M.D. Tenn. 2000)

*In re Prison Realty Securities Litigation,*
117 F.Supp.2d 681 (M.D. Tenn. 2000)

*Katt v. Titan Acquisitions,*
133 F.Supp.2d 632 (M.D. Tenn. 2000)

*In re Sirrom Capital Corp. Securities Litigation,*
84 F.Supp.2d 933 (M.D. Tenn. 1999)

*Craft v. Vanderbilt,*
18 F.Supp.2d 786 (M.D. Tenn. 1999)

*Craft v. Vanderbilt,*
940 F.Supp.1185 (M.D. Tenn. 1996)

*Craft v. Vanderbilt*
174 F.R.D. 396 (M.D. Tenn. 1996)

*United Rubber, Cork Linoleum & Plastic Workers of America, AFL-CIO, CLC v. Pirelli Armstrong Tire Corporation,*
873 F.Supp. 1093 (M.D. Tenn. 1994)

*Geier v. Alexander,*
801 F.2d 799 (6th Cir. 1986)

*Hutcheson v. Tennessee Valley Authority,*
604 F.Supp. 543 (M.D. 1985)

*Geier v. Alexander*
593 F.Supp. 1263 (M.D. Tenn. 1984)

**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Ave North
Nashville, Tennessee 37203

**LAW FIRM BIOGRAPHY**

P a g e | **23**

Case 3:19-cv-00407    Document 183-2    Filed 09/13/23    Page 24 of 25 PageID #: 4076

*Brown v. Alexander*,
    718 F.2d 1417 (6th Cir. 1983)

*Brown v. Alexander*
    516 F.Supp. 607 (M.D. Tenn. 1981)

*Geier v. Alexander*,
    597 F.2d 1056 (6th Cir. 1979)

**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**      **LAW FIRM BIOGRAPHY**
200 31st Ave North      P a g e | **24**
Nashville, Tennessee 37203