# Exhibit A

# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

Brandon R. Keel
Direct Dial: +1 404 572 2780
Direct Fax: +1 404 572 5100
bkeel@kslaw.com

May 30, 2023

To:  All Appropriate Federal and State Officials, as set forth in 28 U.S.C. § 1715 (*see* attached Distribution List)

Re:  **CAFA Notice for the Proposed Settlement in Indiana Public Retirement System, Individually and on Behalf of All Others Similarly Situated v. Michael T. Cartwright, Kirk R. Manz, and Andrew W. McWilliams, Case No. 3:19-cv-00407 (Middle District of Tennessee) (the "Action")**

Dear Sir or Madam:

Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711, *et seq.* ("CAFA"), Defendants Michael T. Cartwright, Kirk R. Manz, and Andrew W. McWilliams (collectively, "Defendants") hereby serve you with this notice of a proposed settlement of the Action.[1]

The proposed settlement resolves claims for alleged violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934. The proposed settlement is on behalf of all Persons who purchased or otherwise acquired the common stock of AAC Holdings, Inc. ("AAC") between March 8, 2017 and April 15, 2019, and who were damaged thereby. Excluded from the Class are AAC, Defendants and their immediate families, the officers and directors and affiliates of AAC, at all relevant times, and the members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

In the Action, Plaintiff alleged, among other things, that Defendants' allegedly fraudulent misconduct and alleged false and misleading statements caused AAC common stock to trade at artificially inflated prices during the Class Period until the true nature of Defendants' alleged wrongdoing was disclosed, and the price of AAC common stock fell, causing damages to Plaintiff and other Members of the Class. Defendants have denied, and continue to deny, Plaintiff's claims and all allegations of wrongdoing, fault, liability, or damage of any kind to Plaintiff or the Class.

---

[1] Terms with initial capitalization not otherwise defined herein have the meanings defined in the Stipulation and Agreement of Settlement, dated as of May 17, 2023, which has been filed with the Court in the Action (the "Stipulation") and a copy of which is enclosed herewith.

As summarized in the Stipulation (at pages 1-5), prior to reaching their agreement to settle the Action, the parties litigated Plaintiff's claims for more than three years, briefed a motion to dismiss and motion for class certification, and conducted extensive discovery. On September 23, 2021, the parties engaged in a mediation supervised by Gregory P. Lindstrom, Esq. The parties engaged in two follow-up mediation sessions with Mr. Lindstrom on February 16 and May 5, 2022, and the parties submitted supplemental mediation statements, but the parties still did not reach a settlement. Following the mediation sessions and while continuing to litigate the case, the parties continued settlement discussions through Mr. Lindstrom. On April 5, 2023, the parties agreed to settle the Action. The terms of the settlement, which include Defendants' agreement to pay or cause to be paid the sum of Three Million, Seven Hundred Fifty Thousand U.S. Dollars ($3,750,000) for the benefit of the Class, are set forth in the Stipulation.

### Notice and Enclosed Copies of Settlement Materials

Pursuant to 28 U.S.C. § 1715(b), we have enclosed a CD containing:

1.      Copies of (a) the Class Action Complaint, (b) Consolidated Complaint for Violations of the Securities Exchange Act of 1934, (c) Supplement to Consolidated Complaint for Violations of the Securities Exchange Act of 1934, and (d) Second Supplement to Consolidated Complaint for Violations of the Securities Exchange Act of 1934. *See* 28 U.S.C. § 1715(b)(1).

2.      A copy of the proposed order preliminarily approving the Settlement. The date of the Settlement Hearing to determine whether the Settlement should be approved and the Action dismissed with prejudice has not yet been scheduled. *See* 28 U.S.C. § 1715(b)(2).

3.      Copies of: (a) the Proposed Notice of Proposed Settlement of Class Action; and (b) Summary Notice of Proposed Settlement. *See* 28 U.S.C. § 1715(b)(3).

4.      A copy of the Stipulation setting forth the terms of the settlement. *See* 28 U.S.C. §§ 1715(b)(4), (5).[2]

5.      A copy of the Proposed Judgment Approving Class Action Settlement. *See* 28 U.S.C. § 1715(b)(6).

It is not possible at this time to identify the names and addresses of Class Members residing in each state, to make a reasonable estimate of the number residing in each state, or to provide an estimated proportionate share of the claims of such Class Members to the entire settlement. *See* 28 U.S.C. § 1715(b)(7). This is because, although there is an ownership registration process, most of AAC's publicly-traded shares were held through nominees or in

---

[2] Defendants have the right to terminate the settlement if Class Members owning a previously negotiated amount of AAC common stock elect to opt out of the Class. The threshold amount is set forth in a separate, confidential agreement that will not be filed with the Court unless Defendants choose to exercise their right to terminate.

May 30, 2023
Page 3

"street name" and therefore anonymously as to the actual beneficial purchasers and owners. Only after the Claims Administrator eventually calculates each Class Member's allocation of the net proceeds of the Settlement Amount pursuant to the Plan of Allocation will any proportionate recovery be subject to calculation—and even then, only based on the identity of Class Members who actually submit Proof of Claim Forms. Because of these circumstances, this notice is being transmitted to all State Attorneys General. Upon the conclusion of the claims process, the Claims Administrator will provide, if requested by you, the information described in 28 U.S.C. § 1715(b)(7).

If you have any questions about this notice, the Action, or the enclosed materials, or if you did not receive any of the above-listed materials, please contact the counsel listed below.

Sincerely,

Brandon R. Keel
Jessica P. Corley
Lisa R. Bugni
King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Telephone: 404-572-2780
bkeel@kslaw.com
jpcorley@kslaw.com
lbugni@kslaw.com

*Attorneys for Defendants*